MERKL, M.J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**ORIGINAL**

———————————————————————X

**JADENAE TRABACCHI,**

                        Plaintiff          DOCKET NO.


        -against-

                                **COMPLAINT**
                                *Jury Trial Demanded*

**THE DEPARTMENT OF EDUCATION OF**
**THE CITY OF NEW YORK, DAVID BANKS,**
**Chancellor and KATHERINE RODI, Director**
**of Employee Relations,**

                        Defendants
———————————————————————X

**PLAINTIFF JADENAE TRABACCHI,** ("Plaintiff") proceeding Pro Se, as and for her

Summons and Complaint filed to protect her Constitutional rights against the above-

captioned Defendants the **DEPARTMENT OF EDUCATION OF THE CITY OF NEW**

**YORK, DAVID BANKS and KATHERINE RODI,** (henceforth "Defendants"), alleges

upon knowledge as to her own facts and upon information and belief as to all other

matters:

### PRELIMINARY STATEMENT

1. This is a civil action seeking injunctive relief, monetary relief, including past and

   on- going economic loss, compensatory and equitable damages for the deprivation

   of Constitutionally protected due process rights given to her as a tenured teacher

   pursuant to 42 U.S.C. Section 1983, 5th and 14th Amendments to the United States

   Constitution, protected property rights under Education Law §§3020 and 3020-a,

   and New York State and New York City Human Rights Law (NYSHRL and

1

NYCHRL), which prevent employers from (1) discriminating against employees based on an employee's medical condition; (2) wrongfully terminating a tenured teacher by circumventing public policy employment, due process laws, and property rights of the Tenure statute.

2. Defendants claimed "undue burden" without any factual basis or proof after Plaintiff requested an accommodation and extension of her temporary medical exemption given to her in September 2021. Then, she was punished by Defendants for not getting the vaccine by being placed on a "problem code" on or about October 4, 2021.These actions by Defendants may clearly be defined as disciplinary, with the intent to harm and discriminate.

3. Despite giving hundreds of medical exemptions and placing unvaccinated employees in reassignment rooms (rubber rooms), Defendants did not extend Plaintiff's ME up to or beyond the original 4 weeks, and then offered no accommodation whatsoever, even though Plaintiff sent to the DOE her doctor's order that she not get vaccinated for 90 days after she tested in for COVID antibodies.  After she recovered from getting COVID on September 8, 2021.

4. Plaintiff not only was not given a 3020-a arbitration hearing on her medical needs which prohibited her from taking the COVID vaccine, but she was also never given a Section 2568 exam, where a Department doctor could assess her medical condition to find out if she was fit to work.

5. Public Health Law PBH §2120 requires a health officer investigate the circumstances of a person who might be involved in exposing others to an infection. But no one investigated Plaintiff's situation. Defendants simply made her

guilty of insubordination for not getting vaccinated, then punished her with termination without any fair hearing on her medical needs. She was never given her due process under the laws and Tenure public policies held by New York State.

6. Plaintiff requests (1) backpay and all benefits and pension steps due after Defendants' violations of law, public policy and rights removed her from her salary under color of law and deprived her of Constitutionally protected due process;  (2) reinstatement to her former working title with a salary that reflects 2 ½ years of missing time and wages, with pension steps and raises included; (3) judgment against Defendants for refusing to, or neglecting to, prevent such deprivations and denials to Plaintiff.

**PARTIES**

Jadenaẽ
  Trabacchi
8420 A~~201st~~
~~Bro~~
8420 20TH Avenue
Apt C1
Brooklyn NY, 11204

7. Plaintiff was a tenured employee of the Department of Education of the City of New York in good standing as a tenured teacher for more almost 10 years. She had an impeccable reputation. Plaintiff was a public employee of Defendant within the meaning of an "employee" as defined in New York State Civil Service Law § 75-b(1)(b). Plaintiff lives in Brooklyn, N.Y.

8. Defendant the Department of Education of the City of New York ("DOE") has overseen the NYC system of public schools located throughout all five (5) boroughs of the City of New York and been and continues to be a recipient of substantial federal funds, and as such, acts under color of law with its' principal place of business located in 65 Court Street in Brooklyn, New York.

3

*Chancellor David Banks*
*65 Court Street*
*Brooklyn NY 11201*

9.  Defendant David Banks is the Chancellor of the Department of Education of the City of New York ("DOE") and has overseen the NYC system of public schools located throughout all five (5) boroughs of the City of New York.

*Department of Education*
*of the City of New York*
*65 Court Street*
*Brooklyn NY 11201*

*Katherine Rodi*
*100 Gold Street*
*New York, NY 10038*

10. Defendant Katherine Rodi is employed by the Department of Education of the City of New York ("DOE") and started work as the Director of Employee Relations in 2013. She also has the responsibility of overseeing the DOE's Office of Safety and Health and the Office of Personnel Investigations, where she decides who among the DOE's employees are placed on a "Problem Code". She monitors the disciplinary information in the personnel file that is highlighted by the Problem Code for principals who may want to hire a former or current employee.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 for claims arising federal questions under 42 U.S.C. 1983, in particular the protections given by the Free Exercise Clause, Fifth and Fourteenth Amendments to the Constitution, as well as State law claims codified in the New York State Constitution, and Education Law §3020-a (the "tenure law") . This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C 1343(2)(4)  for claims arising federal questions under 42 U.S.C. 1983.

12. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), as well as New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") as Administrative Code §8-107, in that such claims are so related to Plaintiff's claims within the original jurisdiction of this Court that they form part of the same case or controversy. Defendants were at all times acting

under color of law in breaching their covenant of good will and fair dealing with
the Plaintiff as well as committing fraud in the inducement.

13. This action's venue properly lies in the United States District Court for the Eastern
District of New York, pursuant to 28 U.S.C. § 1391, because the headquarters of
the New York City Department of Education is located at 65 Court Street,
Brooklyn, N.Y. and the Plaintiff lives in Brooklyn, N.Y. This Court has the power
to issue declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

## STATEMENT OF RELEVANT FACTS

14. Plaintiff has dedicated almost half of her life to the field of teaching experience in the
past almost 10 years in District 20, Brooklyn. She moved to Brooklyn from Long
Island in 2015 so that she could make herself more available to participate in
afterschool extracurricular activities such as Broadway Jr., SHSAT ELA test prep,
Mural Club, Pershing Equity Team, and other school functions. For 1 ½ years
Plaintiff worked unvaccinated during the COVID pandemic.

15. In the past ten years, Plaintiff has reversed multiple auto-immune pre-diagnoses:
lupus, diabetes, chronic bronchitis, asthma, and precancerous nodules on her thyroid
glands. She still suffers from Hashimoto's Thyroiditis and the MTHFR-recessive gene
expression, but her doctors and Plaintiff came up with an alternative protocol to taking
the vaccine that prevented severe infection. This included, but was not limited to: an
anti-inflammatory elimination diet, vitamins, supplements, hydration, daily
movement/exercise, hyperbaric oxygen therapy, and acupuncture. Plaintiff's doctors
advised her to not get the vaccine, saying that she would risk the chance of a vaccine
exacerbating her autoimmunity and genetic predisposition.

16. On July 29, 2020 Plaintiff submitted a doctor's note to the Defendants in which her doctor, Dr. Inna Pildysh, wrote that Plaintiff was "predisposed" to be in a high risk group for COVID and needed a reasonable accommodation to work from home. This was supplemented by several other doctors' notes. **EXHIBIT A(1)-(4)**, Dr. Pildysh, ME Request 9-28-21;  Dr.'s Notes.

17. On August 23, 2021, a notice of a Vaccine Mandate was sent out by the New York City Department of Education (DOE). Plaintiff was in Uzbekistan from August 20- September 5th, 2021, with extremely limited internet access. See **EXHIBIT B,** Chokshi Order. This order prohibited full-time teachers from entering NYC Department of Education buildings ("NYC DOE) without being vaccinated, yet added the following in ¶6: "Nothing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law." Plaintiff relied on this because she believed this was true.

18. At the same time, school bus drivers, delivery people were given exemptions. Later, in March 2022, volunteers and Broadway actors as well as sports players were excluded from having to take the COVID Vaccine under the Mandate ("CVM"). See Emergency Executive Order 62 here:  https://www.nyc.gov/office-of-the-mayor/news/062-003/emergency-executive-order-62

19. The chaotic mess of the explosion of inequalities of law and vaccinations had begun, and continue today. The New York Post highlighted the hundreds of employees who were getting exemptions:  **City Grants Vaccine Mandate Exemptions For Hundreds Of Public School Employees** https://gothamist.com/news/city-grants-vaccine-mandate-exemptions-hundreds-public-school-employees;Gothamist, Sept. 24, 2021.

20. On September 8, 2021, Plaintiff tested positive for COVID-19.

21. On September 10, 2021, Arbitrator Martin Scheinman from Scheinman's Arbitration and Mediation Services Inc., ("SAMS") issued an arbitration agreement that cited strict rules that would be applied to anyone seeking a religious or medical exemption to getting vaccinated with the COVID vaccine under the City's COVID Mandate ("CVM"). This Award claimed to create a new term of employment, a lawless Leave Without Pay ("LWOP") that forced unvaccinated employees off of their salaries but was "not disciplinary". This type of leave never existed anywhere before, and was, clearly, Scheinman's fraudulent procedure invented to remove DOE employees with high salaries and/or tenure from their jobs. There was never a change to Plaintiff's employment, and no law has ever been passed by the State legislature that forced municipal workers onto a leave without pay that was "not disciplinary". **EXHIBIT C:** Scheinman Award 9-10-21.

22. The LWOP set up by Scheinman was designed to punish by termination without any due process any employee who could not, would not, or did not get the vaccine. The discipline included placement on the problem code which Defendant Rodi was and is in charge of at the DOE's Office of Personnel Investigations. Plaintiff was forced under duress to rely on this fraud and was taken off of her salary without any due process hearing.

23. On October 3, 2021, Plaintiff received from the Division of Human Capital (no doctor is named), a temporary exemption notice. However, this was followed up by no further responses to her doctors' notes, nor to her request for an extension for her medical exemption (ME) except to tell her that her exemption would be over 10/31/21 unless she signed the LWOP. Then she was sent multiple denials of her

exemption, and a final LWOP warning October-November 2021.**EXHIBIT D.**

Defendants never suggested any accommodation**.**

24. Plaintiff never signed the LWOP because it demanded that she waive her due

process rights to a §3020-a arbitration on her medical appeal to get back on salary.

She refused to give up her tenure rights to a due process 3020-a arbitration.

Therefore, she remained at all times under the protection of Tenure, and she could

not be terminated nor could her salary be reduced without a due process hearing:

> **New York State Education Department Rights of Tenured Employees**
> https://www.nysed.gov/sites/default/files/rightsoftenurededucators.pdf
>
> "Tenured individuals cannot be disciplined or removed from employment except for
> "just cause" pursuant to Education Law §3020. The procedures for such discipline or
> removal are set forth in Education Law §3020-a, Education Law §3020-b, and the
> Commissioner's Regulations 8 NYCRR Ch. II, Sub. C, Part 82-3."

Defendants ignored this Law.

25. Plaintiff never received a medical evaluation known as EDN §2568, which is

mandatory when a NYC DOE employee asks for a work-related medical

accommodation, or is ordered to be tested for same:

Education Law Section 2568:

> **"Superintendent of schools authorized to require medical examination of certain
> employees of certain boards of education**
> The superintendent of schools of a city having a population of one million or
> more shall be empowered to require any person employed by the board of
> education of such city to submit to a medical examination by a physician or
> school medical inspector of the board, in order to determine the mental or
> physical capacity of such person to perform his duties, whenever it has been
> recommended in a report in writing that such examination should be made.
> Such report to the superintendent may be made only by a person under whose
> supervision or direction the person recommended for such medical examination
> is employed. The person required to submit to such medical examination shall
> be entitled to be accompanied by a physician or other person of his own choice.
> The findings upon such examination shall be reported to the superintendent of
> schools and may be referred to and considered for the evaluation of service of
> the person examined or for disability retirement.

*Source: Section 2568 — Superintendent of schools authorized to require medical examination of certain employees of certain boards of education, https://www.-nysenate.-gov/legislation/laws/EDN/2568.* (updated Sep. 22, 2014)."

26. On November 28, 2021 the New York State Court of Appeals ruled that the due process procedure cited by Martin Scheinman in his September 10, 2021 Impact Bargaining Award (Ex. B) was "constitutionally unsound" and ordered all appeals for religious, not medical, exemptions to be heard by a new Citywide panel. See **EXHIBIT E**. Court of Appeals Order; **EXHIBIT F** Scher Lawfirm letter. The Appeals procedure that Plaintiff had been forced to submit to, was now trashed.

27. In June 2022 Martin Scheinman "apologized" for creating the LWOP, after his Award was thrown out by this Court in the case of Kane et al., v De Blasio et al. (21-cv-2678; doc. #117 (VEC)) and Keil v The City of New York et al. (21-cv-2711 (VEC)) and by the Court of Appeals on November 28, 2021. See Scheinman Award June 27, 2022, **EXHIBIT G.** In the June 27 2022 Award, Scheinman wrote:

"... While the Department claims its action is unconnected with the Award, it is the Award itself that created a new leave without pay. Absent the Award, the Department was without the authority to remove these employees from the payroll without providing a due process hearing.
Leave without pay is an unusual outcome. Yet, I decided it was appropriate for employees whose requests for a medical or religious exemption were denied. This is because such employees intentionally decided to disregard the mandate they be vaccinated by September 27, 2021, the date established by Commissioner Chokshi and Mayor de Blasio."

