24-CV-06123 (RPK) (TAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JADENAE TRABACCHI,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, DAVID BANKS, Chancellor, and KATHERINE RODI, Director of Employee Relations,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**MURIEL GOODE-TRUFANT**

*Acting Corporation Counsel of the City of New York*
Attorney for the Defendants
100 Church Street, Room 2-190
New York, N.Y. 10007

*Of Counsel:*   Kathleen M. Linnane
*Tel:*  (212) 356-2467

Brigid Lynn
*Tel:*  (212) 356-2481

Served November 15, 2024

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 2

        A.  The COVID-19 Vaccine Mandate Formerly Applicable to DOE Employees......................................................... 2

        B.  Amendment to the DOE's Vaccine Mandate ..................................... 4

        C.  Plaintiff's Allegations in the Complaint ............................................. 4

ARGUMENT

    POINT I

        THE COMPLAINT MUST BE DISMISSED AS TO DEFENDANTS BANKS AND RODI BECAUSE PLAINTIFF FAILED TO SERVE EITHER PARTY AND THIS COURT DOES NOT HAVE JURISDICTION OVER THEM ................................................................. 7

    POINT II

        PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES PRIOR TO SEEKING COURT INTERVENTION ..................................................... 8

        A.  Plaintiff Failed to File a Charge of Discrimination with the EEOC ........................................................ 8

            (i)  Plaintiff's Disability Discrimination Claims Must be Dismissed ..................................................... 8

            (ii)  Plaintiff's Failure to Accommodate Claims Must be Dismissed ..................................................... 9

        B.  Plaintiff Failed to File a Notice of Claim ......................................... 10

    POINT III

        PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME-BARRED ................................................................................. 11

**Page**

POINT IV

    THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM .................................................................................................. 12

    A.  Standard of Review .................................................................................. 12

    B.  Plaintiff's Procedural Due Process Claim Fails ................................. 13

    C.  Plaintiff Fails to State a Fourteenth Amendment Claim .................................................................................................. 16

    D.  Plaintiff Fails to State a Section 1983 Claim ..................................... 17

    E.  Plaintiff Fails to State a Discrimination Claim Under Any Applicable Statute ............................................................ 18

        (a)  Plaintiff's Federal Discrimination Claim Fails .................................................................................................. 18

        (b)  Plaintiff's Claims of Discrimination Pursuant to the SHRL and CHRL Fail ................................... 19

    F.  Plaintiff's Failure to Accommodate Claims Fail Under All Applicable Statutes ........................................................... 21

POINT V

    PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT INDUCEMENT BECAUSE SHE ALLEGES NO FACTS DEMONSTRATING FRAUD BY DEFENDANTS .................................................................... 23

POINT VI

    ALL OTHER PURPORTED CONSTITUTIONAL CLAIMS FAIL AND MUST BE DISMISSED ...................................... 25

CONCLUSION .................................................................................................. 25

**TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                           <u>Page(s)</u>

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) .........................................................................................12, 13

Avgerinos v. Palmyra-Macedon Cent. Sch. Dist.,
    690 F. Supp. 2d 115
    (W.D.N.Y. Feb. 11, 2010) ....................................................................................12

Bacchus v. N.Y.C. Dep't of Educ.,
    137 F. Supp. 3d 214 (E.D.N.Y. 2015) ..................................................................10

Beickert v. N.Y.C. Dep't of Educ.,
    No. 22-CV-5265 (DLI)(VMS), 2023 U.S. Dist. LEXIS 170719
    (E.D.N.Y. Sept. 25, 2023) ...........................................................................3, 15, 18

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ..............................................................................................13

Berger v. N.Y.C. Police Dep't,
    304 F. Supp. 3d 360 (S.D.N.Y. 2018) ...................................................................22

Broecker v. N.Y.C. Dep't of Educ.,
    2023 U.S. App. LEXIS 30076
    (2d Cir. Nov. 13, 2023) ...................................................................................13, 14

Broecker v. N.Y.C. Dep't of Educ.,
    573 F. Supp. 3d 878 (E.D.N.Y. 2021) ...................................................................15

Broecker v. N.Y.C. Dep't of Educ.,
    No. 21-CV-6387 (KAM)(LRM), 2022 U.S. Dist. LEXIS 25104
    (E.D.N.Y. Feb. 11, 2022) .................................................................................3, 18

Cangro v. N.Y.C. Dep't of Fin.,
    2024 U.S. Dist. LEXIS 148244
    (S.D.N.Y. Aug. 14, 2024) .....................................................................................22

Carlson v. Geneva City Sch. Dist.,
    679 F. Supp. 2d 355 (W.D.N.Y. 2010) .................................................................12

Chinchilla v. N.Y.C. Police Dep't,
    2024 U.S. Dist. LEXIS 123248
    (S.D.N.Y. July 12, 2024) .......................................................................................23

Cleveland Bd. of Educ. v. Loudermill,
    470 U.S. 532 (1985)...............................................................................................14

**Cases**                                                                                               **Pages**

Davis v. City of N.Y.,
    2007 U.S. Dist. LEXIS 78031
    (E.D.N.Y. Sept. 28, 2007)................................................................................................15

Davis v. N.Y.C. Dep't of Educ.,
    804 F.3d 231 (2d Cir. 2015)......................................................................................18, 19

Garland v. N.Y.C. Fire Dep't,
    No. 23-663, 2024 U.S. App. LEXIS 2651
    (2d Cir. Feb. 6, 2024)..........................................................................................3, 15, 18

Gonzalez v. City of N.Y.,
    No. 22-cv-3577 (KAM)(RML), 2024 U.S. Dist. LEXIS 56814
    (E.D.N.Y. Mar. 28, 2024)........................................................................................3, 17

Grimes v. N.Y.,
    2024 U.S. Dist. LEXIS 32964
    (S.D.N.Y. Feb. 26, 2024)............................................................................................22

Guichardo v. Dollar Tree,
    16-CV-1221 (MKB), 2016 U.S. Dist. LEXIS 182869
    (E.D.N.Y. July 1, 2016) ..............................................................................................9

Hill v. Curcione,
    657 F.3d 116 (2d Cir. 2011)........................................................................................13

Hogan v. Fischer,
    738 F.3d 509 (2d Cir. 2013)........................................................................................12

Jackson v. N.Y.S. Dep't of Labor,
    709 F. Supp. 2d 218 (S.D.N.Y. 2010).........................................................................3

Jordan v. Pierre,
    No. 18-CV-8528, 2018 U.S. Dist. LEXIS 184590
    (S.D.N.Y. Oct. 27, 2018) .............................................................................................7

Kalaj v. Kay,
    2023 U.S. Dist. LEXIS 122687
    (E.D.N.Y. July 17, 2023)............................................................................................24

Kamen v. Berkeley Coop. Towers Section II Corp.,
    98 A.D.3d 1086 (2d Dep't 2012) ...............................................................................20

Kitchen v. Phipps Houses Grp. of Cos.,
    No. 08 Civ. 4296 (DC), 2009 U.S. Dist. LEXIS 12559
    (S.D.N.Y. Feb. 3, 2009) ........................................................................................17, 18

iv

**Cases**                                                                    **Pages**

Lebowitz v. N.Y.C. Dep't of Educ.,
 407 F. Supp. 3d 158 (E.D.N.Y. 2017) ........................................................................20

