

Jadenae Trabacchi
8420 20th Avenue, Apt. C 1
Brooklyn, NY 11214
Email: JadenaeTrabacchi@gmail.com
PRO SE

**VIA ECF**
Honorable Taryn A. Merkl     November 19, 2025
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Trabacchi v. Department of Education of the City of New York, et al.</u> **24-cv-06123 (TAM)**

Dear Magistrate Judge Merkl:

I am the plaintiff pro se in the case cited above.

Please see the attached documents I want to use in support of my proof of service on the chancellor and Katherine Rodi in my case. I think this will show you that service was properly done, on September 24, 2024.

Thank you.

Sincerely,
/s/Jadenae Trabacchi

CC: Attorney Brigid Lynn

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

_____x

JADENAE TRABACCHI,

                Plaintiff    DOCKET NO. 24-CV-6123 (RPK) (TAM)

   -against –

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, DAVID
BANKS, Chancellor; and KATHERINE RODI,
Director of Employee Relations,

                Defendants

_____x

STATE OF NEW YORK)
               SS.:
COUNTY OF NEW YORK

## AFFIDAVIT OF BETSY COMBIER

    I, BETSY COMBIER, affirm under the penalties of perjury under the laws of the State of New York that the following is true and may be filed in a court of law:

1. My name is Betsy Combier, and I am the President and lead paralegal/workplace investigator of Advocatz, a consulting business for people who need a partner as they go through the Courts, grievances, or life problems.

2. Since 2004 I have been working on exposing how the "Problem Code" is placed onto the

1

personnel files of NYC DOE employees without just or probable cause, depriving the employee of Constitutional due process.

3. My research into the Problem Code and the secret manipulation and deprivation of rights by the New York City Department of Education has led me to conclude that the process of employees being problem coded has no justification under any law, rule or regulation.

4. The Plaintiff in the case cited above asked for my assistance after New York City Law Department Attorneys Kathleen Linnane (who has since left the Corporation Counsel and now works for Paduano & Weintraub located at 1251 Avenue of the Americas, N.Y., N.Y. 10020) and Attorney Brigid Lynn filed a Motion To Dismiss in the Court on 11/15/24 in which they argued that Defendant Katherine Rodi must be dismissed from the case because she was *never served*. Yet the Docket of the case on PACER.gov (#7) clearly shows the notarized, stamped and filed Summons served on Kathleen Rodi on 9/24/24 at 100 Church Street in Manhattan. This is the correct place to serve Ms. Rodi since at least 2018.

5. Ms. Linnane and Ms. Lynn wrote in their Motion To Dismiss that Ms. Rodi cannot be served at the City Law Department at 100 Church Street. This was a lie, and both Attorneys were well aware of making this up due to their inability to justify Defendant Rodi's actions, namely placing every unvaccinated DOE employee on the Problem Code on October 4, 2021. However, Magistrate Judge Taryn A. Merkl bought the bait in her Report and Recommendation and questioned the service. This Affidavit addresses these actions and supports the Plaintiff's Complaint and service as lawful and correct.

6. The Problem Code is visible to anyone who nominates any DOE employee for a job,

2

who is a payroll secretary or manages salaries for a school or vendor, and anyone else who knows where to look in the codes available in the DOE database. The DOE will fight to say this is not true, because the way that the Problem Code is placed on all employees who get a letter to file (which cannot be grieved) is a violation of the 14th Amendment and its' promise of due process.

7. The DOE has never been able to come up with a good, lawful reason to permanently scar a person's career without a hearing (assuming this person was not convicted in any criminal proceeding). I cannot find one either.

8. I am an Expert Witness on the Problem Code, Education Law §3020-a arbitration, and Section 913 evaluations, and respectfully submit this AFFIDAVIT in support of the Plaintiff's Amended Complaint submitted to the Court holding Jurisdiction over this case in the Eastern District of New York.

9. I know the facts stated herein to be true based upon my personal knowledge and upon my review of the files of hundreds of my clients whom I have represented in proceedings with the New York City Department of Education ("DOE"), except for statements which are made on information and belief and, as to those, I verily believe them.

