24-cv-06123 (RPK) (TAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JADENAE TRABACCHI,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, MELISSA AVILES-RAMOS, Chancellor, and KATHERINE RODI, Director of Employee Relations,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
Attorney for the Defendants
100 Church Street, Second Floor
New York, N.Y. 10007

*Of Counsel:* Brigid Lynn
*Tel:* (212) 356-2481

Served December 12, 2025

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................... III

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 1

      A.   The COVID-19 Vaccine Mandate Formerly Applicable to DOE Employees ........................................................... 1

      B.   Amendment to the DOE's Vaccine Mandate .................................... 3

      C.   Plaintiff's Allegations in the Amended Complaint ......................................................................... 4

ARGUMENT

   POINT I

   PLAINTIFF'S ADA CLAIM IS BARRED DUE TO HER FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES AND HER SHRL AND CHRL CLAIMS ARE BARRED .......................................... 6

      A.   Plaintiff does not allege that she filed an EEOC Charge ............................................................................ 6

      B.   Plaintiff Does Not Allege That She Filed a Notice of Claim ......................................................... 7

      C.   Plaintiff's SHRL and CHRL Claims are Time-Barred ......................................................................... 8

   POINT II

   PLAINTIFF FAILS TO STATE ANY CLAIMS UPON WHICH RELIEF CAN BE GRANTED ....................................... 8

      A.   Standard of Review ........................................................... 8

      B.   Plaintiff's Section 1983 Claim Must Be Dismissed ......................................................................... 9

      C.   Plaintiff's Failure to Accommodate Claims Fail Under All Applicable Statutes ........................................ 13

**Page**

      a.   Plaintiff Fails to State a Claim Under the ADA..................................................... 13

      b.   Plaintiff Fails to State Failure to Accommodate Claims Under the SHRL and CHRL......................................... 14

   D.  Plaintiff's Fourteenth Amendment Equal Protection Claim Fails ........................................ 16

   E.  Plaintiff Is Not Entitled To A Hearing Under Education Law 3020 and 3020-a ..................................... 17

POINT III

   ANY REQUESTS TO FURTHER AMEND THE COMPLAINT SHOULD BE DENIED .................................... 19

CONCLUSION................................................................................. 20

CERTIFICATION ........................................................................... 21

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                 <u>Page(s)</u>

Ashcroft v. Iqbal,
    556 U.S. 662 (2009).........................................................................................9

Baptiste v. City Univ. of N.Y.,
    680 F. Supp. 3d 415 (S.D.N.Y. 2023)..........................................................6

Beckles v. N.Y.C. Dep't of Educ.,
    2025 U.S. Dist. LEXIS 149503
    (E.D.N.Y. Aug. 4, 2025)..............................................................................16

Beickert v. N.Y.C. Dep't of Educ.,
    2023 U.S. Dist. LEXIS 170719
    (E.D.N.Y. Sept. 25, 2023)....................................................3, 10, 12, 15

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007).........................................................................................9

Berger v. N.Y.C. Police Dep't,
    304 F. Supp. 3d 360 (S.D.N.Y. 2018)........................................................14

Bonilla v. City N.Y.,
    2023 U.S. Dist. LEXIS 215081
    (S.D.N.Y. Dec. 4, 2023)...............................................................................16

Broecker v. N.Y.C. Dep't of Educ.,
    585 F. Supp. 3d 299 (E.D.N.Y. 2022) ......................................3, 10, 18

Broecker v. N.Y.C. Dep't of Educ.,
    2023 U.S. App. LEXIS 30076
    (2d Cir. Nov. 13, 2023).........................................................................11, 12

Brtalik v. S. Huntington Union Free Sch. Dist.,
    2010 U.S. Dist. LEXIS 107373
    (E.D.N.Y. Oct. 6, 2010)................................................................................7

Cangro v. N.Y.C. Dep't of Fin.,
    2024 U.S. Dist. LEXIS 148244
    (S.D.N.Y. Aug. 14, 2024).............................................................................15

Cleveland Bd. of Educ. v. Loudermill,
    470 U.S. 532 (1985)......................................................................................11

Cuoco v. Maitsugu,
    222 F.3d 99 (2d Cir. 2000)...........................................................................19

**Cases**                                                                                      **Pages**

D'Cunha v. Northwell Health Sys.,
    2023 U.S. App. LEXIS 30612
    (2d Cir. Nov. 17, 2023)...........................................................................15

Davis v. City of N.Y.,
    2007 U.S. Dist. LEXIS 78031
    (E.D.N.Y. Sept. 28, 2007)......................................................................12

Deravin v. Kerik,
    335 F.3d 195 (2d Cir. 2003)......................................................................7

Dollinger v. N.Y.S. Ins. Fund,
    726 F. App'x 828 (2d Cir. 2018) ............................................................19

Fierro v. N.Y.C. Dep't of Educ.,
    994 F. Supp. 2d 581 (S.D.N.Y. 2014).......................................................6

Fugelsang v. Dep't of Educ. of N.Y.C.,
    2025 U.S. Dist. LEXIS 61440
    (E.D.N.Y. 2025)........................................................................11, 12, 15

Garland v. N.Y.C. Fire Dep't,
    2024 U.S. App. LEXIS 2651
    (2d Cir. Feb. 6, 2024)....................................................3, 10, 12, 17

Gonzalez v. City of N.Y.,
    2024 U.S. Dist. LEXIS 56814
    (E.D.N.Y. Mar. 28, 2024) ...............................................................3, 10

Goolsby v. City of New York,
    83 Misc. 2d 445
    (Sup. Ct. New York Cnty.),
    aff'd, 2025 N.Y. App. Div. LEXIS 1179
    (1st Dep't Mar. 4, 2025)..........................................................................12

