1:24-cv-6123 (RPK)(TAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JADENAE TRABACCHI,

Plaintiff,

- against –

THE DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK, MELISSA AVILES-RAMOS, Chancellor; and
KATHERINE RODI, Director of Employee Relations,

Defendants.

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Second Floor
New York, N.Y. 10007

*Of Counsel:* Brigid Lynn
*Tel*: (212) 356-2481

Served January 30, 2026

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT

    POINT I

        PLAINTIFF FAILED TO EXHAUST
        ADMINISTRATIVE REMEDIES .............................................................. 2

    POINT II

        CLAIMS UNDER THE SHRL AND CHRL MUST
        BE DISMISSED ........................................................................................ 3

        A.   SHRL and CHRL Claims are Time-Barred. ..................................... 3

        B.   Plaintiff Fails to State SHRL or CHRL Claims. ................................ 4

        C.   Plaintiff's Cooperative Dialogue Claims Raised
            for the First Time in Opposition Must be
            Disregarded by the Court. .................................................................. 5

    POINT III

        PLAINTIFF'S FOURTEENTH AMENDMENT
        DUE PROCESS CLAIM MUST BE DISMISSED ................................... 6

    POINT IV

        PLAINTIFF WAS NOT ENTITLED TO A
        HEARING UNDER SECTIONS 3020 OR 3020-a
        OF THE EDUCATION LAW ..................................................................... 6

    POINT V

        PLAINTIFF'S SECTION 1983 CLAIM MUST BE
        DISMISSED ............................................................................................. 7

**Page**

POINT VI

PLAINTIFF'S EQUAL PROTECTION CLAIM, ADA CLAIMS, AND DISABILITY DISCRIMINATION CLAIM UNDER SECTION 1983 ARE ABANDONED ........................................................ 8

CONCLUSION ................................................................................................................. 9

CERTIFICATION ............................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**                                                                                        **Pages**

Beickert v. N.Y.C. Dep't of Educ.,
  2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sept. 25, 2023).....................................................5, 7

Broecker v. New York City Dep't of Educ.,
  585 F. Supp. 3d 299 (E.D.N.Y. 2022) ....................................................................................7

Cleveland Bd. of Educ. v. Loudermill,
  470 U.S. 532 (1985)................................................................................................................6

Cuthbert v. Town of E. Hampton N.Y.,
  2021 U.S. Dist. LEXIS 2792 (E.D.N.Y. Jan. 6, 2021) ..................................................... 2-3

Ezagui v. City of New York,
  726 F. Supp. 2d 275 (S.D.N.Y. 2010)....................................................................................8

Fugelsang v. Dep't of Educ.,
  2025 U.S. Dist. LEXIS 61440 (E.D.N.Y. Mar. 31, 2025)....................................................5, 6

Garland v. New York City Fire Dep't,
  2024 U.S. App. LEXIS 2651 (2d. Cir. Feb. 6, 2024) .............................................................7

Gonzalez v. City of N.Y.,
  2024 U.S. Dist. LEXIS 56814 (E.D.N.Y. Mar. 28, 2024) ......................................................8

Goolsby v. City of New York,
  83 Misc. 2d 445 (Sup. Ct. N.Y. Cty),
  aff'd Goolsby v. City of New York,
  2025 N.Y. App. Div. LEXIS 1179 (1st Dept. Mar. 4, 2025)..................................................6

Greenbaum v. N.Y. Transit Auth,
  2022 U.S. App. LEXIS 22589 (2d. Cir. Aug. 15, 2022)..........................................................5

Hartley v. Rubio,
  785 F. Supp. 2d 165 (S.D.N.Y. 2011)....................................................................................3

Louis v. N.Y.C. Hous. Auth.,
  152 F. Supp. 3d 143 (S.D.N.Y. 2016)....................................................................................5

Lynch v. Dep't of Educ.,
  2025 U.S. Dist. LEXIS 266029 (E.D.N.Y. Dec. 26, 2025) ....................................................4

Marciano v. De Blasio,
  589 F. Supp. 3d 423 (S.D.N.Y. 2022)....................................................................................7

**Cases**                                                                                                    **Pages**

New Yorkers for Religious Liberty, Inc. v. City of New York,
    121 F.4th 448 (2d Cir. 2024) ...................................................................................2

