UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
JADENAE TRABACCHI,

               Plaintiff,

      -against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, MELISSA
AVILES-RAMOS, Chancellor, and
KATHERINE RODI, Director of
Employee Relations,

               Defendants.
-----------------------------------------------------------X

                               **<u>REPORT AND
RECOMMENDATION</u>**
                               24-CV-6123 (RPK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

Plaintiff Jadenae Trabacchi, proceeding *pro se*, initiated this action against Defendants New York City Department of Education (the "DOE"), David Banks, in his official capacity as Chancellor of the DOE, and Katherine Rodi on August 30, 2024. Compl., ECF 1; *see* Am. Compl., ECF 24 (replacing Defendant Banks with Melissa Aviles-Ramos).[1] Plaintiff alleged that she was unlawfully terminated from her tenured teaching position with the DOE after she did not receive the COVID-19 vaccine and brought constitutional, federal, and state law claims relating to her termination. *See generally* Am. Compl., ECF 24. After this Court issued a Report and Recommendation ("R. & R."), recommending that Defendants' first motion to dismiss be granted — but prior to the district court's review of the R. & R. — Plaintiff amended her complaint, mooting the prior motion to dismiss. *See* R. & R., ECF 21; Sept. 9, 2025 ECF Order (extending the time to file objections following a notification of mail returned

---

[1] The DOE, Rodi, and Aviles-Ramos are referred to collectively as "Defendants" herein.

undelivered); Sept. 11, 2025 ECF Order (granting Plaintiff's motion for leave to file an amended complaint); *see generally Trabacchi v. Dep't of Educ. of City of N.Y.* ("*Trabacchi I*"), No. 24-CV-6123 (RPK) (TAM), 2025 WL 2922708 (E.D.N.Y. July 31, 2025). Plaintiff's amended complaint alleges substantially the same facts as her first complaint and does not correct the deficiencies identified in *Trabacchi I. Compare* Compl., ECF 1, *with* Am. Compl., ECF 24.

Currently before the Court is Defendants' motion to dismiss Plaintiff's amended complaint, which the Honorable Rachel P. Kovner referred to the undersigned Magistrate Judge for a report and recommendation. Notice of Mot. to Dismiss, ECF 32; Mem. in Supp. ("Defs. Mem."), ECF 33; Decl. in Supp. ("Lynn Decl."), ECF 34; Feb. 2, 2026 ECF Order Referring Mot.

For the reasons set forth below, the Court respectfully recommends that Defendants' motion be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Familiarity with the underlying facts and procedural history of this case is presumed. *See Trabacchi I,* 2025 WL 2922708, at *1–5. Likewise, the Court incorporates by reference the detailed analysis contained in the prior R. & R. *See generally id.* Below, the Court summarizes the relevant background for context and highlights any additional facts and procedural history that postdate the R. & R.

### I. Factual Background

Per the amended complaint,[2] Plaintiff had been a tenured teacher at the DOE for approximately ten years when the COVID-19 pandemic began. Am. Compl., ECF 24,

---

[2] The Court recites the facts as alleged in the amended complaint, which are assumed to be true for the purposes of analyzing Defendants' motion to dismiss. *See, e.g., Mikhlin v. Oasmia Pharm. AB*, No. 19-CV-4349 (NGG) (RER), 2021 WL 1259559, at *1 (E.D.N.Y. Jan. 6, 2021).

¶¶ 9, 17. Defendants oversee or hold managerial roles within the New York City public school system. *Id.* ¶¶ 10–12. Plaintiff states that she suffers from various medical conditions, including certain auto-immune disorders, and that her doctors advised against her receiving the COVID-19 vaccine because it could "exacerbat[e] her autoimmunity and genetic predisposition." *Id.* ¶ 18. In the summer and fall of 2020, Plaintiff alleges that she submitted multiple doctors' notes to Defendants, which, in her telling, communicated that Plaintiff required "a reasonable accommodation to work from home."[3] *Id.* ¶ 19; *see* Exs. to Am. Compl., ECF 24, at ECF pp. 30, 32, 33. Plaintiff asserts that "Defendants were on notice that Plaintiff could not get vaccinated against COVID." Am. Compl., ECF 24, ¶ 19.

On September 15, 2021, Defendant DOE circulated a notice of an updated "COVID Vaccine Mandate" (the "CVM" or the "Mandate"), which prohibited teachers who had not received the COVID vaccine from entering DOE buildings. *Id.* ¶ 23. Around the same time, an arbitration award, resolving an impasse regarding the Mandate between Defendants and the United Federation of Teachers,[4] created a Leave

---

[3] Plaintiff attaches three doctor's notes to her amended complaint. A note signed by Dr. Inna Pildysh, dated September 23, 2021, states: "COVID-19 vaccine is recommended in 3 months." Am. Compl., Ex. A(1), ECF 24, at ECF p. 30. A note signed by Dr. Alan P. Sherr, dated October 11, 2021, states: "[t]he Covid vaccination is not recommended." Am. Compl., Ex. A(3), ECF 24, at ECF p. 32. Another note signed by Dr. Pildysh, dated October 27, 2021, states: "COVID-19 vaccine is still recommended in 3 months." Am. Compl., Ex. A(4), ECF 24, at ECF p. 33. None of the notes indicate that Plaintiff requested or required any workplace accommodations. *See* Exs. to Am. Compl., ECF 24, at ECF pp. 30, 32, 33.