Thus, Scheinman admitted to deliberately and in bad faith creating LWOP that he described as "not disciplinary", to remove teachers like Plaintiff, who had tenure, without a due process hearing.

28. Appeals for medical accommodation for those who could not get vaccinated remained random and unexplained. The Citywide Reasonable Appeals Panel did not

review medical appeals for accommodation. Plaintiff remained without any accommodation or exemption, her health insurance through Emblem Health was terminated February 10, 2022, and her employment was terminated February 11, 2022 without any due process. **EXHIBIT H.**

29. On April 10th 2022 Plaintiff was told about the NYC DOE "Problem Code" and that she was now unable to work in any position for the NYC DOE or any vendor because she was deemed guilty of misconduct, and she would be blocked from getting paid by the NYC DOE or any vendor. Karen King at the UFT confirmed this action. **EXHIBIT I**, Declaration of Betsy Combier and Amato email; **EXHIBIT J**. email from UFT Karen King.

30. On or about February 22, 2023  Plaintiff was told she remained on the problem code. On February 22, 2023 Plaintiff sent Defendant Kathy Rodi, Director of Employee Relations and Director of the Office of Personnel Investigations, who places the problem code on employees' personnel files, an email requesting a formal due process hearing where she could protest her termination and the fact that she was problem coded. Ms. Rodi never responded. **Exhibit K.** Email to Ms. Rodi.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION:
### SECTION 1983 UNLAWFUL DISCRIMINATION WHILE ACTING UNDER COLOR OF LAW

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 30 as if the same were fully set forth at length herein.

32. Plaintiff has had actual, medically documented impairments and challenges to her health which her doctors have told her could get worse and cause her bodily harm if she was vaccinated with the COVID vaccine.

33. Plaintiff's medical challenges and impairments led directly to her being harassed and belittled by employees and her workplace peer and supervisors. See:

**NYC teachers with vaccine exemptions are being treated like pariahs**
https://nypost.com/2022/03/05/nyc-teachers-with-vaccine-exemptions-treated-like-outcasts/

34. Defendants never had one of their doctors review Plaintiff's medical records although they had actual knowledge of the impairments (Ex. D). The intent of Defendants was to punish Plaintiff for refusing to be vaccinated, and this discriminatory practice led to her termination. Plaintiff was deprived of any doctor's review of her medical claim which prohibited her from getting vaccinated with the COVID vaccine. She was terminated without due process.

35. Teacher A. P. was a teacher with identical medical issues as Plaintiff, and she was given an extension of her ME without a review of any doctor and no specified reason, until January 2023. Plaintiff was not offered the same. In fact, Plaintiff did not get any extension at all, only termination after her appeal for a ME was denied. See **EXHIBIT L**.

36. This is a constitutional violation and shows the Defendant acting under color of law to randomly choose which employee is to receive a medical exemption and who does not receive one. No explanation was given, depriving Plaintiff of her constitutionally protected rights to be free from workplace labels and abuse.

37. Plaintiff was forced to choose either to submit to medical interventions without consent and without a determination made by a licensed doctor, or risk her health

and maybe even her life getting the vaccine. The choice was either her protected tenured employment or her life.

38. The Constitution, through the Fourth Amendment, protects people from unreasonable searches and seizures by the government, but Plaintiff was not protected. Defendants deliberately and intentionally deprived her of her freedom from harassment and abuse in her workplace and took away her property right, namely her employment, for no rational reason.

39. The problem code is a "scarlet letter" that prevents an employee from getting work at the DOE because they have been labelled "insubordinate", "guilty of misconduct" or "incompetent". The problem code has been written about here:

**The New York City Department of Education's "Problem Code" is an Unlawful Flag on an Employee's Fingerprints**
https://www.parentadvocates.org/index.cfm?fuseaction=article&articleID=8884

and

**The New York City Department of Education, UFT, Problem Code, and Perpetual Fog Machine Continue To Prevent Unvaxxed Employees From Working**
https://advocatz.com/2023/02/12/the-new-york-city-department-of-education-problem-code-continues-to-prevent-unvaxxed-employees-from-working/

See Exhibits I, J. In Ex. I, DOE employee informs the addressees that:

From: **Amato Eric** <EAmato4@schools.nyc.gov>
Date: Wed, Feb 9, 2022 at 8:06 AM
Subject: RE: PR code
To:                                              Michael Sill <msill@uft.org>
Cc: Beth A. Norton
<bnorton@uft.org>, Kking@uft.org <Kking@uft.org>, dcampbell@uft.org <dcampbell@uft.org>

PR = Problem code – Problem code was added to all employees who were placed on 2VM vaccine
mandate leave. It was placed there the day you went on the leave. Our central offices placed this code
on all employees who went on the leave. It will be removed once you are eligible to return to work.

Thanks,
Eric

40. Plaintiff was now flagged with the code and discriminated against because of her
disabling medical conditions, tenure law and rights, and Defendants' neglect and
disregard for her tenure and Human Rights pursuant to NYSCHRL and NYCHRL.

41. In this regard, "'[d]iscipline' refers 'not merely to action that has an adverse impact,
but adverse action that is motivated by a punitive intent'" (Monaco v New York
Univ., 204 AD3d 51, 63 [1st Dept 2022], quoting Matter of Soriano v Elia, 155
AD3d 1496, 1498-1499 [3d Dept 2017], lv denied 31 NY3d 913 [2018]).

42. On November 3, 2015, Defendant Kathy Rodi gave witness testimony in PERB case
U-32479 on the procedure used to flag an employee with the problem code:

"I oversee several units: Office of Personnel Investigation, Office of Employee relations,
Office of Safety and Health, and I oversee the Disciplinary Support Unit work (DSU).

At DSU we check and eventually flag folks. We check older discipline, older substantiated
reports, we review them, we track them and then if all the qualifications that we build
together are met, then we may flag a person.

I was hired in June of 2012. In January 2013 I was promoted to Director of Employee
Relations and added DSU to my workload.
In April 2012 she was invited to a meeting for senior counsel at which there was a
presentation about DSU. By the time I started there were at least a couple of hundred people
who were flagged.

Galaxy is a budgetary system that tracks all current employees by the table of organization and where they work. I check Galaxy for an employee's status. DSU is linked to Galaxy.

The DSU flag is a web-based system, set up so that no one can be accidentally or easily flagged. To locate a person, I have to put in their social security number or their file ID. Then, I can attach documents to that person's name. Just attaching a document to a person's name does not get them flagged. The system has to meet two qualifications:
There must be a substantiated report of discipline issued from an investigatory body;
 There must be a letter of discipline that has been that has evidenced that the person received the discipline;
Then the person is manually flagged. A person has to actually go in there, review both documents, make sure that they match and then physically add a flag.

We upload the applicable document so that the hiring person or principal to be able to see what that flag means.
So the flag is not a flag.

A substantiated allegation without discipline will not result in a flag.

The flag was created because there were hiring managers and supervisors who had people working for them and they were unaware of major disciplinary case history.

"We didn't want to blind any supervisor"....While we don't have the capacity yet to have the entire file accessible on-line we figured that we would just take egregious or serious like substantiated discipline.

....[t]he **flag is put on before 3020-a charges are filed. the flag is put on with the letter of discipline, even if it says that any further misconduct may result in your termination."**

(*emphasis added*)

Rodi further testified that: If 3020-a charges are dismissed, she reads the decision to

determine whether the charges for termination was dismissed or whether the actual

underlined misconduct was dismissed. Sometimes the level of misconduct does not lead to

termination, but that does not undo the flag.


43. Defendant Rodi flagged Plaintiff's personnel file with a "Problem Code", secretly

barring Plaintiff from getting paid for any work by any school in the NYC public

school system, and creating a new category of misconduct in employment:

"Insubordination by unvaccinated employee". The problem code was placed on her

file as a direct result of her inability to get vaccinated due to her medical challenges,

not due to any intentional disregard of the LWOP and the CVM. Scheinman's

Award issued on September 10, 2021 saying that the LWOP was "not disciplinary"

was false, and Scheinman knew it was false.

44. On February 22, 2023 Plaintiff sent an email to Ms. Rodi pleading for her

reinstatement and her salary. Ms. Rodi never responded. (**EXHIBIT K**)

45. Based on the foregoing, the Defendants discriminated against the Plaintiff on the

basis of her medical condition, acted under color of law while unlawfully

discriminating against the Plaintiff in the terms and conditions of her employment on

the basis of her disabling condition, in violation of 42 U.S.C. § 1983; 5th and 14th

Amendments to the U.S. Constitution; Tenure rights and Law; N.Y. Executive Law§ 296

(New York State Human Rights Law); and N.Y.C. Human Rights Law.

### AS AND FOR A SECOND CAUSE OF ACTION: DEFENDANTS FAILED TO REASONABLY ACCOMMODATE THE PLAINTIFF'S MEDICAL CONDITION PROHIBITING HER FROM GETTING VACCINATED

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs 1 through 43 as if the same were fully set forth at length herein.

47. Defendant had actual knowledge of Plaintiff's medical issues proving that she

needed to obtain a medical exemption (ME) from getting vaccinated with the

COVID Vaccine as a matter of health but chose to ignore the information and denied

her ME appeals without any details or reason, and terminated her employment.

48. At all relevant times Defendants knew that they had "rubber rooms" and

reassignments to home as the new workplace for employees similarly removed from

their positions in the Department:

**New Rubber Rooms Pop Up Throughout NYC To Warehouse Unvaccinated Employees Who have Won medical or Religious Exemptions**
https://nycrubberroomreporter.blogspot.com/2022/03/new-rubber-rooms-pop-up-throughout-nyc.html

and "rubber homes"

**Idled NYC educators do nothing but sign in remotely, even from Europe**
https://nypost.com/2023/01/14/idled-nyc-educators-do-nothing-but-sign-in-remotely-even-from-europe/ By Susan Edelman, NY POST, Published Jan. 14, 2023

49. Defendants placed employment ads for their new remote classrooms, but never told Plaintiff. **EXHIBIT M.** Employment ad for Remote virtual classroom teachers.

50. Defendants never engaged in a dialogue about Plaintiff's medical needs nor about any accommodation or reassignment. This deprivation of a lawful procedure was intentional, acted on under color or law, and pursued in bad faith.

51. This lack of consideration directly contradicts the ruling in Groff v Dejoy, U.S. Supreme Court Docket 22-174, June 29, 2023 :

> "The Court holds that showing "more than a de minimis cost," as that phrase is used in common parlance, does not suffice to establish "undue hardship" under Title VII. ….. What is most important is that "undue hardship" in Title VII means what it says, and courts should resolve whether a hardship would be substantial in the context of an employer's business in the commonsense manner that it would use in applying any such test….. Further, a hardship that is attributable to employee animosity to a particular religion, to religion in general, or to the very notion of accommodating religious practice, cannot be considered "undue." Bias or hostility to a religious practice or accommodation cannot supply a defense."

52. Based on the foregoing, Defendant subjected Plaintiff to discrimination on the basis of her medical issues, unlawfully discriminating against the Plaintiff in the terms and conditions of her employment on the basis of her disabling condition, in violation of 42 U.S.C. § 1983; the 5th and 14th Amendments to the US Constitution; Tenure Laws of NY State; N.Y. Executive Law§ 296 (New York State Human Rights Law); and N.Y.C. Human Rights Law.

## AS AND FOR A THIRD CAUSE OF ACTION:
## VIOLATION OF THE FOURTEENTH AMENDMENT EQUAL
## PROTECTION CLAUSE

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in
    paragraphs 1 through 52 as if the same were fully set forth at length herein.

54. Defendant while acting under the color of law, unlawfully deprived the Plaintiff of
    her right to Equal Protection of the Laws, guaranteed by the Fourteenth Amendment
    of the United States Constitution, in that they engaged in selective enforcement of
    their own laws, rules, regulations, and ordinances against Plaintiff based upon the
    Plaintiff's religion and Plaintiff's constitutionally protected conduct. In so doing,
    Defendants intentionally and, with malicious or bad faith intent to injure Plaintiff,
    selectively treated Plaintiff differently from other similarly situated employees and
    acted with no rational basis for the difference in treatment. Defendants' conduct was
    intentional, conducted with bad faith, and wholly irrational.

55. In Garvey c City of NY (Index No. 85163/2022), Judge Ralph Porzio wrote in his
    decision:

> "Petitioners – all but one – applied for [religious] exemptions from the mandate. They
> received generalized and vague denials. During that time their exemptions were being
> processed, they remained unvaccinated. Thise was no reason that they could not continue to
> submit to testing and continue to fulfill their duties as public employees. Thise was no
> reason why the City of New York could not continue with a vaccine or test policy, like the
> Mayor's Executive Order that was issued in August 2021……"

and,

> "Though vaccination should be encouraged, public employees should not have been
> terminated for their non-compliance….The Health Commissioner cannot create a
> new condition of employment for City employees. The Mayor cannot exempt certain
> employees from these orders. Executive Order 62 renders all of these vaccine
> mandates arbitrary and capricious….prohibit an employee from reporting to work."

56. As a direct result of Defendants' violation of the Plaintiff's Fourteenth Amendment rights of equal protection, Plaintiff has suffered irreparable harm for which there is no adequate remedy of law.

57. Defendant's violation of Plaintiff's Fourteenth Amendment rights of equal protection under the law, as alleged herein above, Plaintiff has suffered and is entitled to recover compensatory and nominal damages including backpay.

58. Based on the foregoing, Defendant subjected Plaintiff to discrimination on the basis of her medical issues, unlawfully discriminating against the Plaintiff in the terms and conditions of her employment on the basis of her disabling condition, in violation of 42 U.S.C. § 1983; 5th and 14th Amendments due process clauses; Tenure rights and Law; N.Y. Executive Law§ 296 (New York State Human Rights Law); and N.Y.C. Human Rights Law.