Littlejohn v. City of N.Y.,
 795 F.3d 297 (2d Cir. 2015)...................................................................................4, 8

Locurto v. Safir,
 264 F.3d 154 (2d Cir. 2001)................................................................................14, 15

Maniscalco v. N.Y.C. Dep't of Educ.,
 563 F. Supp. 3d 33 (E.D.N.Y. 2021) .........................................................................14

Marciano v. De Blasio,
 589 F. Supp. 3d 423 (S.D.N.Y. 2022)........................................................................15

Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.,
 631 F.3d 57 (2d Cir. 2011)........................................................................................13

McBride v. BIC Consumer Prod. Mfg. Co.,
 583 F.3d 92 (2d Cir. 2009)........................................................................................22

McPherson v. N.Y.C. Dep't of Educ.,
 457 F.3d 211 (2d Cir. 2006).......................................................................................9

Meilleur v. Strong,
 682 F.3d 56 (2d Cir. 2012)........................................................................................7

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
 715 F.3d 102 (2d Cir. 2013)......................................................................................21

Miner v. Clinton County, N.Y.,
 541 F.3d 464 (2d Cir. 2008)......................................................................................16

Mone v. N.Y.S. Unified Ct. Sys.,
 2023 U.S. Dist. LEXIS 107595
 (E.D.N.Y. Mar. 22, 2023) ..........................................................................................19

N.Y.C. Mun. Labor Comm. v. City of N.Y.,
 73 Misc. 3d 621
 (Sup. Ct. New York Cnty. 2021) ................................................................................14

Niles v. N.Y.C. Hum. Res. Admin.,
 2024 U.S. Dist. LEXIS 22588
 (E.D.N.Y. Feb. 7, 2024)..............................................................................................19

**Cases**                                                         **Pages**

Pierson v. N.Y.C. Dep't of Educ.,
    2011 N.Y. Slip Op. 33161(U)
    (Sup. Ct. New York Cnty. 2011) ............................................................................20

Rettino v. N.Y.C. Dep't of Educ.,
    2021 U.S. Dist. LEXIS 132088
    (S.D.N.Y. July 15, 2021) .......................................................................................11

Robinson v. Via,
    821 F.2d 913 (2d Cir. 1987)...................................................................................13

Robles v. Cox & Co.,
    841 F. Supp. 2d 615 (E.D.N.Y. 2012) .....................................................................9

Rodriguez v. City of N.Y.,
    197 F.3d 611 (2d Cir. 1999)...................................................................................22

Rosado v. Port Auth. of N.Y. & N.J.,
    2024 U.S. App. LEXIS 3670
    (2d Cir. Feb. 16, 2024)............................................................................................8

Rubin v. N.Y.C. Bd. of Educ.,
    2023 U.S. Dist. LEXIS 2832
    (S.D.N.Y. Jan. 6, 2023)
    *adopted by*, 2023 U.S. Dist. LEXIS 36082
    (S.D.N.Y. Mar. 3, 2023) ........................................................................................12

Scarfone v. Village of Ossining,
    23 A.D.3d 540 (2d Dep't 2005)..............................................................................17

Sirisena v. City of Univ. of N.Y.,
    17-cv-7135 (DLI) (RML), 2019 U.S. Dist. LEXIS 58384
    (E.D.N.Y. Mar. 31, 2019) ........................................................................................9

Soules v. Conn. & Dep't of Emergency Servs. and Pub. Protection,
    882 F.3d 52 (2d Cir. 2018)......................................................................................8

Thomson v. Odyssey House,
    2015 U.S. Dist. LEXIS 125887
    (E.D.N.Y. Sept. 21, 2015)......................................................................................20

Vasquez v. City of N.Y.,
    2024 U.S. Dist. LEXIS 58731
    (E.D.N.Y. Mar. 30, 2024) ................................................................................3, 18

**Cases**                                                                                                            **Pages**

<u>Vora v. N.Y.C. Dep't of Educ.</u>,
    2024 U.S. Dist. LEXIS 47446
    (S.D.N.Y. Mar. 14, 2024) ........................................................................................11, 12

<u>White v. Andy Frain Servs., Inc.</u>,
    629 F. App'x 131 (2d Cir. 2015) .........................................................................20

**Statutes**

42 U.S.C. § 1983 ...............................................................................................15, 17, 18

42 U.S.C. § 2000e-5(e)(1) .............................................................................................9

42 U.S.C. § 12102(1) ...................................................................................................19

42 U.S.C. § 12102(2)(A) ..............................................................................................19

C.P.L.R. § 308(1) ...........................................................................................................8

C.P.L.R. § 308(2) ...........................................................................................................8

Fed. R. Civ. P. 4(c)(1) ....................................................................................................7

Fed. R. Civ. P. 4(e)(1) ....................................................................................................8

| **Statutes** | **Pages** |
|---|---|
| Fed. R. Civ. P. (4)(e)(2)(A) | 8 |
| Fed. R. Civ. P. (4)(e)(2)(B) | 8 |
| Fed. R. Civ. P. (4)(e)(2)(C) | 8 |
| Fed. R. Civ. P. 4(m) | 8 |
| Fed. R. Civ. P. 9(b) | 25 |
| Fed. R. Civ. P. 12(b)(6) | 1, 12, 13 |
| N.Y.C. Admin. Code § 8-102(16) | 24 |
| N.Y. Educ. Law § 2(13) | 12 |
| N.Y. Educ. Law § 3020 | 1, 16, 25 |
| N.Y. Educ. Law § 3020-a | 1, 7, 16, 25 |
| N.Y. Educ. Law § 3813 | 11, 12, 13 |
| N.Y. Educ. Law § 3813(1) | 11 |
| N.Y. Exec. Law § 292(21) | 24 |

## PRELIMINARY STATEMENT

Plaintiff Jadenae Trabacchi ("Plaintiff"), a teacher formerly employed by the Department of Education of the City of New York ("DOE"), commenced this action against the DOE, David Banks, and Katherine Rodi (collectively, "Defendants")[1] on August 30, 2024, alleging that by placing her on leave without pay and terminating her employment due to her failure to meet the conditions of her employment set forth in the Vaccine Mandate applicable to DOE employees ("Vaccine Mandate"), Defendants deprived Plaintiff of her due process rights under the Fifth and Fourteenth Amendments to the United State Constitution and violated her property rights under Education Law §§ 3020 and 3020-a.  Plaintiff also alleges discrimination on the basis of her alleged medical condition and failure to accommodate her medical condition in violation of the New York City and New York State Human Rights Laws ("SHRL" and "CHRL," respectively), and fraud in the inducement.

The Complaint must be dismissed in its entirety.  First, amongst a litany of unsupported allegations and irrelevant propositions, the Complaint fails to state a cause of action for failure to accommodate or failure to engage in the interactive process, and because Plaintiff further fails to plausibly allege facts that demonstrate her medical condition was a motivation for any of the conduct she alleges therein, her claims, therefore, fail.  Second, Plaintiff fails to show the DOE violated her rights under the United States Constitution.  Finally, Plaintiff fails to plausibly allege facts that demonstrate fraudulent inducement.

For these reasons, and as set forth more fully below, the Complaint must be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff has not properly served the individual defendants, Banks and Rodi, However, this Motion is being submitted on behalf of all defendants.