10. I uncovered what became known as the "Problem Code" when I filed a Freedom of Information request with the DOE for names of employees and reasons for them being listed in the Monitoring Unit database in 2004. I was denied access because all the employees were listed only by their social security numbers, which I was forbidden to see. See my articles on Parentadvocates.org:

3

**The New York City Department of Education's "Problem Code" is an Unlawful Flag On Employee's Fingerprints**
https://www.parentadvocates.org/index.cfm?fuseaction=article&articleID=8884

**In NYC the Absent Teacher Reserve and The Rubber Room Are Both Strategies For Unlawful Denial of Tenure Job Protections (2021)**
https://www.parentadvocates.org/index.cfm?fuseaction=article&articleID=8958

and on my website Advocatz.com:

**The New York City Department of Education, UFT, Problem Code, and Perpetual Fog Machine Continue To Prevent Unvaxxed Employees From Working**
https://advocatz.com/2023/02/12/the-new-york-city-department-of-education-problem-code-continues-to-prevent-unvaxxed-employees-from-working/

11. I worked as a union Special Representative under UFT Presidents Randi Weingarten and Michael Mulgrew from 2007-2010 and told members about the problem code as well as whether they were coded or not. The Problem Code of members was easily available to us, and I became the person who was called about it. I answered every call, but left the UFT when it became obvious to me that my help on this issue, as well as others, was not highly regarded by the people at the top level of the UFT.

12. As an Expert witness on the Problem Code, I have made myself available to assist DOE employees as they pursue clearing their name and overturning a wrongful termination.

13. Since February 8, 2022 I have been writing and publishing stories on Advocatz.com about the unlawful termination of unvaccinated municipal workers in New York City, and about the DOE placing unvaccinated employees onto the "Problem Code" database on October 4, 2021 after they dared to challenge the experimental COVID Vaccine Mandate (CVM).

4

14. On April 22, 2022 I received an email from a teacher who was unvaccinated and this email had truly shocking information. The email was sent to her by DOE employee Eric Amato. In his email, Mr. Amato wrote:

> "PR = Problem code – Problem code was added to all employees who were placed on 2VM vaccine mandate leave. It was placed there the day you went on the leave. Our central offices placed this code on all employees who went on the leave. It will be removed once you are eligible to return to work.
>
> Thanks,
> Eric"
>
> See my Declaration: **Betsy Combier declaration** in my articles above and here:
>
> 2022-6-3-doc-168-1-declaration-of-black-in-supp-exhb-1
>
> My Declaration was filed in the cases of Kane v De Blasio et al., (21-CV-7863) and Keil v City of New York et al. (21-CV-8773), on June 3, 2022 (Docket 168-1).

15. Mr. Amato left his employment with the DOE soon after he sent the email.

16. After the Problem Code was exposed, the planned hoax by the DOE and Unions in New York City to fire as many permanent/tenured employees as possible started unraveling. The goal of a mass layoff of permanent or tenured municipal workers and educators fell apart. There was never a just cause for the thousands of people who lost everything, but here is where the following slogans come in handy: "Knowledge is power", and "You can fool some of the people all of the time, and all of the people some of the time, but you cannot fool all of the people all of the time". Most people contribute the second slogan to President Abraham Lincoln.

**UPDATE: Educators Accused of Submitting Fake Vaccination Cards Win Jobs Back and Backpay**

5

https://advocatz.com/2023/02/17/update-educators-accused-of-submitting-fake-vaccination-cards-win-jobs-back-and-backpay/

**NYC is Forcing Unionized Public Employees Into At-Will Terms of Employment**
https://advocatz.com/2024/09/23/nyc-is-forcing-unionized-public-employees-into-at-will-terms-of-employment/

17. Suddenly, in October 2021, all employees of the DOE in all titles, tenured or untenured, who could not, did not, or would not - for religious or medical reasons - get vaccinated by the COVID vaccine were permanently coded and subsequently labelled as guilty of misconduct and blocked from getting unemployment or any employment as a teacher for the DOE or any vendor without any due process hearing of any kind. The DOE refused to hold any grievance or Education Law §3020-a arbitrations, so the UFT paused any and all filings of grievances in October and November 2021.