Groff v. DeJoy,
    600 U.S. 447 (2023)................................................................................15

Hartley v. Rubio,
    785 F. Supp. 2d 165 (S.D.N.Y. 2011).......................................................7

Hill v. Curcione,
    657 F.3d 116 (2d Cir. 2011).......................................................................9

Hoffman v. Williamsville Sch. Dist.,
    443 F. App'x 647 (2d Cir. 2011) ...............................................................7

**Cases**                                                                                          **Pages**

Hogan v. Fischer,
    738 F.3d 509 (2d Cir. 2013)......................................................................9

Holt v. Crossmark,
    2013 U.S. Dist. LEXIS 90396
    (W.D.N.Y. June 27, 2013) ....................................................................14

Hurley v. Dep't of Educ. of the City of N.Y.,
    2025 U.S. Dist. LEXIS 188282
    (E.D.N.Y. Sept. 23, 2025).....................................................................16

Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.,
    620 F.3d 137 (2d Cir. 2010)..................................................................15

Jackson v. N.Y. Dep't of Labor,
    709 F. Supp. 2d 218 (S.D.N.Y. 2010).....................................................9

Kane v. de Blasio,
    623 F. Supp. 3d 339 (S.D.N.Y. 2022).....................................................16

Kitchen v. Phipps Houses Grp. of Cos.,
    2009 U.S. Dist. LEXIS 12559
    (S.D.N.Y. Feb. 3, 2009).....................................................................9, 10

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)....................................................................4

Locurto v. Safir,
    264 F.3d 154 (2d Cir. 2001)..................................................................11

Maniscalco v. N.Y.C. Dep't of Educ.,
    563 F. Supp. 3d 33 (E.D.N.Y. 2021) .....................................................11

Marciano v. De Blasio,
    589 F. Supp. 3d 423 (S.D.N.Y. 2022)..............................................12, 17

Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.,
    631 F.3d 57 (2d Cir. 2011).....................................................................9

McBride v. BIC Consumer Prods. Mfg. Co.,
    583 F.3d 92 (2d Cir. 2009)....................................................................13

Miner v. Clinton County, N.Y.,
    541 F.3d 464 (2d Cir. 2008)..................................................................17

**Cases**                                                                          **Pages**

N.Y.C. Mun. Labor Comm. v. City of N.Y.,
    73 Misc. 3d 621
    (Sup. Ct. New York Cnty. 2021) ...........................................................11

O'Connor v. Pierson,
    426 F.3d 187 (2d Cir. 2005).................................................................12

Putkowski v. Warwick Valley Cent. Sch. Dist.,
    363 F. Supp. 2d 649 (S.D.N.Y. 2005).....................................................7

Robinson v. Via,
    821 F.2d 913 (2d Cir. 1987)................................................................11

Rodriguez v. City of N.Y.,
    197 F.3d 611 (2d Cir. 1999)................................................................15

Rubin v. N.Y.C. Bd. of Educ.,
    2023 U.S. Dist. LEXIS 2832
    (S.D.N.Y. Jan. 6, 2023),
    *adopted by*, 2023 U.S. Dist. LEXIS 36082
    (S.D.N.Y. Mar. 3, 2023) ........................................................................8

Soules v. Conn., Dep't of Emergency Servs. & Public Prot.,
    882 F.3d 52 (2d Cir. 2018)....................................................................7

Tafolla v. Heilig,
    80 F.4th 111 (2d Cir. 2023) ................................................................13

Tannerite Sports, LLC v. NBCUniversal News Grp.,
    864 F.3d 236 (2d Cir. 2017)................................................................19

Trabacchi v. Dep't of Educ.,
    No. 24-cv-06123, 2025 U.S. Dist LEXIS 148512
    (E.D.N.Y. July 31, 2025) ...........................................................8, 10, 17

Vasquez v. City of N.Y.,
    2024 U.S. Dist. LEXIS 58731
    (E.D.N.Y. Mar. 30, 2024) ..............................................................3, 10

**Cases**                                                                   **Pages**

Vora v. N.Y.C. Dep't of Educ.,
    2024 U.S. Dist. LEXIS 63425
    (S.D.N.Y. Jan. 24, 2024),
    *report and recommendation adopted*,
    2024 U.S. Dist. LEXIS 47446
    (S.D.N.Y. Mar. 14, 2024) ........................................................................8

**Statutes**

42 U.S.C. § 1983......................................................................1, 6, 9, 12, 13

42 U.S.C. § 12102(1) ...........................................................................13

42 U.S.C. § 12102(2)(A).......................................................................13

Fed. R. Civ. P. 12(b)(6)..........................................................................8

N.Y.C. Admin. Code § 8-102(16)..........................................................15

N.Y. Educ. Law § 2568.................................................................5, 17, 18

N.Y. Educ. Law § 3020..............................................................12, 17, 18

N.Y. Educ. Law § 3020-a............................................................5, 12, 17, 18

N.Y. Educ. Law § 3813(1)......................................................................7

N.Y. Educ. Law § 3813(2-b).................................................................8

N.Y. Exec. Law § 292(21)....................................................................15

## PRELIMINARY STATEMENT

Plaintiff Jadenae Trabacchi ("Plaintiff"), a former employee of the Department of Education of the City of New York ("DOE"), brings this action against DOE, Melissa Aviles-Ramos, and Katherine Rodi (collectively, "Defendants"), alleging that Defendants discriminated against Plaintiff by denying her request for a medical exemption to the COVID-19 vaccine mandate, placing her on leave without pay, and terminating her employment after she failed to comply with the Vaccine Mandate. Plaintiff brings her claims pursuant to 42 U.S.C. § 1983; the New York State and New York City Human Rights Laws ("SHRL" and "CHRL," respectively); New York State "Tenure" rights and law; the Fourteenth Amendment's equal protection clause; and the Fifth Amendment's due process clause.