Matter of O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
    42 N.Y.3d 986 (N.Y. 2024) ...................................................................................7

Peacock v. Suffolk Bus Corp.,
    100 F. Supp. 3d 225 (E.D.N.Y. 2015) ..................................................................5

Rosado v. Port Auth. of N.Y. & N.J.,
    2024 U.S. App. LEXIS 3670 (2d Cir. Feb. 16, 2024) ..............................................3

Torres v. Midland Credit Mgmt.,
2018 U.S. Dist. LEXIS 84969, *8 (E.D.N.Y. May 21, 2018) .....................……………………3

Town of Oyster Bay v. Kirkland,
    19 N.Y.3d 1035 (2012) ........................................................................................2

Trabacchi v. Dep't of Educ.,
    No. 24-cv-06123, ECF No. 21 ..............................................................................4

Wilkov v. Ameriprise Fin. Servs.,
    753 F. App'x 44 (2d Cir. 2018) ............................................................................8

**Statutes**

42 U.S.C. § 1983 .....................................................................................................1, 3, 7, 8

N.Y. Educ. Law § 3020 .............................................................................................1, 6, 7

N.Y. Educ. Law § 3020-a ..........................................................................................1, 6, 7

N.Y. Educ. Law § 3813(2-b) ..........................................................................................3, 4

**PRELIMINARY STATEMENT**

Plaintiff alleges in her Amended Complaint that she was discriminated against when she was denied an exemption to the DOE's COVID-19 vaccine mandate (the "Vaccine Mandate"), that she was deprived of due process purportedly due to her under the United States Constitution, and that Defendants failed to accommodate her medical condition pursuant to the New York City and New York State Human Rights Laws. Defendants moved to dismiss the amended complaint on the grounds that (1) Plaintiff failed to exhaust her administrative remedies before seeking court intervention; (2) Plaintiff's claims are time-barred by the applicable statute of limitations; and, (3) Plaintiff fails to state any claims upon which relief can be granted.

In opposition to Defendants' motion, Plaintiff doubles down on the same conspiracy theories and policy disagreements that permeate her Amended Complaint and fails to raise any arguments to avoid dismissal.  Plaintiff fails to lend any support to her argument that she was not given adequate process prior to her termination, or to her argument that Plaintiff is entitled to a hearing under Education Law §§ 3020 and 3020-a. Moreover, Plaintiff has not alleged the deprivation of a constitutional right to sustain her Section 1983 claim. Plaintiff instead ignores well-established case law holding that the Vaccine Mandate was constitutionally permissible and created a condition of employment for DOE employees.

Accordingly, for the reasons in Defendants' Motion to Dismiss and as further set forth below, the Amended Complaint should be dismissed in its entirety with prejudice.

## ARGUMENT

### POINT I

### PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

In Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Opposition"), Plaintiff posits that the "argument [she] failed to exhaust her internal appeals process is false and without merit" because she "sent in her doctors' notes to the NYC DOE Human Resources, gained a temporary accommodation for remote work, and then was denied an extension and was placed on the problem code and terminated for misconduct for not" complying with the Vaccine Mandate. Opp'n at 23. Alternatively, Plaintiff asserts that "exhaustion is excused 'when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury." Id. (citing Town of Oyster Bay v. Kirkland, 19 N.Y.3d 1035, 1038 (2012)). According to Plaintiff, the Second Circuit already found that the arbitration procedure "used by the DOE and Martin Scheinman" was unconstitutional and she was never provide the opportunity to appeal to the Citywide Panel. Id. at 23-24, citing New Yorkers for Religious Liberty, Inc. v. City of New York, 121 F.4th 448, 464 (2d Cir. 2024).

Plaintiff's submission of doctors' notes and reliance on the Second Circuit's decision in New Yorkers for Religious Liberty does not address and is completely non-responsive to Defendants' arguments: that Plaintiff failed to exhaust her administrative remedies because she (1) never filed an EEOC charge and received a right to sue letter prior to commencing this action, and (2) never filed a notice of claim. By failing to address and completely ignoring these arguments, Plaintiff concedes these failures. See Cuthbert v. Town of E. Hampton N.Y., 2021 U.S.