[4] Defendants' memorandum of law explains the context around this arbitration award, which the Court includes here solely to explain the origins of the Leave Without Pay ("LWOP") policy. *See* Defs. Mem., ECF 33, at 2; *see also* Lynn Decl., Ex. A, ECF 34-1. As in *Trabacchi I*, the Court did not consider this information in determining the outcome of this Report and Recommendation. *See Trabacchi I*, 2025 WL 2922708, at *2 n.6; *see, e.g., Massey v. On-Site Manager, Inc.*, No. 11-CV-2612 (BMC), 2011 WL 4356380, at *2 (E.D.N.Y. Sept. 16, 2011) ("Ordinarily, a Court may not consider materials extraneous to the complaint when deciding a motion to dismiss.").

Without Pay ("LWOP") status for employees who refused the vaccine and were denied a medical or religious exemption; placement on LWOP status "forced unvaccinated employees off of their salaries but was 'not disciplinary.'" *Id.* ¶ 21; *see id.* ¶¶ 22, 31. Plaintiff claims that she "never signed the LWOP" because she "refused to give up her tenure rights," but that she was "taken off of her salary without any due process hearing" as the result of a "secret placement [of a] problem code" on her DOE personnel file. *Id.* ¶¶ 22, 28. Plaintiff alleges that Defendant Rodi is responsible for problem code placements. *Id.* ¶ 22.

In late September 2021, Plaintiff applied for a "COVID-19 Vaccine Related Exemption or Accommodation," and on October 3, 2021, she received a "temporary exemption notice." *Id.* ¶ 27; Am. Compl., Ex. A(2), ECF 24, at ECF p. 31. Some time later, however, she received a notice that "her exemption would be over" on October 31, 2021, "unless she signed the LWOP," and later received "a final LWOP warning" in approximately October or November 2021. Am. Compl., ECF 24, ¶ 27; *see* Am. Compl., Ex. E, ECF 24, at ECF p. 60. Plaintiff was terminated from her position effective February 11, 2022. Am. Compl., ECF 24, ¶ 32; Am. Compl., Ex. F, ECF 24, at ECF p. 62.

On April 10, 2022, Plaintiff learned that her record contained a "Problem Code," rendering her "unable to work in any position for the NYC DOE or any vendor because she was deemed guilty of misconduct." Am. Compl., ECF 24, ¶ 33. In February 2023, Plaintiff was told that "she remained on the problem code" and emailed Defendant Rodi to request "a formal due process hearing where she could protest her termination and the fact that she was problem coded." *Id.* ¶ 34; *see* Am. Compl., Ex. G, ECF 24, at ECF p. 64. Plaintiff alleges that Defendant Rodi never replied. Am. Compl., ECF 24, ¶ 34.

In substance, the above factual allegations are largely the same as those that appear in the original complaint. *See generally* Compl., ECF 1. As relevant here,[5] the amended complaint includes the following additional allegations.

Plaintiff's amended complaint states:

> Defendants never engaged in a statutorily cooperative dialogue thereby engaging in an unlawful discriminatory practice warranting the uniquely broad remedial powers of this Court pursuant to [the New York State Human Rights Law ("NYSHRL")] and [the New York City Human Rights Law ("NYCHRL")] to reinstate Plaintiff and compensate her for past harm. Plaintiff has complied with all procedural prerequisites required by law.

Am. Compl., ECF 24, ¶ 35.

Plaintiff's amended complaint further states: "The Mayor's Emergency Orders cannot alter the terms of employment within the City workforce. The terms must be negotiated and ratified by vote of all members." *Id.* ¶ 36. It adds: "Vaccinations for COVID never existed as terms of employment in the [Collective Bargaining Agreement ("CBA"), and the CBA was never changed to add such mandated vaccinations." *Id.* ¶ 37.

In addition, Plaintiff's amended complaint states: "Defendants made false claims in order to retaliate against Plaintiff and similarly situated other educators," including that the CVM "changed Plaintiff's terms of employment" and "that the CVM was generally applicable, and neutral." *Id.* ¶ 3; *see id.* ¶¶ 4–5 (asserting that Defendants "retaliated against and punished [Plaintiff] for not getting the vaccine").

---

[5] In addition to making numerous technical corrections and including additional citations to legal authority, Plaintiff's amended complaint references Defendant Rodi's "testimony on March 25, 2025 when she was part of a NYC DOE 'General Committee,'" citing a May 28, 2025 blog post on advocatz.com, and publicly accessible information about other categories of workers who had been granted exemptions from the CVM. Am. Compl., ECF 24, ¶¶ 23–25.