**AS AND FOR A THIRD CAUSE OF ACTION FOR FRAUD IN THE INDUCEMENT TO DENY PLAINTIFF HER PROPERTY AND LIBERTY RIGHTS TO A CONSTITUTIONALLY PROTECTED DUE PROCESS HEARING AS A TENURED TEACHER MANDATED BY EDUCATION LAW 3020 AND 3020-A**

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 58 as if the same were fully set forth at length herein.

60. Plaintiff was punished with wrongfully being disciplined for her alleged "insubordination" in not getting vaccinated with the COVID vaccine without any §3020-a  or §2568 hearing and no accommodation offers or review by the Defendants.

61. Education Law Section §3020 , Chapter 16, Title 4, Article 61 states as follows: "Discipline of teachers.

1.  No person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in section three thousand twenty-a of this article;
2.  No person enjoying the benefits of tenure shall be suspended for a fixed time without pay or dismissed due to a violation of article thirteen-E of the public health law….. (iii) the provisions of subdivisions one and two of this section shall not apply to agreements negotiated pursuant to this subdivision…"

62. Plaintiff did not, at any time, waive her rights to a §3020-a hearing on her medical exemption requests. She wanted her due process rights to be honored. Instead, she was declared insubordinate by the Department, her personnel file was flagged and her fingerprints tagged with a "Problem Code" designating misconduct and put into the same database used by the FBI.

63. The United States Supreme Court has defined waiver as "an intentional relinquishment or abandonment of a known right or privilege. Johnson v. Zerbst, 304 U. S. 458, 464 (1938). Courts should "indulge every reasonable presumption against waiver, Aetna Ins. Co. v. Kennedy, 301U. S. 389, 393 (1937), and they should "not presume acquiescence 526*526 in the loss of fundamental rights," Ohio Bell Tel. Co. v. Public Utilities Comm'n,301 U. S. 292, 307 (1937).

64. In Carnley v. Cochran, 369 U. S. 506 (1962), the Court held:

"Presuming waiver from a silent record is impermissible. The record must show, or thise must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandably rejected the offer. Anything less is not waiver." Id., at 516.

65. Additionally, a waiver of a teacher's tenure rights must be knowingly and freely given (Matter of Gould v. Bd. of Educ. of the Sewanhaka CHSD, et al., 81 NY2d 446; Matter of Abramovich v. Bd. of Educ. of the Three Villages CSD No. 1, 46 NY2d 450).

66. Tenured teachers have a property and liberty right to their jobs, and therefore when there is any penalty that reduces the benefits of these rights, there must be Just Cause. Judge Desmond Green in the Richmond County Supreme Court ruled in the case of Rosalie Cardinale that:

> "New York State created the public school tenure system guaranteeing continued employment to tenured teachers by statute and therefore created a property right in a tenured teacher's continued employment. (See Education Law§§§ 3012, 3012- a, 3020, Holt v. Board of Educ. Of Webutuck Cent. School Dist., 52 NY2d 625 [1981], Matter of Abromovich v. Board of Educ. of Cent. School Dist. No. I of Towns of Brookhaven & Smithtown, 46 NY2d 450 [1979]). Where a property right in continued employment exists, such as New York's tenure system, the recipient of such a right may not be deprived without due process. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 [1985].
> New York State guarantees a tenured teacher's due process rights to continued employment by statute requiring that "no [tenured teacher] ... shall be disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in section three thousand twenty-a of this article or in accordance with alternate disciplinary procedures contained in a collective bargaining agreement ... " Education Law § 3020."

See Kambouris v NYC DOE, Index no. 518863/2022, Decision dated January 5, 2023. Defendant DOE did not appeal.

67. Plaintiff did not have standing to protest the Scheinman Award issued to all teachers in September 2021, so she was forced to submit to the procedure that subsequently led to her wrongful termination without due process. Clearly, Scheinman made up the LWOP by changing the commonly known AWOP ("Absence Without Pay") which is disciplinary to a forced leave without pay in order to throw out senior, tenured teachers such as Plaintiff without a due process hearing.

68. Scheinman committed a fraud against Plaintiff and breached an implied covenant of good faith and fair dealing by issuing lawless requirements of procedure that

Plaintiff could not comply with yet relied on to her detriment. Scheinman's actions were intentional and deliberate.

69. Based on the foregoing, the NYCDOE failed to provide a reasonable accommodation and as a result, discriminated against the Plaintiff on the basis of her medical condition, unlawfully discriminating against the Plaintiff in the terms and conditions of her employment on the basis of her medical condition, in violation of Education Law §3020, §3020-a (Tenure Law); 42 U.S.C. § 1983; N.Y. Executive Law§ 296 (New York State Human Rights Law); and N.Y.C. Human Rights Law.

## PLAINTIFF DEMANDS A TRIAL BY JURY

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for all compensatory, emotional, psychological and punitive damages, injunctive relief, and any other damages permitted by law pursuant to the above referenced causes of action. It is respectfully requested that this Court grant Plaintiff any other relief to which she is entitled, including but not limited to:

1. Awarding Plaintiff her tenured position, salary steps and raises, earned before October 2021, in full, with benefits; and

2. Awarding Plaintiff all the back pay owed since she was removed from her salary in 2021;

3. Granting such other and further relief that the Court deems just and proper.

Dated: August  2024
       Brooklyn, N.Y.

*Jadenae A. Trabacchi*
Jadenae Trabacchi

# EXHIBIT A (1)

**COMPASSIONATE MEDICINE, P.C**
**Inna Pildysh, M.D., D.O.**
**2345 65th Street**
**Brooklyn, NY 11204**
**(718) 645-4800   (718) 645-4949 fax**

09/23/2021

To whom it may concern:

Ms. Trabacchi, Jadenae, D.O.B. 05/20/1987, age 34, is under my medical care. Patient had COVID-19 infection on 09/08/2021. She tested positive for COVID-19 antibodies on 09/23/2021. The patient also has autoimmune thyroiditis. COVID-19 vaccine is recommended in 3 months.

Sincerely Yours,

Inna Pildysh, M.D.

# EXHIBIT A (2)

5/8/24, 12:37 PM — Gmail - Fwd: Your application for a COVID-19 Vaccines Related Exemption or Accommodation has been received.

Case 1:24-cv-06123-RPK-TAM    Document 1    Filed 08/30/24    Page 25 of 90 PageID #: 25

 Gmail

Jadenae Trabacchi <jadenaetrabacchi@gmail.com>

---

## Fwd: Your application for a COVID-19 Vaccine Related Exemption or Accommodation has been received.

1 message

**Trabacchi Jadenae** <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>

Tue, Nov 30, 2021 at 7:35 PM

---

**From:** solas_donotreply@schools.nyc.gov <solas_donotreply@schools.nyc.gov>
**Sent:** Tuesday, September 28, 2021 6:34:07 PM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Subject:** Your application for a COVID-19 Vaccine Related Exemption or Accommodation has been received.

09/28/2021

Case#: A81408
File# 0888457
EMP ID: 1459338

Dear JADENAE TRABACCHI,

Thank you for submitting your application online!

Type of Application: COVID-19 Vaccine Related Exemption or Accommodation

Application Communications:
During your application process, all communications will be sent to your DOE e-mail account. You must continue to check your DOE e-mail, even if you listed a different preferred email address.

Changes to Your Application:
Unfortunately, you cannot make changes to your submitted application. If you need to make changes, you must withdraw this application and re-submit your request. To withdraw the application please log back into SOLAS: https://dhrnycaps.nycenet.edu/SOLAS.

**Questions:**
For technical questions regarding the SOLAS system, please call HR Connect at 718-935-4000 and refer to the case number at the top of this notice.For more information, you may also visit the HR Connect Employee Portal by logging in with your DOE/Outlook User ID and password at https://doehrconnect.custhelp.com.

Sincerely,


*HR Connect*
Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated.

Ref Number : GX5944612 N3350 ADA Submission

# EXHIBIT B

## ORDER OF THE COMMISSIONER
## OF HEALTH AND MENTAL HYGIENE
## TO REQUIRE COVID-19 VACCINATION FOR
## DEPARTMENT OF EDUCATION
## EMPLOYEES, CONTRACTORS, VISITORS, AND OTHERS

**WHEREAS**, on March 12, 2020, Mayor Bill de Blasio issued Emergency Executive Order No. 98 declaring a state of emergency in the City to address the threat posed by COVID-19 to the health and welfare of City residents, and such order remains in effect; and

**WHEREAS**, on March 25, 2020, the New York City Commissioner of Health and Mental Hygiene declared the existence of a public health emergency within the City to address the continuing threat posed by COVID-19 to the health and welfare of City residents, and such declaration and public health emergency continue to be in effect; and

**WHEREAS**, pursuant to Section 558 of the New York City Charter (the "Charter"), the Board of Health may embrace in the Health Code all matters and subjects to which the power and authority of the Department of Health and Mental Hygiene (the "Department") extends; and

**WHEREAS**, pursuant to Section 556 of the Charter and Section 3.01(c) of the Health Code, the Department is authorized to supervise the control of communicable diseases and conditions hazardous to life and health and take such actions as may be necessary to assure the maintenance of the protection of public health; and

**WHEREAS**, the U.S. Centers for Disease Control and Prevention ("CDC") reports that new variants of COVID-19, identified as "variants of concern" have emerged in the United States, and some of these new variants which currently account for the majority of COVID-19 cases sequenced in New York City, are more transmissible than earlier variants; and

**WHEREAS**, the CDC has stated that vaccination is an effective tool to prevent the spread of COVID-19 and benefits both vaccine recipients and those they come into contact with, including persons who for reasons of age, health, or other conditions cannot themselves be vaccinated; and

**WHEREAS**, the CDC has recommended that school teachers and staff be "vaccinated as soon as possible" because vaccination is "the most critical strategy to help schools safely resume full operations [and] is the leading public health prevention strategy to end the COVID-19 pandemic;" and

**WHEREAS**, on September 9, 2021, President Joseph Biden announced that staff who work in Head Start programs and in schools run by the Bureau of Indian Affairs and Department of Defense will be required to be vaccinated in order to implement the CDC's recommendations; and

**WHEREAS**, on August 26, 2021, New York State Department of Health adopted emergency regulations requiring staff of inpatient hospitals and nursing homes to receive the first dose of a vaccine by September 27, 2021, and staff of diagnostic and treatment centers, hospices, home care and adult care facilities to receive the first dose of a vaccine by October 7, 2021; and

**WHEREAS**, Section 17-104 of the Administrative Code of the City of New York directs the Department to adopt prompt and effective measures to prevent the communication of infectious diseases such as COVID-19, and in accordance with Section 17-109(b), the Department may adopt

vaccination measures to effectively prevent the spread of communicable diseases; and

**WHEREAS,** the City is committed to safe, in-person learning in all pre-school to grade 12 schools, following public health science; and

**WHEREAS** the New York City Department of Education ("DOE") serves approximately 1 million students across the City, including students in the communities that have been disproportionately affected by the COVID-19 pandemic and students who are too young to be eligible to be vaccinated; and

**WHEREAS,** a system of vaccination for individuals working in school settings, including DOE buildings and charter school buildings, will potentially save lives, protect public health, and promote public safety; and

**WHEREAS,** pursuant to Section 3.01(d) of the Health Code, I am authorized to issue orders and take actions that I deem necessary for the health and safety of the City and its residents when urgent public health action is necessary to protect the public health against an existing threat and a public health emergency has been declared pursuant to such section; and

**WHEREAS,** on August 24, 2021, I issued an order requiring COVID-19 vaccination for DOE employees, contractors, and others who work in-person in a DOE school setting or DOE building, which was amended on September 12, 2021; and

**WHEREAS,** unvaccinated visitors to public school settings could spread COVID-19 to students and such individuals are often present in public school settings and DOE buildings;

**NOW THEREFORE** I, Dave A. Chokshi, MD, MSc, Commissioner of Health and Mental Hygiene, finding that a public health emergency within New York City continues, and that it is necessary for the health and safety of the City and its residents, do hereby exercise the power of the Board of Health to prevent, mitigate, control and abate the current emergency, to

**RESCIND and RESTATE** my September 12, 2021 Order relating to COVID-19 vaccination for DOE employees, contractors, visitors, and others; and

I hereby order that:

1. No later than September 27, 2021, or prior to beginning employment, the following individuals must provide proof of vaccination as described below:
   a. DOE staff must provide proof of vaccination to the DOE.
   b. City employees who work in-person in a DOE school setting, DOE building, or charter school setting must provide proof of vaccination to their employer.
   c. Staff of contractors of DOE or the City, as defined below, must provide proof of vaccination to their employer, or if self-employed, to the DOE.
   d. Staff of any charter school serving students up to grade 12, and staff of contractors hired by charter schools co-located in a DOE school setting to work in person in a DOE school setting or DOE building, must provide proof of vaccination to their employer, or if self-employed, to the contracting charter school.

2. An employer to whom staff must submit proof of vaccination status, must securely maintain a record of such submission, either electronically or on paper, and must demonstrate proof of compliance with this Order, including making such records immediately available to the Department upon request.

3. Beginning September 13, 2021, all visitors to a DOE school building must show prior to entering the building that they have:
   a. Been fully vaccinated; or
   b. Received a single dose vaccine, or the second dose of a two-dose vaccine, even if two weeks have not passed since they received the dose; or
   c. Received the first dose of a two-dose vaccine.

4. Public meetings and hearings held in a DOE school building must offer individuals the opportunity to participate remotely in accordance with Part E of Chapter 417 of the Laws of 2021.