## STATEMENT OF FACTS

**A.      The COVID-19 Vaccine Mandate Formerly Applicable to DOE Employees**

On August 24, 2021, former Mayor Bill de Blasio and Dr. Dave Chokshi, then Commissioner of the DOHMH, announced that DOE employees would be subject to a Vaccine Mandate. See COVID-19 Vaccine Mandate applicable to DOE employees at https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-2.pdf (last accessed on Oct. 31, 2024).  Under this policy, DOE employees were required to submit proof to DOE, by September 27, 2021, that they were fully vaccinated against COVID-19; or had received a single-dose vaccine or the second dose of a two-dose vaccine; or had received the first dose of a two-dose vaccine, with the additional requirement to provide proof of the second dose thereafter.  Id.  The Vaccine Mandate has been repeatedly upheld as lawful by every Court that has considered it.  Thus, the Vaccine Mandate is unassailable and legally sound.

On September 1, 2021, the United Federation of Teachers ("UFT") filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") over the impact of the Vaccine Mandate. PERB then appointed an arbitrator, and several days of mediation sessions were held. Id.  On September 10, 2021, the arbitrator issued a decision ("Arbitration Agreement") which established: (1) a process for Vaccine Mandate exemptions and accommodation requests; (2) options for DOE employees to voluntarily separate from service with certain benefits or extend leave without pay ("LWOP") available for employees who did not comply with the Vaccine Mandate; and, (3) that DOE could "unilaterally separate employees" who had not complied with the Vaccine Mandate or did not have an approved exemption or accommodation or had not either opted for separation or to extend their LWOP pursuant to the provisions set forth in the Arbitration Agreement. See Arbitration Agreement, annexed to the Declaration of Kathleen M. Linnane ("Linnane Decl.") as Exhibit ("Exh.") A.

The process established by the Arbitration Agreement applied to medical and religious exemptions as well as to accommodations for those who, having received a full course of vaccination, remained unable to mount an immune response. Id.  It also set forth that employees who had not requested an exemption, or whose request has been denied, would be placed on LWOP by DOE starting September 28, 2021. Id. at 13.  While on LWOP, employees continued to be eligible for health insurance. Id. at 15.  Employees who submitted proof of vaccination to DOE before November 30, 2021 were eligible to return to their school within one week of submitting their documentation. Id. at 14.  In addition, the Arbitration Agreement provided that starting on December 1, 2021, DOE could unilaterally separate those employees who remained out of compliance with the Vaccine Mandate and had not opted for separation or extended leave. Id.

Critical to this case is that the Vaccine Mandate created a condition of employment for DOE employees, including Plaintiff, to be vaccinated.  On this point, the law is clear.  The Second Circuit has unequivocally held that the Vaccine Mandate was a valid, lawful "condition of employment" for DOE employees. See Broecker v. N.Y.C. Dep't of Educ., No. 21-CV-6387(KAM)(LRM), 2022 U.S. Dist. LEXIS 25104, at *22 (E.D.N.Y. Feb. 11, 2022); Gonzalez v. City of N.Y., No. 22-cv-3577(KAM)(RML), 2024 U.S. Dist. LEXIS 56814, at *19 (E.D.N.Y. Mar. 28, 2024); Beickert v. N.Y.C. Dep't of Educ., No. 22-CV-5265(DLI)(VMS), 2023 U.S. Dist. LEXIS 170719, at *13 (E.D.N.Y. Sep. 25, 2023); Garland v. N.Y.C. Fire Dep't, No. 23-663, 2024 U.S. App. LEXIS 2651, at *7 (2d Cir. Feb. 6, 2024); Vasquez v. City of N.Y., 2024 U.S. Dist. LEXIS 58731, at *24 (E.D.N.Y. Mar. 30, 2024).

Holdings in similar cases brought in the Eastern and Southern Districts of New York, and in New York State Supreme Courts have likewise made it clear that because vaccination

against COVID-19 was a condition of employment, the DOE was well within its authority to terminate non-compliant employees based on their failure to satisfy this condition.

## B.    Amendment to the DOE's Vaccine Mandate

On February 6, 2023, the Mayor of the City of New York ("the Mayor") announced an amendment to the vaccine mandate, making it optional for DOE employees.  Furthermore, the Mayor announced that while "former employees terminated for failing to submit proof of vaccination will not be able to automatically return to their previous positions, they will be able to apply for positions with their former agencies through existing city rules and regulations and hiring processes."  See   https://www.nyc.gov/office-of-the-mayor/news/092-23/with-96-percent-city-workers-fully-vaccinated-mayor-adams-covid-19-vaccination (last accessed Oct. 24, 2024).

On February 9, 2023, the Board of Health ("BOH") amended the Vaccine Mandate. Recognizing that "99% of all DOE employees [had] completed a primary series of vaccination" the BOH repealed the requirement that new DOE staff provide proof of COVID-19 vaccination, and amended the requirement that DOE staff and City employees who worked in-person in a DOE school setting, DOE building, or charter school setting were no longer required to provide proof of vaccination to the DOE.  See https://www.nyc.gov/assets/doh/downloads/pdf/notice/2023/boh-order-amend-covid-vaccine-req-doe-employees.pdf.

## C.    Plaintiff's Allegations in the Complaint[2]

Plaintiff alleges that for approximately ten years, she was a tenured teacher with the DOE. See Complaint ("Compl.") ¶¶7, 14. Plaintiff alleges that in the last ten years, she has "reversed multiple auto-immune prediagnoses: lupus, diabetes, chronic bronchitis, asthma, and precancerous nodules on her thyroid glands." Id. ¶15. Plaintiff alleges to still suffer from

---

[2] For the purposes of this motion only, the well-pleaded allegations of fact in the Complaint are deemed to be true. See Littlejohn v. City of New York, 795 F.3d 297 (2d Cir. 2015).

Hashimoto's Thyroiditis and the MTHFR-recessive gene expression. Id. Plaintiff alleges that her "doctors advised her not to get the [COVID-19] vaccine[3], saying that [Plaintiff] would risk the chance of a vaccine exacerbating her autoimmunity and genetic predisposition." Id.

Plaintiff alleges that, on July 29, 2020, she submitted a doctor's note from Dr. Inna Pildysh to the Defendants, which, she alleges, stated that "Plaintiff was "predisposed" to be in a high risk group for COVID and needed a reasonable accommodation to work from home."[4] Id. ¶16. Plaintiff alleges that "this was supplemented by several other doctors' notes," which were allegedly submitted by Plaintiff regarding her need for an accommodation.[5] Id.

Plaintiff alleges that the DOE notified its employees of the Vaccine Mandate on August 23, 2021, and that on September 8, 2021, she tested positive for COVID-19. Id. ¶¶17, 20. Plaintiff was allegedly notified by DOE's Division of Human Capital on October 3, 2021, that she received "a temporary exemption notice." Id. ¶23. She was allegedly later notified that her exemption from the vaccine mandate would end on October 31, 2021, unless she "signed the LWOP." Id. ¶23.

Plaintiff appended a number of exhibits to her Complaint, demonstrating that DOE extended Plaintiff's temporary exemption to November 8, 2021, "to allow [Plaintiff] some additional time to be vaccinated." See Compl. at 40. Plaintiff was informed that if she failed to provide proof of vaccination at that time, she would be placed on LWOP as of November 9, 2021.