18. All this must be seen as a conspiracy of harm, as the COVID vaccine did not protect anyone from getting the COVID virus or transmitting it to someone else, and both the UFT and the DOE were aware of this information. Both chose to ignore the science, some say to get kickbacks from the drug companies for every vaccine given.

**Former NY Governor Andrew Cuomo And Dr. Jay Varma Admit That No Authority Existed For The COVID Mandate Terminations**
https://advocatz.com/2024/09/20/former-ny-governor-andrew-cuomo-admits-that-no-authority-existed-for-covid-mandate-terminations/

19. Additionally, the City of New York marketed the COVID Vaccine Mandate ("CVM") as a new term of employment for the municipal workers in New York City, but this was always false for non-healthcare employees. No union changed the terms in their contract to make the vaccine mandatory.

6

20. In June 2022 while I was representing a teacher in a PERB Case (Public Employment Relations Board), Administrative Law Judge (ALJ) Mary Thomas Scott informed me that the 10-year litigation on the Problem Code had reached an end, and did I want the final decision? Bless her. I said yes. The PERB Problem Code case was filed by the UFT against the DOE to force the DOE to make a Problem Code on a member's file more transparent by answering such questions as: when was this Code placed on the member's file? Why? The ALJ found that the "flagging" impacted terms and conditions of employment, and that the District had violated the Act by instituting the flagging system. Thus the DOE lost the case, but has never complied with the Judgment.

21. The person who has been avoiding scrutiny yet has permanently scarred DOE employees without due process is the DOE Executive Director of Employee Relations, Ms. Katherine Rodi. She has been in that position since 2012. (Testimony. Nov. 5, 2015, PERB). Rodi also has the responsibility of overseeing the NYCDOE's Office of Safety and Health, and the Office of Personnel Investigation ("OPI") where she decides who among the NYCDOE's employees are placed on a "Problem Code". She monitors the disciplinary information in the personnel file that is highlighted by the Problem Code for principals who may want to hire a former or current employee.

22. In her testimony given under oath at PERB in November 2015 Ms. Rodi testified that "no Respondent ever sees their flag/problem code", and if a principal or some other potential employer wanted to hire someone who was coded, they could hire the person. None of these statements are true.

23. While working at the UFT, when I received a call from a DOE employee/UFT member

7

asking if he/she was on the Problem Code, I told them "one minute, I will let you know". I walked quickly the 5 steps into the office next door, and would ask Amy Arundell, another Special Representative, whether or not the caller was coded by file number. Ms. Arundell looked at her computer and told me yes or no. I gave this information to the person on the phone. This was 2008-2009. So, when Amy Arundell testified in November 2015 at PERB that she had never heard of the Problem Code until 2012, in order to get the UFT's PERB Improper Practice Charge case heard under the statute of limitations of 4 months, she was not telling the truth either, just like Ms. Rodi.

24. The DOE has continuously tried to keep the Problem Code hidden because there is no law, rule or regulation that can legally support the manner in which the Code serves to directly harm an employee by getting the employee terminated and unable to work ever again as an educator in New York City.

25. It is a well-known fact that Ms. Rodi has been sued many times in this Court, and service was and is accepted at 100 Church Street, New York City: Plaintiff Jadenae Trabacchi served Katherine Rodi on 9/24/24 at 100 Church Street (Docket #7); EDNY Pro se Plaintiff Mushtaq Ahmad (18-CV-3494(WFK)(LB) used the United States Marshals Service to serve Ms. Rodi. The Marshal was turned away from 65 Court Street, and told to serve Ms. Rodi at 100 Church Street, NY NY 10007, where Betty Mazyck accepted service.(Docket # 22 Filed 09/24/18); Petitioner Miles Grossman (NYS Supreme Court No. 155034/2023) served Katherine Rodi at 100 Church Street, accepted by Ariton Marke, Deputy Unit Chief; Parrino v NYC DOE (24-CV-08892 served Rodi 2/25/25); Rothschild v NYCDOE et al., (25-CV-01684), served Rodi October 7, 2025; Trudo v

8

NYC DOE et al.,(25-CV-01345) served Rodi 5/6/2025; Matyas v NYC DOE et al., (25-CV-01861) served Rodi on 5/6/2025. None of these cases had a problem with service at 100 Church Street, Manhattan.