Defendants now move to dismiss the Amended Complaint. First, the Amended Complaint must be dismissed because Plaintiff failed to allege that she exhausted her administrative remedies. Second, the Amended Complaint must be dismissed because the allegations are time-barred under the applicable statutes of limitations. Lastly, the Amended Complaint must be dismissed because Plaintiff fails to state a claim upon which relief can be granted. To the extent Plaintiff seeks to amend her complaint a second time, her request should be denied because amendment cannot overcome the procedural deficiencies warranting dismissal and would be futile. Thus, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety, with prejudice.

## STATEMENT OF FACTS

**A.    The COVID-19 Vaccine Mandate Formerly Applicable to DOE Employees**

On August 24, 2021, former Mayor Bill de Blasio and Dr. Dave Chokshi, then Commissioner of the Department of Health and Mental Hygiene, announced that DOE employees would be subject to a Vaccine Mandate. See COVID-19 Vaccine Mandate applicable to DOE

employees at https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-2.pdf (last accessed on Dec. 12, 2025). Under the Vaccine Mandate, DOE employees were required to submit proof to DOE, by September 27, 2021, that they were fully vaccinated against COVID-19, or had received a single-dose vaccine or the second dose of a two-dose vaccine; or had received the first dose of a two-dose vaccine, with the additional requirement to provide proof of the second dose thereafter. Id. The Vaccine Mandate has been repeatedly upheld as lawful by every court that has considered it. Thus, the Vaccine Mandate is unassailable and legally sound.

On September 1, 2021, the United Federation of Teachers ("UFT") filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") over the impact of the Vaccine Mandate. PERB then appointed an arbitrator, and several days of mediation sessions were held. Id. On September 10, 2021, the arbitrator issued a decision ("Arbitration Agreement") which established: (1) a process for Vaccine Mandate exemptions and accommodation requests; (2) options for DOE employees to voluntarily separate from service with certain benefits or extend leave without pay ("LWOP") available for employees who did not comply with the Vaccine Mandate; and, (3) that DOE could "unilaterally separate employees" who had not complied with the Vaccine Mandate or did not have an approved exemption or accommodation or had not either opted for separation or to extend their LWOP pursuant to the provisions set forth in the Arbitration Agreement. See Arbitration Agreement, annexed to the Declaration of Brigid Lynn ("Lynn Decl.") as Exhibit ("Exh.") A.

The process established by the Arbitration Agreement applied to medical and religious exemptions as well as to accommodations for those who, having received a full course of vaccination, remained unable to mount an immune response. Id. It also set forth that employees

2

who had not requested an exemption, or whose request has been denied, would be placed on LWOP by DOE starting September 28, 2021. Id. at 13. While on LWOP, employees continued to be eligible for health insurance. Id. at 15. Employees who submitted proof of vaccination to DOE before November 30, 2021, were eligible to return to their school within one week of submitting their documentation. Id. at 14. In addition, the Arbitration Agreement provided that starting on December 1, 2021, DOE could unilaterally separate those employees who remained out of compliance with the Vaccine Mandate and had not opted for separation or extended leave. Id.

Critical to this case is that the Vaccine Mandate created a condition of employment for DOE employees, including Plaintiff, to be vaccinated. On this point, the law is clear. The Second Circuit has unequivocally held that the Vaccine Mandate was a valid, lawful "condition of employment" for DOE employees. See Broecker v. N.Y.C. Dep't of Educ., 585 F. Supp. 3d 299, 314 (E.D.N.Y. 2022); Gonzalez v. City of N.Y., 2024 U.S. Dist. LEXIS 56814, at *19 (E.D.N.Y. Mar. 28, 2024); Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *13 (E.D.N.Y. Sep. 25, 2023); Garland v. N.Y.C. Fire Dep't, 2024 U.S. App. LEXIS 2651, at *7 (2d Cir. Feb. 6, 2024); Vasquez v. City of N.Y., 2024 U.S. Dist. LEXIS 58731, at *24 (E.D.N.Y. Mar. 30, 2024).

**B.    Amendment to the DOE's Vaccine Mandate**

On February 6, 2023, the Mayor of the City of New York ("the Mayor") announced that the Vaccine Mandate would be made optional for DOE employees. The Mayor also announced that while "former employees terminated for failing to submit proof of vaccination will not be able to automatically return to their previous positions, they will be able to apply for positions with their former agencies through existing city rules and regulations and hiring processes." See https://www.nyc.gov/office-of-the-mayor/news/092-23/with-96-percent-city-workers-fully-vaccinated-mayor-adams-covid-19-vaccination (last accessed Dec. 12, 2025). On February 9,

2023, the Board of Health ("BOH") amended the Vaccine Mandate, repealing the requirement that new DOE staff provide proof of COVID-19 vaccination and no longer requiring DOE staff and City employees who worked in-person in a DOE school setting, DOE building, or charter school setting to provide proof of vaccination to the DOE. See https://www.nyc.gov/assets/doh/downloads/pdf/notice/2023/boh-order-amend-covid-vaccine-req-doe-employees.pdf. (last accessed Dec. 10, 2025).

**C.    Plaintiff's Allegations in the Amended Complaint[1]**

Plaintiff alleges that she was a tenured employee of the DOE in good standing for almost 10 years. Am. Compl. ("AC") ¶9. Plaintiff claims that she "was unlawfully deprived of freedom from abuse of process and diminution of her tenure rights due to her medical condition that prohibited her from being vaccinated with the COVID vaccine." Id. ¶16.