2

Dist. LEXIS 2792, *12 (E.D.N.Y. Jan. 6, 2021) (deeming pro se plaintiff's claims abandoned where he did not oppose their dismissal in his opposition to defendant's motion to dismiss).

Moreover, the case law is crystal clear and legion that these failures require dismissal. See Rosado v. Port Auth. of N.Y. & N.J., 2024 U.S. App. LEXIS 3670, *4 (2d Cir. Feb. 16, 2024) ("plaintiffs asserting claims under the ADA must first file a charge of discrimination with the EEOC"); see also Hartley v. Rubio, 785 F. Supp. 2d 165, 184-85 (S.D.N.Y. 2011) ("A plaintiff who brings a NYSHRL or NYCHRL claim against the DOE or its employees must . . . file a notice of claim within ninety days after the claim arises ").

## POINT II

### CLAIMS UNDER THE SHRL AND CHRL MUST BE DISMISSED

**A.    SHRL and CHRL Claims are Time-Barred.**

Plaintiff proffers two arguments for why her SHRL and CHRL claims are not time-barred. First, Plaintiff appears to argue that N.Y. Educ. Law § 3813(2-b)'s one-year statute of limitations does not apply because the three-year statute of limitations governing Section 1983 claims applies by virtue of the Supremacy Clause. See Opp'n at 16-17. This argument fails. "[T]he Supremacy Clause . . . invalidates state laws that interfere with, or are contrary to, federal law." Torres v. Midland Credit Mgmt., 2018 U.S. Dist. LEXIS 84969, *8 (E.D.N.Y. May 21, 2018) (internal citations omitted). State law must, therefore, "yield to federal law when the two find themselves in conflict." Id. at *9. Here, there is no conflict. Plaintiff has brought separate claims under federal, state, and City law. These separate causes of action are governed by their own statutes of limitations. Because there is no conflict between state and federal law, the supremacy clause is inapplicable.

3

Second, Plaintiff argues that her SHRL and CHRL claims are not time-barred because her "requests for accommodation to remain working remotely were denied outright or never responded to," a "Problem Code" was "secretly" placed on her personnel file, and, as a result, the "violation," including her damages, are "continuous and never ending." Id. at 14. Plaintiff's own arguments, along with her allegations in the Amended Complaint, demonstrate why her claims are time-barred.

In her Amended Complaint, Plaintiff alleges that she was told that her temporary exemption would expire on October 31, 2021, and she was subsequently "sent multiple denials of her exemption, and a final LWOP warning [in] October-November 2021." AC ¶27. Plaintiff also alleges that she "was told about the NYC DOE 'problem code'" on April 10, 2022, and that "[o]n or about February 22, 2023 Plaintiff was told she remained on the problem code." Id. ¶¶33-34. Thus, Plaintiff admits that her exemption request was denied, at the latest in November 2021 and that she knew about the alleged problem code in April 2022 and February 2023. Plaintiff, however, did not commence this action until August 30, 2024, well beyond the one-year statute of limitations. These claims are, therefore, time-barred. See Report and Recommendation, Trabacchi v. Dep't of Educ., No. 24-cv-06123, ECF No. 21 at 23 (citing N.Y. Educ. Law § 3813(2-b)). Plaintiff's claim that the damages flowing from the denial and problem code do not make these claims timely because "an employment discrimination claim accrues on the date that an adverse employment determination is made and communicated to plaintiff." See Lynch v. Dep't of Educ., 2025 U.S. Dist. LEXIS 266029, *56 (E.D.N.Y. Dec. 26, 2025).

**B.    Plaintiff Fails to State SHRL or CHRL Claims.**

Plaintiff does not meaningfully address Defendants' argument that she failed to state failure to accommodate claims under the SHRL and CHRL. Instead, Plaintiff merely states that "Defendants failed to provide a reasonable accommodation and as a result, discriminated

4

against the Plaintiff on the basis of her medical condition." Opp'n at 18; see also id. at 13. This bald statement, however, does not address Plaintiff's failure to plausibly allege that she suffers from a disability or the well-recognized undue burden of allowing Plaintiff to work unvaccinated would have posed. See Fugelsang v. Dep't of Educ., 2025 U.S. Dist. LEXIS 61440, *8 (E.D.N.Y. Mar. 31, 2025); Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, *14 (E.D.N.Y. Sept. 25, 2023).