## II. Procedural History

As noted above, Plaintiff initiated this action on August 30, 2024. Compl., ECF 1. On November 15, 2024, Defendants filed a motion to dismiss for failure to state a claim in lieu of an answer. *See* Notice of Mot. to Dismiss, ECF 14. The motion was fully briefed by January 3, 2025, and on February 26, 2025, Judge Kovner referred the motion to the undersigned Magistrate Judge for a Report and Recommendation. *See* Pl. Opp'n, ECF 18; Defs. Reply, ECF 19; Feb. 26, 2025 ECF Order Referring Mot.

On July 31, 2025, the Court issued its R. & R., which recommended that Defendants' motion to dismiss be granted. *See generally* R. & R., ECF 21; *Trabacchi I*, 2025 WL 2922708. Specifically, the Court found that (1) Plaintiff had not exhausted her administrative remedies with respect to her claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the NYSHRL, and the NYCHRL, and that her NYSHRL and NYCHRL claims were time-barred, and (2) Plaintiff failed to state a claim as to her remaining constitutional and state law allegations. *See generally Trabacchi I*, 2025 WL 2922708. The Court recommended that Plaintiff be given leave to amend her pleadings to cure the deficiencies discussed therein, and cautioned Plaintiff that "any amended pleading must plausibly establish compliance with the procedural requirements of each claim she seeks to bring and, as to the NYSHRL and NYCHRL claims, demonstrate that the claim is brought within the one-year statute of limitations." *Id.* at *27; *see id.* at *26–27.

The Court set a deadline of August 14, 2025, for objections to the R. & R., and mailed the order to Plaintiff. July 31, 2025 ECF Order. On August 22, 2025, this mailing was returned as undeliverable, and on August 29, 2025, the Court re-mailed the R. & R. and a copy of the docket sheet to Plaintiff. Aug. 22, 2025 ECF Notice; *see* Sept. 9, 2025

ECF Order (extending the deadline to file objections to September 12, 2025, in light of the re-mailing).

On September 8, 2025, Plaintiff filed a letter motion for leave to file an amended complaint in response to the R. & R., which Judge Kovner granted three days later. Pl. Letter Mot., ECF 23; Sept. 11, 2025 ECF Order (granting leave to file amended complaint and terminating Defendants' first motion to dismiss with leave to reopen). On October 29, 2025, Judge Kovner issued an order terminating the R. & R. as moot in light of Plaintiff's amended complaint. Oct. 29, 2025 ECF Order.

Following multiple extensions of the deadline to respond to the amended complaint, Defendants filed a second motion to dismiss on December 12, 2025, and the motion was fully briefed by January 30, 2026. *See* Notice of Mot. to Dismiss, ECF 32; Defs. Mem., ECF 33; Lynn Decl., ECF 34; Pl. Opp'n, ECF 35; Reply, ECF 36. On February 2, 2026, Judge Kovner referred the motion to dismiss to the undersigned for a report and recommendation. Feb. 2, 2026 ECF Order Referring Mot.

For the reasons discussed below, the Court respectfully recommends that Defendants' second motion to dismiss be granted in full.

## DISCUSSION

Based on the allegations described above, construed "liberally" in light of Plaintiff's *pro se* status, Plaintiff asserts seven causes of action. *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). They are: (1) discrimination under the ADA, the NYSHRL, and the NYCHRL; (2) failure to accommodate under the ADA, the NYSHRL, and the NYCHRL; (3) retaliation under the ADA, the NYSHRL, and the NYCHRL; (4) discrimination under 42 U.S.C. § 1983; (5) a procedural due process violation under the Fourteenth Amendment; (6) an equal protection violation under the Fourteenth

7

Amendment; and (7) violations of New York Education Laws § 3020 and § 3020-a.[6] *See generally* Am. Compl., ECF 24; Pl. Opp'n, ECF 35.

Defendants seek to dismiss Plaintiff's amended complaint in its entirety, with prejudice, arguing that Plaintiff has not cured the deficiencies identified in the first R. & R. *See generally* Defs. Mem., ECF 33. Defendants contend that Plaintiff has not plausibly alleged that she has exhausted her administrative remedies under the ADA, the NYSHRL, and the NYCHRL, which, for her ADA claims, require that Plaintiff obtain a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC"), and for her state claims, timely file a notice of claim. *Id.* at 6–7. Defendants further argue that Plaintiff's amended complaint does not plausibly allege that her NYSHRL and NYCHRL claims are timely filed. *Id.* at 8. Finally, Defendants maintain their position that Plaintiff's remaining constitutional and state law claims fail as a matter of law. *Id.* at 8–18. As a coda, Defendants argue that any requests to further amend the complaint should be denied as futile. *Id.* at 19.