5. For the purposes of this Order:

   "Charter school setting" means a building or portion of building where a charter school provides instruction to students in pre-kindergarten through grade 12 that is not collocated in a DOE building.

   "DOE school setting" includes any indoor location where instruction is provided to DOE students in public school pre-kindergarten through grade 12, including but not limited to locations in DOE buildings, and including residences of students receiving home instruction and places where care for children is provided through DOE's LYFE program. DOE school settings include buildings where DOE and charter schools are co-located.

   "DOE staff" means (i) full or part-time employees of the DOE, and (ii) DOE interns (including student teachers) and volunteers.

   "Fully vaccinated" means at least two weeks have passed after an individual received a single dose of a COVID-19 vaccine that only requires one dose, or the second dose of a two-dose series of a COVID-19 vaccine approved or authorized for use by the Food and Drug Administration or World Health Organization.

   "Proof of vaccination" means proof that an individual:
   a. Has been fully vaccinated;
   b. Has received a single dose vaccine, or the second dose of a two-dose vaccine, even if two weeks have not passed since they received the dose; or
   c. Has received the first dose of a two-dose vaccine, in which case they must additionally provide proof that they have received the second dose of that vaccine within 45 days after receipt of the first dose.

   "Staff of contractors of DOE or the City" means a full or part-time employee, intern or volunteer of a contractor of DOE or another City agency who works in-person in a DOE school

setting, a DOE building, or a charter school, and includes individuals working as independent contractors.

"Visitor" means an individual, not otherwise covered by Paragraph 1 of this Order, who will be present in a DOE school building, except that "visitor" does not include:

    a. Students attending school or school-related activities in a DOE school setting;

    b. Parents or guardians of students who are conducting student registration or for other purposes identified by DOE as essential to student education and unable to be completed remotely;

    c. Individuals entering a DOE school building for the limited purpose to deliver or pick up items;

    d. Individuals present in a DOE school building to make repairs at times when students are not present in the building;

    e. Individuals responding to an emergency, including police, fire, emergency medical services personnel, and others who need to enter the building to respond to or pick up a student experiencing an emergency;

    f. Individuals entering for the purpose of COVID-19 vaccination;

    g. Individuals who are not eligible to receive a COVID-19 vaccine because of their age; or

    h. Individuals entering for the purposes of voting or, pursuant to law, assisting or accompanying a voter or observing the election.

"Works in-person" means an individual spends any portion of their work time physically present in a DOE school setting, DOE building, or charter school setting. It does not include individuals who enter such locations for the limited purpose to deliver or pick up items unless the individual is otherwise subject to this Order. It also does not include individuals present such locations to make repairs at times when students are not present in the building unless the individual is otherwise subject to this Order.

6. Nothing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law.

7. This Order shall be effective immediately and remain in effect until rescinded, subject to the authority of the Board of Health to continue, rescind, alter or modify this Order pursuant to Section 3.01(d) of the Health Code.

Dated: <u>September 15, 2021</u>

                                               Dave A. Chokshi, M.D., MSc
                                               Commissioner

# EXHIBIT C

**Reasonable Accommodation Appeal Determination**

noreply@salesforce.com <noreply@salesforce.com>
on behalf of
NYC Employee Vaccine Appeals <vaxappeal@dcas.nyc.gov>
Mon 3/7/2022 3:57 PM

To: Ruscelli Maria <MRuscelli@schools.nyc.gov>

The City of New York Reasonable Accommodation Appeals Panel has carefully reviewed your Agency's determination, all of the documentation submitted to the agency and the additional information you submitted in connection with the appeal. Based on this review, the Appeals Panel has decided to deny your appeal. This determination represents the final decision with respect to your reasonable accommodation request.

The decision classification for your appeal is as follows: DOE has demonstrated that it would be an undue hardship to grant this accommodation to the employee given the need for a safe environment for in-person learning.

**For all employees other than DOE employees:** Pursuant to the City of New York's policy concerning the vaccine mandate, you now have **three business days** from the date of this notice to submit proof of vaccination. If you do not do so, you will be placed on a leave without pay (LWOP).

**For Department of Education (DOE) employees:** Pursuant to New York City Department of Education policy, you have seven calendar days to extend your Leave Without Pay or return to work. If you do neither, you will be subject to termination. For further information and instructions, please see DOE Denial of Appeal Information.

# EXHIBIT D

09/28/2021

Case#: A81408
File# 0888457
EMP ID: 1459338

Dear JADENAE TRABACCHI,

Thank you for submitting your application online!

Type of Application: COVID-19 Vaccine Related Exemption or Accommodation

Application Communications:
During your application process, all communications will be sent to your DOE e-mail account. You must continue to check your DOE e-mail, even if you listed a different preferred email address.

Changes to Your Application:
Unfortunately, you cannot make changes to your submitted application. If you need to make changes, you must withdraw this application and re-submit your request. To withdraw the application please log back into SOLAS: https://dhrnycaps.nycenet.edu/SOLAS.

**Questions:**
For technical questions regarding the SOLAS system, please call HR Connect at 718-935-4000 and refer to the case number at the top of this notice.For more information, you may also visit the HR Connect Employee Portal by logging in with your DOE/Outlook User ID and password at https://doehrconnect.custhelp.com.

Sincerely,


*HR Connect*
Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated.

Ref Number : GX5944612 N3350 ADA Submission


---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:34:44 +0000
Subject: Fwd: Your Temporary Medical Exemption to the Covid-19 Vaccine Mandate

---

**From:** Division of Human Capital <DHC@schools.nyc.gov>
**Sent:** Tuesday, October 26, 2021 6:48:15 PM
**Subject:** Your Temporary Medical Exemption to the Covid-19 Vaccine Mandate

Colleague,

According to our records you have a temporary Medical Exemption to the Covid-19 Vaccine Mandate that is expiring soon. We want to make sure you are aware so that you can take appropriate next steps as outlined below.

Get Vaccinated and Upload Your Proof to the Vaccination Portal – To ensure you have no gap in your DOE employment, you should be vaccinated prior to the expiration of your exemption and

upload proof of vaccination to the **DOE Vaccination Portal**.  Employees who are vaccinated should immediately return to their regular, in-person work assignment.

<u>Apply for a New Exemption</u> – If you have a valid medical reason why you cannot be vaccinated by the upcoming expiration date, you may apply for a new Medical Exemption in SOLAS.  Please note that you cannot apply for an extension of your existing exemption, so you must start a new application and upload relevant medical documentation. Please also be aware that if your reason for the original exemption was due to a recent COVID-19 infection and you are no longer symptomatic, that temporary exemption is only applicable during the isolation period, e.g. 10 days after symptom onset or 10 days after the first positive test if you were not symptomatic.

<u>Leave Without Pay</u> - If you do not provide proof of vaccination, or are not approved for a new medical exemption, you will be placed on a leave without pay upon the expiration of your current exemption. While on this Leave Without Pay, you:

- Cannot work and will not receive compensation, but you will continue your medical benefits in accordance with the agreement/award with your union
- Cannot use annual leave, CAR or sick time
- Cannot enter your work or school site
- Cannot reach out to students or families

If you believe you are eligible for a different leave, you may apply for that leave in SOLAS.

For more information about where to get vaccinated, visit vaccinefinder.nyc.gov or call 877-VAX-4-NYC.

If you have any questions relating to your expiring exemption, please contact RArequest@schools.nyc.gov.

Thank you,

Division of Human Capital

---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:34:30 +0000
Subject: Fwd: Meeting data from 'Today's Sub Link' on Oct 27, 2021

---

**From:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Sent:** Tuesday, November 30, 2021 7:34:20 PM
**To:** jadenaetrabacchi@gmail.com <jadenaetrabacchi@gmail.com>
**Subject:** Fwd: Meeting data from 'Today's Sub Link' on Oct 27, 2021

---

**From:** meetings-noreply@google.com <meetings-noreply@google.com>
**Sent:** Wednesday, October 27, 2021 2:20:08 PM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Subject:** Meeting data from 'Today's Sub Link' on Oct 27, 2021

Info from your 'Today's Sub Link' meeting on Oct 27, 2021 at 12:17 PM is now available.

---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:34:02 +0000
Subject: Fwd: Access to SOLAS- Non-Compliance Error [Incident: 211028-000377]

**From:** HRConnect <HRconnect@schools.nyc.gov>
**Sent:** Thursday, October 28, 2021 9:57:00 AM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>; urbandkartist@aol.com <urbandkartist@aol.com>
**Subject:** Access to SOLAS- Non-Compliance Error [Incident: 211028-000377]

 Your request has been received.

**Subject**

**Access to SOLAS- Non-Compliance Error**

Thank you for contacting HR Connect.  Your email has been received and will be
processed shortly.

For quick answers to your HR questions at any time, please visit the HR Connect
employee web portal, at doehrconnect.custhelp.com.  Log in using your DOE userID
and password.

**Question Reference # 211028-000377**

Date Created: 10/28/2021 09:57 AM
Date Last Updated: 10/28/2021 09:57 AM
Status: New

This message and any attachments are intended only for the person or entity to which it is addressed and
may contain confidential and/or privileged material. Any review, retransmission, dissemination or other
use of, or taking of any action in reliance upon, this information by persons or entities other than the
intended recipient is prohibited.  The information contained in this email is valid as of the sent date but is
subject to change.  Every effort is made to ensure that information is up to date and is in accordance with
the current policy and procedures of the Department of Education Division of Human Capital.

---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:32:32 +0000
Subject: Fwd: Your application for a COVID-19 Vaccine Related Exemption or Accommodation has been received.

**From:** solas_donotreply@schools.nyc.gov <solas_donotreply@schools.nyc.gov>
**Sent:** Friday, October 29, 2021 8:56:32 AM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Subject:** Your application for a COVID-19 Vaccine Related Exemption or Accommodation has been received.

10/29/2021

Case#: A83211
File# 0888457
EMP ID: 1459338

Dear JADENAE TRABACCHI,

Thank you for submitting your application online!

Type of Application: COVID-19 Vaccine Related Exemption or Accommodation

Application Communications:
During your application process, all communications will be sent to your DOE e-mail account. You must continue to check your DOE e-mail, even if you listed a different preferred email address.

Changes to Your Application:
Unfortunately, you cannot make changes to your submitted application. If you need to make changes, you must withdraw this application and re-submit your request. To withdraw the application please log back into SOLAS: https://dhrnycaps.nycenet.edu/SOLAS.

**Questions:**
For technical questions regarding the SOLAS system, please call HR Connect at 718-935-4000 and refer to the case number at the top of this notice.For more information, you may also visit the HR Connect Employee Portal by logging in with your DOE/Outlook User ID and password at https://doehrconnect.custhelp.com.

Sincerely,

*HR Connect*
Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated.

Ref Number : GX6041818 N3350 ADA Submission

---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:33:43 +0000
Subject: Fwd: Access to SOLAS- Non-Compliance Error

**From:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Sent:** Friday, October 29, 2021 6:26:39 AM
**To:** Separation Eligibility <separationeligibility@schools.nyc.gov>; HRD Vax Questions <HRDVaxQuestions@schools.nyc.gov>
**Cc:** Isler Brian <BIsler@schools.nyc.gov>; Dempster Sheldon <SDempster@schools.nyc.gov>
**Subject:** Re: Access to SOLAS- Non-Compliance Error

Thank you. I am actually trying to reapply for medical, as directed by the uft, but recieve an error message everytime I try to sign and submit. I have attached an image of the message I am seeing on my end to clarify. Can I be granted full access, as I am not trying to go on LWOP or resign, I am trying to see if I can extend my medical exemption.

Thank you so much for getting back to me and for adding another team that can help me with this matter.

Best,

Jadenaè

---

**From:** Separation Eligibility <separationeligibility@schools.nyc.gov>
**Sent:** Thursday, October 28, 2021 10:35:19 PM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>; HRD Vax Questions <HRDVaxQuestions@schools.nyc.gov>
**Cc:** Isler Brian <BIsler@schools.nyc.gov>; Dempster Sheldon <SDempster@schools.nyc.gov>
**Subject:** Re: Access to SOLAS- Non-Compliance Error

Hi Jadenae,

Thank you for your message. I can see from our records that you are indicated as on a medical exemption through 10/31.

Only people who are on leave without pay can select these options in SOLAS. You should have received an email today from the HR team with instructions about how to revoke your exemption if you wish to instead be placed on leave without pay, and then select separation. Can you please take a look and see if that provides the information you need? I also added another team here for their review.

Thank you,
Sara

| Employee | Title | Location | Start Date | End Date | Type | Description |
|---|---|---|---|---|---|---|
| **JADENAE TRABACCHI** Employee ID: 1459338 | TEACHER | 20K220 | 10/04/2021 | 10/31/2021 | COVID-19 Vaccine Related Exemption | |

---

**From:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Sent:** Thursday, October 28, 2021 1:51 PM
**To:** Separation Eligibility <separationeligibility@schools.nyc.gov>
**Cc:** Isler Brian <BIsler@schools.nyc.gov>; Dempster Sheldon <SDempster@schools.nyc.gov>
**Subject:** Access to SOLAS- Non-Compliance Error

Good Morning,

My name is Jadenae` Trabacchi and I am an educator at I.S.220 John J. Pershing. My File # is 0888457 and my Employee ID# is 1459338. I am writing because I am currently on a medical exemption, granted by the UFT until October 31st, 2021. Yesterday, I went to apply for an extension, due to health-related extenuating circumstances, and was not able to submit the necessary documentation because I am on the non-compliance list.

Please advise if there is any pertinent information needed for me to be granted full access to SOLAS again, so I can submit for a medical exemption before being placed on LWOP due to non-compliance. If you have any questions, I can be reached at (631) 484-1127. Thank you and have a great day.