---

[3] Appended to her Complaint is a letter from a doctor, dated 09/23/21, which states that that "COVID-19 vaccine is recommended [for Plaintiff] in [three] months." See Compl. at 23.

[4] Plaintiff purports to have provided this alleged "doctor's note" to her employer, however, she has failed to submit it as an exhibit here.

[5] Plaintiff purports to have submitted several notes from doctors in the course of applying for a medical exemption to the Vaccine Mandate. Plaintiff has only attached one such letter as an exhibit, marked Exhibit A(1) (Compl. at 23). This letter, dated 09/23/21, indicates that Plaintiff tested positive for COVID-19 antibodies on 09/23/21, that Plaintiff has autoimmune thyroiditis, and critically, that "**COVID-19 vaccine is recommended [for Plaintiff] in [three] months**." See Compl. at 23 (emphasis added).

Id.  Plaintiff's exhibits further indicate that on November 23, 2021, she was notified that her request for a medical exemption to the Vaccine Mandate had been denied, the reason being that her "[m]edical condition [was] not a valid reason to defer or delay vaccination (e.g. not within 90 days after receiving antibody treatment, and not in treatment conditions outlined in CDC considerations that would temporarily interfere with the ability to respond adequately to the vaccine.[6]" See Compl. at 41. On November 24, 2021, Plaintiff was notified that she had been placed on LWOP, and was given the option to extend her LWOP period through September 5, 2022. Plaintiff was advised that she had until November 30, 2021, to choose whether to extend her LWOP through September 5, 2022. Id. at 41–42. Plaintiff was also informed that, beginning December 1, 2021, the DOE would unilaterally separate employees who have not returned to work, extended their leave, or otherwise separated service. Id. Plaintiff received another notice on November 29, 2021, reminding her that she was subject to termination from service with the DOE beginning December 1, 2021, if she failed to extend her LWOP or submit proof of vaccination. See Exhibit D, Compl. at 43.

Plaintiff alleges that she "never signed the LWOP because it demanded that she waive her due process rights to a § 3020-a arbitration," which she refused to do. See Compl. ¶24. Plaintiff alleges she remained without an accommodation or exemption to the vaccine mandate, that her health insurance was terminated on February 10, 2022, and that her employment was terminated on February 11, 2022, allegedly without any due process. Id. ¶28.

Plaintiff alleges that she "was told about the NYC DOE 'Problem Code,'" which, she alleges, makes her "unable to work in any position with the DOE, or any DOE vendor." Id.

---

[6] The CDC considered certain conditions, such as an allergy to the vaccine or one of its components, to be COVID-19 vaccine contraindications and precautions. The CDC did not include Hashimoto's Thyroiditis or the MTHFR-recessive gene expression on the list of contraindications or precautions. See https://www.cdc.gov/vaccines/covid-19/clinical-considerations/interim-considerations-us.html#contraindications (last visited Oct. 31, 2024).

¶29. Plaintiff alleges that on or about February 22, 2023, she was "told she remained on the problem code," and that she subsequently requested a formal due process hearing with Katherine Rodi, the Office of Personnel Investigations Director of Employee Relations, to "protest her termination and the fact that she was problem coded." Id. ¶30.  Absent any basis in fact, Plaintiff alleges that "Defendant Rodi flagged Plaintiff's personnel file with a 'Problem Code', secretly barring Plaintiff from getting paid for any work by any school in the NYC public school system." Id. ¶43. Plaintiff alleges this problem code "creates a new category of misconduct in employment," and that it "was placed on her file as a direct result of her inability to get vaccinated due to her medical challenges, not due to any intentional disregard of the LWOP." Id.

## ARGUMENT

### POINT I

### THE COMPLAINT MUST BE DISMISSED AS TO DEFENDANTS BANKS AND RODI BECAUSE PLAINTIFF FAILED TO SERVE EITHER PARTY AND THIS COURT DOES NOT HAVE JURISDICTION OVER THEM

Plaintiff has failed to properly serve her Summons and Complaint on Defendants Banks and Rodi, warranting dismissal of all claims against those two parties.  Pursuant to Rule 4(c)(1) of the Federal Rule of Civil Procedure, the summons and complaint must be served within the 90-day time limit for service under Rule 4(m). Fed. R. Civ. P. 4(c)(1), (m); see Jordan v. Pierre, No. 18-CV-8528, 2018 U.S. Dist. LEXIS 184590, at *4–5 (S.D.N.Y. Oct. 27, 2018) (citing Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012)).  A plaintiff may deliver a copy of the summons and of the complaint to the individual personally; leave a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or deliver a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. (4)(e)(2)(A)–(C). A plaintiff may also serve an individual according to state law (see

Fed. R. Civ. P. (4)(e)(1)), which, in New York State, requires delivering the summons within the state to the person to be served, or that the summons be delivered within the state to a person of suitable age and discretion at the defendant's "actual place of business, dwelling place or usual place of abode," along with a mailing of the summons to the defendant's last known residence or actual place of business. N.Y. C.P.L.R. § 308(1), (2).

Here, the Affirmations of Service filed by Plaintiff indicate that Plaintiff purports to have served both Banks and Rodi on September 24, 2024, at 100 Church Street, New York, NY 10007. See ECF Nos. 7, 9. This is insufficient, because delivering the summons and complaint to this address fails to satisfy the requirements under federal or state law.  Absent proper service of process, this Court lacks jurisdiction over the individual Defendants and all of the claims asserted against them by Plaintiff must be dismissed.

## POINT II

## PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES PRIOR TO SEEKING COURT INTERVENTION

**A.    Plaintiff Failed to File a Charge of Discrimination with the EEOC**

**(ii) Plaintiff's Disability Discrimination Claims Must be Dismissed**

Plaintiff alleges that Defendants discriminated against her on the basis of an alleged disability.  To the extent Defendants construe this to mean that Plaintiff is asserting claims of disability discrimination under the Americans with Disabilities Act ("ADA"), any such claims must be dismissed because Plaintiff did not exhaust her administrative remedies in a timely manner by first filing a Charge with the EEOC. See Rosado v. Port Auth. Of N.Y. & N.J., 2024 U.S. App. LEXIS 3670 *4 (2d Cir. Feb 16, 2024) ( "[p]laintiffs asserting claims under the ADA must first file a charge of discrimination with the EEOC"); Soules v. Conn., 'ep't of Emergency Servs. & Pub. Prot., 882 F.3d 52, 57 (2d Cir. 2018).  In New York, a plaintiff must file a charge of

discrimination with the EEOC or the relevant state or local fair employment practices agency within 300 days of the alleged discriminatory act(s).  See 42 U.S.C. § 2000(c)(e)1; see also Robles v. Cox & Co., 841 F. Supp. 2d 615, 625 (E.D.N.Y. 2012).  A plaintiff cannot file a lawsuit until the EEOC or relevant local or state agency issues a notice of right to sue.  See Sirisena v. City of Univ. of N.Y., 17-cv-7135 (DLI) (RML), 2019 U.S. Dist. LEXIS 58384, at *10 (E.D.N.Y. Mar. 31, 2019) (citations omitted).  A plaintiff then has ninety days from receipt of a notice of right to sue to file a lawsuit related to that charge.  See Guichardo v. Dollar Tree, 16-CV-1221 (MKB), 2016 U.S. Dist. LEXIS 182869, at *8 (E.D.N.Y. July 1, 2016) (collecting cases).