26. The reason why the lie of Attorneys Linnane and Lynn that Ms. Rodi was never served (but Docket #7 says that she was served on 9/24/24) in this case was so absurd comes from the failure of another lie made by the NYC Law Department in 2024. Around the same time that this case was filed, another pro se case with Katherine Rodi as a Defendant was also served on the City Law Department at 100 Church Street. When the professional process server presented the Complaints at the service window, he was told that Ms. Rodi could not be served because she *"no longer worked at the Department of Education"*. The Plaintiff called me and told me that the process server was turned away, what could she do? I immediately contacted "my old friend" from 2004, Dr. Peter Ianniello, who is Executive Director of Human Resources for the DOE. He replied in 5 minutes that this information was false, and that Kathy Rodi continues to work for the DOE. I then called the Unit Chief in charge of Operations at the City Law Department, and I told him what happened. He told me, "Well, we do not accept service for every employee at the DOE…." I told him that Ms. Rodi was a VIP, in charge of Employee Relations and OPI. The Unit Director said, "Oh, Betsy, I get it! I will immediately write a Notice to all who work at the service window that any and all lawsuits filed with Katherine Rodi in the caption must be accepted by us. Please tell the service provider who was turned away to come back!" I did just that, and on Dec.19, 2024 Rodi was successfully served in that case. I thought this was the end to the lies of the Corporation

9

Counsel. I was wrong. On November 15, 2024, the New York City Law Department Attorneys in the matter cited in the caption above, Ms. Kathleen M. Linnane and Brigid Lynn, wrote into their Motion To Dismiss that Katherine Rodi was never served, and thus the Court had no jurisdiction over her and she must be dismissed from the case. In my opinion, lying in a federal court motion is extremely serious business.

27. Plaintiff and I had a great solution. When Ms. Lynn sent Plaintiff a request for an extension of time to oppose the Amended Complaint, Plaintiff wrote back that she would grant any amount of time, as long as Ms. Lynn withdrew her claim that Rodi was never served, and that this was a mistake. Lynn refused, saying "I am not in a position to agree that service on Katherine Rodi at 100 Church Street was proper service" (Oct. 28, 2025).

28. That same day, Attorney Lynn wrote to the Magistrate Judge Merkl:

"I write to respectfully request an extension of time to December 4, 2025, for the DOE to respond to the amended complaint. This is the DOE's first request for an extension of time to respond to the amended complaint and the requested extension does not affect any scheduled dates. Although not entirely clear, it appears that pro se Plaintiff is only willing to consent to an extension if Defendant agrees that individual defendant Katherine Rodi was properly served at 100 Church Street and informs the Court that it was mistaken in claiming otherwise in its Motion to Dismiss the Complaint. Defendant, however, does not agree that service on Rodi was proper. Thus, it appears that Plaintiff opposes the requested extension.
….. Plaintiff is required to file proof of service on individual defendants Rodi and Melissa Aviles-Ramos…."

29. In sum, Plaintiff has plausibly pleaded that she was potentially subjected to an unconstitutional government action resulting in an injury for which she has yet to receive recompense. Due to the inability to defend the actions of DOE Defendant Katherine Rodi in placing Plaintiff Trabacchi on the stigmatizing Problem Code on or about October 4, 2021, Corporation Counsel Attorneys Linnane and Lynn deliberately filed false

10

information about an alleged "lack of/improper service" on Katherine Rodi while a filed and notarized Summons served on Ms. Rodi at 100 Church Street on 9/24/24 is clearly seen on the Docket at #7.