Plaintiff alleges that in "the past ten years, [she] has reversed multiple auto-immune pre-diagnoses: lupus, diabetes, chronic bronchitis, asthma, and precancerous nodules on her thyroid glands" and that she "still suffers from Hashimoto's Thyroiditis and the MTHFR-recessive gene expression." Id. ¶18. Plaintiff alleges that she and her doctors have come up with an alternative protocol to taking the vaccine that prevented severe infection" including, but not limited to, "an anti-inflammatory elimination diet, vitamins, supplements, hydration, daily movement/exercise, hyperbaric oxygen therapy, and acupuncture." Id. Plaintiff claims that her "doctors advised her to not get the vaccine, saying that she would risk the chance of a vaccine exacerbating her autoimmunity and genetic predisposition."[2] Id.

---

[1] For the purposes of this motion only, the well-pleaded allegations of fact in the Amended Complaint are deemed to be true. See Littlejohn v. City of New York, 795 F.3d 297 (2d Cir. 2015).

[2] Appended to Plaintiff's Amended Complaint are two doctor's notes, dated 9/23/2021 and 10/27/2021, both recommending Plaintiff receive the COVID-19 vaccine "in three months." See AC at 30, 32.

On July 29, 2020, Plaintiff alleges that she submitted a doctor's note in which her doctor "wrote that Plaintiff was 'predisposed' to be in a high risk group for COVID and needed a reasonable accommodation to work from home." Id. ¶19. Plaintiff alleges that this was supplemented by several other doctors' notes and that "Defendants were on notice that Plaintiff could not get vaccinated against COVID." Id. Plaintiff allegedly tested positive for COVID-19 on September 8, 2021. Id. ¶20.

On October 3, 2021, Plaintiff alleges that she received a temporary exemption notice from the Division of Human Capital. Id. ¶27. Plaintiff claims that "this was followed up by no further responses to her doctors' notes, nor to her request for an extension for her medical exemption (ME) except to tell her that her exemption would be over 10/31/21 unless she signed the LWOP." Id. Plaintiff alleges that she was "sent multiple denials of her exemption, and a final LWOP warning October-November 2021," and that "Defendants never suggested any accommodation." Id.

Plaintiff claims that she "never signed the LWOP because it demanded that she waive her due process rights to a §3020-a arbitration on her medical appeal to get back on salary. She refused to give up her tenure rights to a due process 3020-a arbitration." Id. ¶28. Plaintiff also alleges that she "never received a medical evaluation known as EDN §2568, which is mandatory when a NYC DOE employee asks for a work-related medical accommodation." Id. ¶29. Plaintiff further alleges that appeals for "medical accommodation" to the requirement to be vaccinated against COVID-19 were "random and unexplained. Id. ¶32. According to Plaintiff, "she remained without any accommodation or exemption, her health insurance . . . was terminated February 10, 2022, and her employment was terminated on February 11, 2022, without any due process." Id.

On April 10, 2022, Plaintiff was allegedly "told about the NYC DOE 'Problem Code' and that she was now unable to work in any position for the NYC DOE or any vendor because she was deemed guilty of misconduct, and she would be blocked from getting paid by the NYC DOE or any vendor." Id. ¶33. Plaintiff alleges that she was told, on or about February 22, 2023, that she "remained on the problem code." Id. ¶34. Plaintiff alleges that she "sent Defendant Kathy Rodi . . . an email requesting a formal due process hearing where she could protest her termination and the fact that she was problem coded," but that Rodi "never responded." Id.

## ARGUMENT

### POINT I

**PLAINTIFF'S ADA CLAIM IS BARRED DUE TO HER FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES AND HER SHRL AND CHRL CLAIMS ARE TIME-BARRED**

**A.    Plaintiff does not allege that she filed an EEOC Charge**

Plaintiff purports to assert a failure to accommodate claim under Section 1983, and the Fifth and Fourteenth Amendments to the United States Constitution. However, neither a failure to accommodate nor a retaliation claim based on her disability may be asserted under Section 1983. Such claims may only be asserted under the Americans with Disabilities Act ("ADA"). See Fierro v. N.Y.C. Dep't of Educ., 994 F. Supp. 2d 581, 590 (S.D.N.Y. 2014) (freedom from discrimination based on disability is a right secured by statute, not the Constitution, and may not be asserted under Section 1983); Baptiste v. City Univ. of N.Y., 680 F. Supp. 3d 415, 425 (S.D.N.Y. 2023) (same).

Assuming arguendo that Plaintiff is asserting a failure to accommodate claim under the ADA,[3] that claim must be dismissed because Plaintiff does not allege that she filed an EEOC

---

[3] Plaintiff also asserts failure to accommodate claims pursuant to the SHRL and CHRL. Those claims are subject to dismissal for the reasons set forth, infra.

charge or received a right-to-sue letter. The timely filing of an EEOC complaint is a precondition

to filing ADA claims in federal court. Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003); Soules

v. Conn., Dep't of Emergency Servs. & Public Prot., 882 F.3d 52, 57 (2d Cir. 2018). Plaintiff does

not allege that she filed a charge with the EEOC or a state agency equivalent within 300 days of

when the alleged discriminatory conduct took place. See Hoffman v. Williamsville Sch. Dist., 443

F. App'x 647, 649-50 (2d Cir. 2011) (summary order). Because Plaintiff has not sufficiently

alleged that she filed a formal charge with the EEOC, any claims under the ADA should be

dismissed.