**C.    Plaintiff's Cooperative Dialogue Claims Raised for the First Time in Opposition Must be Disregarded by the Court.**

In her Opposition, Plaintiff seems to raise, for the first time, claims for failure to engage in a cooperative dialogue under the SHRL and CHRL. See Opp'n at 14. Plaintiff cannot raise new causes of action in her Opposition. See Peacock v. Suffolk Bus Corp., 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015); Louis v. N.Y.C. Hous. Auth., 152 F. Supp. 3d 143, 158 (S.D.N.Y. 2016) ("[P]laintiffs cannot use their opposition to the motion to dismiss to raise new claims or arguments."). Even if these claims could be considered, they are subject to dismissal for the same reasons as Plaintiff's SHRL and CHRL claims. Specifically, Plaintiff does not allege that she filed a timely notice of claim and they are also barred under the one-year statute of limitations. Further, Defendants could not have been obligated to engage in a cooperative dialogue when Plaintiff did not even establish an entitlement to an accommodation. To the extent Plaintiff is asserting this as a cause of action under the ADA, this would be subject to dismissal because Plaintiff has not filed an EEOC charge or received a right to sue letter. Further, there is no independent cause of action for failure to engage in a cooperative dialogue under the ADA. See Greenbaum v. N.Y. Transit Auth, 2022 U.S. App. LEXIS 22589, *15 (2d. Cir. Aug. 15, 2022). Accordingly, to the extent Plaintiff is raising cooperative dialogue claims in her Opposition, these claims must be dismissed.

<strong>POINT III</strong>

<strong>PLAINTIFF'S  FOURTEENTH  AMENDMENT<br>
<u>DUE PROCESS CLAIM MUST BE DISMISSED</u></strong>

Plaintiff acknowledges that "constitutional due process" is satisfied when there is a "pre-termination opportunity to respond, coupled with post-termination administrative procedures as provided by [state] statute." Opp'n at 18-19 (quoting <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 547-48 (1985) (alteration in original)). In this case, Plaintiff received sufficient pre- and post- deprivation process.

Plaintiff had the opportunity to and submitted a request for a medical exemption to the Vaccine Mandate before she was placed on LWOP and was ultimately terminated for failing to comply with the Vaccine Mandate. This was sufficient pre-deprivation process. <u>See</u> <u>Fugelsang</u>, 2025 U.S. Dist. LEXIS 61440, *16-17. After her exemption request was denied, Plaintiff had the ability to challenge that denial through an Article 78 proceeding. Plaintiff, however, chose not to avail herself of this procedure. Nonetheless, this method of redress provided Plaintiff with an adequate post-deprivation procedure. <u>See</u> <u>Goolsby v. City of New York</u>, 83 Misc. 2d 445, 455 (Sup. Ct. N.Y. Cty), <em>aff'd</em> <u>Goolsby v. City of New York</u>, 2025 N.Y. App. Div. LEXIS 1179 (1st Dept. Mar. 4, 2025). Plaintiff was provided sufficient pre- and post-deprivation process and her due process claim must, therefore, be dismissed.

<strong>POINT IV</strong>

<strong>PLAINTIFF  WAS  NOT  ENTITLED  TO  A<br>
HEARING UNDER SECTIONS 3020 OR 3020-A<br>
<u>OF THE EDUCATION LAW</u></strong>

Plaintiff argues throughout her Opposition that, as a tenured employee, she was entitled to hearings under §§ 3020 and 3020-a of the Education Law because she was disciplined for failing to comply with the Vaccine Mandate, did not waive her statutory rights, and because

6

the Vaccine Mandate did not create a new condition of employment. <u>See</u> Opp'n at 7-13, 21-22.

All of these arguments are completely foreclosed by binding case law.