## I. Procedural Deficiencies: ADA, NYSHRL, and NYCHRL Claims

Plaintiff's amended complaint fails to allege with particularity that she has exhausted the administrative remedies required under the ADA, the NYSHRL, and the

---

[6] The amended complaint abandons Plaintiff's earlier claims for a Fourth Amendment search and seizure violation and fraud in the inducement. *Compare* Compl., ECF 1, *with* Am. Compl., ECF 24. To the extent that Plaintiff's first complaint could be interpreted to raise claims alleging discrimination "based upon the Plaintiff's religion" under the Fourteenth Amendment's Equal Protection Clause, Title VII, the NYSHRL, or the NYCHRL, those claims, too, have been repudiated. Compl., ECF 1, ¶ 54; *see* Pl. Opp'n, ECF 35, at 23 (asserting that "Plaintiff does not allege any discrimination on the basis of religion in her complaint").

NYCHRL. Consequently, to the extent that her claims arise under these laws, the Court recommends that they be dismissed for failure to state a claim.[7]

### 1. ADA Claims

"As a condition precedent to bringing a claim under the ADA, a plaintiff must show that she exhausted her administrative remedies," which includes timely filing a charge with the EEOC or the equivalent state agency. *Lebowitz v. New York City Dep't of Educ.*, 407 F. Supp. 3d 158, 174 (E.D.N.Y. 2017); *see Hoffman v. Williamsville Sch. Dist.*, 443 F. App'x 647, 649–50 (2d Cir. 2011) (summary order). The plaintiff must then await "dismissal of the administrative charge (or a failure to act)," which results in a "right-to-sue" letter. *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 213–14 (2d Cir. 2006).

Here, Plaintiff's amended complaint merely asserts that she has "complied with all procedural prerequisites required by law." Am. Compl., ECF 24, ¶ 35. Her briefing papers repeat her earlier arguments that she "exhausted her administrative remedies" by sending "her doctors' notes to the NYC DOE Human Resources" and that she "cannot be barred from pursuing her claims because Defendants failed to complete a review process they themselves promised." Pl. Opp'n, ECF 35, at 22–25 (capitalization modified); *see also* Pl. Opp'n, ECF 18, at 7. However, despite the Court's caution that Plaintiff "must plausibly establish compliance with the procedural requirements of each claim she seeks to bring" in any amended pleading, Plaintiff's amended complaint does not allege that she filed a charge with the EEOC or state equivalent, timely or at all. *Trabacchi I*, 2025 WL 2922708, at *7–8, *27; *see* Defs. Mem., ECF 33, at 6–7; *see generally*

---

[7] Because the Court finds — now for the second time — that Plaintiff has failed to state a claim under these laws because of the identified procedural deficiencies, the Court declines to assess the merits of these claims. *See, e.g.*, *Morris v. AHRCNYC*, No. 18-CV-6885 (LDH) (RML), 2019 WL 6307365, at *3 (E.D.N.Y. Nov. 22, 2019).

Am. Compl., ECF 24. Her mere assertion that she "has complied with all procedural prerequisites required by law," Am. Compl., ECF 24, ¶ 35, particularly in the context of the Court's earlier warning, does not provide sufficient factual content to allow "the court to draw the reasonable inference" that Plaintiff filed a charge with the EEOC or the New York State Division of Human Rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[8]

Accordingly, because Plaintiff has not alleged administrative exhaustion, the Court respectfully recommends that Plaintiff's ADA claims be dismissed. *See Trabacchi I*, 2025 WL 2922708, at *7–8.

### 2. *NYSHRL & NYCHRL Claims*

#### a. <u>Notice of Claim Requirement</u>

Under Education Law § 3813(1), a plaintiff cannot bring an employment discrimination claim against a school district or school officer unless her complaint alleges that "a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim." N.Y. Educ. Law § 3813(1); *see Bacchus v. New York City Dep't of Educ.*, 137 F. Supp. 3d 214, 234 (E.D.N.Y. 2015); *Hartley v. Rubio*, 785 F. Supp. 2d 165, 184–85 (S.D.N.Y. 2011). "Where a plaintiff fails to file a notice of claim that complies with the statute's requirements, the plaintiff's claims may be dismissed as a matter of law." *Schwetz v. Bd. of Coop. Educ. Servs.*, No. 21-CV-3396 (PKC) (LGD), 2024

---

[8] Plaintiff's argument that "exhaustion is excused 'when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury'" is misplaced. Pl. Opp'n, ECF 35, at 24 (quoting *Town of Oyster Bay v. Kirkland*, 19 N.Y.3d 1035, 1038 (2012) (internal quotation marks omitted)). The issue is not that Plaintiff has failed to "exhaust her internal appeals processes" within the DOE, the agency whose actions she is challenging; it is that she has failed to allege that she filed a charge of discrimination with the appropriate agency and received a right-to-sue letter, as required by the ADA. *Id.* at 23; *see id.* at 24 (asserting that Plaintiff "pursued every available avenue to obtain an accommodation to work remotely"); *cf. Trabacchi I*, 2025 WL 2922708, at *8.

WL 4350530, at *9 (E.D.N.Y. Sept. 30, 2024), *aff'd*, No. 24-2957-cv, 2026 WL 479634 (2d Cir. Feb. 20, 2026) (summary order).