Best,

Jadenae` Trabacchi
20K220

--------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:32:19 +0000
Subject: Fwd: Your COVID-19 Vaccine Medical Exemption Application - Determination

**From:** solas_donotreply@schools.nyc.gov <solas_donotreply@schools.nyc.gov>
**Sent:** Thursday, November 4, 2021 3:41:47 PM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Subject:** Your COVID-19 Vaccine Medical Exemption Application - Determination

11/04/2021

Case#: A83211
File# 0888457
EMP ID: 1459338

Dear JADENAE TRABACCHI,

This is to advise you that your request for a Medical Exemption to the COVID-19 Vaccine Mandate has been denied for the following reason(s):

a. Denial Reason: Post-COVID condition is not sufficient (e.g. outside isolation period)

b. Determination Comments: NA

Your application was reviewed in accordance with applicable City, State and Federal laws.

Sincerely,

*HR Connect*
Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated.

Ref Number : GX8053867 N3430 Denial - Medical Exemption to Vaccine Mandate

--------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:32:01 +0000
Subject: Fwd: Your Temporary Medical Exemption to the COVID-19 Vaccine Mandate

**From:** Division of Human Capital <DHC@schools.nyc.gov>
**Sent:** Thursday, November 4, 2021 7:19:54 PM

5/8/24, 12:32 PM                                    Gmail - DOE letters to print

**Subject:** Your Temporary Medical Exemption to the COVID-19 Vaccine Mandate

Colleague,

According to our records you had a temporary medical exemption to the vaccine mandate which recently expired or is about to expire and you remain unvaccinated. We are writing to advise you that your temporary exemption has been extended to Monday, November 8, 2021 to allow you some additional time to be vaccinated.

As a reminder, to ensure you have no gap in your DOE employment, by the end of day on Monday November 8, you should be vaccinated and upload proof of vaccination to the DOE Vaccination Portal. Employees who are vaccinated should immediately return to their regular, in-person work assignment.

If you do not provide proof of vaccination, you will be placed on a leave without pay as of Tuesday, November 9, 2021. While on this Leave Without Pay, you:
- Cannot work and will not receive compensation, but you will continue your medical benefits in accordance with the agreement/award with your union
- Cannot use annual leave, CAR or sick time
- Cannot enter your work or school site
- Cannot reach out to students or families

If you believe you are eligible for a different leave, you may apply for that leave in SOLAS and should do so as soon as possible while your exemption is still valid.

For more information about where to get vaccinated, visit vaccinefinder.nyc.gov or call 877-VAX-4-NYC.

If you have any questions relating to your expiring exemption, please contact RArequest@schools.nyc.gov.

Thank you,

NYC Division of Human Capital


---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:31:46 +0000
Subject: Fwd: Your COVID-19 Vaccine Medical Exemption Application - Determination

**From:** solas_donotreply@schools.nyc.gov <solas_donotreply@schools.nyc.gov>
**Sent:** Tuesday, November 23, 2021 5:36:09 PM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Subject:** Your COVID-19 Vaccine Medical Exemption Application - Determination

11/23/2021

Case#: A83471
File# 0888457
EMP ID: 1459338

Dear JADENAE TRABACCHI,

This is to advise you that your request for a Medical Exemption to the COVID-19 Vaccine Mandate has been denied for the following reason(s):

a. Denial Reason: Medical condition not valid reason to defer or delay vaccination (e.g. not within 90 days after receiving antibody treatment, and not in treatment for conditions outlined in CDC considerations that would temporarily interfere with the ability to respond adequately to the vaccine)

b. Determination Comments: antibodies do not preclude getting vaccinated

Your application was reviewed in accordance with applicable City, State and Federal laws.

Sincerely,

*HR Connect*
Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated.

Ref Number : GX6095577 N3430 Denial - Medical Exemption to Vaccine Mandate

---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:31:32 +0000
Subject: Fwd: Notification of Leave Without Pay - PLEASE READ

**From:** solas_donotreply@schools.nyc.gov <solas_donotreply@schools.nyc.gov>
**Sent:** Wednesday, November 24, 2021 12:27:46 AM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Cc:** Cheatham Michael <MCheatham@schools.nyc.gov>; Santoro Angela <ASantor@schools.nyc.gov>; Cox Kyra <KCox@schools.nyc.gov>; Karlsberg Heather <HKarlsberg@schools.nyc.gov>; Dempster Sheldon <SDempster@schools.nyc.gov>
**Subject:** Notification of Leave Without Pay - PLEASE READ

11/24/2021

Case#: A81408
Emp ID: 1459338

Dear JADENAE TRABACCHI ,

As you are aware, your medical exemption to the COVID-19 vaccine mandate has recently expired. As a consequence, you **are being placed on a Leave Without Pay (LWOP) because you are not in compliance with the COVID-19 Vaccine Mandate. Your LWOP status goes into effect as of November 24, 2021.**

If your exemption previously expired and you have not been working, your school/office will enter you for an absence without pay (AWOP) for any days not worked or they will ensure you are not entered for any time/pay if you did not work. A copy of this notice is being sent to your school/office for their awareness and appropriate timekeeping action.

Due to the timing close of payroll periods, it is possible you have and/or will receive an overpayment for time not worked. Any such overpayment will ultimately be recouped in one of the following ways:

- If you do not intend to return to the DOE and are resigning, any overpayment will be deducted from your final entitlement if you have unused sick or annual leave. In the event you do not have a sufficient balance to cover this

overpayment, you will be required to repay any remaining amount
* If you decide to become compliant and return to work, the overpayment will be deducted from your future paychecks

While you are on Leave Without Pay (LWOP), you:

* Cannot work and will not receive compensation (but your medical benefits will continue)
* Cannot use annual leave, CAR or sick time
* Cannot enter your work or school site or work off-site
* Cannot reach out to students or families

In order to return to work and be removed from LWOP status, you must complete two steps using the **DOE Vaccination Portal**:

* Upload proof that you have received your first dose of a COVID-19 vaccine. **Proof of COVID-19 Vaccine can be an image of your vaccination card, NYS Excelsior Pass, or another government record**and

* E-sign the attestation stating that you are willing to return to your worksite within seven calendar days of submission.

Once you have completed these two steps, your HR Director and supervisor will also be notified and will work with you to plan your return date.

**If you have already been vaccinated and you have uploaded this information, you may report to work as usual in person and you will be put back on active status.** If you get vaccinated in the future, please follow the steps above and be in contact with your school about a return date.

Please be advised that if you do not intend to return to the DOE, you will need to return all DOE property, including computers, IDs, blackberries, and keys, immediately. Failure to return any DOE property that has been assigned to you will delay the processing of your final payment and any payout of leave time.

Employees represented by a union who have been placed on LWOP due to vaccination status may select to **extend the leave without pay due to vaccination status through September 5, 2022**(available in SOLAS as of Monday, November 1 through November 30, 2021):

* Employees choosing this option will also be required to waive their rights to challenge their involuntary resignation, including, but not limited to, through a contractual or statutory disciple process.
* They will remain eligible for health insurance through September 5, 2022
* Employees who have not returned by September 5, 2022 shall be deemed to have voluntarily resigned.

Beginning December 1, 2021, the DOE will seek to unilaterally separate employees who have not returned to work, extended their leave, or otherwise separated service.

For more information about where to get vaccinated, visit vaccinefinder.nyc.gov or call 877-VAX-4-NYC. For the latest COVID-19 staffing updates, please visit the Coronavirus Staff Update InfoHub page.

Sincerely,

NYCDOE Division of Human Capital

Ref Number : GX6096307 N3456 COVID-19 LWOP


---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:31:16 +0000
Subject: Fwd: FINAL NOTICE: Leave Without Pay Status

---

**From:** NYCDOE <noreply@schools.nyc.gov>
**Sent:** Monday, November 29, 2021, 5:53 PM

**To:** Trabacchi Jadenae
**Subject:** FINAL NOTICE: Leave Without Pay Status



Dear Colleague,

According to New York City Department of Education (NYCDOE) records, you are currently on a Leave Without Pay (LWOP) because you are not eligible to work based on your failure to comply with the New York City Health Commissioner's Order requiring vaccination of all NYCDOE staff, absent the granting of a reasonable accommodation.

As you were previously advised, **if you remain non-compliant and have not opted to extend your LWOP or return from LWOP status by November 30, you are subject to termination from service with the NYCDOE beginning December 1, 2021**.

If you would like to extend your LWOP status, you may do so by logging into SOLAS and stating your intention **by 11:59pm November 30**. Employees choosing this option:

- Will remain eligible for health insurance through September 5, 2022.
- May seek to return from this leave prior to September 6, 2022 by following the steps below on returning from LWOP status. Employees who have not returned by September 6, 2022 shall be deemed to have voluntarily resigned.
- Must waive their rights to challenge such resignation, including, but not limited to, through a contractual or statutory disciplinary process

If you would like to return to work from LWOP status, you must complete two steps using the DOE Vaccination Portal by November 30:

1. Upload proof that you have received your first dose of a COVID-19 vaccine. Proof of COVID-19 vaccine can be an image of your vaccination card, NYS Excelsior Pass, or another government record.
2. E-sign the attestation stating that you are willing to return to your worksite within fourteen calendar days of submission.

Once you have completed these two steps, your HR Director and supervisor will also be notified and will work with you to plan your return date.  If you encounter technical issues accessing the Vaccination Portal, please contact the DOE Help Desk by opening a ticket online or calling 718-935-5100. If you need support uploading your proof of vaccination, please contact your principal or HRD, who can do so on your behalf.

If you believe you have received this notice in error because you are not currently on leave without pay, or have extended your LWOP, or have submitted proof of vaccination, please contact **lwopquestions@schools.nyc.gov** no later than 5 PM on November 30, 2021.

Sincerely,

NYCDOE Division of Human Capital

**14 attachments**


**IMG-20211027-WA0001.jpeg**
528K

☐ **Fwd: Monoclonal Antibody Treatment - Vaccine Exemption.eml**
18K

☐ **Fwd: Your application for a COVID-19 Vaccine Related Exemption or Accommodation has been received..eml**
20K

☐ **Fwd: Your Temporary Medical Exemption to the Covid-19 Vaccine Mandate.eml**
26K

☐ **2021-10-27 1217 Today's Sub Link - Attendance Report.csv**
2K

☐ **Fwd: Meeting data from 'Today's Sub Link' on Oct 27, 2021.eml**
16K

☐ **Fwd: Access to SOLAS- Non-Compliance Error [Incident: 211028-000377].eml**
17K

☐ **Fwd: Your application for a COVID-19 Vaccine Related Exemption or Accommodation has been received..eml**
20K

☐ **Fwd: Access to SOLAS- Non-Compliance Error.eml**
775K

☐ **Fwd: Your COVID-19 Vaccine Medical Exemption Application - Determination.eml**
17K

☐ **Fwd: Your Temporary Medical Exemption to the COVID-19 Vaccine Mandate.eml**
25K

☐ **Fwd: Your COVID-19 Vaccine Medical Exemption Application - Determination.eml**
17K

☐ **Fwd: Notification of Leave Without Pay - PLEASE READ.eml**
28K

☐ **Fwd: FINAL NOTICE: Leave Without Pay Status.eml**
24K

# EXHIBIT E

# APPENDIX

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand twenty-one.

Before:    Pierre N. Leval,
           José A. Cabranes,
           Denny Chin,
                *Circuit Judges.*

---

Michael Kane, William Castro, Margaret Chu,
Heather Clark, Stephanie Di Capua, Robert Gladding,
Nwakaego Nwaifejokwu, Ingrid Romero, Trinidad
Smith, Amaryllis Ruiz-Toro,

|                                             |                   |
|---------------------------------------------|-------------------|
| *Plaintiffs-Appellants,*                    | **ORDER**         |
| v.                                          | 21-2678-cv        |

Bill de Blasio, in his official capacity as Mayor of
the City of New York, David Chokshi, in his
official capacity of Health Commissioner of the
City of New York, New York City Department of
Education,

*Defendants-Appellees.*

---

Matthew Keil, John De Luca, Sasha Delgado,
Dennis Strk, Sarah Buzaglo,

|                          |            |
|--------------------------|------------|
| *Plaintiffs-Appellants,* |            |
| v.                       | 21-2711-cv |

The City of New York, Board of Education of the
City School District of New York, David Chokshi, in
his Official Capacity of Health Commissioner of the
City of New York, Meisha Porter, in her Official

Capacity as Chancellor of the New York City
Department of Education,

                    *Defendants-Appellees.*

_____

     The motions of Plaintiffs-Appellants ("Plaintiffs") for an injunction pending appeal having been heard at oral argument on November 10, 2021, and Defendants-Appellees ("Defendants") having represented to this Court that "the City is working toward making an opportunity for reconsideration available more broadly to DOE employee[s] who unsuccessfully sought religious exemptions pursuant to the arbitration award's appeal process," it is hereby

     **ORDERED** that this appeal is expedited and will be heard by a merits panel sitting on November 22, 2021 (the "merits panel"). Pending further order by the merits panel,