Here, Plaintiff has not alleged that she filed a charge of discrimination with the EEOC, or with any other relevant state or local fair employment practices agency, with respect to the conduct she alleges in the Complaint. See Compl, *generally*. Plaintiff's exhibits demonstrate that Plaintiff's last request for an exemption was denied on November 23, 2021. See Compl. at 40–41. Plaintiff alleges she was terminated on February 10, 2022. Compl. ¶28.  However, Plaintiff commenced this lawsuit on August 30, 2024, well beyond 300 days after any of the discriminatory acts about which she complains here. See Robles, 841 F. Supp. 2d at 625. Furthermore, Plaintiff has not obtained the right to sue under the ADA with respect to any purported disability discrimination, and any such discrimination claims should be dismissed on this basis.

(i)    **Plaintiff's Failure to Accommodate Claims Must be Dismissed**

For her second cause of action, Plaintiff claims that "Defendants failed to reasonably accommodate the Plaintiff's medical condition prohibiting her from getting vaccinated." See Compl. at 15.  To the extent that Plaintiff attempts to bring a Title VII failure to accommodate claim, this claim is also barred by Plaintiff's failure to file a change with the EEOC prior to seeking court intervention, as all Title VII claims require that an employee file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") or a state

agency prior to commencing suit.  See Littlejohn v. City of New York, 795 F.3d 297, 322 (2d Cir. 2015). Furthermore, a plaintiff must obtain a right to sue letter and commence said suit within 90 days of receipt of that letter. See McPherson v. N.Y. City Dep't of Educ., 457 F.3d 211, 212-3 (2d Cir. 2006). As set forth above, because Plaintiff failed to file a charge of discrimination with the EEOC, all claims for failure to accommodate under Title VII Plaintiff may attempt to bring here fail.

**B.  Plaintiff Failed to File a Notice of Claim**

> Plaintiff's claims against defendant DOE must be dismissed because Plaintiff failed to file a notice of claim. New York Education Law provides that:

> "No action or special proceeding, for any cause whatever . . . relating to district property or property of schools . . . or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district, board of education, . . . or any officer of a school district, board of education, . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim. . . ."

N.Y. Educ. Law § 3813(1) (McKinney's through L.2021, chapters 1 to 429). "A plaintiff asserting employment discrimination claims against a school district must comply with the notice of claim requirements in Section 3813." Bacchus v. New York City Dep't of Educ., 137 F. Supp. 3d 214, 234 (E.D.N.Y. 2015).  Here, Plaintiff fails to allege any facts suggesting that she filed the requisite notice of claim within three months of the accrual of her claims. As such, Plaintiff's claims against DOE must be dismissed.

10

**POINT II**

**PLAINTIFF'S SHRL AND CHRL CLAIMS
ARE TIME-BARRED**

Though Plaintiff failed to file a notice of claim before commencing this action, therefore barring her state law claims due to her failure to exhaust administrative remedies, all claims brought by Plaintiff pursuant to the SHRL and CHRL must be dismissed because they are also untimely. While the SHRL and CHRL generally provide for a three-year statute of limitations, pursuant to § 3813 of the New York Education Law, claims against the DOE and school officers, such as those Plaintiff brings here, are subject to which has a one-year statute of limitations[7] and a notice of claim requirement. See N.Y. Educ. Law § 3813; Vora v. N.Y.C. Dep't of Educ., 2024 U.S. Dist. LEXIS 47446, at *32 (S.D.N.Y. Mar. 14, 2024) (§ 3813's "one-year statute of limitations applies to DOE and School Officers"); see also Rettino v. N.Y. City Dep't of Educ., 2021 U.S. Dist. LEXIS 132088, at *21 n.3 ("New York Education Law Section 3813 requires a plaintiff to file notice of claim before bringing suit against the DOE and school officers.").

As a preliminary matter, Defendants Rodi and Banks are school officers; therefore, any claims asserted by Plaintiff against either of these individuals are subject to the one-year statute of limitations and notice of claim requirements set out by the Education Law. See N.Y. Educ. Law § 2(13) (defining "school officer." Here, Plaintiff identifies Banks as "the Chancellor of the Department of Education," and states that he "has overseen the NYC System of public schools […] of the City of New York," and identifies Rodi as "the Director of Employee Relations." See Compl. ¶¶9-10. Banks, the former DOE Chancellor, and Rodi, the Executive Director of the Office of Employee Relations, both occupied or occupy roles of director (or higher) within the Department of Education. The individual defendants are "clearly school officers" under the

---

[7] The SHRL and CHRL normally provide for a three-year statute of limitations.

Education Law, and both the one-year statute of limitations, and the notice of claim requirement, as set out by § 3813, apply to them. See Rubin v. New York City Bd. of Educ., 2023 U.S. Dist. LEXIS 2832, at *49 (S.D.N.Y. Jan. 6, 2023) (on a 12(b)(6) motion, DOE Director defendants were school officers "subject to the notice of claims requirement"), adopted by 2023 U.S. Dist. LEXIS 36082 (S.D.N.Y. Mar. 3, 2023); see also Avgerinos v. Palmyra-Macedon Cent. Sch. Dist., 690 F. Supp. 2d 115, 127 (W.D.N.Y. Feb. 11, 2010) (Director of Human Resources for School District was within the definition of School Officer for purpose of NY Educ. Law § 3813).

Here, as set forth above, the Complaint is devoid of any allegations that Plaintiff filed the requisite notice of claim under Education Law § 3813. Nevertheless, Plaintiff's claims for disability discrimination and failure to accommodate against under the SHRL and CHRL must be dismissed because each of Plaintiff's allegations occurred more than one year prior to her commencing this action. See Vora, 2024 U.S. Dist. LEXIS 47446, at *32 (S.D.N.Y. Mar. 14, 2024). Specifically, Plaintiff alleges to have been terminated on February 10, 2022 and that her requests for a medical exemption to the Mandate were denied in 2021. See Compl. ¶¶28, 23. Plaintiff commenced this action on August 30, 2024, well beyond the one-year statute of limitations set forth in Education Law § 3813. Therefore, those claims brought under the SHRL and CHRL must be dismissed as time-barred.

## POINT III

### THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM

**A.    Standard of Review**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  See Hogan v. Fischer, 738 F.3d 509, 514 (2d Cir. 2013) (quoting Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See Matson v. Bd. of Educ. of City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011) (quoting Iqbal, 556 U.S. at 678) (internal quotation omitted).  Thus, the pleading standard "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

While the Court must construe a pro se complaint liberally, Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), "even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level,'" Jackson v. N.Y. State Dep't of Labor, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting Twombly, 550 U.S. at 555). A pro se plaintiff's  pleadings must still contain "more than an unadorned, the defendant-unlawfully-harmed me accusation." Iqbal, 556 U.S. at 678. Here, the Complaint asserts no factual allegations that demonstrate any unlawful conduct on the part of Defendants.  As such, Plaintiff's claims must be dismissed.