I swear on this 18th day of November, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_Elizabeth Combier_
Elizabeth Combier ("Betsy")

Notary Public

State of New York County of New York
Subscribed and sworn to (or affirmed) before me on this 18 day of Nov, 20 25 by Elizabeth Irene Combier, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Public Signature

Nicholas Cruz
Notary Public, State of New York
Reg. No. 01CR0031988
Qualified in Bronx County
Commission Expires December 16, 2028

11

UNITED STATES DISTRICT COURT/EASTERN DISTRICT OF NEW YORK          Attorney: 111-97

| | |
|---|---|
| JADENAE TRABACCHI | Index #: 24-CV-6123-TAM |
| Plaintiff(s) | |
| -against- | Date Filed: |
| THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, ETAL | AFFIRMATION OF SERVICE |
| Defendant(s) | |

**ORIGINAL**

SIEH CLARK AFFIRMS AND SAYS AFFIRMANT IS NOT A PARTY TO THIS ACTION AND OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on September 24, 2024 at 01:26 PM at

C/O NEW YORK CITY LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Affirmant served the within true copy/copies of the SUMMONS IN A CIVIL ACTION AND COMPLAINT on KATHERINE RODI, DIRECTOR OF EMPLOYER BENEFITS, the defendant/respondent therein named,

**SUITABLE AGE**   by delivering thereat a true copy/copies of each to ARITON MARKE, LEGAL CLERK a person of suitable age and discretion. Said premises is the defendant's/respondent's actual place of business within the state. He identified himself as being AUTHORIZED to accept for the defendant/respondent.

Affirmant further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | WHITE | BROWN | 46 | 5'8 | 170 |

GLASSES

**MAILING**   Affirmant enclosed a true copy of same in a postpaid wrapper properly addressed to the defendant/respondent at the defendant's/respondent's actual place of business at

C/O NEW YORK CITY LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on September 24, 2024 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside envelope thereof, by return address or otherwise that the communication is from an attorney or concerns an action against the person to be served.

REC'D IN PRO SE OFFICE
SEP 26 '24 PM 1:24

Pursuant to New York Civil Practice Law Rules 2106 - I affirm on 24 day of September, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Gotham Process Inc.
Lic. 1251720-DCA
299 Broadway
New York NY 10007

**SIEH CLARK**
License #: 2066971-DCA
Docket #:   *1308205*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

Jadenae Trabacchi )
)
)
)
)
_____ )
*Plaintiff(s)* )
v. ) Civil Action No. 24-cv-6123-TAM
)
The Department of Education of The City of New )
York, David Banks Chancellor and Katherine Rodi )
Director of Employer Benefits )
)
_____ )
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* The Department of Education of The City of New York, 65 Court Street, Brooklyn, NY 11201

David Banks, Chancellor, 65 Court Street, Brooklyn, NY 11201

Katherine Rodi, Director of Employer Benefits, 100 Gold Street, New York, NY 10038

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jadenae Trabacchi, 8420 20th Avenue, Apt C1, Brooklyn, NY 11214

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: 08/30/2024                              *Dmb*
                                              *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
STATE OF NEW YORK, EASTERN DISTRICT
Client: Pro-Se
Address:

|  | CORRINE LYNCH | Index Number: 1:24-CV-07795-DG-JAM |
|---|---|---|
|  | vs  *Plaintiff* | Client's File No.: lynch vs the dept. of ed |
|  | THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, ET AL | Court Date: |
|  | *Defendant* | Date Filed: |

JEREMY COLEY, affirms and says:

## AFFIRMATION OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **12/19/2024**, at **2:41 PM** at: **100 CHURCH STREET, NEW YORK, NY 10007** Deponent served the within **Summons in a Civil Action, COMPLAINT, EXHIBITS**

On: **KATHERINE RODI - DIRECTOR OF EMPLOYEE RELATIONS**, Defendant therein named.

☒ **#1 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to A.GOEBLER (Co-Worker) a person of suitable age and discretion. Said premises is recipient's:[X] actual place of business / employment  [] dwelling house (usual place of abode) within the state.