**B.      Plaintiff Does Not Allege That She Filed a Notice of Claim**

Plaintiff's SHRL and CHRL claims against Defendant DOE and against the

individual Defendants must be dismissed because Plaintiff does not allege that she filed a notice

of claim, pursuant to New York Education Law § 3813(1). No action shall proceed against a school

district unless "it shall appear by and as an allegation in the complaint or necessary moving papers

that a written verified claim upon which such action or special proceeding is founded was

presented to the governing body of said district or school within three months after the accrual of

such claim." N.Y. Educ. Law § 3813(1). Compliance with the notice of claim requirement should

be alleged in the complaint and is a precondition to the commencement of an action against a

school board or school officers. See Hartley v. Rubio, 785 F. Supp. 2d 165, 184-85 (S.D.N.Y.

2011); Brtalik v. S. Huntington Union Free Sch. Dist., 2010 U.S. Dist. LEXIS 107373, at *10

(E.D.N.Y. Oct. 6, 2010); see also Putkowski v. Warwick Valley Cent. Sch. Dist., 363 F. Supp. 2d

649, 653 (S.D.N.Y. 2005).

Plaintiff does not allege that she filed a notice of claim within 90 days of any alleged

discriminatory acts. See Putkowski, 363 F. Supp. 2d at 653. Because Plaintiff does not allege that

she satisfied this requirement, her SHRL and CHRL claims against Defendants must be dismissed.

## C.    Plaintiff's SHRL and CHRL Claims are Time-Barred

Plaintiff's SHRL and CHRL claims against the DOE are subject to a one-year statute of limitations. See Report and Recommendation, Trabacchi v. Dep't of Educ., No. 24-cv-06123, ECF No. 21, at 23 (citing N.Y. Educ. Law § 3813(2-b); Vora v. New York City Dep't of Educ., 2024 U.S. Dist. LEXIS 63425, *41 (S.D.N.Y. Jan. 24, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 47446 (S.D.N.Y. Mar. 14, 2024)). Plaintiff's claims against Rodi and Aviles-Ramos are also subject to the one-year statute of limitations because Rodi and Aviles-Ramos are "school officers" under New York Education Law. See Rubin v. New York City Bd. of Educ., 2023 U.S. Dist. LEXIS 2832, at *49 (S.D.N.Y. Jan. 6, 2023) (on a 12(b)(6) motion, DOE Director defendants were school officers "subject to the notice of claims requirement"), *adopted by* 2023 U.S. Dist. LEXIS 36082 (S.D.N.Y. Mar. 3, 2023).

Plaintiff initiated this action on August 30, 2024. See ECF No. 1. Therefore, any claims accruing before August 30, 2023, are time barred. Plaintiff alleges that her exemption request was denied in 2021, that she was terminated in February 2022, and that she learned about the problem code classification in April 2022. As this Court previously found, the "statute of limitations on Plaintiff's claims expired well before her August 30, 2024 complaint filing date" and, therefore, must be "dismissed as time barred." See Report and Recommendation, Trabacchi v. Dep't of Educ., No. 24-cv-06123, ECF No. 21, at 24 (E.D.N.Y. Jul. 31, 2025).

## POINT II

## PLAINTIFF FAILS TO STATE ANY CLAIMS
## UPON WHICH RELIEF CAN BE GRANTED

## A.    Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." See Hogan v. Fischer, 738 F.3d 509, 514 (2d Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Matson v. Bd. of Educ. of City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011) (quoting Iqbal, 556 U.S. at 678) (internal quotation omitted). Thus, the pleading standard "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

While the Court must construe a pro se complaint liberally, Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), "even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level,'" Jackson v. N.Y. Dep't of Labor, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting Twombly, 550 U.S. at 555). A pro se plaintiff's pleadings must still contain "more than an unadorned, the defendant-unlawfully-harmed me accusation." Iqbal, 556 U.S. at 678. Plaintiff's Amended Complaint contains no factual allegations that demonstrate any unlawful conduct on the part of Defendants. Her Amended Complaint, thus, must be dismissed.

**B.     Plaintiff's Section 1983 Claim Must Be Dismissed**

Plaintiff alleges that Defendants discriminated against her on the basis of her medical condition and acted under color of law while unlawfully discriminating against her "in the terms and conditions of her employment on the basis of her disabling condition, in violation of 42 § U.S.C. 1983 . . . ." See AC ¶ 52. "Generally, to withstand a motion to dismiss, a § 1983 complaint must set forth specific factual allegations indicating a deprivation of constitutional rights." Kitchen v. Phipps Houses Grp. of Cos., 2009 U.S. Dist. LEXIS 12559, at *12 (S.D.N.Y. Feb. 3, 2009). Specifically, in relation to claims for disability discrimination under § 1983, "'broad, simple, and

conclusory' references . . . to discrimination" without even identifying a disability "are not sufficient to withstand a motion to dismiss." Id. at *13 (citation omitted); see Report and Recommendation, Trabacchi v. Dep't of Educ., No. 24-cv-06123, ECF No. 21, at 28.

As it pertains to the Vaccine Mandate at issue here, every court that has encountered a question as to the constitutionality of the mandate has held that the Vaccine Mandate applicable to DOE employees was entirely constitutional and lawful. See Gonzalez v. City of N.Y., No. 2024 U.S. Dist. LEXIS 56814, at *19 (E.D.N.Y. Mar. 28, 2024) ("federal courts throughout the Second Circuit have approved vaccine mandates as a lawful condition of employment, and this Court and the Second Circuit have approved the [COVID-19] vaccine mandate"); Broecker, 585 F. Supp. 3d at 314; Beickert, 2023 U.S. Dist. LEXIS 170719, at *13 (E.D.N.Y. Sep. 25, 2023); Garland, 2024 U.S. App. LEXIS 2651, at *7 (2d Cir. Feb. 6, 2024); Vasquez, 2024 U.S. Dist. LEXIS 58731, at *24 (E.D.N.Y. Mar. 30, 2024).