Sections 3020 and 3020-a of the Education Law apply to tenured teachers facing disciplinary proceedings. <u>Matter of O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.</u>, 42 N.Y.3d 986, 990 (N.Y. 2024). These statutory sections do not apply to Plaintiff who was placed on LWOP and ultimately terminated because Plaintiff's refusal to comply with the Vaccine Mandate resulted in her failing "to comply with 'a condition of employment' that was 'unrelated to job performance, misconduct or competency.'" <u>Id</u>. at 991 (internal citation omitted). The Second Circuit has held the same. <u>See</u> <u>Garland v. New York City Fire Dep't</u>, 2024 U.S. App. LEXIS 2651,*7 (2d. Cir. Feb. 6, 2024); <u>see</u> <u>also</u> <u>Beickert v. N.Y.C. Dep't of Educ.</u>, 2023 U.S. Dist. LEXIS 170719, *11–12 (E.D.N.Y. Sept. 25, 2023); <u>Marciano v. De Blasio</u>, 589 F. Supp. 3d 423, 436 (S.D.N.Y. 2022); <u>Broecker v. New York City Dep't of Educ.</u>, 585 F. Supp. 3d 299, 318 (E.D.N.Y. 2022) ("[T]he termination of a public employee based on the employee's failure to satisfy a qualification of employment unrelated to job performance, misconduct, or competency does not implicate the disciplinary procedures set forth in N.Y. Educ. Law §§ 3020 and 3020-a.").

## POINT V

### PLAINTIFF'S SECTION 1983 CLAIM MUST BE DISMISSED

Plaintiff argues that she has stated a claim under Section 1983 because Defendants violated her "constitutional right to her employment and due process as defined in Education Law §§3020 and 3020-a, and more generally in the 14th Amendment." Opp'n at 25. In the main, Plaintiff appears to merely reiterate her arguments that she was entitled to a statutory hearing pursuant to Sections 3020 and 3020-a of the Education law, and was denied due process. Those arguments, however, should be rejected for all of the reasons set forth in Points III and IV, <u>supra</u>. Further, to

7

maintain a Section 1983 claim, Plaintiff must allege the deprivation of a constitutional right. Plaintiff cannot do so because as it pertains to the Vaccine Mandate at issue here, every court that has encountered a question as to the constitutionality of the mandate has held that the Vaccine Mandate applicable to DOE employees was entirely constitutional and lawful. See Gonzalez v. City of N.Y., 2024 U.S. Dist. LEXIS 56814, *19 (E.D.N.Y. Mar. 28, 2024) ("federal courts throughout the Second Circuit have approved vaccine mandates as a lawful condition of employment, and this Court and the Second Circuit have approved the [COVID-19] vaccine mandate"). As a result, Plaintiff does not plausibly allege a Section 1983 claim and it should be dismissed.

## POINT VI

### PLAINTIFF'S EQUAL PROTECTION CLAIM, ADA CLAIMS, AND DISABILITY DISCRIMINATION CLAIM UNDER SECTION 1983 ARE ABANDONED

Plaintiff does not oppose Defendants' argument that her Equal Protection Claim must be dismissed. Plaintiff also does not oppose any of Defendants' arguments regarding the dismissal of any claims under the Americans with Disabilities Act. Further, Plaintiff does not oppose Defendants' argument that Plaintiff failed to state a disability discrimination claim under Section 1983. Because Plaintiff does not oppose Defendants' arguments in favor of the dismissal of these claims, these claims should be deemed abandoned and dismissed. See Ezagui v. City of New York, 726 F. Supp. 2d 275 (S.D.N.Y. 2010); see also Wilkov v. Ameriprise Fin. Servs., 753 F. App'x 44, 46 n. 1 (2d Cir. 2018) (plaintiff's failure to oppose issues in opposition indicates an intention to abandon claims).

## CONCLUSION

For all of the foregoing reasons and those set forth in Defendants' initial moving papers, Defendants respectfully request that the Court grant their motion to dismiss the Amended Complaint in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
        January 30, 2026

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, Second Floor
New York, New York 10007
(212) 356-2481
blynn@law.nyc.gov

By: /s/ *Brigid Lynn*
        Brigid Lynn
        Assistant Corporation Counsel

9

## CERTIFICATION

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed brief is produced using 12-point Times New Roman type and including footnotes and excluding the cover page, captions, table of authorities, and table of contents contains approximately 2,400 words, which is permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated: New York, New York
  January 30, 2026

       Respectfully submitted,

      By: /s/ *Brigid Lynn*
       Brigid Lynn
       Assistant Corporation Counsel