To the extent that Plaintiff's discrimination, failure to accommodate, or retaliation claims arise under the NYSHRL or the NYCHRL, they will survive a motion to dismiss only if the notice of claim requirement under § 3813 has been met. *See Putkowski v. Warwick Valley Cent. Sch. Dist.*, 363 F. Supp. 2d 649, 653–54 (S.D.N.Y. 2005). In her opposition to Defendants' first motion to dismiss, Plaintiff asserted that she filed a notice of claim "on February 23, 2023," but her papers do not make clear whether Plaintiff ever served the notice on the DOE governing board, as required under § 3813(1). *See Trabacchi I*, 2025 WL 2922708, at *8, *10; *see also Bacchus*, 137 F. Supp. 3d at 234.

Moreover, as discussed above, despite the Court's earlier warning, Plaintiff's amended pleadings do not allege particularized facts to show that she timely filed a notice of claim; rather, she includes a bare assertion that she "has complied with all procedural prerequisites required by law." Am. Compl., ECF 24, ¶ 35. Courts assessing notice of claim compliance have strictly enforced the requirement that compliance, including the notice to the governing board, must be alleged in the complaint. *See Putkowski*, 363 F. Supp. 2d at 653–54; *Hartley*, 785 F. Supp. 2d at 184–85. But even if the Court could consider facts alleged in Plaintiff's opposition to the *earlier* motion to dismiss, and even assuming *arguendo* that Plaintiff plausibly alleged proper service of the notice of claim therein, her notice of claim was untimely, as Plaintiff alleges that it was filed more than 90 days after the allegedly discriminatory conduct occurred. *See Trabacchi I*, 2025 WL 2922708, at *8 (observing that February 23, 2023, is over 300 days

following both her termination date and knowledge of the problem code placement); *see also Putkowski*, 363 F. Supp. 2d at 653–54.

For the reasons set forth above and discussed in the prior R. & R., the Court respectfully recommends dismissing Plaintiff's NYSHRL and NYCHRL claims due to Plaintiff's failure to establish that she filed the required notice of claim.

b. <u>Statute of Limitations</u>

Because Plaintiff asserts claims against a school district and school officers, Plaintiff's NYSHRL and NYCHRL claims are subject to a one-year statute of limitations. *See* N.Y. Educ. Law § 3813(2-b); *Vora v. New York City Dep't of Educ.*, No. 22-CV-10891 (PGG) (SDA), 2024 WL 1421131, at *15 (S.D.N.Y. Jan. 24, 2024) (finding claims against the DOE and school officers subject to a one-year statute of limitations), *report and recommendation adopted*, 2024 WL 1116312 (S.D.N.Y. Mar. 14, 2024); *see also Trabacchi I*, 2025 WL 2922708, at *11 (finding that former defendant Banks and Defendant Rodi are considered school officers).

Plaintiff initiated this action on August 30, 2024. *See generally* Compl., ECF 1. The Court previously found that any NYSHRL and NYCHRL claims that accrued before August 30, 2023, are time barred. *Trabacchi I*, 2025 WL 2922708, at *11; *cf. Vora*, 2024 WL 1421131, at *15–16. Plaintiff's amended complaint does not make any new allegations that would overcome this time bar. *Compare* Compl., ECF 1, ¶¶ 28–29 (alleging that Plaintiff was terminated on February 11, 2022, and learned of her problem code classification on April 10, 2022), *with* Am. Compl., ECF 24, ¶¶ 32–33 (same). The statute

of limitations on Plaintiff's claims expired long before the complaint was filed on August 30, 2024.[9]

In addition to recommending dismissal of Plaintiff's NYSHRL and NYCHRL claims for failure to timely file the notice of claim, the Court respectfully recommends that Plaintiff's NYSHRL and NYCHRL claims be dismissed as time barred.

\* \* \* \* \*

For the reasons discussed above and in *Trabacchi I*, the Court again recommends that Plaintiff's ADA, NYSHRL, and NYCHRL claims be dismissed for failure to exhaust administrative remedies. The Court further recommends that Plaintiff's NYSHRL and NYCHRL claims be dismissed as time barred.

## II. Motion to Dismiss for Failure to State a Claim: Claims Arising Under the Constitution, 42 U.S.C. § 1983, and N.Y. Educ. Law §§ 3020, 3020-a

Because Plaintiff's amended complaint fails to cure the deficiencies identified in *Trabacchi I*, to the extent that Plaintiff's claims arise under § 1983 or §§ 3020 and 3020-a of the New York Education Law, the Court again respectfully recommends that they be dismissed for failure to state a claim.[10]

---

[9] Plaintiff's argument that the applicable one-year statute of limitations is preempted by the three-year statute of limitations for federal Title VII claims is inapposite. *See* Pl. Opp'n, ECF 35, at 16–17. "[T]he Supremacy Clause . . . invalidates state laws that interfere with, or are contrary to, federal law." *Hillsborough County v. Automated Med. Labs., Inc.*, 471 U.S. 707, 712 (1985) (quotation marks omitted). Here, the NYSHRL and the NYCHRL do not interfere with, nor are they contrary to, Title VII. The city, state, and federal laws create distinct causes of action, and each has its own applicable statute of limitations. *See, e.g.*, *Zagerson v. New York City Dep't of Educ.*, No. 20-CV-11055 (KPF), 2022 WL 292917, at *7 (S.D.N.Y. Jan. 31, 2022).