1. Plaintiffs shall receive fresh consideration of their requests for a religious accommodation by a central citywide panel consisting of representatives of the Department of Citywide Administrative Services, the City Commission on Human Rights, and the Office of the Corporation Counsel.
2. Such consideration shall adhere to the standards established by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. Such consideration shall not be governed by the challenged criteria set forth in Section IC of the arbitration award for United Federation of Teachers members. Accommodations will be considered for all sincerely held religious observances, practices, and beliefs.
3. Plaintiffs shall submit to the citywide panel any materials or information they wish to be considered within two weeks of entry of this order. The citywide panel shall issue a determination on each request no later than two weeks after a plaintiff has submitted such information and materials. Within two business days of the entry of this order, Defendants shall inform plaintiffs' counsel how such information and materials should be transmitted to the citywide panel.
4. The deadline to opt-in to the extended leave program and execute any accompanying waiver shall be stayed for Plaintiffs, and no steps will be taken to terminate the plaintiff's employment for noncompliance with the vaccination requirement.
5. If a plaintiff's request is granted by the citywide panel, the plaintiff will receive backpay running from the date they were placed on leave without pay.
6. This order is intended only to provide for temporary interim relief until the matter is considered by the merits panel of this court, which panel may entirely supersede these provisions for interim relief, and the parties are at liberty to advocate to the merits panel for alteration of these provisions. Unless the merits panel has previously entered a superseding order, within two weeks of the conclusion of Plaintiffs' proceedings before the citywide panel, the parties shall inform the merits panel of the result of those proceedings and advise of any further relief being sought.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

# EXHIBIT F

# THE SCHER LAW FIRM, LLP

### ONE OLD COUNTRY ROAD SUITE 385
### CARLE PLACE, NY 11514

MARTIN H SCHER*

JONATHAN L SCHER**

———

AUSTIN R GRAFF*

———

* Also Admitted in District of Columbia
* Also Admitted in New Jersey

TEL 516-746-5040

FAX 516-746-5043

W SCOTT KERSHAW
COUNSEL

MICHAEL SCHILLINGER
COUNSEL

ROLAND P BRINT
COUNSEL

ADAM GANG
COUNSEL

ROBERT S NAYBERG
*****

July 7, 2022

**BY FEDERAL EXPRESS AIRBILL NO. 777327941330**
**AND BY ECF**
Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Broecker, *et al.* v. New York City Department of Education, *et al.*
               Docket No. 21-CV-06387-KAM-LB

Dear Judge Matsumoto:

        This law firm represents the Plaintiffs in the above-referenced Action. The Plaintiffs request permission to supplement their opposition to the Motions to Dismiss based upon new documentary evidence obtained yesterday contained in the filing with the New York State Supreme Court, County of New York in a newly filed litigation entitled *In the Matter of the Application of the Board of Education of the City School District of the City of New York, et al. v. United Federation of Teachers, Local 2, AFT, AFL-CIO, et al.* under Index Number 451995/2022 ("DOE Proceeding"), regarding a dispute over a new arbitration decision by the Defendant Martin Scheinman ("Scheinman") materially and relevant to the pending Motions to Dismiss.

        The *New York Post* reported yesterday on the DOE Proceeding which challenges Scheinman's Opinion and Award relating to 82 NYCDOE employees placed on leave without pay by the New York City Department of Education ("NYCDOE") for filing allegedly false vaccine cards. *See,* **Exhibit A,** a copy of the *New York Post* article.

        Through due diligence, we were able to find the NYCDOE's filings in the DOE Proceeding, which included the new Opinion and Award issued by Scheinman that directly relates to the pending Motions to Dismiss in the above-referenced Action.

## The Scher Law Firm, LLP

Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court, Eastern District of New York
July 7, 2022
Page 2 of 3

In Scheinman's newest Opinion and Award (**Exhibit B** ("Opinion and Award")), Scheinman states with respect to the UFT Arbitration Award ("Award"):

> … While the Department claims its action is unconnected with the Award, it is the Award itself that created a new leave without pay. Absent the Award, the Department was without the authority to remove these employees from the payroll without providing a due process hearing.
>
> Leave without pay is an unusual outcome. Yet, I decided it was appropriate for employees whose requests for a medical or religious exemption were denied. This is because such employees intentionally decided to disregard the mandate they be vaccinated by September 27, 2021, the date established by Commissioner Chokshi and Mayor de Blasio.

**Exhibit B**, at page 10.

This language, written by Scheinman in the Opinion and Award supports three arguments previously made by the Plaintiffs in opposition to the Motions to Dismiss:

First, Scheinman's words establish that but-for the Award, the NYCDOE could not have placed the Plaintiffs on leave without pay. As Plaintiffs argued in opposition to the Defendants' Motions, the Award was a violation of N.Y. Civil Service Law § 209.3.(f) and the numerous cases that have interpreted the statute, including a case from the New York Court of Appeals and numerous opinions issued by PERB. Therefore, if the Court finds that the Award violated N.Y. Civil Service Law § 209.3.(f), as the Plaintiffs argue, then the NYCDOE did not have any authority to place the Plaintiffs on leave without due process, thereby violating the Plaintiffs' due process rights. Scheinman's words are additional evidence that the Plaintiffs have stated a plausible claim against the NYCDOE for a violation of 42 U.S.C. § 1983 meaning the NYCDOE's Motion to Dismiss should be denied.

Second, it was Scheinman who "created a new leave without pay" by issuing the Award. Scheinman establishes, by his own words, that he actively participated in the violation of the Plaintiffs' due process rights by "creat[ing] a new leave without pay" policy. Scheinman was not acting like an arbitrator who interpreted a contract or acted like an umpire in a dispute between the NYCDOE and the United Federation of Teachers ("UFT"), but actively created new policy that, as Scheinman admits, but-for his Award, "the Department was without the authority to remove these employees from the payroll without providing a due process hearing." **Exhibit B**,

THE SCHER LAW FIRM, LLP

Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court, Eastern District of New York
July 7, 2022
Page 3 of 3

at page 10. Scheinman's own words establish that the Plaintiffs have stated a plausible claim for a violation of 42 U.S.C. § 1983 against the NYCDOE and Scheinman because as he admits, without his Award, the NYCDOE would have had to provide the Plaintiffs with due process before placing them on leave without pay, admitting that his actions caused the Plaintiffs to "suffer[ ] a denial of [their] federal statutory rights, or [their] constitutional rights or privileges." *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998). Accordingly, the Scheinman Defendants' Motion to Dismiss must be denied.

Third, Scheinman confirms that it was him who "decided [leave without pay] was appropriate", which means that the NYCDOE and the UFT did not "continu[e] to negotiate until an 'agreement' [was] reached" but instead the resolution of the NYCDOE's and UFT's impasse was imposed by Scheinman in violation of N.Y. Civil Service Law § 209.3.(f). *Matter of Buffalo Teachers Federation v. City School District of the City of Buffalo*, 49 PERB P4560 (2016). Scheinman's words confirm that the Award was a newly created and imposed remedy to the school district's impasse in negotiations with its union and therefore violated clear and unambiguous statutory language requiring a school district, like the NYCDOE, and its union, like the UFT, to overcome any impasse at the bargaining table and not through any other means. As a result, Scheinman's words support the Plaintiffs' argument that they have a plausible claim that the Award was promulgated and instituted without any statutory authority.

*******************

The Plaintiffs thank the Court for its courtesies in accepting the Plaintiffs' supplemental filing, considering the Opinion and Award only came into the Plaintiffs' possession yesterday and the Plaintiffs believed, as shown above, that the Opinion and Award is material and relevant to the pending Motions to Dismiss.

Respectfully submitted,

THE SCHER LAW FIRM, LLP

Austin Graff

cc: Counsel of Record (by ECF)
H:\Martino, Michelle\Teacher Litigation\Motions\Motion # 002 - Motions to Dismiss\Opposition to the Motions\July 2022 Supplemental Letter 7-7-2022 letter to Court re Scheinman award.doc

# EXHIBIT G



June 27, 2022

<u>**Via E-Mail Only**</u>
Liz Vladeck, Esq.
New York City Department of Education
Office of the General Counsel
52 Chambers Street, Room 308
New York, NY 10007

Alan M. Klinger, Esq.
Stroock & Stroock & Lavan, L.L.P.
180 Maiden Lane, 33rd Floor
New York, NY 10038

Michael Mulgrew, President
Beth Norton, Esq.
United Federation of Teachers
52 Broadway, 14th Floor
New York, NY 10004

**Re:    Board of Education of the City School District of the City of New York and**
**United Federation of Teachers, Local 2, AFT, AFL-CIO**
**(Proof of Vaccination)**

Dear Counsel:

Enclosed please find my Opinion and Award in the above referenced matter.

I have also enclosed my bill for services rendered.

Thank you.

Sincerely,

Martin F. Scheinman

MFS/sk
NYCDOE.UFT.proof of vaccination.trans

```
--------------------------------- X
In the Matter of the Arbitration
                                   X

        between
                                   X      Re: Proof of
BOARD OF EDUCATION OF THE CITY              Vaccination
SCHOOL DISTRICT OF THE CITY OF     X
NEW YORK
                                   X
        "Department"
                                   X
        -and-
                                   X
UNITED FEDERATION OF TEACHERS,
LOCAL 2, AFT, AFL-CIO              X

        "Union"                    X

--------------------------------- X
```

**APPEARANCES**

> **For the Department**
>   Liz Vladeck, General Counsel

> **For the Union**
> STROOCK & STROOCK & LAVAN, L.L.P.
>   Alan M. Klinger, Esq.

>   Beth Norton, Esq., UFT General Counsel
>   Michael Mulgrew, UFT President

**BEFORE:** Martin F. Scheinman, Esq., Arbitrator

## BACKGROUND

The Union protests the Department's decision to summarily place approximately eighty two (82) Department employees on leave without pay, with benefits, effective April 25, 2022. This action was based upon information the Department received from a separate investigative agency these employees' proof of COVID-19 vaccination was allegedly fraudulent. The Union contends the issue of whether the Department's action is proper and falls within the scope of my September 10, 2021, Award ("Award").

Most of the basic facts are not in dispute.

In July 2021, former Mayor de Blasio announced a "Vaccine-or-Test" mandate which required the City workforce, including the educators, to either be vaccinated or undergo weekly testing for the Covid-19 virus effective September 13, 2021. Thereafter, on August 23, 2021, Mayor de Blasio and the New York City Commissioner of Health and Mental Hygiene, David A. Chokshi, MD, announced a new policy for those workforces in Department buildings. Those employees would be subject to a "Vaccine Only" mandate. That is, such employees would need to show by September 27, 2021, they had at least started the vaccination protocol or would not be allowed onto Department premises, would not be paid for work and would be at risk of loss of job and benefits.

2

This mandate was reflected in an Order of Commissioner Chokshi, dated August 24, 2021. That Order, by its terms, did not expressly provide for exceptions or accommodations for those with medical contraindications to vaccination or sincerely-held religious objections to inoculation. Nor did it address matters of due process with regard to job and benefits protection.

The Union promptly sought to bargain the impact and implementation of the Vaccine Only mandate. The parties had a number of discussions, but important matters remained unresolved.

On September 1, 2021, the UFT filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") as to material matters. The Department did not challenge the statement of impasse and PERB appointed me to mediate the matters. Mediation sessions were held immediately on September 2, 3, 4 and 5, 2021, with some days having multiple sessions. Progress was made, and certain tentative understandings were reached, but significant matters remained unresolved. By agreement of the parties, the process moved to arbitration. They asked I serve as arbitrator.

Arbitration sessions were then held. On September 10, 2021, I issued an Award which set forth a detailed procedure to be followed in the cases of employees who sought an exemption to the Vaccination Mandate based on a medical condition or religious reasons.

3

In accordance with the procedure set forth in my Award, employee requests for an exemption were initially submitted to the Department along with any supporting documentation. An employee wishing to appeal an adverse determination by the Department was given the opportunity to appear at a hearing before an impartial arbitrator who was authorized to render a final and binding decision. Approximately five hundred (500) appeals were determined by the arbitration process. Pending the arbitrator's decision, the employee could not be removed from the payroll.

On April 19, 2022, the Department informed approximately eight two (82) employees they were being placed on leave without pay, with benefits, effective April 25, 2022, based on allegations their proof of COVID-19 vaccination was fraudulent. The employees were told they could contact the Department if they believed the allegation they submitted fraudulent proof of vaccination was wrong. On April 21, 2022, the Union wrote the Department and demanded it rescind its decision to remove these employees from the payroll without the benefit of a due process hearing.

By letter dated April 22, 2022, the Department set forth its position placement of these employees on a leave without pay status did not constitute discipline, and, therefore, did not implicate the disciplinary procedures set forth in the Education Law or the parties' Collective Bargaining Agreement ("Agreement").

4

Thereafter, by letter dated May 3, 2022, the Union wrote to me requesting I take jurisdiction over this dispute. The Union cited to that portion of the Award which states "should either party have reason to believe the process set forth herein, is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution".

By letter dated May 4, 2022, the Department wrote in opposition to the Union's May 3, 2022, letter. The Department stated it was in full compliance with my Award, as well as the Agreement and applicable law. The Department also insisted this matter was not properly before me.

On May 4, 2022, I conducted a conference call with the parties. At that time, each side was given the opportunity to argue their positions.

Thereafter, on May 6, 2022, the Union submitted further argument in support of its position. The Department responded in a letter dated May 10, 2022.

Upon my receipt of the parties' written submissions, I closed the record.

### DISCUSSION AND FINDINGS

#### The Issues:

The basic issues to be decided are as follows:

5

1. Is the Department's decision to place the approximately eighty two (82) employees on leave without pay, with benefits, subject to my jurisdiction pursuant to the September 10, 2021, Award?

2. If so, what shall be the remedy?

## Position of the Parties

The Department insists the facts of circumstances regarding its placement of the eighty two (82) employees on leave without pay, with benefits, is not within my jurisdiction pursuant to the Award. According to the Department, the Award sets forth an expedited process to review Department employees' requests for exemptions and accommodations from the August 21, 2021, mandate to submit proof of COVID-19 vaccination by September 29, 2021. The Department maintains the requests for an exemption or accommodation were limited to medical and religious grounds. It contends no other issue is covered by the Award.