**B.    Plaintiff's Procedural Due Process Claim Fails**

To the extent Plaintiff alleges she was deprived her right to procedural due process in violation of the Fifth and Fourteenth Amendments, her claims fail and must be dismissed.  To allege a procedural due process violation, a plaintiff must plead facts plausibly demonstrating that she possessed a protected liberty or property interest, and that she was denied that interest without constitutionally sufficient process. Broecker v. N.Y. City Dep't of Educ., 2023 U.S. App. LEXIS 30076 *4–5 (2d Cir. Nov. 13, 2023). The Court must look to federal constitutional standards rather than state statutes to determine whether the afforded procedures were constitutionally sufficient. Robinson v. Via, 821 F.2d 913, 923 (2d Cir. 1987). "When a tenured public employee is

13

terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." Locurto v. Safir, 264 F.3d 154, 171 (2d Cir. 2001). Post-termination administrative procedures provided by state statute are generally sufficient to provide due process when coupled with a pre-termination opportunity to respond. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547–48 (1985).

   Although Plaintiff repeatedly asserts that the DOE terminated her employment without due process, Courts have consistently held that the Vaccine Mandate at issue here, and employment decisions made as a result of an individual's failure to provide proof of COVID-19 vaccination, does not implicate due process. See Maniscalco v. N.Y.C. Dep't of Educ., 563 F. Supp. 3d 33, 39 (E.D.N.Y. 2021); see also N.Y.C. Mun. Labor Comm. v. City of N.Y., 73 Misc. 3d 621, 622 (Sup. Ct. NY Cnty. 2021). Furthermore, Plaintiff has not plead any facts to suggest that the pre- or post- deprivation processes afforded to her were constitutionally deficient. See Broecker, at *5. As to pre-deprivation process, Plaintiff alleges, and submitted documents demonstrating, that she received ample notice of the Vaccine Mandate, of the process to seek medical exemptions and appeals, her placement on LWOP if she failed to comply with the terms of the Vaccine Mandate, and her options and opportunities to respond. See Broecker, at *5–6 (citing Broecker, 573 F.Supp.3d 878, 888 (E.D.N.Y. 2021)); see also Compl. at 33–43. Plaintiff alleges she was made aware of the Vaccine Mandate via email on August 23, 2021, that she allegedly submitted multiple notes from doctors, and even that she received a temporary exemption notice on October 3, 2021. Id. ¶¶16-17, 23. Plaintiff therefore, under Second Circuit caselaw, had sufficient pre-deprivation process.

14

As to post-deprivation process, "[t]here is no constitutional violation, and thus no available § 1983 action, when a plaintiff has access to an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property." Davis v. City of New York, 2007 U.S. Dist. LEXIS 78031, *14 (E.D.N.Y. Sept. 28, 2007). Here, Plaintiff had the opportunity to seek relief through an Article 78 proceeding, and even though Plaintiff chose not to avail herself of that available remedy, such an available remedy is adequate for due process purposes. See Broecker, at *6 (citing Locurto, 264 F.3d at 175).

Further, to the extent Plaintiff claims she was entitled to a hearing pursuant to Education Law §§ 3020 and 3020-a, this claim must be dismissed.  Education Law § 3020 provides the exclusive method of disciplining a tenured teacher in New York and requires the filing of charges, a determination of whether probable cause exists to bring a disciplinary proceeding, and a hearing before an arbitrator. EL § 3020-a. The Second Circuit has held that vaccination for COVID-19 is a condition of employment, and courts have indicated that the dismissal of New York City employees or placement of employees on LWOP for failure to comply with the Vaccine Mandate, without first undergoing statutory disciplinary procedures, is permissible since non-vaccination constitutes a failure to satisfy a "condition of employment," as opposed to misconduct. See Garland v. New York City Fire Dep't, 2024 U.S. App. LEXIS 2651, *7 (2d Cir. 2024); Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, *11-12 (E.D.N.Y. Sept. 25, 2023). Marciano v. De Blasio, 589 F.Supp.3d 423, 436 (S.D.N.Y. 2022).

Here, Plaintiff's failure to be vaccinated constitutes a failure to satisfy a condition of employment with the DOE. See Garland, 2024 U.S. App. LEXIS 2651 at *7.  Plaintiff was ultimately terminated because she failed to get vaccinated and chose not to go on LWOP, therefore failing to satisfy a condition of employment with the DOE. See id. Therefore, her termination was

non-disciplinary and without putative intent, and thus she was not entitled to a § 3020-a hearing. Because Plaintiff was not entitled to a § 3020-a hearing, and because she was given sufficient pre- and post- deprivation procedures, she was not denied her right to procedural due process.

## C.    Plaintiff Fails to State a Fourteenth Amendment Claim

As an initial matter, Plaintiff claims that Defendants violated the Equal Protection Clause of the Fourteenth Amendment when "they engaged in selective enforcement of their own laws, rules, regulations, and ordinances against Plaintiff based upon the **Plaintiff's religion** and Plaintiff's constitutionally protected conduct." See Compl. ¶54. (emphasis added).  However, nowhere in the Complaint does Plaintiff allege anything about her religious beliefs, nor that she applied for an exemption to the Mandate based on a religious belief. Thus, there is nothing in the Complaint to suggest that Plaintiff was ever discriminated against on the basis of religion. As such, any claim of a Fourteenth Amendment violation based on Plaintiff's religion must be dismissed.

To the extent that Plaintiff alleges a Fourteenth Amendment claim on the basis of her alleged medical condition, her claim fails because Plaintiff has not alleged there were any similarly situated individuals who were treated differently than she was (*i.e.* person(s) with the same exact alleged medical conditions who was or were granted a medical exemption to the Vaccine Mandate).  To sustain an equal protection claim, a plaintiff must establish: "adverse treatment of individuals compared with other similarly situated individuals [and that] such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." See Miner v. Clinton Cnty., N.Y., 541 F.3d 464, 474 (2d Cir. 2008).

Here, Plaintiff alleges that "Teacher A.P. was a teacher with identical medical issues as Plaintiff and she was given an extension of her ME without a review of any doctor and no specified reason, until January 2023." See Compl. ¶35.  In support of that claim, Plaintiff refers

to her Exhibit L, which appears to be an email addressed from DOE to an unidentified party, which states that DOE "extended [their] COVID-19 vaccine medical exemption until January 23, 2023." See Compl. at 82.  Nowhere, however, beyond Plaintiff's own baseless allegations does Plaintiff demonstrate that she and the unidentified "A.P." are similarly situated in any way.  Indeed, Plaintiff's mysterious email includes no information regarding A.P.'s identity, role at DOE, including whether or not A.P. was a teacher, or regarding A.P.'s alleged diagnoses or medical condition. See id.  The email is devoid of any information to show that Plaintiff and A.P. are similarly situated at all.  Therefore, because Plaintiff fails to plead the existence of any similarly situated individuals who were treated differently, Plaintiff's Fourteenth Amendment Equal Protection claim fails and must be dismissed.