☒ **#2 DESCRIPTION**

| Sex: Male | Color of skin: White | Color of hair: Brown | Glasses: |
|---|---|---|---|
| Age: 32 | Height: 5ft 9in - 6ft 0in | Weight: 161-200 Lbs. | Other Features: |

☒ **#3 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#4 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#5 OTHER**

☒ **#6 MAILING**
On 12/20/2024 deponent enclosed a copy of same in a postpaid envelope properly addressed to KATHERINE RODI - DIRECTOR OF EMPLOYEE RELATIONS at 100 CHURCH STREET, NEW YORK, NY 10007  [] Actual Place of Residence [X] Actual Place of Business,  and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

I affirm on 12/20/2024 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

JEREMY COLEY
DCA License # 2112646

REC'D IN PRO SE OFFICE
DEC 27 '24 AM 9:39



Preferred Process Servers Inc 166-06 24th Rd, LL, Whitestone, NY 11357 718-362-4890 Lic#2003142-DCA

UNITED STATES DISTRICT COURT
STATE OF NEW YORK, EASTERN DISTRICT
Client: Pro-Se
Address:

| | |
|---|---|
| CORRINE LYNCH<br><br>*Plaintiff*<br><br>vs<br><br>THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, ET AL<br><br>*Defendant* | Index Number: 1:24-CV-07795-DG-JAM<br><br>Client's File No.: lynch vs the dept. of ed<br><br>Court Date:<br><br>Date Filed: |

JEREMY COLEY, affirms and says:

## AFFIRMATION OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **12/19/2024**, at **2:41 PM** at: **100 CHURCH STREET, NEW YORK, NY 10007** Deponent served the within **Summons in a Civil Action, COMPLAINT, EXHIBITS**

On: **DAVID BANKS - CHANCELLOR**, Defendant therein named.

REC'D IN PRO SE OFFICE
DEC 27 '24 AM9:38

☒ **#1 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to A.GOEBLER (Co-Worker) a person of suitable age and discretion. Said premises is recipient's:[X] actual place of business / employment [] dwelling house (usual place of abode) within the state.

☒ **#2 DESCRIPTION**

| Sex: Male | Color of skin: White | Color of hair: Brown | Glasses: |
|---|---|---|---|
| Age: 32 | Height: 5ft 9in - 6ft 0in | Weight: 161-200 Lbs. | Other Features: |

☒ **#3 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#4 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#5 OTHER**

☒ **#6 MAILING**
On 12/20/2024 deponent enclosed a copy of same in a postpaid envelope properly addressed to DAVID BANKS - CHANCELLOR at 100 CHURCH STREET, NEW YORK, NY 10007 [] Actual Place of Residence [X] Actual Place of Business, and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

I affirm on 12/20/2024 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

JEREMY COLEY
DCA License # 2112646



Preferred Process Servers Inc 166-06 24th Rd, LL, Whitestone, NY 11357 718-362-4890 Lic#2003142-DCA

Client: Pro-Se  
Address:

CORRINE LYNCH

*Plaintiff*

vs

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, ET AL

*Defendant*

Index Number: 1:24-CV-07795-DG-JAM  
Client's File No.: lynch vs the dept. of ed  
Court Date:  
Date Filed:

## AFFIRMATION OF SERVICE

JEREMY COLEY, affirms and says:

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **12/19/2024**, at **2:41 PM** at: **100 CHURCH STREET, NEW YORK, NY 10007** Deponent served the within **Summons in a Civil Action, COMPLAINT, EXHIBITS**

On: **THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK**, Defendant therein named.

☒ **#1 Corporation or Partnership or Trust or LLC or Non-Profit**  
By delivering thereat a true copy of each to **A.GOEBLER** personally. Deponent knew said corporation/partnership/trust/LLC/Non-Profit so served to be the corporation/partnership/trust/LLC/Non-Profit described in said aforementioned document as said Defendant and knew said individual to be Clerk authorized to accept service thereof.

☒ **#2 DESCRIPTION**

| Sex: Male | Color of skin: White | Color of hair: Brown | Glasses: |
|---|---|---|---|
| Age: 32 | Height: 5ft 9in - 6ft 0in | Weight: 161-200 Lbs. | Other Features: |

☐ **#3 WITNESS FEES**  
Subpoena Fee Tendered in the amount of

☐ **#4 OTHER**

I affirm on 12/20/2024 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

JEREMY COLEY  
DCA License # 2112646

*Preferred Process Servers Inc 166-06 24th Rd, LL, Whitestone, NY 11357 718-362-4890 Lic#2003142-DCA*