Furthermore, Plaintiff's claim fails because she has not alleged the deprivation of a constitutional right. Plaintiff alleges that she was deprived of "her constitutionally protected rights to be free from workplace labels and abuse," and that she was "flagged with the code and retaliated against because of her disabling medical conditions." AC ¶¶43, 46. As this Court has already stated, there is no constitutional right to be free from workplace labels and abuse. Report and Recommendation, Trabacchi, No. 24-cv-06123, ECF No. 21, at 33. Further, Plaintiff has not plausibly alleged that she was "flagged with the code" or suffered any other alleged adverse employment actions because of her medical condition; rather, Plaintiff was terminated because she did not comply with the Vaccine Mandate and failed to satisfy a condition of employment. Notably, this same failure required the dismissal of Plaintiff's initial Complaint. See id. Plaintiff has not corrected these deficiencies, which once again warrants dismissal.

Plaintiff also alleges that she was terminated without any due process hearing in violation of the Fifth Amendment. To succeed on a procedural due process claim, a plaintiff must plead facts plausibly demonstrating that she possessed a protected liberty or property interest, and that she was denied that interest without constitutionally sufficient process. Broecker v. N.Y. City Dep't of Educ., 2023 U.S. App. LEXIS 30076, at *4–5 (2d Cir. Nov. 13, 2023). The Court must look to federal constitutional standards rather than state statutes to determine whether the afforded procedures were constitutionally sufficient. Robinson v. Via, 821 F.2d 913, 923 (2d Cir. 1987). "When a tenured public employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." Locurto v. Safir, 264 F.3d 154, 171 (2d Cir. 2001). Post-termination administrative procedures provided by state statute are generally sufficient to provide due process when coupled with a pre-termination opportunity to respond. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547–48 (1985); Fugelsang v. Dep't of Educ. of N.Y.C., 2025 U.S. Dist. LEXIS 61440, at *17-18 (E.D.N.Y. 2025) (where individuals were "provided notice that [they] would be terminated for failure to comply with the vaccine mandate and received an opportunity to be heard before [their] termination, [they were] afforded constitutionally adequate process.").

Plaintiff cannot state a plausible claim for a due process violation because Courts in this Circuit have consistently held that the Vaccine Mandate, and employment decisions made as a result of an individual's failure to comply with it, do not implicate due process. See Maniscalco v. N.Y.C. Dep't of Educ., 563 F. Supp. 3d 33, 39 (E.D.N.Y. 2021); see also N.Y.C. Mun. Labor Comm. v. City of N.Y., 73 Misc. 3d 621, 622 (Sup. Ct. NY Cnty. 2021). Furthermore, Plaintiff has not pled any facts to suggest that the pre- or post- deprivation processes afforded to her were

constitutionally deficient. See Broecker, 2023 U.S. App. LEXIS 30076, at *5 (2d Cir. Nov. 13, 2023). "[P]redeprivation processes 'need not be elaborate,' and the Constitution 'mandates only that such process include, at a minimum, notice and the opportunity to respond.'" Fugelsang, 2025 U.S. Dist. LEXIS 61440 at *14-15 (quoting O'Connor v. Pierson, 426 F.3d 187, 197 (2d Cir. 2005)). "Indeed, the ability to submit a request for exemption from a mandate before any consequences are imposed is an adequate opportunity to be heard." Id. at *16-17.

As to post-deprivation process, "[t]here is no constitutional violation, and thus no available § 1983 action, when a plaintiff has access to an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property." Davis v. City of New York, 2007 U.S. Dist. LEXIS 78031, at *14 (E.D.N.Y. Sep. 28, 2007). Plaintiff had the opportunity to seek relief through an Article 78 proceeding, but does not allege that she took advantage of that option. See Goolsby v. City of New York, 83 Misc. 2d 445, 455 (Sup. Ct. N.Y. Cty), aff'd Goolsby v. City of New York, 2025 N.Y. App. Div. LEXIS 1179 (1st Dept. Mar. 4, 2025). Plaintiff's allegation that she was entitled to a hearing pursuant to Education Law § 3020[4] is also without merit because the Second Circuit has held that COVID-19 vaccination was a condition of employment for DOE and City employees and does not implicate disciplinary procedures. See Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *11-12 (E.D.N.Y. 2023); Marciano v. De Blasio, 589 F. Supp. 3d 423, 436 (S.D.N.Y. 2022); Garland v. New York City Fire Dep't, 2024 U.S. App. LEXIS 2651, at *7 (2d Cir. 2024). Thus, because Plaintiff was not entitled to § 3020-a hearing, and because she was given sufficient pre- and post- deprivation procedures, Plaintiff was not deprived

---

[4] Education Law § 3020 provides the exclusive method of disciplining a tenured teacher in New York and requires the filing of charges, a determination of whether probable cause exists to bring a disciplinary proceeding, and a hearing before an arbitrator. See Educ. Law § 3020-a.

of procedural due process rights. Because Plaintiff has not alleged a constitutional deprivation, her Section 1983 claim must be dismissed.

**C.     Plaintiff's Failure to Accommodate Claims Fail Under All Applicable Statutes**

    **a.   Plaintiff Fails to State a Claim Under the ADA**

        As set forth above, Plaintiff may not pursue her ADA claim because she does not allege that she filed an EEOC Charge or received a right-to-sue letter. Even assuming that Plaintiff can pursue an ADA failure to accommodate claim, it must nonetheless be dismissed for the reasons below. "To make out a *prima facie* disability discrimination claim based upon a failure to accommodate, a plaintiff must establish that: '(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.'" Tafolla v. Heilig, 80 F.4th 111, 118-19 (2d Cir. 2023), quoting McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 97 (2d Cir. 2009). The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of . . . an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Id. § 12102(2)(A).