[10] The Court incorporates by reference its extensive discussion of the applicable legal standards, including the familiar standards for motions to dismiss under Fed. R. Civ. P. 12(b)(6) in the context of *pro se* complaints, and analysis of the pertinent facts as set forth in *Trabacchi I*, 2025 WL 2922708, at *12–24.

Plaintiff's amended complaint alleges unlawful discrimination under § 1983 "on the basis of her medical condition," stating that her "medical challenges and impairments led directly to her being harassed and belittled by employees." Am. Compl., ECF 24, ¶¶ 40, 52; *see id.* ¶¶ 38–52. It also repeats her procedural due process and equal protection claims, which the Court analyzes under § 1983.[11] *Id.* ¶¶ 60–65, 66–80. Plaintiff's procedural due process claims rely on the Constitution and §§ 3020 and 3020-a of the New York Education Law and are analyzed accordingly. *Id.* ¶¶ 66–80.

The Court finds that Plaintiff has failed to plausibly plead any constitutional violations, and that as a matter of law, she was not entitled to the relief she seeks under Sections 3020 and 3020-a of the New York Education Law. Accordingly, the Court recommends that these claims be dismissed with prejudice.

## A. Constitutional Claims

### 1. *Legal Standards*

Section 1983 provides, in pertinent part, that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . causes . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action . . . ." 42 U.S.C. § 1983; *see also Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain a claim under § 1983, "two essential elements must be present: (1) the conduct complained of must have been

---

[11] Section 1983 provides a "statutory vehicle" for constitutional claims "'against any person who deprives an individual of federally guaranteed rights "under color" of state law.'" *Bey v. Westbury Union Free Sch. Dist.*, No. 21-CV-2048 (RPK) (PK), 2022 WL 900615, at *8 (E.D.N.Y. Mar. 28, 2022) (quoting *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983)). Because Plaintiff asserts constitutional violations against Defendants for actions taken "under color of law," Plaintiff's constitutional claims are analyzed under § 1983. Am. Compl., ECF 24, ¶ 52; *see Bey,* 2022 WL 900615, at *8.

committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015).

The Fourteenth Amendment to the United States Constitution states, in part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. For a procedural due process claim to survive a motion to dismiss, a plaintiff must show that "(1) he or she possesses a protected liberty or property interest, and (2) was deprived of that interest without constitutionally adequate process." *Garland v. City of New York* ("*Garland I*"), 665 F. Supp. 3d 295, 304 (E.D.N.Y. 2023), *aff'd sum nom Garland v. New York City Fire Dep't* ("*Garland II*"), No. 23-663-cv, 2024 WL 445001 (2d Cir. Feb. 6, 2024); *see also O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir. 2005). To state an equal protection claim, "a plaintiff must demonstrate that [they were] treated differently than others similarly situated as a result of intentional or purposeful discrimination." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005). "Where disability [or medical] discrimination is at issue, the Fourteenth Amendment only proscribes government conduct for which there is no rational relationship between the disparity of treatment and some legitimate governmental purpose." *Garcia v. S.U.N.Y. Health Scis. Ctr.*, 280 F.3d 98, 109 (2d Cir. 2001) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 366–67 (2001); *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 442–47 (1985)); *see also Doall v. Plumadore*, No. 07-CV-0617 (ADS) (AKT), 2007 WL 9711199, at *8 (E.D.N.Y. Sept. 10, 2007) ("Although disability is not a suspect class, the Equal Protection clause still protects against arbitrary and irrational discrimination." (quotation marks omitted)).

*2. Analysis*

Construing Plaintiff's amended complaint broadly, Plaintiff does not adequately plead that she was deprived of any constitutional right. Accordingly, she cannot allege any § 1983 claims against Defendants, and the Court recommends that Plaintiff's § 1983 and corresponding constitutional claims be dismissed. *Accord Trabacchi I*, 2025 WL 2922708, at *13–22 (recommending that these claims be dismissed for the same reason).