The Department contends it placed the employees on a leave without pay status as a result of the Department's receipt of information from a law enforcement agency the employees in question submitted fraudulent proof of vaccination in order to comply with Commissioner Chokshi's order which required vaccination of all Department staff.

According to the Department, the Courts have held compliance with the Commissioner Chokshi's Order is a "condition of

6

employment". The Department maintains this situation is no different to the Department's unilateral action against an employee who is not certified. As such, the Department maintains placing employees on leave without pay for failing to comply with the Commissioner Chokshi's Order comports with applicable due process procedures as long as notice is given, and the employee has an opportunity to respond. In support of its position the Department cites Broecker v. N.Y. Dep't of Educ., 21-CV-6387, 2022 WL 426113 at *7-8 (E.D.N.Y. Feb. 11, 2022); and N.Y. City Mun. Labor Comm. V. City of New York, 151169/2022 (Sup. Ct. N.Y. County Apr. 21, 2022).

The Department argues employees who are identified in connection with a law enforcement investigation into the submission of fraudulent vaccination cards are outside the scope of the Award. Furthermore, the Department insists the Award's reference to a party's failure to implement the process does not apply to the facts and circumstances presented, here. According to the Department, the language relied upon by the Union refers specifically to the "administrative process for the review and determination of requests for religious and medical exemptions to the mandatory vaccination policy and accommodation requests where the requested accommodation is the employee not appear at school". The Department asserts since that process is not at issue, here, the Union's claim is misplaced.

7

For the reasons set forth above, the Department contends the Union's request for relief pursuant to the Award must be denied.

The Union, on the other hand, argues the Department's decision to place these employees on leave without pay, with benefits, is predicated on the Award.  It insists this matter is subject to my continued jurisdiction.  The Union asserts the Agreement prohibits an employee from being removed from the payroll without establishing probable cause in a due process hearing. [1]

The Union maintains the Department's contention this situation is akin to the removal of an uncertified employee is misplaced.  According to the Union, approval of certification is issued by the State.  In addition, the Union insists an employee is either certified by the State or is not, there is no underlying question of fact to be determined.  The Union asserts if an employee proves they have completed all of the necessary paperwork, but they are not yet certified, they will not be terminated.

The Union urges in this instance 'the Department made a unilateral decision to place the employees on leave, without pay, based solely on a communication from another agency the employees were not vaccinated.  The Union contends the Department has no direct knowledge of whether that assertion is true or false.

_____

[1] There are limited exceptions to this procedure which are inapposite.

8

According to the Union, the Department removed the employees from the payroll and subsequently allowed them to provide additional evidence they are vaccinated. The Union maintains as of May 6, 2022, employees who have contacted the Department asserting they have been placed on leave without pay in error have not received any response, yet they remain suspended without pay.

The Union asserts the only authority for the Department to place employees on leave without pay, with benefits, is the Award. It contends the Department is improperly invoking the Award, and the action cannot be taken until the dispute concerning their vaccination status is determined through the Award's stated process.

In short, the Union argues the Department's unilateral decision to place employees on leave without pay, with benefits, based on the communication from another agency the employees are not vaccinated falls within the jurisdiction of the Award.

### Opinion

Certain preliminary comments are appropriate. As an arbitrator my role is a limited one. In order for me to determine whether I can assert jurisdiction over the Department's actions as alleged by the Union, I am limited by the language of the Award. If the Award is clear, I must enforce it according to its plain meaning.

9

With these principles in mind, I turn to the facts presented.

I find I have jurisdiction to consider this matter. While the Department claims its action is unconnected with the Award, it is the Award itself that created a new leave without pay. Absent the Award, the Department was without the authority to remove these employees from the payroll without providing a due process hearing.

Leave without pay is an unusual outcome. Yet, I decided it was appropriate for employees whose requests for a medical or religious exemption were denied. This is because such employees intentionally decided to disregard the mandate they be vaccinated by September 27, 2021, the date established by Commissioner Chokshi and Mayor de Blasio.

Implicit in such a designation of leave without pay is the individual failed to comply with the vaccine mandate. Here, there is a dispute whether the employees did or did not comply. Without that being assessed, or at least submitting evidence to show a high likelihood of non-compliance, the predicate for placing an employee on leave without pay does not exist.

The Department's decision to automatically place these employees on leave without pay is inconsistent with the language and underpinnings of my Award. Nothing in the Award grants the Department such use of leave without pay status.

Based upon the above, I find the Department failed to properly implement the due process protections of my Award. The Union has the right to assert the Department's process "is not implemented in good faith." To be clear, nothing in my Award was intended to abrogate any due process rights the parties otherwise maintained with regard to employment status.

I also disagree with the Department's position the court decisions it cites support the removal of these employees from pay status without a hearing. Those court decisions confronted an entirely different factual scenario. Unlike this matter, in those cited cases, there was no claim the employees at issue were vaccinated.

In denying the request for a preliminary injunction, Justice Kim, in NYC Municipal Labor Committee, supra., specifically found the absence of that factual issue in her determination. Here, of course, the employees assert they are in fact vaccinated. This raises a factual issue that is ripe for adjudication pursuant to my Award.

Based on the reasons set forth above, I take jurisdiction over the Department's placement of the approximately eighty two (82) employees placed on leave without pay, with benefits. The parties shall meet within seven (7) calendar days of the date of this Award to attempt to agree on a procedure to review an

11

employee's claim they have submitted proof of vaccination. If the parties are unable to agree on such a procedure, I shall immediately schedule a hearing and issue an expedited Award establishing the proper protocol to provide the employees the appropriate due process procedure.

## AWARD

1. Pursuant to Section 1L of my Award dated September 10, 2021, I shall assume jurisdiction over the Department's decision to place eighty two (82) employees on leave without pay, with benefits, effective April 25, 2022.

2. The parties shall meet within seven (7) calendar days of the date of this Award to attempt to agree on a procedure to review an employee's claim they have submitted proof of vaccination. If the parties are unable to agree on such a procedure, I shall immediately schedule a hearing and issue an expedited Award establishing the proper protocol to provide the employees the appropriate due process procedure.

June 27 , 2022.

_____
Martin F. Scheinman, Esq.
Arbitrator

STATE OF NEW YORK    )
                     ) ss.: .
COUNTY OF NASSAU     )

I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

June 27 , 2022.

_____
Martin F. Scheinman, Esq.
Arbitrator

DOE.UFT.CHIARA.NAKASHIAN.AWD

13

# EXHIBIT H

 Gmail

Jadenae Trabacchi <jadenaetrabacchi@gmail.com>

---

## Fwd: February 11 Termination of Employment from the NYCDOE

2 messages

---

**Trabacchi Jadenae** <JTrabacchi@schools.nyc.gov>                     Mon, Jan 31, 2022 at 9:15 PM
To: Jadenae Trabacchi <jadenaetrabacchi@gmail.com>

---

**From:** Division of Human Resources <DHR@schools.nyc.gov>
**Sent:** Monday, January 31, 2022 3:20:06 PM
**Subject:** February 11 Termination of Employment from the NYCDOE

Dear DOE Employee,

You have previously received notice regarding your failure to comply with the New York City Health Commissioner's Order requiring vaccination of all New York City Department of Education staff. Compliance with that Order is a condition of employment. Since you have not complied with the Order and have not chosen to extend your leave without pay, despite notice and an opportunity to do so, your employment with the New York City Department of Education is terminated, effective February 11, 2022. Please note that your health insurance coverage through the City will also cease upon termination.

You must return all DOE-issued equipment and materials, including your ID, to your supervisor. Information about COBRA will be mailed separately to you at the address on file in NYCAPS. Your school and/or office will be notified of your termination as well.

If you believe you are receiving this notification in error, please email LWOPquestions@schools.nyc.gov no later than February 2, 2022.

Thank you for your service to the New York City Department of Education.

Sincerely,

NYCDOE Division of Human Resources

---

**Trabacchi Jadenae** <JTrabacchi@schools.nyc.gov>                   Wed, Feb 2, 2022 at 10:44 AM
To: Jadenae Trabacchi <jadenaetrabacchi@gmail.com>

---

**From:** LWOP QUESTIONS <LWOPQUESTIONS@schools.nyc.gov>
**Sent:** Wednesday, February 2, 2022 10:17:05 AM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Subject:** Automatic reply: February 11 Termination of Employment from the NYCDOE

Thank you for emailing lwopquestions@schools.nyc.gov.

If you received the February 11th Termination Email on Monday January 31st, and you believe you received this message in error we will follow up by February 3rd.

Thank you.

# EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X :
                                                            :
MICHAEL KANE, et al.,                                       :
                                                            :
                                        Plaintiffs,         :
                                                            :   Case No.  21-cv-7863 (VEC) (Lead)
                    - against -                              :
                                                            :
DE BLASIO et al.,                                           :
                                                            :
                                        Defendants.         :
-----------------------------------------------------------X :
                                                            :
MATTHEW KEIL, et al.                                        :
                                                            :
                                        Plaintiffs,         :
                                                            :   Case No.  21-cv-8773 (VEC)
                    - against -                              :
                                                            :
THE CITY OF NEW YORK et al.,                                :
                                                            :
                                        Defendants.         :
-----------------------------------------------------------X

## DECLARATION OF BETSY COMBIER

Betsy Combier declares as follows, pursuant to 28 U.S.C. § 1746:

1.  My name is Betsy Combier and I am the President and lead paralegal of Advocatz, a
    paralegal consulting business for people who need a partner as they go through the
    Courts, grievances, or life problems.

2.  I respectfully submit this Declaration in support of Plaintiffs' Motion for a
    Preliminary Injunction.

3.  I know the facts stated herein to be true based upon my personal knowledge and
    based upon my review of the files of hundreds of my clients whom I have represented
    in proceedings with the New York City Department of Education ("DOE"), except

1

for statements which are made on information and belief and, as to those, I verily believe them.

4. I have a degree in Child Psychology from Northwestern University, an MA Certificate from the Johns Hopkins' School for Advanced International Studies where my specialization was the Soviet Military Industrial Complex, an MPS in Interactive Telecommunications from New York University, and a Certificate in Art and Drama Therapy from The New School.

5. I have successfully assisted parents, children, and caregivers with the educational needs of their children, and I have been advocating for the due process rights of Union members—in particular, members of the AFL-CIO, United Federation of Teachers ("UFT") and Local 32 B&J—for 17 years.

6. From 2007-2010, I worked as Special Representative to the UFT where my job was to oversee the eight re-assignment centers in the NYC DOE, first in all boroughs, and then at the Manhattan, Brooklyn, and Bronx locations.

7. I am very familiar with the arbitration hearing process, set forth in New York Education Law § 3020-a, having assisted teachers in approximately 300 3020-a hearings since 2003.

8. I am also very familiar with "problem codes"—the flag the DOE puts in the personnel file of employees to indicate that they should not be hired due to unexplained misconduct of some kind. Employees can be flagged for everything from receiving an unsatisfactory or ineffective rating to engaging in egregious criminal acts. During the three years I worked at the UFT headquarters, I received countless calls every week

2

asking me if there was a problem code on an employee's personnel file. When that happened, I would simply ask the person next door to my office, another UFT Special Representative, whether she could check her computer, and she would tell me "yes" or "no" within a minute.

9. When the DOE puts a problem code in the employee's personnel file, it also places a flag on the employee's fingerprints, which is then sent to the national databases at both the Federal Bureau of Investigation and the State Division of Criminal Justice Services.

10. I have represented more than 15 DOE employees before the DOE's Office of Personnel Investigation in proceedings in which they requested the removal of their problem codes. The flag has several names such as "problem code," "pr" code, "pc" code, "ineligible," and "no hire/inquiry" code; however, all refer to a salary block, whatever title it is given.

11. I have helped approximately 20 DOE employees get their problem codes removed from their personnel files.

12. I know of many former DOE employees who have problem codes in their personnel files because they declined to be vaccinated in violation of the DOE's mandate and were not granted a religious or medical exemption. The DOE places a problem code on the employee's personnel file immediately upon getting information that the employee did not submit proof of vaccination. As soon as the employee gets the vaccination and submits proof, the code is removed from his or her file.

3

13.    Attached as Exhibit A is a true and correct redacted copy of an email one of my clients received from Eric Amato at the DOE. The email was also sent to UFT Assistant Secretary Michael Sill and copies UFT officials including its General Counsel Beth Norton. The email confirms that DOE employees who were placed on leave without pay for failing to be vaccinated in violation of the DOE's mandate had a problem code (as opposed to any other kind of code) added to their personnel files.

14.    I am aware that non-DOE schools located in counties outside New York City receive funds from the NYC DOE for certain teaching positions. These may include, for example, special education or STEM teachers.

15.    The DOE pays the salaries for these positions using the same system it uses to pay traditional DOE employees, which is called Galaxy. Galaxy indicates whether the employee has a problem code in his or her file and blocks payment to the employee with this flag/code if viewed in the personnel file.

16.    Many of my clients with problem codes in Galaxy have looked for other teaching jobs outside the NYC DOE while their problem code appeals were ongoing.

17.    At least 15 of my clients with problem codes were not hired by prospective schools outside the DOE because such schools saw the problem codes in Galaxy, even though those schools were located outside New York City.

18.    Such schools were able to see the codes because the position applied for was financed by the DOE and so the school used the Galaxy system and could check the prospective employee's file.

4

19.   I also have several clients who applied to schools outside of the DOE who were not hired by their prospective employers because when the prospective employers reached out to the DOE to verify my clients' previous employment, the DOE representative told them about the problem codes in my clients' files.