D.    **Plaintiff Fails to State a Section 1983 Claim**

Plaintiff's § 1983 claims must be dismissed because there has been no deprivation of a constitutional right. "Generally, to withstand a motion to dismiss, a § 1983 complaint must set forth specific factual allegations indicating a deprivation of constitutional rights." Kitchen v. Phipps Houses Grp. of Cos., No. 08 Civ. 4296 (DC), 2009 U.S. Dist. LEXIS 12559, at *12 (S.D.N.Y. Feb. 3, 2009). Specifically, in relation to claims for disability discrimination under § 1983, "'broad, simple, and conclusory' references . . . to discrimination" without even identifying a disability "are not sufficient to withstand a motion to dismiss." Kitchen, 2009 U.S. Dist. LEXIS 12559, at *13 (citation omitted); Scarfone v. Vill. of Ossining, 23 A.D.3d 540, 541 (2d Dep't 2005).

As it pertains to the Vaccine Mandate at issue here, every court that has encountered a question as to the constitutionality of the mandate has held that the Vaccine Mandate applicable to DOE employees was entirely constitutional and lawful. See Gonzalez v. City of N.Y., No. 2024 U.S. Dist. LEXIS 56814, at *19 (E.D.N.Y. Mar. 28, 2024) ("…federal courts throughout the

Second Circuit have approved vaccine mandates as a lawful condition of employment, and this Court and the Second Circuit have approved the [COVID-19] vaccine mandate"); Broecker, 2022 U.S. Dist. LEXIS 25104, *22; Beickert v. N.Y. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *13 (E.D.N.Y. Sep. 25, 2023); Garland v. N.Y.C. Fi'e Dep't, No. 23-663, 2024 U.S. App. LEXIS 2651, at *7 (2d Cir. Feb. 6, 2024); Vasquez v. City of N.Y., 2024 U.S. Dist. LEXIS 58731, at *24 (E.D.N.Y. Mar. 30, 2024).

Here, Plaintiff does not allege with any specificity what constitutional deprivation she has suffered. She fails to raise any specific allegations of discriminatory conduct by Defendants, and instead relies on conclusory references to discrimination on the basis of her medical conditions. See Kitchen, 2009 U.S. Dist. LEXIS, at *13. However, without alleging any deprivation of a constitutional right, Plaintiff's § 1983 claim against DOE must be dismissed.

**E.      Plaintiff Fails to State a Discrimination Claim Under Any Applicable Statute**

**(a)      Plaintiff's Federal Discrimination Claim Fails**

Though, as set forth above, any attempts by Plaintiff to bring an ADA claim are barred by her failure to exhaust her administrative remedies, to the extent Plaintiff alleges that she was discriminated against on the basis of her medical condition, her claims fail and must be dismissed. In the employment context, a plaintiff claiming disability discrimination under the ADA must allege that: "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability." Davis v. N.Y.C. Dep't of Educ., 804 F.3d 231, 235 (2d Cir. 2015).  ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of . . . an individual; (B) a record of such an impairment; or (C) being regarded as

having such an impairment." 42 U.S.C. § 12102(1). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Id. § 12102(2)(A).

As an initial matter, while Plaintiff alleges she had "impairments . . . which her doctors told her could get worse and cause her bodily harm if she was vaccinated with the COVID vaccine," (Compl. ¶32), she, at the same time,  appended an exhibit to her Complaint plainly demonstrating her doctor recommended that Plaintiff get vaccinated for COVID-19.  Nevertheless, Plaintiff alleges she suffers from Hashimoto's thyroiditis and the MTHFR-recessive gene expression. Id.  However, while it is unclear whether Plaintiff is alleging that these alleged impairments conditions are the disabilities which entitle her to relief here, Plaintiff fails to allege any facts indicating that they have substantially limited one or more of her life activities, or that she was regarded as having these impairments. See Davis, 804 F.3d at 235. To the extent the complaint can be construed as alleging Plaintiff was discriminated against because of her vaccination status, this Court and other courts have found that one's vaccination status is not a disability, but rather a personal choice. See Niles v. N.Y.C. Hum. Res. Admin., 2024 U.S. Dist. LEXIS 22588 *13 (E.D.N.Y. Feb. 7, 2024). Therefore, Plaintiff fails to make the threshold showing that she is disabled under the "record of" prong of the ADA, and her allegations are insufficient to sustain a claim for discrimination under the ADA. See Niles; Mone v. N.Y. State Unified Ct. Sys., 2023 U.S. Dist. LEXIS 107595, at *25 (E.D.N.Y. Mar. 22, 2023).

**(b)    Plaintiff's Claims of Discrimination Pursuant to the SHRL and CHRL Fail**

Plaintiff similarly fails to plausibly allege claims of SHRL and CHRL disability discrimination.  To state a claim for disability discrimination under the SHRL, a plaintiff "must allege facts to show that her employer took adverse action against her, and that the action was

taken because of her disability or perceived disability." <u>Lebowitz v. New York City Dep't of Educ.</u>, 407 F.Supp.3d 158, 175 (E.D.N.Y. 2017). The elements for disability discrimination under the SHRL and CHRL "generally track the ADA." <u>Thomson v. Odyssey House</u>, 2015 U.S. Dist. LEXIS 125887 at *56 (E.D.N.Y. Sept. 21, 2015). The SHRL, however, has a broader definition of disability than the ADA, and the definition of disability under the CHRL is even broader, as neither statute requires a showing that the disability substantially limits a major life activity. <u>Id.</u> Despite this broader definition, a plaintiff bringing a disability discrimination claim under the SHRL still must demonstrate that they suffered an adverse employment action because of their disability. <u>Id.</u> Here, Plaintiff fails to state a claim for discrimination on the basis of her medical condition under the SHRL because she has not alleged any facts demonstrating that she was terminated because of her alleged disability or medical conditions; rather, Plaintiff was terminated because she failed to satisfy a condition of employment. <u>See</u> <u>Thomson</u> at *56.

Although courts "construe CHRL claims more liberally than federal and state law claims, CHRL similarly only prohibits discrimination in the 'terms, conditions or privileges of employment' when such discrimination is 'because of' a protected characteristic." <u>White v. Andy Frain Servs.</u>, Inc., 629 F. App'x 131, 133 (2d Cir. 2015). A defendant will prevail on a motion to dismiss in an employment discrimination claim under the CHRL where it demonstrates that "as a matter of law, the plaintiff cannot establish the elements of intentional discrimination." <u>Pierson v. N.Y.C. Dep't of Educ.</u>, 2011 NY Slip Op 33161(U), ¶ 7 (Sup. Ct. N.Y. Cty. 2011); <u>see also</u> <u>Kamen v. Berkeley Coop. Towers Section II Corp.</u>, 98 A.D.3d 1086, 1086 (2d Dep't 2012).

Here, Plaintiff fails to plead facts plausibly alleging she was discriminated against because of her alleged medical conditions. To the extent Plaintiff is alleging she was discriminated against by being "flagged with the [problem] code," these claims are entirely baseless and

20

supported by no actual facts. <u>See</u> Compl. ¶40. Plaintiff claims this "problem code" was "placed on her file as a direct result of her inability to get vaccinated due to her medical challenges," that it bars Plaintiff "from getting paid for work by any school in the NYC public school system," and that it tags her fingerprints "designating misconduct" in the "same database used by the FBI." Compl. ¶¶40, 62. These allegations regarding the problem code are based solely on hearsay, are conclusory, and in no way demonstrate discrimination by Defendants. Even if such code did exist, which it does not, it would indicate **only** that Plaintiff was not compliant with the Vaccine Mandate, which, as Plaintiff makes clear in her Complaint, is entirely true. <u>See</u>, *e.g.,* Compl. ¶34.