        In support of her failure to accommodate claim, Plaintiff alleges that Defendants "had actual knowledge of Plaintiff's medical issues proving that she needed to obtain a medical exemption (ME) from getting vaccinated with the COVID Vaccine as a matter of health but chose to ignore the information and denied her ME appeals without and details or reason" AC ¶54. Plaintiff also alleges that she has "reversed multiple auto-immune prediagnoses" and "still suffers

from Hashimoto's Thyroiditis and the MTHFR-recessive gene expression." Id. ¶18. These allegations, however, fail to allege that Plaintiff had a qualifying disability or that any purported disability was a contraindication to the available COVID-19 vaccines. "Plaintiff's [conclusory] allegation[s] that she is 'disabled' or has a 'disability,' is insufficient because legal conclusions couched as factual allegations are insufficient to survive a motion to dismiss." Holt v. Crossmark, 2013 U.S. Dist. LEXIS 90396, at *13 (W.D.N.Y. June 27, 2013) (motion to dismiss plaintiff's SHRL claim granted since "[t]here is no allegation in the Complaint of the nature of plaintiff's alleged disability, or any indication that the disability is one which would severely impair, on a permanent or long term basis, participating in a major life activity."). Plaintiff's allegation that her "doctors advised her to not get the vaccine" (AC ¶18), does not change the result because Plaintiff appended two exhibits to her Amended Complaint from her doctor that plainly recommended Plaintiff get vaccinated against COVID-19. When these documents are juxtaposed with Plaintiff's allegations, it is self-evident that Plaintiff did not suffer from a disability or medical condition that necessitated an exemption from the requirement to be vaccinated against COVID-19. Plaintiff, therefore, fails to state a claim under the ADA.

### b. Plaintiff Fails to State Failure to Accommodate Claims Under the SHRL and CHRL

To state a failure to accommodate claim under the SHRL, a plaintiff must allege "(1) [s]he is a person with a disability under the meaning of the . . . SHRL; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." Berger v. N.Y.C. Police Dep't, 304 F. Supp. 3d 360, 369 (S.D.N.Y. 2018). Under the SHRL, "disability" is defined as "a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of

a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques." N.Y. Exec. § 292(21). Courts apply the ADA standard for failure to accommodate cases under the SHRL. Cangro v. N.Y.C. Dep't of Fin., 2024 U.S. Dist. LEXIS 148244 *14 (S.D.N.Y. Aug. 14, 2024); Rodriguez v. City of New York, 197 F.3d 611, 618 (2d Cir. 1999)). The CHRL defines a disability as "any physical, medical, mental or psychological impairment, or a history or record of such impairment." N.Y.C. Admin. Code § 8-102(16).

Even if this Court were to find that Plaintiff sufficiently pleaded a disability under the SHRL or CHRL, Defendants can easily show undue hardship. An employer can raise the affirmative defense of undue hardship in a pre-answer motion to dismiss "if the defense appears on the face of the complaint." D'Cunha v. Northwell Health Sys., 2023 U.S. App. LEXIS 30612, at *7 (2d Cir. Nov. 17, 2023) (summary order) (quoting Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd., 620 F.3d 137, 145 (2d Cir. 2010)). A requested accommodation imposes an undue burden on an employer when the burden of granting the accommodation would be "substantial in the overall context of an employer's business." Groff v. DeJoy, 600 U.S. 447, 468 (2023). "Indeed, the hardship that the presence of unvaccinated employees would pose for the DOE has been well-documented by courts in this circuit." Fugelsang, 2025 U.S. Dist. LEXIS 61440 at *8 (collecting cases). "It is beyond cavil that safety within any work environment, especially an educational work environment, is of absolute importance." Beickert, 2023 U.S. Dist. LEXIS 170719, at *14; see also id. at *14-15 (quoting Groff, 600 U.S. at 470) (alterations in original) (allowing "Kushner's unvaccinated presence would have imposed 'substantial increased costs in relation to the conduct of [the DOE's] particular business' by creating a health and safety risk that would have prevented the DOE from fostering a safe educational and work environment when COVID-19 vaccines had become available.").

Plaintiff alleges that Defendants could have accommodated Plaintiff with alleged "rubber rooms," "rubber homes," "remote classrooms" or the "Absent Teachers Reserve." AC ¶¶55-56. Plaintiff's identification of possible accommodations that she alleges could have been granted is irrelevant because Plaintiff does not allege that she actually requested any of them. See Hurley v. Dep't of Educ. of the City of N.Y., 2025 U.S. Dist. LEXIS 188282, *20-21 (E.D.N.Y. Sept. 23, 2025). Instead, Plaintiff alleges that she only requested an exemption from the requirement to be vaccinated against COVID-19. Plaintiff "cannot now blame the DOE for failing to provide something she never requested." See Beckles v. N.Y.C. Dep't of Educ., 2025 U.S. Dist. LEXIS 149503, *6 (E.D.N.Y. Aug. 4, 2025). Because accommodating Plaintiff's request to be exempt from the Vaccine Mandate would have been an undue hardship on Defendants, Plaintiff's failure to accommodate claims must be dismissed.