As to Plaintiff's procedural due process claim, by now, more than six years after the beginning of the COVID-19 pandemic, it is well established that the CVM provided constitutionally sufficient due process to New York City employees who were placed on LWOP status or terminated.[12] *See, e.g.*, *Garland II*, 2024 WL 445001, at *5 (finding that

---

[12] To the extent that Plaintiff's allegations regarding her "problem code" placement, which she alleges "permanently prohibited [her] from obtaining employment in her chosen career in New York City schools and their vendors," can be interpreted as arising under the Due Process Clause, these claims likewise fail. Am. Compl., ECF 24, ¶ 5; *see id.* ¶ 73 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) for the proposition that "public employees with a property interest in their jobs are entitled to a pre-termination hearing" (quotation marks omitted)); *see also id.* ¶¶ 33, 45, 48, 50, 69. First, while Plaintiff is correct that tenured teachers have a protected property interest in their jobs, as discussed above, Plaintiff received constitutionally adequate process as regards her termination. *See Broecker v. New York City Dep't of Educ.*, No. 23-655-cv, 2023 WL 8888588, at *2 (2d Cir. Dec. 26, 2023). Second, inasmuch as Plaintiff alleges that the problem code prevented her from obtaining future employment with the DOE or its vendors, "there is no constitutionally protected property interest in *prospective* government employment." *Abramson v. Pataki*, 278 F.3d 93, 100 (2d Cir. 2002) (emphasis added); *see Crenshaw v. City of New Haven*, 652 F. App'x 58, 60 (2d Cir. 2016) (collecting cases); *cf. Moss v. Bd. of Educ. of Brentwood Sch. Dist.*, No. 23-CV-6571 (JS) (SIL), 2025 WL 1548945, at *2, *8 n.10 (E.D.N.Y. May 30, 2025) (noting that the plaintiff, a former math teacher, had no protected property interest in a principal position to which he had applied). Finally, to the extent Plaintiff is attempting to allege a stigma-plus due process violation — *i.e.*, where a plaintiff alleges that a false statement has injured her reputation, and that reputational harm is associated with a "tangible" and "material state-imposed burden" — courts in this district have routinely dismissed such claims where, as here, the plaintiff has not "dispute[d] that she did not get vaccinated" and therefore has not "raised the falsity of the allegedly stigmatizing statements." *Hurley v. Dep't of Educ. of City of New York*, No. 24-CV-1664 (NRM) (LKE), 2025 WL 2711471, at *13, *14 (E.D.N.Y. Sept. 23, 2025) (cleaned up); *accord Parrino v. Dep't of Educ. of City of New York*, No. 24-CV-8892 (AMD) (JRC), 2026 WL 407507, at *8 (E.D.N.Y. Feb. 13, 2026); *see also, e.g., Lynch v. Dep't of Educ. of City of New York*, No. 24-CV-7795 (DG) (JAM), __ F. Supp. 3d __, 2026 WL 607650, at *17–18 (E.D.N.Y. Mar. 4, 2026) (dismissing stigma-plus claim because, *inter alia*, the plaintiff "was afforded meaningful pre- and post-deprivation process").

the pre- and post-deprivation process afforded to firefighters who were placed on LWOP status or terminated for refusing the COVID vaccine "satisfied the minimum standard set by the federal constitution"); *Broecker v. New York City Dep't of Educ.*, 585 F. Supp. 3d 299, 312–14 (E.D.N.Y. 2022) (same as to DOE employees), *aff'd*, No. 23-655-cv, 2023 WL 7485465 (2d Cir. Nov. 13, 2023), and *aff'd*, No. 23-655-cv, 2023 WL 8888588 (2d Cir. Dec. 26, 2023) (observing that the "plaintiffs have not pleaded any facts that would suggest that the pre- or post-deprivation processes afforded to them were constitutionally deficient"). Plaintiff does not allege any additional facts in her amended complaint that would alter this analysis.

Likewise, to the extent that Plaintiff's equal protection claim relies on allegations that she experienced discrimination because of her medical condition, the Second Circuit has found that the CVM was "a reasonable exercise of the State's power to act to protect the public health." *Kane v. De Blasio*, 19 F.4th 152, 166 (2d Cir. 2021); *see We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 290 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021). Stated differently, because the CVM survives rational basis review, Defendants' treatment of Plaintiff under the CVM, as alleged in the amended complaint, does not violate the equal protection clause. *See Trabacchi I*, 2025 WL 2922708, at *20.

To the extent that Plaintiff asserts a selective enforcement claim — that is, compared to other similarly situated employees, such as A.P., Plaintiff was selectively terminated and a problem code placed on her personnel file because of "an intention to discriminate on the basis of impermissible considerations . . . or [] a malicious or bad faith intent to injure the person" — her amended complaint does not allege any facts that would give rise to this inference. *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019) (quotation marks omitted); *compare* Am. Compl., ECF 24, ¶¶ 42–43, *with* Compl.,

17

ECF 1, ¶¶ 35–36. As to A.P., Plaintiff has not "allege[d] that A.P. had the same medical issues as Plaintiff, did not submit any documentation indicating that A.P. was restricted from receiving the COVID-19 vaccine, and still received a medical exemption," and that Plaintiff's treatment was the result of an impermissible motivation or discrimination. *Trabacchi I*, 2025 WL 2922708, at *22. As this Court previously found, "Plaintiff's conclusory allegation that Defendants selectively enforced the Mandate against her, without identifying similarly situated individuals or plausibly alleging that her own treatment was the result of impermissible motivation or discrimination, is not sufficient to state a claim for equal protection violations under [a selective enforcement] theory." *Id.*

Because Plaintiff fails to state a plausible violation of the due process or equal protection clauses, the Court respectfully recommends that Plaintiff's constitutional claims be dismissed.