20.   In sum, any non-DOE school that wants to learn whether a former DOE employee has a problem code in his or her personnel file can readily do so.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       June 3, 2022

                                        _Betsy Combier_

                                        By: Betsy Combier

5

# EXHIBIT A

From: **Amato Eric** <EAmato4@schools.nyc.gov>
Date: Wed, Feb 9, 2022 at 8:06 AM
Subject: RE: PR code
To: ██████████████████  Michael Sill <msill@uft.org>
Cc: Beth A. Norton
<bnorton@uft.org>, Kking@uft.org <Kking@uft.org>, dcampbell@uft.org <dcampbell@uft.org>

PR = Problem code – Problem code was added to all employees who were placed on 2VM vaccine
mandate leave. It was placed there the day you went on the leave. Our central offices placed this code
on all employees who went on the leave. It will be removed once you are eligible to return to work.

Thanks,
Eric

# EXHIBIT J

 Gmail

Jadenae Trabacchi <jadenaetrabacchi@gmail.com>

---

# response from UFT regarding the problem code
1 message

---

**mrsbumps via Educators for Freedom** <educatorsforfreedom@googlegroups.com>
Reply-To: mrsbumps@aol.com
To: "educatorsforfreedom@googlegroups.com" <educatorsforfreedom@googlegroups.com>

Thu, Apr 28, 2022 at 12:50 PM

**Karen King** (KKing@uft.org)

To: you    Details

Hello,

Technically you should receive charges. At this time, however, the DOE is not going to issue 3020-a charges because they do not believe they have to do so. We have filed a legal challenge to protect your due process rights, should the judge decide in our favor, you will be entitled to a hearing at that time.

The problem code was added to all employees who were placed on 2VM vaccine mandate leave. It was placed there the day you went on the leave. DOE's central offices placed this code on all employees who went on the leave. It will be removed once you are eligible to return to work.

**Karen King**
*Administrative Assistant to the Assistant Secretary &*
*Director of Personnel, Payroll, and Special Projects*
United Federation of Teachers
50 Broadway, 13th Floor
New York, N.Y. 10004
*kking@uft.org*

--
Educators for Freedom!
---
You received this message because you are subscribed to the Google Groups "Educators for Freedom" group.
To unsubscribe from this group and stop receiving emails from it, send an email to educatorsforfreedom+unsubscribe@googlegroups.com.
To view this discussion on the web visit https://groups.google.com/d/msgid/educatorsforfreedom/579170824.1343972.1651164623211%40mail.yahoo.com.

# EXHIBIT K

 Gmail

Jadenae Trabacchi <jadenaetrabacchi@gmail.com>

---

## Reinstatement and Backpay
3 messages

---

**Jadenae Trabacchi** <jadenaetrabacchi@gmail.com>                    Wed, Feb 22, 2023 at 5:47 AM
To: krodi@schools.nyc.gov

Dear Ms. Rodi,

My name is Jadenae` Trabacchi, File No. 888457/ Employee ID 1459338. I am a NYCDOE Employee who was terminated over the vaccine mandate, unlawfully placed on LWOP, and had my medical accommodation denied with many doctor's notes disregarded. As Per New York State Law, I should have been given a 3020-A hearing; I am a tenured professional and have worked diligently for the NYCDOE for almost a decade with a spotless disciplinary record. In regards to due process, I should have been formally charged and found guilty prior to my unlawful termination. There has been no formal charge against me, yet I was labeled with a "problem code," which flags my fingerprints to the FBI and other Criminal Justice Departments in New York. I do not want to "re-apply;" I want what is rightfully mine, and to be made whole. Due to my fingerprints being flagged for misconduct, it has been extremely difficult to seek employment elsewhere, and therefore has greatly impacted my livelihood and put me in a state of duress for the past two years.

My attempt to send this correspondence is to be placed back on salary immediately, given back pay, have my CAR days reimbursed, and my fingerprints cleared. These demands are non-negotiable and should be granted immediately. I reserve the right to collect the damages for the pain and suffering I have been subjected to by all parties responsible.

Please respond to this email no later than March 1st, 2023, and treat this matter with a sense of urgency. I look forward to hearing from you soon.

Sincerely,

Jadenae` A. Trabacchi
BFA, MS, NBC-HWC
Art, TESOL

# EXHIBIT L

**From:** solas_donotreply@schools.nyc.gov <solas_donotreply@schools.nyc.gov>
**Sent:** Thursday, December 8, 2022 4:11 PM
**To:** A   P <
**CC:** Cheatham Michael <MCheatham@schools.nyc.gov>; Gonzalez Sabrina <SGonzalez7@schools.nyc.gov>; Tu Vera <VTu@schools.nyc.gov>; Yin Jinmei <JYin4@schools.nyc.gov>; Bonilla Jessica <JBonilla10@schools.nyc.gov>; O'Hara Katharine <KOhara7@schools.nyc.gov>; Ray Janiece <JRay2@schools.nyc.gov>; Pedone Allison <APedone@schools.nyc.gov>; Martin Dedosha <DMartin34@schools.nyc.gov>; Wilson Ovella <OWilson@schools.nyc.gov>; Cox Kyra <KCox@schools.nyc.gov>; Cox Kyra <KCox@schools.nyc.gov>; Mercado Karen <KMercad@schools.nyc.gov>; Walsh Joanne <JWalsh38@schools.nyc.gov>; Aiello Robert <RAiello@schools.nyc.gov>

**Subject:** Extension of Your COVID-19 Vaccine Medical Exemption
12/08/2022

Case#:
A85819
File#:

Dear   A   P   ,

The HR Connect Office of Medical, Leaves and Records Administration, along with the Office of Disability Accommodation, have extended your COVID-19 vaccine medical exemption until January 27, 2023.
As you have previously been advised, if you wish to apply for an exemption to the vaccine mandate after that date, you will be required to submit a new application in January with updated medical information. Please do not submit an application at this time. You will be advised on a timeline for such applications but anticipate it will be after January 3,,2023.
As you have previously been advised, while your exemption is in place, if your usual place of work is in a school building, unless otherwise directed, you will be given a non-school work location. Unless/until notified of this alternate location, you may work remotely. During this period, you must remain within regular commuting distance of your school during workdays. You are expected to continue to support your school with work assigned by your school. You must work a full workday and regular work hours. You should check-in daily with your school's payroll secretary or regular time keeper for timekeeping purposes. Please note that this work assignment and/or location is subject to change.

If your usual place of work is not in a school building, you should remain in your current assignment and location unless you are advised otherwise.
This exemption and any related accommodation(s), as well as your work location assignment, are subject to change asper changes in applicable law and DOE and/or City policy.
Sincerely,

HR Connect

Medical, Leaves, and Records Administration

# EXHIBIT M

# TEACHER VACANCY CIRCULAR NO 4 CENTRAL REMOTE TEACHERS iZONE 2022 2023

NYC Department of Education
3.93.9 out of 5 stars
Remote
Full-time

## Location

Remote

## Full job description

# TEACHER VACANCY CIRCULAR NO 4 CENTRAL REMOTE TEACHERS iZONE 2022 2023

Posted Date: May 6, 2022 Deadline: Jun 3, 2022
New York United States
VIRTUAL

## Job Details

**(SUBJECT TO BUDGET AVAILABILITY)**

**POSITION:**

## Teacher - Central

Remote Instruction Teachers

**License/Eligibility Requirements:**

New York City licensed Social Studies, Science, English, Foreign Language, Math and Health tenured teachers in High School Grade Levels.

**Office:**

iZone

**Location:**

82-01 Rockaway Blvd, Ozone Park, NY 11416

Or other DOE offices

**Remote Teachers**

**Position Summary:**

Virtual Learning Classrooms aim to partner teachers from around the city with students to provide them with increased access to courses not available in their home schools, including, but not limited to Electives, AP Courses, and Foreign Language courses. This posting is for teachers interested in teaching in this full time program from September 2022 - June 2023. Remote instruction teachers will deliver instruction to and communicate with high school students in other locations using internet and required technological platforms. Please note that while students will not be in the same location as the teacher, this is an in person teaching position.

Remote Teachers are licensed teachers of high school grade levels who teach students virtually. Remote teachers will teach students in the following subject areas: Advanced Placement Subjects (Including but not limited to, AP Psychology, AP Spanish, AP US History, AP World History, AP Government, AP Calculus AB/BC, AP Macroeconomics, AP Statistics, AP Computer Science Principles and A, AP Environmental Science, AP English Language and Literature, and AP Seminar), electives (Including but not limited to, Forensics, Health, Media Literacy, Financial Literacy, science electives, Computer Science and Business) and Foreign Languages (Including but not limited to, Spanish, Chinese and French). Other subjects may be added. Students may be enrolled from multiple schools simultaneously, but total class size will not exceed contractual limits. Remote Teachers will be expected to participate in 10 sessions of professional learning workshops including an online course leading to a Learning Management System certification to occur during July and/or August prior to commencement of position with remaining

on-going professional learning during the year and will be paid at the per session rate for work beyond the contractual workday/work year. Remote teachers will perform required duties (including corresponding with home school staff, planning for remote instruction and assessment, communication and conferencing with students and/or parents). Duties and responsibilities are intended to emulate traditional teaching paradigms and create an equitable learning experience.

**Reports to:**

DIIT iZone Supervisor

**QUALIFICATIONS:**

- Minimum of four (4) years of teaching experience as a regularly appointed teacher. Knowledge of the common core standards as it relates to course.

- Extensive knowledge of the New York State and City Standards, meets Advanced Placement requirements (as appropriate) and is licensed in subject matter.

- Demonstrated expertise in an online learning environment designing and implementing standards-based instruction that specifies clear learning objectives, includes engaging activities and authentic assessments to measure mastery.

- Willingness to promote online dialogue to deepen the learning experience.

- Demonstrated ability with written and oral communications emphasis placed on the delivery of digital presentations.

- Demonstrated ability to use online learning, communication and other edtech tools as appropriate.

- Can differentiate instruction for individuals or groups of students based on instructional data and analysis as well as student characteristics.

- Can sustain and document flexible teaching schedules, which account for asynchronous and synchronous activities that are student-centered and maintain high standards for student engagement and success.

- Selected candidates will be asked to facilitate a demonstration lesson or planning activity to demonstrate aforementioned qualifications.

**PREFERRED SKILLS:**

- Demonstrated skill in team building, group dynamics, and facilitating collaborative learning.
- Proven history of being a self-starter who works well without constant supervision.

**DUTIES AND RESPONSIBILITIES:**

- Demonstrate competency in using data from assessments and other data sources to modify content and guide student learning.

- Modify engaging content and appropriate assessments in an online environment.

- Provide quality instruction to students using asynchronous and synchronous teaching methods (I.e. asynchronous = discussion forums, group work, written and digital assignments, posted content. Synchronous = online classrooms, webinars, chat rooms).

- Employ student-centered instructional strategies that are connected to real-world applications to engage students in learning.

- Facilitate and monitor online instruction groups/discussions to promote learning through higher-order thinking and group interaction.

- Provide a variety of ongoing and frequent teacher-student, teacher-teacher, and teacher-administrator interaction with participating schools.

- Provide prompt feedback, communicate high expectations, and teach to diverse talents and learning styles.

- Online communication between students and teachers is a significant component of this program to mimic in person communication. Therefore, teachers are expected to respond to student emails and grade assignments within 2 workdays, as well as monitor and respond to discussion postings daily during the school week.

- Regularly share with home school(s) student data including but not limited to grades and attendance. This includes the use of school selected platforms and systems.

- Incorporate and comply with FERPA, AUP and communicate privacy guidelines to students.

- Select and use a variety of online tools for communication, productivity, collaboration, data and performance analysis, presentation, research, and online content delivery as appropriate to the content area and student needs.

- Use communication technologies in a variety of mediums and contexts for teaching and learning.

- Apply technical troubleshooting skills (downloading plug-ins, uploading assignments, etc.)

- Participate in all professional development and peer mentoring exercises throughout the duration of service.

- Develop key relationships in order to work closely with home school staff, students and parents of participating schools, guidance counselors and central iZone staff.

- Participate in activities to identify best practices, address challenges and assess efficacy.

**WORKING CONDITIONS & LOCATION:**

- The maximum class size of a full virtual course not exceed UFT contractual limits.

- Teachers shall not be assigned more than twenty five (25) teaching periods per week and may teach up to five (5) remote classes; however, the maximum number of distinct courses shall not exceed three (3).

- Teachers must confer with students synchronously during programmed periods each week, as well as be available for asynchronous teaching approaches including but not limited to office hours, individual and small group conferencing and providing direction for independent student

work. Facilitate learning through supplied curriculum that teachers may supplement.

- Teachers are expected to teach in person from 82-01 Rockaway Blvd, Ozone Park, NY 11416 or other DOE office.

**Hours:**

As per Article Six of the Collective Bargaining Agreement

**Salary:**

As per UFT Contract

**Work Year:**

As per Article Six of the Collective Bargaining Agreement

**APPLICATION INSTRUCTIONS:**

Please be sure application includes cover letter, resume and your 6-digit file number.

Please send application via email to the following email address: iLearnNYC@schools.nyc.gov with the Subject line: "Fulltime Remote Teacher application."

Applications will be accepted through:

# JUNE 3, 2022

# An Equal Opportunity Employer M/F/D

It is the policy of the Department of Education of the City of New York to provide equal employment opportunities without regard to actual or perceived race, color, religion, creed, ethnicity, national origin, alienage, citizenship status, age, marital status, partnership status, disability, sexual orientation, gender(sex), military status, unemployment status, caregiver status, consumer credit history, prior record of arrest or conviction(except as permitted by law), predisposing genetic characteristics, or status as a victim of domestic violence, sexual offenses and stalking, and to maintain an environment free of harassment on any of the above - noted grounds, including sexual

harassment or retaliation. For more information, please refer to the DOE Non -
Discrimination Policy.