Further, Plaintiff's allegations that she was "harassed and belittled by employees and her workplace peer and supervisors," fail to demonstrate that Plaintiff was discriminated against by Defendants. <u>See</u> Compl. ¶33. Even were that the case, while courts must analyze CHRL discrimination claims independently from state and federal law, "[t]he CHRL is not a general civility code, and a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by discriminatory or retaliatory motives, or if the defendant proves the conduct was nothing more than petty slights or trivial inconveniences." <u>See</u> <u>Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.</u>, 715 F.3d 102, 109, 113 (2d Cir. 2013). In any event, nothing in the Complaint suggests that Defendants discriminated against Plaintiff; rather, Plaintiff was ineligible for a medical exemption to the Vaccine Mandate and was ultimately terminated because she failed to satisfy a condition of employment. Therefore, because Plaintiff fails to allege any facts demonstrating that she was discriminated against, these claims must be dismissed.

## F.    Plaintiff's Failure to Accommodate Claims Fail Under All Applicable Statutes

Plaintiff alleges that Defendants failed to accommodate her medical condition. A plaintiff claiming failure to accommodate a medical condition must allege that: "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute

had notice of [her] disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." Grimes v. New York, 2024 U.S. Dist. LEXIS 32964 *17 (S.D.N.Y. Feb. 26, 2024) (citing McBride v. BIC Consumer Prod. Mfg. Co., 583 F.3d 92, 96-97 (2d Cir. 2009).

Here, Plaintiff fails to allege that she is disabled under the ADA's definition of a disability, or that DOE knew or should reasonably have known she was disabled within the meaning of the ADA. See Grimes, 2024 U.S. Dist. LEXIS 32964 at *18. Plaintiff claims she has Hashimoto's and the MTHFR-recessive gene, but does not allege that either of these had ever substantially limited her life activities. She provides no record of such impairment, nor does she allege she has been regarded as disabled due to these conditions. Because Plaintiff has failed to plausibly that she was disabled within the meaning of the ADA, Defendants were under no obligation to initiate an interactive process.

To state a failure to accommodate claim under the SHRL, a plaintiff must allege "(1) [s]he is a person with a disability under the meaning of the . . . SHRL; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." Berger v. N.Y.C. Police Dep't, 304 F. Supp. 3d 360, 369 (S.D.N.Y. 2018). Under the SHRL, "disability" is defined as "a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques." N.Y. Exec. § 292(21). Courts apply the ADA standard for failure to accommodate cases under the CHRL. Cangro v. N.Y.C. Dep't of Fin., 2024 U.S. Dist. LEXIS 148244 *14 (S.D.N.Y. Aug. 14, 2024); Rodriguez v. City of New York, 197 F.3d 611, 618 (2d Cir. 1999)).

The CHRL defines a disability as "any physical, medical, mental or psychological impairment, or a history or record of such impairment." N.Y.C. Admin. Code § 8-102(16).

Here, Plaintiff alleges she has Hashimoto's thyroiditis and the MTHFR-recessive gene expression, which prevented her from being able to receive the COVID-19 vaccine. Compl. ¶15. In a conclusory fashion, Plaintiff alleges that Defendants "chose to ignore" information about Plaintiff's medical issues and "denied her [medical exemption] appeals without any details or reason." Compl. ¶47. She also alleges Defendants "never engaged in a dialogue about Plaintiff's medical needs nor about any accommodation or reassignment." Id. ¶50. These claims are without merit, as the City's process for resolving reasonable accommodation requests in connection with the COVID-19 vaccine mandate has been upheld as sufficient to meet the obligations under CHRL. See Chinchilla v. New York City Police Dep't, 2024 U.S. Dist. LEXIS 123248, *35–36 (S.D.N.Y. July 12, 2024) (finding the systems operated by City agencies satisfy the cooperative dialogue requirements of the CHRL).

Here, Plaintiff availed herself of the opportunity to request a medical exemption. When her exemption request was denied, she was provided an explanation as to why: her condition was "not in treatment conditions outlined in CDC considerations that would temporarily interfere with the ability to respond adequately to the vaccine." See Compl. at 41. Therefore, any claims to the contrary fail and must be dismissed.

### POINT IV

**PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT INDUCEMENT BECAUSE SHE ALLEGES NO FACTS DEMONSTRATING FRAUD BY DEFENDANTS**

Plaintiff alleges "fraud in the inducement to deny Plaintiff her property and liberty rights to a Constitutionally protected due process hearing as a tenured teacher mandated by

23

education law 3020 and 3020-a." <u>See</u> Compl. at 18.  Defendants construe this to mean that Plaintiff alleges DOE violated her due process rights by terminating her employment after she failed to comply with the Vaccine Mandate, a lawful condition of her DOE employment. Plaintiff also alleges that "Scheinman committed a fraud against Plaintiff . . . by issuing lawless requirements of procedure." <u>See</u> Compl. ¶68. Plaintiff's claims, however, fail.

Fraudulent inducement is "a subcategory of fraud that occurs in the process of persuading another person to enter into an agreement; when the promisor knows what he is signing but his consent is induced by fraud." <u>Kalaj v. Kay</u>, 2023 U.S. Dist. LEXIS 122687 *22 (E.D.N.Y. July 17, 2023).  Under the Federal Rules of Civil Procedure, to sufficiently plead fraud in the inducement, a plaintiff is required to "(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and, (4) explain why the statements were fraudulent." <u>See</u> <u>id.</u> at *23; Fed. R. Civ. P. 9(b).

Here, Plaintiff fails to plead sufficient facts to raise a fraudulent inducement claim. Rather, she merely makes the conclusory allegation that "[Arbitrator Martin] Scheinman committed a fraud against [her] and breached an implied covenant of good faith and fair dealing by issuing lawless requirements of procedure that Plaintiff could not comply with yet relied on to her detriment." Compl. ¶68.  As discussed above, Plaintiff was not deprived of her right to due process. Further, Scheinman is not a party to this case. Plaintiff has done nothing but make a baseless allegation that he committed a fraud against her with no specificity. <u>See</u> Compl., *generally*. Plaintiff has not alleged any specific fraudulent statements, nor about when or where any fraudulent statements were made. For this reason, Plaintiff's fraud in the inducement claim fails and must be dismissed accordingly.

24

## POINT V

## ALL OTHER PURPORTED CONSTITUTIONAL CLAIMS FAIL AND MUST BE DISMISSED

To the extent the complaint can be construed as alleging a violation of Plaintiff's Fourth Amendment rights, any such claim must be dismissed. The Fourth Amendment, which protects one's right to be free from unreasonable search and seizure by the government, is not at issue in this case. Plaintiff alleges that the "Fourth Amendment protects people from unreasonable searches and seizures by the government, but [she] was not protected" because Defendants "deliberately . . . took away her property right, namely her employment, for no rational reason." Compl. ¶38. Defendants construe this to be a procedural due process claim, which is discussed in detail hereinabove. As such, any claims asserted under the Fourth Amendment must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the Complaint in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           November 15, 2024

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Room 2-190
New York, New York 10007
(212) 356-2467
klinnane@law.nyc.gov

By: /s/ *Kathleen M. Linnane*
           Kathleen M. Linnane
           Assistant Corporation Counsel

25