**D.    Plaintiff's Fourteenth Amendment Equal Protection Claim Fails**

In support of her Equal Protection claim, Plaintiff alleges that "where 'disability [or medical] discrimination is at issue, the Fourteenth Amendment only proscribes government conduct for which there is no rational relationship between the disparity of treatment and some legitimate governmental purpose.'" AC ¶61 (internal citations omitted). Plaintiff, however, does not (and cannot) allege that Defendants' actions were not rationally related to a legitimate governmental interest. Indeed, there is a rational basis for enforcing "a system of vaccination for individuals working in school settings, including DOE buildings and charter school buildings, [that] will potentially save lives, protect public health, and promote public safety." Bonilla v. City of New York, 2023 U.S. Dist. LEXIS 215081, at *10 (S.D.N.Y. Dec. 4, 2023) (citing Kane v. de Blasio, 623 F. Supp. 3d 339, 357-58 (S.D.N.Y. 2022)). At most, Plaintiff makes conclusory allegations that she was discriminated against on the basis of her medical condition; conclusory allegations are insufficient to survive a motion to dismiss.

Plaintiff's Equal Protection claim must also be dismissed because Plaintiff has not alleged that she was discriminated against, nor has she alleged there were any similarly situated individuals who were treated differently than she was (i.e. person(s) with the same exact alleged medical conditions who was or were granted a medical exemption to the Vaccine Mandate). To sustain an equal protection claim, a plaintiff must establish: "adverse treatment of individuals compared with other similarly situated individuals [and that] such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." See Miner v. Clinton Cnty., N.Y., 541 F.3d 464, 474 (2d Cir. 2008). In support of her claim, Plaintiff simply alleges that "Teacher A.P. was a teacher with medical issues who applied to Defendants for a medical accommodation/exemption from the vaccine, and was granted an extension of her ME without a review of any doctor and for no specified reason, until January 2023." See AC ¶42. These bare assertions are insufficient to demonstrate that "Teacher A.P." and Plaintiff are in any way similarly situated. See Report and Recommendation, Trabacchi v. Dep't of Educ., No. 24-cv-06123, ECF No. 21, at 46. Accordingly, Plaintiff's equal protection claim must be dismissed.

**E.      Plaintiff Is Not Entitled To A Hearing Under Education Law 3020 and 3020-a**

Plaintiff alleges that she was deprived "of property and liberty rights to a constitutionally protected due process hearing as a tenured teacher" because she was "punished" without a § 3020-a or § 2568 hearing. See AC at 23; ¶67. Plaintiff's due process claim fails because the Vaccine Mandate created a condition of employment, and terminations due to an employee's failure to comply with the Vaccine Mandate do not violate procedural due process. See Garland, 665 F. Supp. 3d at 307 n.8 (collecting cases upholding vaccination as a condition of employment); Marciano v. De Blasio, 589 F. Supp. 3d 423, 436 (S.D.N.Y. 2022).

17

Plaintiff alleges that she was entitled to a hearing prior to her termination pursuant to Education Law §§ 3020 and 3020-a. However, Plaintiff's termination due to her noncompliance with the Vaccine Mandate does not qualify her for a § 3020-a hearing. The Vaccine Mandate has been repeatedly upheld as a condition of employment, and when a tenured teacher does not fulfill a condition of employment, they may be terminated for failure to comply with that condition without a 3020-a hearing. See, e.g., Broecker, 585 F. Supp. 3d at 318 ("[T]he termination of a public employee based on the employee's failure to satisfy a qualification of employment unrelated to job performance, misconduct, or competency does not implicate the disciplinary procedures set forth in N.Y. Educ. Law §§ 3020 and 3020-a."). Plaintiff admits that she did not comply with the Vaccine Mandate. See AC, *generally*. Because compliance with the Vaccine Mandate was a condition of employment, and because Plaintiff alleges that she did not comply with this condition, she was not entitled to a hearing under Sections 3020 and 3020-a. Accordingly, this claim must be dismissed.

To the extent Plaintiff alleges she was entitled to a hearing under Education Law § 2568, this argument is misplaced. Education Law § 2568 allows the DOE to order an employee to submit to a medical examination "in order to determine the mental or physical capacity of such person to perform his duties, whenever it has been recommended in a report in writing that such examination should be made." It does not require the DOE to conduct a medical examination when an employee seeks medically-based accommodations. See N.Y. Educ. Law § 2568. Therefore, this claim must be dismissed.

**POINT III**

**ANY REQUESTS TO FURTHER AMEND THE
COMPLAINT SHOULD BE DENIED**

To the extent Plaintiff seeks leave to amend her complaint a second time, her request should be denied because amendment would be futile and would not remedy the procedural defects warranting dismissal here. See Tannerite Sports, LLC v. NBCUniversal News Grp., 864 F.3d 236, 252 (2d Cir. 2017); see also Dollinger v. New York State Ins. Fund, 726 Fed. Appx. 828, 831 (2d Cir. 2018) ("[L]eave to amend can be denied if amendment would be futile."). Plaintiff is unable to cure the deficiencies in her Amended Complaint, particularly where several claims are time-barred and administratively barred. See Cuoco v. Maitsugu, 222 F3d 99, 112 (2d Cir. 2000). Amendment would, therefore, be futile and any request for leave to amend the Complaint a second time should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the Complaint in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              December 12, 2025

                                              **MURIEL GOODE-TRUFANT**
    Corporation Counsel of the
    City of New York
    *Attorney for Defendants*
    100 Church Street, Second Floor
    New York, New York 10007
    (212) 356-2481
    blynn@law.nyc.gov

    By: /s/ *Brigid Lynn*
          Brigid Lynn
          Assistant Corporation Counsel

## **CERTIFICATION**

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed brief is produced using 12-point Times New Roman type and including footnotes and excluding the cover page, captions, table of authorities, and table of contents contains approximately 5,950 words, which is permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated:     New York, New York
           December 12, 2025

                     Respectfully submitted,


          By:     /s/ *Brigid Lynn*
                  _____
                  Brigid Lynn
                  Assistant Corporation Counsel