### B. Plaintiff's Claim to a Hearing Under §§ 3020 and 3020-a

New York Education Law §§ 3020 and 3020-a govern the discipline of tenured DOE teachers like Plaintiff. Section 3020 requires that the discipline or removal of tenured teachers be for just cause and in compliance with the process outlined in § 3020-a; § 3020-a allows tenured teachers charged with misconduct to request arbitration of any charges brought against them. N.Y. Educ. Law §§ 3020, 3020-a. Teachers who are terminated for "failure to satisfy a qualification of employment unrelated to job performance, misconduct, or competency" are ineligible for the disciplinary procedures outlined under these sections. *Broecker*, 585 F. Supp. 3d at 318–19 (collecting cases).

Plaintiff argues that she was entitled to a hearing under this law, and that because she did not receive one, she was deprived of due process. *See* Am. Compl., ECF 24, ¶¶ 2, 6, 28, 36, 66–80; Pl. Opp'n, ECF 35, at 7–13, 25–27. Not so. As myriad courts in

18

this circuit have held, the Mandate created a condition of employment as a matter of law; therefore, because she was terminated for failure to comply with the Mandate as a qualification of employment, Plaintiff was not entitled to a hearing. *See, e.g., Garland I*, 665 F. Supp. 3d at 307 n.8 (collecting cases upholding vaccination as condition of employment); *Lynch*, 2026 WL 607650, at *21 (citing, *inter alia*, *Trabacchi I*, 2025 WL 2922708, at *24); *see also Marciano v. de Blasio*, 589 F. Supp. 3d 423, 436 (S.D.N.Y. 2022). Plaintiff's assertions that "[t]he Mayor's Emergency Orders cannot alter the terms of employment within the City workforce" and that "[v]accinations for COVID never existed as terms of employment in the CBA" are plainly incorrect in view of the substantial authority to the contrary. Am. Compl., ECF 24, ¶¶ 36–37.

For the reasons stated above and in *Trabacchi I*, the Court recommends that Plaintiff's claims regarding her entitlement to disciplinary procedures under New York Education Law §§ 3020 and 3020-a be dismissed. *See Trabacchi I*, 2025 WL 2922708, at *18, *23–24.

### III. Leave to Replead

Defendants argue that Plaintiff should not be given leave to amend her complaint a second time because "amendment would be futile and would not remedy the procedural defects warranting dismissal here." Def. Mem., ECF 33, at 19. Plaintiff does not oppose this argument, nor does she request leave to replead. *See generally* Pl. Opp'n, ECF 35.

Ordinarily, "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *see Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (observing that *pro se* plaintiffs "should be afforded every reasonable opportunity to demonstrate" the validity of their claims (quotation marks omitted)). However, "even in a *pro se* case, 'leave to amend

may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies.'" *Brown v. Cathey*, No. 24-CV-1154 (PAE) (GWG), 2026 WL 318357, at *5 (S.D.N.Y. Feb. 6, 2026) (quoting *Roderick v. Joel*, No. 25-CV-5446 (LLS), 2026 WL 90041, at *3 (S.D.N.Y. Jan. 13, 2026)), *report and recommendation adopted*, 2026 WL 636848 (S.D.N.Y. Mar. 6, 2026).

Here, Plaintiff was provided ample notice of the deficiencies in her complaint, in the form of a lengthy R. & R. that analyzed, in granular detail, "the strongest arguments" Plaintiff's submissions could be interpreted to suggest, as required for a *pro se* pleading. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks omitted); *see generally Trabacchi I*, 2025 WL 2922708. Plaintiff sought leave to amend her complaint in direct response to the R. & R., "based upon new and relevant information that further supports and clarifies the claims" in her complaint. Pl. Letter Mot., ECF 23, at 1; *see id.* (seeking to submit an amended complaint "as suggested in Magistrate Judge Merkl's Report and Recommendation"). Yet in her amended complaint, "Plaintiff asserts the same claims against [effectively] the same Defendants" without curing "the pleading defects that were identified in those claims." *Elmore v. Atieh*, No. 5:23-CV-0508 (GTS) (TWD), 2024 WL 770768, at *2 (N.D.N.Y. Feb. 26, 2024). In such a case, where a liberal reading of the complaint does not suggest that "plaintiff has a claim that she has inadequately or inartfully pleaded," leave to replead would be futile and therefore should be denied. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Accordingly, the Court respectfully recommends that Plaintiff should not be given leave to replead her complaint.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Defendants' second motion to dismiss be granted in its entirety. The Court further recommends that

this dismissal be with prejudice, and that Plaintiff be denied leave to amend, as discussed above.

*   *   *   *   *

This report and recommendation will be filed electronically and sent by mail to Plaintiff Jadenae Trabacchi. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable Rachel P. Kovner at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate[ judge's] decision" (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
        April 28, 2026

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE