*** Filed ***
11:32 AM, 11 May, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

—————————————————————————x

**JADENAE TRABACCHI,**

        Plaintiff

        **Docket No: 24-CV-6123 (RPK) (TAM)**

--against-

**THE DEPARTMENT OF EDUCATION  OF**
**THE CITY OF NEW YORK, MELISSA**
**AVILES-RAMOS, Chancellor; and**
**KATHERINE RODI, Director of Employee Relations,**

        Defendants

—————————————————————————x

# PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE MERKL'S REPORT AND RECOMMENDATION

JADENAE TRABACCHI
*Plaintiff Pro Se*
8420 20TH Avenue, Apt C1
Brooklyn, N.Y. 11214
631-484-1127
Email: JadenaeTrabacchi@gmail.com

1

## PRELIMINARY STATEMENT

Plaintiff pro se Jadenae Trabacchi ("Plaintiff") respectfully submits these Objections to the Report and Recommendation of Magistrate Judge Taryn A. Merkl ("R&R"), dated April 28, 2026. These Objections are timely filed, 14 days after Plaintiff received the Objections, on May 12 2026, pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1).

## I. PROCEDURAL PRESERVATION AND NON-WAIVER

For purposes of appellate review, Plaintiff makes note of shocking bias on the part of Magistrate Judge Taryn A. Merkl clearly visible in Judge Merkl's first and second Report and Recommendations, (Dkt 21 (July 31, 2025) and Dkt 37 (April 28, 2026) respectively). Plaintiff respectfully submits her evidence on this judicial prejudice so that she may get relief from the Court on Appeal, if necessary.

On July 31, 2025 Magistrate Judge Taryn A. Merkl filed her first Report and Recommendation ("R&R") in this matter recommending the dismissal of this case in full because that is what the City Law Department wanted, based upon their Motion To Dismiss which had no facts supporting their argument.

On p.1 of her first R&R, Judge Merkl wrote, "However, Plaintiff fails to plead any particularized facts indicating that she apprised the DOE of a medical condition that would restrict her ability to receive the COVID-19 vaccine, nor has she plausibly alleged that she ever requested an accommodation for her religious views."

Yet Plaintiff submitted with her Amended Complaint her doctors' notes, wherein they stated that Plaintiff had COVID and therefore could not get vaccinated, her denial from HR Connect, and Correspondence, and pled that she filed requests for medical accommodation with the Defendants,

2

and filed Notices of Claim in 2022, 2023 claimed in her Amended Complaint. (EXHIBITs 1(a), (b), (c); EXHIBIT 2, 3, and 4. Yet on p. 2, Judge Merkl wrote:

"Plaintiff alleges that she suffered from multiple auto-immune disorders, including Hashimoto's Thyroiditis and MTHFR-recessive gene expression. (*Id.* ¶ 15.) Plaintiff claims that her doctors advised her against receiving the COVID-19 vaccine, as the vaccine may "exacerbat[e] her autoimmunity and genetic predisposition." (*Id.* ¶¶ 15, 32 (alleging that "Plaintiff has had actual, medically documented impairments and challenges to her health which her doctors have told her could get worse and cause her bodily harm if she was vaccinated with the COVID vaccine").)

Judge Merkl chose to ignore all Plaintiff's exhibits attempting to convince the Department of Education in New York City ("DOE") to give her an accommodation. Judge Merkl ignored this information, presumably because Plaintiff's proactive appeals were not convenient, and because Plaintiff's appeals conflicted with the real focus of the Judge, which was to get this matter dismissed. Indeed, Judge Merkl in her second R&R complained that Plaintiff submitted her same arguments and Exhibits, and therefore her Amended Complaint had to be dismissed, even though Judge Merkl's first dismissal made no sense. The second one doesn't either, because Defendants have never presented any facts that conflict with Plaintiff's arguments. Judge Merkl's decision is unlawful and is not based on just cause.

Even more shocking was the false claim on p.2 of the first R&R where, in footnote 1, Judge Merkl wrote:

> [1] While Defendants Rodi and Banks have not formally appeared in the action, the motion to dismiss was filed on behalf of all Defendants. (Defs.' Mem., ECF No. 15, at 1 n.1 ("Plaintiff has not properly served the individual defendants, Banks and Rodi[.] However, this Motion is being submitted on behalf of all defendants.").)

This is completely false, and easily proven. The reason for Judge Merkl's shocking entry in the R&R quoted above that Rodi and Banks were not served came from the Motion To Dismiss filed by City Law Department Attorney Kathleen M. Linnane and then adopted by Attorney Lynn, saying that neither Banks or Rodi could be served at 100 Church Street, a total lie. On the Court's Docket at #7,8,9, the information is all there, that David Banks (replaced by Melissa Aviles-Ramos after the

3

Complaint was filed) and Katherine Rodi ("Rodi"), Director of Employee Relations, all named in their official capacities – were served on 9/24/24 by a professional process server, *a year earlier than the R&R.* (Gotham Process Inc., see Docket for #7, 8, 9.). Since at least 2018, all lawsuits filed against Katherine Rodi and/or the Chancellor have been served at 100 Church Street in Manhattan. Plaintiff fortunately obtained the assistance of Education Expert Witness Betsy Combier, who wrote an Affidavit on the lie of Attorneys Kathleen Linnane and Brigid Lynn, and adopted by Judge Merkl.

On November 19, 2025 Plaintiff wrote and filed two letters to Magistrate Judge Merkl, one asking why service on Ms. Rodi was properly made at 100 Church in several other cases, why not this case? (See Docket #26), and a second letter wherein an Affidavit signed by Betsy Combier described the history behind the service on Katherine Rodi at 100 Church Street. See Attached**, EXHIBIT J**, and Docket #27. Plaintiff successfully showed that Katherine Rodi was served properly. It is disturbing that Judge Merkl would align herself with such a false statement in the first place.

## II. PORTIONS OF THE R&R TO WHICH PLAINTIFF OBJECTS

### A. The R&R Copies the Defendants' Arguments and Omits Statements and Exhibit Review from Plaintiff's Amended Complaint

The second R&R starts off with: the documents "[C]urrently before the Court: "Defendants' motion to dismiss Plaintiff's amended complaint, which the Honorable Rachel P. Kovner referred to the undersigned Magistrate Judge for a report and recommendation. Notice of Mot. to Dismiss, ECF 32; Mem. in Supp. ("Defs. Mem."), ECF 33; Decl. in Supp. ("Lynn Decl."), ECF 34; Feb. 2, 2026 ECF Order Referring Mot."

None of Plaintiff's papers or EXHIBITS are mentioned. This may account for Judge Merkl denying each and every claim made by Plaintiff, using the exact same arguments that are seen in the papers submitted by the Defendants. Plaintiff's claims are not considered.

4

On p. 3, this omission by Judge Merkl of Plaintiff's arguments and documents being reviewed is confirmed. In footnote 3, Judge Merkl writes:

[3] Plaintiff attaches three doctor's notes to her amended complaint. A note signed by Dr. Inna Pildysh, dated September 23, 2021, states: "COVID-19 vaccine is recommended in 3 months." Am. Compl., Ex. A(1), ECF 24, at ECF p. 30. A note signed by Dr. Alan P. Sherr, dated October 11, 2021, states: "[t]he Covid vaccination is not recommended." Am. Compl., Ex. A(3), ECF 24, at ECF p. 32. Another note signed by Dr. Pildysh, dated October 27, 2021, states: "COVID-19 vaccine is still recommended in 3 months." Am. Compl., Ex. A(4), ECF 24, at ECF p. 33. None of the notes indicate that Plaintiff requested or required any workplace accommodations. *See* Exs. to Am. Compl., ECF 24, at ECF pp. 30, 32, 33.

Presumably, as Judge Merkl was focused on dismissing Plaintiff's Amended Complaint in its' entirety, EXHIBIT A(2) in the AC did not work for her, so she omitted this exhibit in order to make her claim that Plaintiff did not request an accommodation. Plaintiff also wrote in her Amended Complaint ("AC")  about seeking an extension of her medical exemption: ¶¶6, 27, 42, 43, 44 (AC). Plaintiff pled sufficiently at this stage in the litigation that she sought an accommodation/extension of her medical exemption on multiple occasions. She could enlarge on her many efforts in discovery. See EXHIBIT D, attached (in Complaint). The claim made by Judge Merkl that Plaintiff did not request any workplace accommodation – for example, a remote teaching job – is completely false and proven to be so in the papers submitted by Plaintiff.

**B. The R&R Improperly Resolves Factual Disputes and Draws Inferences Against Plaintiff at the Pleading Stage**

At the Rule 12(b)(6) stage, the Court must accept Plaintiff's well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020), New England Carpenters Guaranteed Annuity & Pension Funds v. DeCarlo, 122 F.4th 28, 39 (2d Cir. 2024) (citation omitted), cert. denied sub nom., BDO USA, LLP v. New England Carpenters Guaranteed Annuity & Pension Funds, No.

5

24-1151, 2025 WL 2824451 (S. Ct. Oct. 6, 2025). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sierra Club v. Con-Strux, LLC, 911 F.3d 85, 88 (2d Cir. 2018) (citation & quotations omitted). Courts in this Circuit consistently reverse dismissal where the district court resolves factual disputes against the plaintiff at the pleading stage. See McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004).

Plaintiff alleges that she was subjected to adverse governmental action resulting in professional, financial, and constitutional injury for which she has not been compensated. Her Amended Complaint attaches and incorporates Exhibits A–I and her Opposition attaches Exhibits J–P, which provide detailed factual support. Among other things, Plaintiff alleges that after she received her temporary medical exemption she made multiple pleas to Human Resources to get an extension, all in vain. Then Defendants placed a "Problem Code" on her personnel file, deeming her ineligible for continued employment, effectively labeling her guilty of misconduct, and preventing her access to reinstatement, payroll, and other professional benefits. Plaintiff further alleges she was never afforded access to the Citywide Panel review process and no disciplinary hearing under Education Law § 3020-a was ever scheduled.

Whether Plaintiff received a meaningful process, including appeals or access to Citywide Panel review, is a fact-intensive inquiry not suitable for resolution on a motion to dismiss. See Hu v. City of New York, 927 F.3d 81, 92 (2d Cir. 2019) (comparator and procedural details are matters for discovery).

By presuming Plaintiff received the same procedural opportunities as other DOE employees and that existing DOE procedures "in theory" satisfied constitutional requirements, the R&R resolved disputed facts and drew inferences in Defendants' favor. This is improper at the Rule 12 stage. See

6

McKenna, 386 F.3d at 436 ("On a Rule 12 motion, the defendant cannot defeat plaintiff's claim by submitting its own version of the facts.").

The R&R also faulted Plaintiff for not identifying additional details regarding similarly situated employees. At this stage, Plaintiff pleads the case for discrimination successfully. She claimed that there were many others who received accommodations, and submitted articles from the newspapers to show this:

> **New Rubber Rooms Pop Up Throughout NYC To Warehouse Unvaccinated Employees Who have Won medical or Religious Exemptions https://nycrubberroomreporter.blogspot.com/2022/03/new-rubber-rooms-pop-up-throughout-nyc.html**
> and ''rubber homes''
>
> **Idled NYC educators do nothing but sign in remotely, even from Europe** https://nypost.com/2023/01/14/idled-nyc-educators-do-nothing-but-sign-in-remotely-even-from-europe/ By Susan Edelman, NY POST, Published Jan. 14, 2023

Also, there are citations in other cases currently in this Court where medical exemption numbers are mentioned. See Maita v City of New York, 24-cv-06559 (DG)(VMS) where Plaintiff cites some numbers within the Fire Department. He wrote that the FDNY granted 30 reasonable medical accommodations for firefighters in December 2022. (Dkt. #25, p. 4) and, at the FDNY, 105 reasonable accommodations were given in January 2022. Also, Maita alleged, "Medical accommodations were granted on more favorable terms than religious accommodations . . . [,] without considering any undue hardship." In Kane v De Blasio, the City told the Court of Appeals that 165 employees of the DOE received accommodations. This is a matter for discovery.

The City's own promulgated guidelines provided that weekly PCR testing would not cause undue hardship and/or disruption. The Vaccine Mandate was a temporary measure. The City could have accommodated Plaintiff, who had a high number of antibodies , with paid or unpaid leave until the Vaccine Mandate was lifted in February 9, 2023 instead of terminating her.

7

It is significant that the Defendants never provide a single fact to prove what they wrote in their Motion To Dismiss, yet make specious claims against Plaintiff that this Court believed and worked from.

Again, Plaintiff does not have the burden at the pleading stage to give specific numbers for the public employees given accommodations and remote work in 2021-2023 (when the vaccine mandate became voluntary). Such additional detail is not required at the pleading stage; discovery exists precisely to supply comparator information and procedural evidence not accessible to a pro se litigant. See Hu v. City of New York, 927 F.3d 81, 88–92 (2d Cir. 2019) ("a plaintiff need not plead detailed comparator allegations to survive a motion to dismiss").

Because the R&R applied an incorrect pleading standard, resolved disputed facts, and drew inferences against Plaintiff, dismissal of these claims is improper under Rule 12(b)(6). Plaintiff's claims should proceed to discovery.

**B. The R&R Erroneously Concludes that Plaintiff Lacked a Right to a § 3020-a Hearing and Therefore Failed to State Procedural and Substantive Due Process Claims**

The R&R dismisses Plaintiff's due process and § 3020-a claims on the premise that the COVID-19 vaccine mandate constituted a valid "condition of employment" such that no disciplinary process was required and never mentions any disciplinary action. That conclusion is legally and factually incorrect.

New York's tenure system guarantees a property interest in continued employment. See Holt v. Bd. of Educ. of the Webutuck Cent. Sch. Dist., 52 N.Y.2d 625, 630–31 (1981); Matter of Abramovich v. Bd. of Educ., 46 N.Y.2d 450, 455–56 (1979). Where a property interest exists, the Constitution prohibits deprivation without due process. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985). New York codifies that requirement: "No person enjoying the benefits of tenure shall be

8

disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in section 3020-a of this article." Educ. Law § 3020(1).

Plaintiff at all times complained about the COVID Vaccine Mandate *as applied* to her. She never wrote about a facial challenge to the CVM, except incidentally. Nevertheless, neither the UFT-DOE collective bargaining agreement nor Education Law provides that vaccination constitutes a condition of employment. The UFT did not ratify vaccination as a mandatory employment condition for tenured teachers, nor did DOE negotiate such a requirement. The Department of Health's September 15, 2021 directive regarding COVID-19 vaccination explicitly preserved the rights of covered employees and did not amend the Education Law or the parties' labor contract.

Despite this, Defendants treated Plaintiff as though her continued employment were contingent upon vaccination and placed a "Problem Code" on Plaintiff's personnel file, rendering her ineligible for continued employment, blocking rehire, and designating her as guilty of misconduct without hearing or review. Placement on leave without pay was not merely administrative; it operated as a disciplinary measure that terminated salary, barred reinstatement, and triggered stigma-plus consequences well recognized in this Circuit. See, e.g., Segal v. City of New York, 459 F.3d 207, 212–13 (2d Cir. 2006) ("stigma plus" deprivation triggers due process protections).

Indeed, the U.S. Supreme Court ruled in the case Burlington Northern and Santa Fe Railway Company v Sheila White  548 U.S. 53 (2006) that suspension without pay constitutes retaliatory discrimination (Sheila White was suspended from her employment for 37 days).

The R&R adopts the Defendants' characterization that Plaintiff was not "disciplined," relying on cases such as Broecker and O'Reilly, which involved employees placed on leave without pay. Those cases are distinguishable because they did not involve (1) tenured property interests, (2) misconduct designations, or (3) stigmatizing personnel flags rendering the employee unemployable.

9

Moreover, disciplinary procedures need not be formally labeled as such to trigger due process obligations. Where the state takes action that deprives a tenured employee of salary and continued employment while assigning fault, due process protections attach. See Loudermill, 470 U.S. at 542 ("[the] right to due process is conferred not by the grace of the state but by existing rules that secure interests").

Under the Second Circuit, due process is triggered where (1) the government imposes a stigmatizing designation and (2) alters a legal status or occupational right without a pre-termination and post-termination hearing. See Segal v. City of New York, 459 F.3d 207, 212–13 (2d Cir. 2006). Plaintiff was flagged with a "Problem Code, and this action satisfies both stigma and plus because the "Problem Code" is not secret. Plaintiff was never given any pre- or post termination due process consideration of her request for a medical accommodation. All the public statements made by Defendants that accommodations were available, were false. Defendants created a hoax for public employees to rely on, to their own detriment.

Plaintiff was never heard by the Scheinman Arbitrators, nor was her request for an extension for her reasonable medical accommodation ever sent to the Citywide Panel, for no reason other than the Defendants' computer program SOLAS blocked her.

Even if this Court concludes that Plaintiff could not be given a 3020-a, she still deserved to be heard on her medical accommodation request. She was never given any pre- or post- termination hearing. The process never granted her any face to face with anyone. Then to say, as Judge Merkl did, that Plaintiff received all the due process that was due, is nonsensical.

**C. The R&R Erroneously Concludes that Plaintiff Received a Meaningful Opportunity to Be Heard Under the Fourteenth Amendment**

10

Procedural due process requires that a tenured public employee receive a meaningful opportunity to be heard before being deprived of a protected property interest. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542–46 (1985). Under Mathews v. Eldridge, 424 U.S. 319 (1976), courts evaluate (1) the private interest at stake, (2) the risk of erroneous deprivation as the risk of, and (3) the government's interest and burdens. Plaintiff's requests for an extension for her medical accommodation were never considered by Defendants at any time.

A process that is not implemented in good faith cannot constitute a constitutionally adequate substitute for statutory due process protections. The Scheinman Arbitration Award was thrown out of the court of appeals and the court on November 28, 2021, and Plaintiff received no due process whatsoever.

Because Plaintiff alleges that she was denied access to the appeal and Citywide Panel process afforded to others, that the process as applied was uneven and illusory, and that DOE failed to implement due process protections in good faith, the R&R's recommendation to dismiss the Fourteenth Amendment due process claim should not be adopted.

The district courts have consistently rejected the City's argument that terminating an employee who failed to comply with the Vaccine Mandate does not constitute discipline. "As Judge Furman has commented in rejecting this exact argument, the City's position is 'flat wrong'." Vasquez v. the City of New York, No. 22-cv-05068, 2025 WL 1560105 at *3 (E.D.N.Y. June 2, 2025) (citing Rizzo v. N.Y.C. Dep't of Sanitation, No. 23-cv-7190, 2024 WL 3274455, at*3 (S.D.N.Y. July 2, 2024).

**D. The R&R Erroneously Treats Plaintiff's NYSHRL and NYCHRL Claims as Time-Barred**

Plaintiff did not sleep on her rights. Plaintiff filed multiple Notices of Claim related to her medical accommodation needs, discrimination, termination, and post-termination due process barriers in

11

2022 and February 2023. See Notices of Claims and receipts for service. **EXHIBITS 1(a)(b)(c)(d)**, Defendants therefore had actual notice of Plaintiff's claims and cannot assert surprise or prejudice. These documents are already in Defendants' possession.

The dismissal of Plaintiff's NYSHRL and NYCHRL claims as time-barred fails to account for accrual and continuing-violation principles. Plaintiff alleges not only termination in 2022, but refusal of medical accommodation and/or 3020-a hearing/reinstatement in 2023, continued "Problem Code" designation, and ongoing foreclosure from employment—conduct within the limitations window. At minimum, factual disputes concerning when the claims accrued and whether later adverse acts occurred preclude dismissal at the pleading stage. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

Additionally, New York recognizes a public interest exception to the Notice of Claim requirement for claims involving constitutional violations, discrimination, and systemic governmental misconduct. Plaintiff's claims arise from a vaccine mandate affecting thousands of public employees and implicating constitutional and civil rights concerns of clear public import. Courts decline to impose strict notice requirements in such circumstances, especially where the municipality received actual notice and suffered no prejudice.

In general, the service of a timely notice of claim pursuant to Education Law § 3813(1) is a condition precedent to the commencement of an action or proceeding against a school district, and failure to comply with this requirement is a fatal defect … . However, "not all actions and special proceedings have been held to be subject to the prerequisites of subdivision 1 of section 3813. The pertinent distinction is between actions and proceedings which on the one hand seek only enforcement of private rights and duties and those on the other in which it is sought to vindicate a public interest; the provisions of subdivision 1 of section 3813 are applicable as to the former but not

12

as to the latter" … .Because "[t]he central purposes of New York's competitive bidding statutes are the (1) protection of the public by obtaining the best work at the lowest possible price; and (2) prevention of favoritism, improvidence, fraud and corruption in the awarding of public contracts" …, a proceeding challenging the award of a contract pursuant to the competitive bidding statutes is a matter in the public interest … . Since the petitioners here do not seek only to enforce their private rights, Education Law § 3813(1) does not apply ….Pursuant to CPLR 306-b, where service is not made within 120 days of the commencement of the action or proceeding, the matter is subject to dismissal, but the court may, "upon good cause shown or in the interest of justice, extend the time for service."

The Court of Appeals has made clear that these are two distinct standards and that, while "good cause" requires a showing of reasonable diligence, "the interest of justice" has a broader scope, which can encompass late service due to "mistake, confusion or oversight, so long as there is no prejudice to the defendant" … In determining whether an extension of time is warranted in the interest of justice, a court may consider, inter alia, "diligence, or lack thereof, . . . expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" . Matter of Baumann & Sons Buses Inc v Ossining Union Free Sch Dist, 2014 NY Slip Op 07353, 2nd Dept., October 29, 2014.

At minimum, disputed accrual dates, continuing discriminatory consequences, and post-termination exclusion raise factual questions that cannot be resolved at the pleading stage. Defendants' objection incorrectly suggests a one-year limitations period. Federal § 1983 claims borrow the state's general personal-injury limitations period, which in New York is three years. See Wilson v. Garcia, 471 U.S. 261 (1985); Pearl v. City of Long Beach, 296 F.3d 76, 79–80 (2d Cir. 2002). The Court concluded

13

that in light of "the federal interests in uniformity and certainty, section 1983 was meant to be given a broad and simple interpretation, and the Courts were directed "to select in each State, the one most appropriate statute of limitations for all section 1983 claims." (Id. at p. 275, 105 S.Ct. at p. 1948). See Purcell v. New York Institute of Technology, 931 F.3d 59 (2ⁿᵈ Cir. 2019), where the Second Circuit reversed the District Court because the lower court mistakenly held that a Title VI race claim against a school had to be commenced via an Article 78 proceeding and thus the four-month statute of limitations applied. The Second Circuit held that federal law preempts state law and the three-year statute of limitations applied.

Under both the NYCHRL and NYSHRL, the employer must "demonstrate that it responded to the employee's request for a particular accommodation" and address "the feasibility of that accommodation prior to terminating his employment." Jacobsen v. New York City Health & Hospitals Corp., 22 N.Y.3d 824, 827 (2014) (emphasis added). "[E]mployers (and courts) must make a clear, fact-specific inquiry about each individual's circumstance." Hosking v Mem. Sloan-Kettering Cancer Ctr., 186 AD3d 58, 63 (1st Dept 2020) Defendants never told Plaintiff why she could not get an extension of time for her medical accommodation. "[T]he NYCHRL presumes all accommodations to be reasonable until proven otherwise". LeBlanc v. United Parcel Serv., No. 11-cv-6983 (KPF), 2014 WL 1407706 at *18 (S.D.N.Y. 2014). In N.Y.C. Tr. Auth. v Exec. Dept., Div. of Human Rights, the Court of Appeals held that Transit Authority violated the NYSHRL by failing to accommodate an employee's religious beliefs where there was no showing by Transit that "a genuine search for reasonable alternatives was undertaken." 89 NY2d 79, 90 (N.Y. 1996). Therefore, it didn't meet its burden of proving undue hardship. Id. at 90. Here, the City cannot and does not address any reasonable alternatives to vaccination, not even the very accommodation requested by the Plaintiff – extension of her medical accommodation - and thus cannot meet its burden either.

14

**E. Plaintiff  States a Viable Failure to Engage in a Cooperative Dialogue Claim Under the NYCHRL**

Plaintiff was never given a reason for the continued denial and lack of response to her medical accommodation extension requests. All she received was "no extension" and "termination". Accepting a boilerplate denial letter as satisfying the cooperative dialogue requirement contradicts the NYCHRL's clear language. "The statutory text is the clearest indicator of legislative intent and the words should be given their natural and obvious meaning." Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 67 (N.Y. 2019). Cooperative dialogue is unambiguously defined in the NYCHRL as a "good faith in a written or oral dialogue concerning the person's accommodation needs; potential accommodations that may address the person's accommodation needs, including alternatives to a requested accommodation; and the difficulties that such potential accommodations may pose for the covered entity." N.Y.C. Admin. Code § 8-102. It is undisputed that none of this information was discussed with Plaintiff.  NYCHRL explicitly requires a cooperative dialogue *before* any denial can be made. N.Y.C. Admin. Code § 8-107 (28)(e). Here, all Plaintiff received was a denial. The City's conduct does not satisfy its obligation under NYCHRL. Goldman v Sol Goldman Invs. LLC, 2022 US Dist LEXIS 175353, at *12-13 (SDNY Sep. 27, 2022) (finding no cooperative dialogue where Defendants failed to address Plaintiff's specific accommodation needs, relying instead on general COVID-19 measures, and did not discuss alternative accommodations); Heiden v NY City Health & Hosps. Corp., 2023 US Dist LEXIS 5583, at *111

**F. NYCHRL And NYSHRL Claims For Failure To Accommodate**

N.Y. Exec. L. § 296(10)(a) says: An "undue hardship" is "an accommodation requiring significant expense or difficulty (including a significant interference with the safe or efficient operation of the workplace or a violation of a bona fide seniority system)." N.Y. Exec. L. § 296(10)(d)(1).

N.Y.C. Admin. Code § 8-107(3)(a). A "reasonable accommodation" is an "accommodation to an employee's or prospective employee's religious observance or practice as shall not cause undue hardship in the conduct of the employer's business," as to which "[t]he employer shall have the burden of proof." N.Y.C. Admin. Code § 8-107(3)(b). An "undue hardship" is defined as "an accommodation requiring significant expense or difficulty (including a significant interference with the safe or efficient operation of the workplace or violation of a bona fide seniority system)." As "the NYCHRL [is] construed more liberally than state . . . law and broadly in favor of discrimination plaintiffs," Algarin v. NYC Health + Hosp. Corp., 678 F. Supp. 3d 497, 513 (S.D.N.Y. 2023) (citations & quotations omitted), aff'd, No. 23 Civ. 1063, 2024 WL 1107481 (2d Cir. Mar. 14, 2024),[4] if a plaintiff states a claim pursuant to the NYSHRL, the plaintiff also states a claim pursuant to the NYCHRL.

If the plaintiff sufficiently pleads the foregoing elements, the next step in the analysis is determination of whether "a requested accommodation would pose an undue burden on an employer," which "is an affirmative defense." Chinchilla v. N.Y. City Police Dep't, No. 23 Civ. 8986 (DEH), 2024 WL 3400526, at *10 (S.D.N.Y. July 12, 2024) (citing the NYSHRL and the NYCHRL). Because "[t]he pleading requirements in the Federal Rules of Civil Procedure . . do not compel a litigant to anticipate potential affirmative defenses, . . . and to affirmatively plead facts in avoidance of such defenses," and as "a motion to dismiss based on an affirmative defense is permissible where the facts necessary to establish the defense are evident on the face of the complaint," dismissal of a complaint based on undue hardship is only permissible where the facts establishing the defense are evident on the fact of the complaint.

Plaintiff has sufficiently pleaded each element of her claims. First, she pled that she had a legitimate medical condition which conflicted with an alleged condition of employment. Second, Plaintiff pled that she informed her employer of this condition, in submitting her accommodation extension

16

requests. Third, Plaintiff pled that she was disciplined for failure to comply with the conflicting employment requirement, namely the Vaccination Mandate, when her file was given a Problem Code and she was terminated.

At this juncture, determination of whether accommodating Plaintiff would have been an undue hardship for Defendant would be premature.

## CONCLUSION

Plaintiff plausibly alleges that:

- She was denied access to the appeal and Citywide Panel process afforded to others;
- The process was unevenly applied and illusory as to her; and
- DOE failed to implement due process protections in good faith;

the R&R's recommendation to grant Defendants' Motion To Dismiss should be rejected.

Plaintiff respectfully requests that the Court permit the claim to proceed.

Dated: May 11, 2026

/s/Jadenae Trabacchi

17

# EXHIBIT 1

<u>NOTICE OF CLAIM</u>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Jadenae` A. Trabacchi        Claimant

- against -

**CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION,**

                Defendants

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

To:

    Office of the City Comptroller
    Bureau of Law and Adjustment
    1 Centre Street, Room 1225
    New York, New York 10007

    Hon. Sylvia O. Hinds-Radix
    Corporation Counsel
    New York City Law Department
    100 Church Street
    New York, New York 10007

    New York City Department of Education
    52 Chambers Street
    New York, N.Y. 10007

**PLEASE TAKE NOTICE** that the Claimant hereby makes claim and demand against the individuals and groups named in the caption above:

1)   <u>The name, post office address, and phone number of Claimant:</u>

    Jadenae` Analise Trabacchi
    8420 20th Avenue, Apt C1
    Brooklyn, NY 11214
    Telephone Number: (631) 484-1127

1

2) **The nature of the claim:**

This claim seeks recovery for monetary damages for the harm caused to Jadenae' A. Trabacchi's reputation, livelihood, and career; additionally for the distress, suffering, mental, emotional, and physical anguish and impairment of Claimant's ability to secure future employment, and impairment of earning power inflicted upon the Claimant due to the negligence, carelessness, recklessness, malfeasance, and negligent acts practices, and/or omissions of the Defendants. Claimant's rights under the Constitution, both Federal and State, city and State Human Rights Laws, NYS Administrative Code, as well as employment rights under the Collective Bargaining Agreements between the UFT and the DOE. Claimant now seeks to be made whole.

All my rights under the Constitution, both Federal and State, city and State Human Rights Laws, NYS Administrative Code, as well as employment rights under the Collective Bargaining Agreements between the UFT and the DOE have been violated. In addition, many employment applications ask if you have ever been discharged from a job. I was not given the right to a 3020-A hearing, and was fired for "misconduct."

3) **The time when, the place where, and the manner in which the claim arose**

On August 23, 2021, a notice of a Vaccine Mandate was sent out by New York City Department of Education (NYC DOE) Chancellor Meisha Porter. During this time, I was in Uzbekistan from August 20- September 5th, 2021, with extremely limited internet access.

On September 8, 2021, I tested positive for COVID-19.

On September 10, 2021, an arbitration agreement was signed concerning among other issues rules that would be applied to anyone seeking a religious or medical accommodation for the vaccine mandate. In the arbitration agreement between the NYC DOE and the United Federation of Teachers (UFT), there is a clause pertaining to religious exemption that is in direct opposition to the laws of our nation.

On September 20, 2021, I returned to work and was briefed about the mandate going into effect.

On September 21, 2021, I was advised to call the UFT and explain my situation in an effort to get guidance.

On or September 28th, I applied for a medical exemption, with a positive antibody test and doctor's note indicating that I should wait 90 days to take the vaccine, so my antibodies decrease due to my autoimmune condition. Case #A84108.

On October 1, 2021, I received notice that I could no longer enter the school building starting on October 4, 2021.

2

On October 3, 2021, I received a notification that I was on medical exemption until October 31,2021.

On or about October 7, 2021, I called the UFT to see why arbitration did not honor the 90-day request from my doctor and why her medical expertise was undermined. The representative said I would need to get an updated doctor's note, another antibody test, and to reapply. She also informed me that the UFT took away the right to appeal, so I needed to "get it right."

On or about October 20, 2021, I was observed by administration and the Superintendent of District 20 during a school visit. I did not receive any admonishing feedback.

On or about October 19th, I tried to reapply for my medical exemption, with an updated doctor's note, a second opinion doctor's note, and an updated COVID-19 antibody test, showing that my COVID-19 antibody levels had tripled. I went to reapply using SOLAS, but could not because I was locked out of the system due to an error of being placed on the "non-compliant list."

On or about October 21st, I emailed HR Connect to inform them of the error. I received a response on October 28th indicating that I was re-granted access to make a decision by October 29th to choose severance or reapply for medical accommodation.

On October 29th, I reapplied for medical exemption, through SOLAS. Case #A83211.

On November 4, 2021, I was denied medical accommodation for the following:
"Denial Reason: Post COVID condition is not sufficient."
"Determination Comments: N/A"
without the legal right to appeal as a tenured teacher.

On or about November 5, 2021, I reapplied to request my medical exemption be extended.

On November 24, 2021, I was denied medical exemption and placed on Leave Without Pay. In order to stay on leave and maintain employment, I had to sign an attestation that would waive my rights to sue the NYCDOE, by 11/30/21, if the vaccine mandate is lifted before September 5, 2022.

On November 26th, 2021, my Mother and Father-in-law had to be rushed to the hospital (the day after Thanksgiving).

On November 30, 2021, my father-in-law passed away. On December 1, my mother-in-law was released from the hospital.

On January 31st, 2022, I received a notice of termination for February 11, 2022.


On February 4, 2022, I was contacted by a UFT representative, named Eric Eskenazi, to confirm my status and ask if I'd be willing to fill out a form (please see below for more information).

3

On February 9, 2022, I sent the following email to the following members in the UFT: Beth Norton, Ariel Arroyo, Michael Sill, and D. Campbell at 4:27 p.m.

*To Whom It May Concern,*

*Good Afternoon. My name is Jadenae` Trabacchi and I am writing to inform you that I have received a potential termination email from the NYCDOE on January 31, 2022. I was then contacted by Eric Eskenazi on February 4th and sent an online form through the "wufoo" app to conclude why I felt I was being wrongfully terminated. I completed the initial form and then received two phone calls from a union representative yesterday, February 8th at 3:09 and 4:54 p.m., regarding a 3020-A hearing online form. My colleagues received the form and were told to download, print, and sign a 3020-A online request form. I have yet to receive this form, which is supposed to be completed by the end of today.*

*Since I have yet to receive this information, I am writing to you today, on February 9th, 2022, at 4:26 p.m. to meet the deadline and give you the courtesy of informing you that I cannot send this form because I have not received it. Furthermore, I cannot send an online form because I am not properly being charged and do not know what I am being charged with, but am responding to you in writing. I want my 3020-A charges served upon me in the traditional and legal format that will allow me to know what I am being charged with. I will then choose my own attorney.*

*I do not agree with the way the ladder of information is being disseminated, with convolution, lack of experienced representatives/incompetence, conflicting responses from UFT specialists, and nothing in writing or posted on the internet to access or legal rights and information. This leads me to believe the 3020-A online form and correspondences from the UFT and NYCDOE are NOT LEGAL. I do not agree with the terms of the form, and want to request a proper 3020-A  due process, according to my collective bargaining agreement and the amendments provided through NYSED, Chapter 56 of the Laws of 2015.*

*Please respond via email or in another form of writing. Thank you for your time.*

*Best,*

*Jadenae` Trabacchi*
*0888457*

I was met with the following response from Robert Levine, with Elizabeth Perez also added to the email at 5:33 p.m.:

*Ariel Arroyo asked me to reach out. The purpose of the document attached is to preserve your rights under NYS Education Law 3020-a.*

*The absolute deadline to protect your rights under that law is TODAY.*

*We strongly suggest to all of our members that you follow the instructions that were previously sent to you, sign in the signature area and demand a hearing under 3020-a TODAY.*

4

*Signing the attached form only indicates that you are demanding a hearing. If you would like to be represented by an attorney from our state union (NYSUT) leave the attorney information blank.*

*Remember, Today is the deadline.*

*Regards,*

*Robert Levine*
*Coordinator of Investigations*
*United Federation of Teachers*
*(212) 331-6311*

On February 10, 2022, my health insurance through EmblemHealth was terminated.

On February 10, 2022, I was sent a 3020-A hearing request form, that was due the day prior, on February 9, 2022, from Beth Norton.

On February 11, 2022, I was terminated from my teaching position by the City of New York City Department of Education.

On or about February 24th, I received my cobra packet in the mail.

On or about April 10th, 2022, I was informed in a meeting that due to my "problem code" and termination due to "misconduct," myself and colleagues cannot secure a job through NYSED school districts; colleagues were being fired from districts on Long Island and Westchester County, due to the "problem code" placed on their fingerprints, once processed.

On or about April 28, 2022, I became aware of an email that was sent February 9th, 2022, the New York City Department of Education sent an email to Beth Norton, at the UFT, saying that any request for an exemption from taking the vaccination immediately placed the member's fingerprints into the 'Problem Code' at the Human Resources' Office of Personnel Investigations. This means that Defendants placed my fingerprints in a database at the Office of Personnel Investigations. The 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct. Therefore the New York City Department of Education has considered Claimant's not getting vaccinated as 'misconduct' which means Claimant can't get a job in New York City.

4) **The items of damage or injuries claimed are**:

Damages to reputation; emotional distress; impairment of Claimant's ability to secure future employment; impairment of earning power; tortious interference with business relations; malicious prosecution; abuse of process; fraud; and retaliation, defamation, libel and slander.

The items of damage or injuries claimed amount to two million dollars.

5

The claim and demand is hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE that by reason of the foregoing, in default of the City of New York and the listed Defendants to pay the claimant her claim within the time limited for compliance with this demand by the applicable statutes, claimant intends to commence an action against the City of New York and the listed Defendants to recover her damages with interest and costs.

Dated:  May 10th, 2022

_(Jadenae` A. Trabacchi)_

Sworn or Affirmed before me on
the day of  May 10th, 2022 .

_____

Notary Public

JEFF F CHEN
Notary Public - State of New York
NO. 01CH6235224
Qualified in Kings County
My Commission Expires Feb 7, 2023

6

# EXHIBIT 1(a)



Jadenae Trabacchi <jadenaetrabacchi@gmail.com>

**USPS eReceipt**
1 message

**DoNotReply@ereceipt.usps.gov** <DoNotReply@ereceipt.usps.gov>
To: JADENAETRABACCHI@gmail.com



**UNITED STATES POSTAL SERVICE ®**

BATH BEACH
1865 BENSON AVE
BROOKLYN, NY 11214-9997
(800)275-8777

05/10/2022                                    12:08 PM
------------------------------------------------------------------
Product                    Qty    Unit    Price
                                   Price
------------------------------------------------------------------
First-Class Mail®            1             $1.56
Large Envelope
   New York, NY 10007
   Weight: 0 lb 2.50 oz
   Estimated Delivery Date
     Thu 05/12/2022
   Certified Mail®                         $3.75
     Tracking #:
     70210950000052640597
   Return Receipt                          $3.05
     Tracking #:
     9590 9402 3476 7275 0792 34
Total                               $8.36

First-Class Mail®            1             $1.56
Large Envelope
   New York, NY 10007
   Weight: 0 lb 2.50 oz
   Estimated Delivery Date
     Thu 05/12/2022
   Certified Mail®                         $3.75
     Tracking #:
     70210950000052640603
   Return Receipt                          $3.05
     Tracking #:
     9590 9402 3476 7275 0792 58
Total                               $8.36

First-Class Mail®            1             $1.56
Large Envelope
   New York, NY 10007
   Weight: 0 lb 2.50 oz
   Estimated Delivery Date
     Thu 05/12/2022
   Certified Mail®                         $3.75
     Tracking #:
     70210950000052640610
   Return Receipt                          $3.05
     Tracking #:
     9590 9402 3476 7275 0792 27
Total                               $8.36

------------------------------------------------------------------
Grand Total:                        $25.08
------------------------------------------------------------------
Debit Card Remitted                 $25.08
   Card Name: VISA
   Account #: XXXXXXXXXXXX5551
   Approval #: 040712
   Transaction #: 818
   Receipt #: 017845
   Debit Card Purchase: $25.08
   AID: A0000000980840        Chip
   AL: US DEBIT
   PIN: Verified
------------------------------------------------------------------

      ************************************
       Every household in the U.S. is now
         eligible to receive a second set
            of 4 free test kits.
         Go to www.covidtests.gov
      ************************************

      Text your tracking number to 28777 (2USPS)
       to get the latest status. Standard Message
       and Data rates may apply. You may also
          visit www.usps.com USPS Tracking or call

Case 1:24-cv-06123-RPK-TAM    Document 38    Filed 05/11/26    Page 27 of 67 PageID #: 925

1-800-222-1811.

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/pos?mt=9
or call 1-800-410-7420.

-------------------------------------------------------------------------

UFN: 350892-0302
Receipt #: 840-51100057-3-4416191-2
Clerk: 26

**Privacy Act Statement:** Your information will be used to provide you with an electronic receipt for your purchase transaction via email. Collection is authorized by 39 USC 401, 403, and 404. Providing the information is voluntary, but if not provided, we will be unable to process your request to receive an electronic receipt. We do not disclose your information to third parties without your consent, except to facilitate the transaction, to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to financial entities regarding financial transaction issues; to a U.S. Postal Service auditor; to entities, including law enforcement, as required by law or in legal proceedings; to contractors and other entities aiding us to fulfill the service (service providers); to process servers; to domestic government agencies if needed as part of their duties; and to a foreign government agency for violations and alleged violations of law. For more information on our privacy policies visit www.usps.com/privacypolicy.

This is an automated email. Please do not reply to this message. This message is for the designated recipient only and may contain privileged, proprietary, or otherwise private information. If you have received it in error, please delete. Any other use of this email by you is prohibited.

# EXHIBIT 1(b)

## NOTICE OF CLAIM

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Jadenae` A. Trabacchi                    **Claimant**

**- against -**

**CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION,**

**Defendants**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

To:

Office of the City Comptroller
Bureau of Law and Adjustment
1 Centre Street, Room 1225
New York, New York 10007

Hon. Sylvia O. Hinds-Radix
Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007

New York City Department of Education
52 Chambers Street
New York, N.Y. 10007

**PLEASE TAKE NOTICE** that the Claimant hereby makes claim and demand against the individuals and groups named in the caption above:

1)    **The name, post office address, and phone number of Claimant:**

Jadenae` Analise Trabacchi
8420 20th Avenue, Apt C1
Brooklyn, NY 11214
Telephone Number: (631) 484-1127

2) **<u>The nature of the claim:</u>**

This claim seeks recovery for monetary damages for the harm caused to Jadenae` A. Trabacchi's reputation, livelihood, and career; additionally for the distress, suffering, mental, emotional, and physical anguish and impairment of Claimant's ability to secure future employment, and impairment of earning power inflicted upon the Claimant due to the negligence, carelessness, recklessness, malfeasance, and negligent acts practices, and/or omissions of the Defendants. Claimant's rights under the Constitution, both Federal and State, city and State Human Rights Laws, NYS Administrative Code, as well as employment rights under the Collective Bargaining Agreements between the UFT and the DOE. Claimant now seeks to be made whole.

All my rights under the Constitution, both Federal and State, city and State Human Rights Laws, NYS Administrative Code, as well as employment rights under the Collective Bargaining Agreements between the UFT and the DOE have been violated. In addition, many employment applications ask if you have ever been discharged from a job. I was not given the right to a 3020-A hearing, to appeal my medical accommodation denial, and was fired for "misconduct."

**Amendment February 23, 2023

Since then, the COVID-19 mandate has ended, and I later found out that I still have a problem code on my fingerprints, and this information has been sent to the FBI as well and other New York Government Agencies.

3) **<u>The time when, the place where, and the manner in which the claim arose</u>**

On August 23, 2021, a notice of a Vaccine Mandate was sent out by New York City Department of Education (NYC DOE) Chancellor Meisha Porter. During this time, I was in Uzbekistan from August 20-September 5th, 2021, with extremely limited internet access.

On September 8, 2021, I tested positive for COVID-19.

On September 10, 2021, an arbitration agreement was signed concerning among other issues rules that would be applied to anyone seeking a religious or medical accommodation for the vaccine mandate.  In the arbitration agreement between the NYC DOE and the United Federation of Teachers (UFT), there is a clause pertaining to religious exemption that is in direct opposition to the laws of our nation.

On September 20, 2021, I returned to work and was briefed about the mandate going into effect.

On September 21, 2021, I was advised to call the UFT and explain my situation in an effort to get guidance.

On or September 28th, I applied for a medical exemption, with a positive antibody test and doctor's note indicating that I should wait 90 days to take the vaccine, so my antibodies decrease due to my autoimmune condition. Case #A84108.

On October 1, 2021, I received notice that I could no longer enter the school building starting on October 4, 2021.

On October 3, 2021, I received a notification that I was on medical exemption until October 31,2021.

On or about October 7, 2021, I called the UFT to see why arbitration did not honor the 90-day request from my doctor and why her medical expertise was undermined. The representative said I would need to get an updated doctor's note, another antibody test, and to reapply. She also informed me that the UFT took away the right to appeal, so I needed to "get it right."

On or about October 20, 2021, I was observed by administration and the Superintendent of District 20 during a school visit. I did not receive any admonishing feedback.

On or about October 19th, I tried to reapply for my medical exemption, with an updated doctor's note, a second opinion doctor's note, and an updated COVID-19 antibody test, showing that my COVID-19 antibody levels had tripled. I went to reapply using SOLAS, but could not because I was locked out of the system due to an error of being placed on the "non-compliant list."

On or about October 21st, I emailed HR Connect to inform them of the error. I received a response on October 28th indicating that I was re-granted access to make a decision by October 29th to choose severance or reapply for medical accommodation.

On October 29th, I reapplied for medical exemption, through SOLAS. Case #A83211.

On November 4, 2021, I was denied medical accommodation for the following:
    "Denial Reason: Post COVID condition is not sufficient."
    "Determination Comments: N/A"
without the legal right to appeal as a tenured teacher.

On or about November 5, 2021, I reapplied to request my medical exemption be extended.

On November 24, 2021, I was denied medical exemption and placed on Leave Without Pay. In order to stay on leave and maintain employment, I had to sign an attestation that would waive my rights to sue the NYCDOE, by 11/30/21, if the vaccine mandate is lifted before September 5, 2022.

On November 26th, 2021, my Mother and Father-in-law had to be rushed to the hospital (the day after Thanksgiving).

On November 30, 2021, my father-in-law passed away. On December 1, my mother-in-law was released from the hospital.

On January 31st, 2022, I received a notice of termination for February 11, 2022.

On February 4, 2022, I was contacted by a UFT representative, named Eric Eskenazi, to confirm my status and ask if I'd be willing to fill out a form (please see below for more information).

On February 9, 2022, I sent the following email to the following members in the UFT: Beth Norton, Ariel Arroyo, Michael Sill, and D. Campbell at 4:27 p.m.

*To Whom It May Concern,*

*Good Afternoon. My name is Jadenae` Trabacchi and I am writing to inform you that I have received a potential termination email from the NYCDOE on January 31, 2022. I was then contacted by Eric Eskenazi on February 4th and sent an online form through the "wufoo" app to conclude why I felt I was being wrongfully terminated. I completed the initial form and then received two phone calls from a union representative yesterday, February 8th at 3:09 and 4:54 p.m., regarding a 3020-A hearing online form. My colleagues received the form and were told to download, print, and sign a 3020-A online request form. I have yet to receive this form, which is supposed to be completed by the end of today.*

*Since I have yet to receive this information, I am writing to you today, on February 9th, 2022, at 4:26 p.m. to meet the deadline and give you the courtesy of informing you that I cannot send this form because I have not received it. Furthermore, I cannot send an online form because I am not properly being charged and do not know what I am being charged with, but am responding to you in writing. I want my 3020-A charges served upon me in the traditional and legal format that will allow me to know what I am being charged with. I will then choose my own attorney.*

*I do not agree with the way the ladder of information is being disseminated, with convolution, lack of experienced representatives/incompetence, conflicting responses from UFT specialists, and nothing in writing or posted on the internet to access or legal rights and information. This leads me to believe the 3020-A online form and correspondences from the UFT and NYCDOE are NOT LEGAL. I do not agree with the terms of the form, and want to request a proper 3020-A due process, according to my collective bargaining agreement and the amendments provided through NYSED, Chapter 56 of the Laws of 2015.*

*Please respond via email or in another form of writing. Thank you for your time.*

*Best,*

*Jadenae` Trabacchi*
*0888457*

I was met with the following response from Robert Levine, with Elizabeth Perez also added to the email at 5:33 p.m.:

*Ariel Arroyo asked me to reach out. The purpose of the document attached is to preserve your rights under NYS Education Law 3020-a.*

Page 4-1_Amended 2.23.23

*The absolute deadline to protect your rights under that law is TODAY.*

*We strongly suggest to all of our members that you follow the instructions that were previously sent to you, sign in the signature area and demand a hearing under 3020-a TODAY.*

*Signing the attached form only indicates that you are demanding a hearing. If you would like to be represented by an attorney from our state union (NYSUT) leave the attorney information blank.*

*Remember, Today is the deadline.*

*Regards,*

*Robert Levine*
*Coordinator of Investigations*
*United Federation of Teachers*
*(212) 331-6311*

On February 10, 2022, my health insurance through EmblemHealth was terminated.

On February 10, 2022, I was sent a 3020-A hearing request form, that was due the day prior, on February 9, 2022, from Beth Norton.

On February 11, 2022, I was terminated from my teaching position by the City of New York City Department of Education.

On or about February 24th, I received my cobra packet in the mail.

On or about April 10th, 2022, I was informed in a meeting that due to my "problem code" and termination due to "misconduct," myself and colleagues cannot secure a job through NYSED school districts; colleagues were being fired from districts on Long Island and Westchester County, due to the "problem code" placed on their fingerprints, once processed.

On or about April 28, 2022, I became aware of an email that was sent February 9th, 2022, the New York City Department of Education sent an email to Beth Norton, at the UFT, saying that any request for an exemption from taking the vaccination immediately placed the member's fingerprints into the 'Problem Code' at the Human Resources' Office of Personnel Investigations. This means that Defendants placed my fingerprints in a database at the Office of Personnel Investigations. The 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct. Therefore the New York City Department of Education has considered Claimant's not getting vaccinated as 'misconduct' which means Claimant can't get a job in New York City.

**Amendment February 23, 2023

On February 10, 2023, the COVID-19 mandate ended in New York City.

Page 5-1_Amended 2.23.23

On February 15th, 2023, I was informed in a meeting that my fingerprints were sent to the FBI and flagged by other New York State Government Agencies.

4) **The items of damage or injuries claimed are**:

Damages to reputation; emotional distress; impairment of Claimant's ability to secure future employment; impairment of earning power; tortious interference with business relations; malicious prosecution; abuse of process; fraud; and retaliation, defamation, libel and slander.

The items of damage or injuries claimed amount to two million dollars.

The claim and demand is hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE that by reason of the foregoing, in default of the City of New York and the listed Defendants to pay the claimant her claim within the time limited for compliance with this demand by the applicable statutes, claimant intends to commence an action against the City of New York and the listed Defendants to recover her damages with interest and costs.

Dated:  February 24, 2023

(**Jadenae` A. Trabacchi**)

Sworn or Affirmed before me on
the day of

_____
Notary Public

> MAN SUM LAM
> Notary Public - State of New York
> NO. 01LA6419919
> Qualified in Richmond County
> My Commission Expires Jul 26, 2025

Page 6-1_Amended 2.23.23

# EXHIBIT 1(c)

 Gmail

Jadenae Trabacchi <jadenaetrabacchi@gmail.com>

**USPS eReceipt**
1 message

**DoNotReply@ereceipt.usps.gov** <DoNotReply@ereceipt.usps.gov>
To: JADENAETRABACCHI@gmail.com



**UNITED STATES POSTAL SERVICE ®**

ROCKEFELLER CENTER NEW
40 W 51ST ST
NEW YORK, NY 10020-9993
(800)275-8777

| 02/27/2023 | | | 01:14 PM |
|---|---|---|---|

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Priority Mail® | 1 | | $9.65 |
| Flat Rate Env | | | |
| New York, NY 10007 | | | |
| Flat Rate | | | |
| Expected Delivery Date | | | |
| Tue 02/28/2023 | | | |
| Certified Mail® | | | $4.15 |
| Tracking #: | | | |
| 70180360000146083339 | | | |
| Return Receipt | | | $3.35 |
| Tracking #: | | | |
| 9590 9402 7726 2152 8784 74 | | | |
| Total | | | $17.15 |
| | | | |
| Priority Mail® | 1 | | $9.65 |
| Flat Rate Env | | | |
| New York, NY 10007 | | | |
| Flat Rate | | | |
| Expected Delivery Date | | | |
| Tue 02/28/2023 | | | |
| Certified Mail® | | | $4.15 |
| Tracking #: | | | |
| 70180360000146083353 | | | |
| Return Receipt | | | $3.35 |
| Tracking #: | | | |
| 9590 9402 7726 2152 8784 67 | | | |
| Total | | | $17.15 |
| Priority Mail® | 1 | | $9.65 |
| Flat Rate Env | | | |
| New York, NY 10007 | | | |
| Flat Rate | | | |
| Expected Delivery Date | | | |
| Tue 02/28/2023 | | | |
| Certified Mail® | | | $4.15 |
| Tracking #: | | | |
| 70180360000146083308 | | | |
| Return Receipt | | | $3.35 |
| Tracking #: | | | |
| 9590 9402 7726 2152 8784 50 | | | |
| Total | | | $17.15 |

| Grand Total: | $51.45 |
|---|---|

| Debit Card Remit | $51.45 |
|---|---|

Card Name: VISA
Account #: XXXXXXXXXXXX9293
Approval #: 031313
Transaction #: 015
Receipt #: 012699
Debit Card Purchase: $51.45
AID: A0000000980840  Contactless
AL: US DEBIT

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

Save this receipt as evidence of
insurance. For information on filing an

insurance claim go to
https://www.usps.com/help/claims.htm
or call 1-800-222-1811

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/pos?mt=9
or call 1-800-410-7420.

-------------------------------------------------------------------------

UFN: 359656-0056
Receipt #: 840-51000031-7-3115849-2
Clerk: 01

**Privacy Act Statement:** Your information will be used to provide you with an electronic receipt for your purchase transaction via email. Collection is authorized by 39 USC 401, 403, and 404. Providing the information is voluntary, but if not provided, we will be unable to process your request to receive an electronic receipt. We do not disclose your information to third parties without your consent, except to facilitate the transaction, to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to financial entities regarding financial transaction issues; to a U.S. Postal Service auditor; to entities, including law enforcement, as required by law or in legal proceedings; to contractors and other entities aiding us to fulfill the service (service providers); to process servers; to domestic government agencies if needed as part of their duties; and to a foreign government agency for violations and alleged violations of law. For more information on our privacy policies visit www.usps.com/privacypolicy.

This is an automated email. Please do not reply to this message. This message is for the designated recipient only and may contain privileged, proprietary, or otherwise private information. If you have received it in error, please delete. Any other use of this email by you is prohibited.

# EXHIBIT 2

09/28/2021

Case#: A81408
File# 0888457
EMP ID: 1459338

Dear JADENAE TRABACCHI,

Thank you for submitting your application online!

Type of Application: COVID-19 Vaccine Related Exemption or Accommodation

Application Communications:
During your application process, all communications will be sent to your DOE e-mail account. You must continue to check your DOE e-mail, even if you listed a different preferred email address.

Changes to Your Application:
Unfortunately, you cannot make changes to your submitted application. If you need to make changes, you must withdraw this application and re-submit your request. To withdraw the application please log back into SOLAS: https://dhrnycaps.nycenet.edu/SOLAS.

**Questions:**
For technical questions regarding the SOLAS system, please call HR Connect at 718-935-4000 and refer to the case number at the top of this notice.For more information, you may also visit the HR Connect Employee Portal by logging in with your DOE/Outlook User ID and password at https://doehrconnect.custhelp.com.

Sincerely,


*HR Connect*
Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated.

Ref Number : GX5944612 N3350 ADA Submission


---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:34:44 +0000
Subject: Fwd: Your Temporary Medical Exemption to the Covid-19 Vaccine Mandate

---

**From:** Division of Human Capital <DHC@schools.nyc.gov>
**Sent:** Tuesday, October 26, 2021 6:48:15 PM
**Subject:** Your Temporary Medical Exemption to the Covid-19 Vaccine Mandate

Colleague,

According to our records you have a temporary Medical Exemption to the Covid-19 Vaccine Mandate that is expiring soon. We want to make sure you are aware so that you can take appropriate next steps as outlined below.

Get Vaccinated and Upload Your Proof to the Vaccination Portal – To ensure you have no gap in your DOE employment, you should be vaccinated prior to the expiration of your exemption and

upload proof of vaccination to the **DOE Vaccination Portal.** Employees who are vaccinated should immediately return to their regular, in-person work assignment.

<u>Apply for a New Exemption</u> – If you have a valid medical reason why you cannot be vaccinated by the upcoming expiration date, you may apply for a new Medical Exemption in SOLAS. Please note that you cannot apply for an extension of your existing exemption, so you must start a new application and upload relevant medical documentation. Please also be aware that if your reason for the original exemption was due to a recent COVID-19 infection and you are no longer symptomatic, that temporary exemption is only applicable during the isolation period, e.g. 10 days after symptom onset or 10 days after the first positive test if you were not symptomatic.

<u>Leave Without Pay</u> - If you do not provide proof of vaccination, or are not approved for a new medical exemption, you will be placed on a leave without pay upon the expiration of your current exemption. While on this Leave Without Pay, you:

- Cannot work and will not receive compensation, but you will continue your medical benefits in accordance with the agreement/award with your union
- Cannot use annual leave, CAR or sick time
- Cannot enter your work or school site
- Cannot reach out to students or families

If you believe you are eligible for a different leave, you may apply for that leave in SOLAS.

For more information about where to get vaccinated, visit vaccinefinder.nyc.gov or call 877-VAX-4-NYC.

If you have any questions relating to your expiring exemption, please contact RArequest@schools.nyc.gov.

Thank you,

Division of Human Capital

---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:34:30 +0000
Subject: Fwd: Meeting data from 'Today's Sub Link' on Oct 27, 2021

---

**From:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Sent:** Tuesday, November 30, 2021 7:34:20 PM
**To:** jadenaetrabacchi@gmail.com <jadenaetrabacchi@gmail.com>
**Subject:** Fwd: Meeting data from 'Today's Sub Link' on Oct 27, 2021

---

**From:** meetings-noreply@google.com <meetings-noreply@google.com>
**Sent:** Wednesday, October 27, 2021 2:20:08 PM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Subject:** Meeting data from 'Today's Sub Link' on Oct 27, 2021

Info from your 'Today's Sub Link' meeting on Oct 27, 2021 at 12:17 PM is now available.


---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:34:02 +0000
Subject: Fwd: Access to SOLAS- Non-Compliance Error [Incident: 211028-000377]

---

**From:** HRConnect <HRconnect@schools.nyc.gov>
**Sent:** Thursday, October 28, 2021 9:57:00 AM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>; urbandkartist@aol.com <urbandkartist@aol.com>
**Subject:** Access to SOLAS- Non-Compliance Error [Incident: 211028-000377]

 Your request has been received.

### Subject

**Access to SOLAS- Non-Compliance Error**

Thank you for contacting HR Connect.  Your email has been received and will be processed shortly.

For quick answers to your HR questions at any time, please visit the HR Connect employee web portal, at doehrconnect.custhelp.com.  Log in using your DOE userID and password.

### Question Reference # 211028-000377

Date Created: 10/28/2021 09:57 AM
Date Last Updated: 10/28/2021 09:57 AM
Status: New

This message and any attachments are intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited.  The information contained in this email is valid as of the sent date but is subject to change.  Every effort is made to ensure that information is up to date and is in accordance with the current policy and procedures of the Department of Education Division of Human Capital.


---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:32:32 +0000
Subject: Fwd: Your application for a COVID-19 Vaccine Related Exemption or Accommodation has been received.

**From:** solas_donotreply@schools.nyc.gov <solas_donotreply@schools.nyc.gov>
**Sent:** Friday, October 29, 2021 8:56:32 AM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Subject:** Your application for a COVID-19 Vaccine Related Exemption or Accommodation has been received.

10/29/2021

Case#: A83211
File# 0888457
EMP ID: 1459338

Dear JADENAE TRABACCHI,

Thank you for submitting your application online!

Type of Application: COVID-19 Vaccine Related Exemption or Accommodation

Application Communications:
During your application process, all communications will be sent to your DOE e-mail account. You must continue to check your DOE e-mail, even if you listed a different preferred email address.

Changes to Your Application:
Unfortunately, you cannot make changes to your submitted application. If you need to make changes, you must withdraw this application and re-submit your request. To withdraw the application please log back into SOLAS: https://dhrnycaps.nycenet.edu/SOLAS.

**Questions:**
For technical questions regarding the SOLAS system, please call HR Connect at 718-935-4000 and refer to the case number at the top of this notice.For more information, you may also visit the HR Connect Employee Portal by logging in with your DOE/Outlook User ID and password at https://doehrconnect.custhelp.com.

Sincerely,


*HR Connect*
Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated.

Ref Number : GX6041818 N3350 ADA Submission


---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:33:43 +0000
Subject: Fwd: Access to SOLAS- Non-Compliance Error

---

**From:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Sent:** Friday, October 29, 2021 6:26:39 AM
**To:** Separation Eligibility <separationeligibility@schools.nyc.gov>; HRD Vax Questions <HRDVaxQuestions@schools.nyc.gov>
**Cc:** Isler Brian <BIsler@schools.nyc.gov>; Dempster Sheldon <SDempster@schools.nyc.gov>
**Subject:** Re: Access to SOLAS- Non-Compliance Error

Thank you. I am actually trying to reapply for medical, as directed by the uft, but recieve an error message everytime I try to sign and submit. I have attached an image of the message I am seeing on my end to clarify. Can I be granted full access, as I am not trying to go on LWOP or resign, I am trying to see if I can extend my medical exemption.

Thank you so much for getting back to me and for adding another team that can help me with this matter.

Best,

Jadenaè

---

**From:** Separation Eligibility <separationeligibility@schools.nyc.gov>
**Sent:** Thursday, October 28, 2021 10:35:19 PM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>; HRD Vax Questions <HRDVaxQuestions@schools.nyc.gov>
**Cc:** Isler Brian <BIsler@schools.nyc.gov>; Dempster Sheldon <SDempster@schools.nyc.gov>
**Subject:** Re: Access to SOLAS- Non-Compliance Error

Hi Jadenae,

Thank you for your message. I can see from our records that you are indicated as on a medical exemption through 10/31.

Only people who are on leave without pay can select these options in SOLAS. You should have received an email today from the HR team with instructions about how to revoke your exemption if you wish to instead be placed on leave without pay, and then select separation. Can you please take a look and see if that provides the information you need? I also added another team here for their review.

Thank you,
Sara

| Employee | Title | Location | Start Date | End Date | Type | Description |
|---|---|---|---|---|---|---|
| JADENAE TRABACCHI<br>Employee ID: 1459338 | TEACHER | 20K220 | 10/04/2021 | 10/31/2021 | COVID-19 Vaccine Related Exemption | |

---

**From:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Sent:** Thursday, October 28, 2021 1:51 PM
**To:** Separation Eligibility <separationeligibility@schools.nyc.gov>
**Cc:** Isler Brian <BIsler@schools.nyc.gov>; Dempster Sheldon <SDempster@schools.nyc.gov>
**Subject:** Access to SOLAS- Non-Compliance Error

Good Morning,

My name is Jadenae` Trabacchi and I am an educator at I.S.220 John J. Pershing. My File # is 0888457 and my Employee ID# is 1459338. I am writing because I am currently on a medical exemption, granted by the UFT until October 31st, 2021. Yesterday, I went to apply for an extension, due to health-related extenuating circumstances, and was not able to submit the necessary documentation because I am on the non-compliance list.

Please advise if there is any pertinent information needed for me to be granted full access to SOLAS again, so I can submit for a medical exemption before being placed on LWOP due to non-compliance. If you have any questions, I can be reached at (631) 484-1127. Thank you and have a great day.

Best,

Jadenae` Trabacchi
20K220

---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:32:19 +0000
Subject: Fwd: Your COVID-19 Vaccine Medical Exemption Application - Determination

---

**From:** solas_donotreply@schools.nyc.gov <solas_donotreply@schools.nyc.gov>
**Sent:** Thursday, November 4, 2021 3:41:47 PM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Subject:** Your COVID-19 Vaccine Medical Exemption Application - Determination

11/04/2021

Case#: A83211
File# 0888457
EMP ID: 1459338

Dear JADENAE TRABACCHI,

This is to advise you that your request for a Medical Exemption to the COVID-19 Vaccine Mandate has been denied for the following reason(s):

a. Denial Reason: Post-COVID condition is not sufficient (e.g. outside isolation period)

b. Determination Comments: NA

Your application was reviewed in accordance with applicable City, State and Federal laws.

Sincerely,

*HR Connect*
Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated.

Ref Number : GX6053867 N3430 Denial - Medical Exemption to Vaccine Mandate

---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:32:01 +0000
Subject: Fwd: Your Temporary Medical Exemption to the COVID-19 Vaccine Mandate

---

**From:** Division of Human Capital <DHC@schools.nyc.gov>
**Sent:** Thursday, November 4, 2021 7:19:54 PM

Gmail - DOE letters to print

**Subject:** Your Temporary Medical Exemption to the COVID-19 Vaccine Mandate

Colleague,

According to our records you had a temporary medical exemption to the vaccine mandate which recently expired or is about to expire and you remain unvaccinated. We are writing to advise you that your temporary exemption has been extended to Monday, November 8, 2021 to allow you some additional time to be vaccinated.

As a reminder, to ensure you have no gap in your DOE employment, by the end of day on Monday November 8, you should be vaccinated and upload proof of vaccination to the DOE Vaccination Portal. Employees who are vaccinated should immediately return to their regular, in-person work assignment.

If you do not provide proof of vaccination, you will be placed on a leave without pay as of Tuesday, November 9, 2021. While on this Leave Without Pay, you:
- Cannot work and will not receive compensation, but you will continue your medical benefits in accordance with the agreement/award with your union
- Cannot use annual leave, CAR or sick time
- Cannot enter your work or school site
- Cannot reach out to students or families

If you believe you are eligible for a different leave, you may apply for that leave in SOLAS and should do so as soon as possible while your exemption is still valid.

For more information about where to get vaccinated, visit vaccinefinder.nyc.gov or call 877-VAX-4-NYC.

If you have any questions relating to your expiring exemption, please contact RArequest@schools.nyc.gov.

Thank you,

NYC Division of Human Capital

---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:31:46 +0000
Subject: Fwd: Your COVID-19 Vaccine Medical Exemption Application - Determination

---

**From:** solas_donotreply@schools.nyc.gov <solas_donotreply@schools.nyc.gov>
**Sent:** Tuesday, November 23, 2021 5:36:09 PM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Subject:** Your COVID-19 Vaccine Medical Exemption Application - Determination

11/23/2021

Case#: A83471
File# 0888457
EMP ID: 1459338

Mail - DOE letters to print

Dear JADENAE TRABACCHI,

This is to advise you that your request for a Medical Exemption to the COVID-19 Vaccine Mandate has been denied for the following reason(s):

a. Denial Reason: Medical condition not valid reason to defer or delay vaccination (e.g. not within 90 days after receiving antibody treatment, and not in treatment for conditions outlined in CDC considerations that would temporarily interfere with the ability to respond adequately to the vaccine)

b. Determination Comments: antibodies do not preclude getting vaccinated

Your application was reviewed in accordance with applicable City, State and Federal laws.

Sincerely,

*HR Connect*
Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated.

Ref Number : GX6095577 N3430 Denial - Medical Exemption to Vaccine Mandate

---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:31:32 +0000
Subject: Fwd: Notification of Leave Without Pay - PLEASE READ

**From:** solas_donotreply@schools.nyc.gov <solas_donotreply@schools.nyc.gov>
**Sent:** Wednesday, November 24, 2021 12:27:46 AM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Cc:** Cheatham Michael <MCheatham@schools.nyc.gov>; Santoro Angela <ASantor@schools.nyc.gov>; Cox Kyra <KCox@schools.nyc.gov>; Karlsberg Heather <HKarlsberg@schools.nyc.gov>; Dempster Sheldon <SDempster@schools.nyc.gov>
**Subject:** Notification of Leave Without Pay - PLEASE READ

11/24/2021

Case#: A81408
Emp ID: 1459338

Dear JADENAE TRABACCHI ,

As you are aware, your medical exemption to the COVID-19 vaccine mandate has recently expired. As a consequence, you **are being placed on a Leave Without Pay (LWOP) because you are not in compliance with the COVID-19 Vaccine Mandate. Your LWOP status goes into effect as of November 24, 2021.**

If your exemption previously expired and you have not been working, your school/office will enter you for an absence without pay (AWOP) for any days not worked or they will ensure you are not entered for any time/pay if you did not work. A copy of this notice is being sent to your school/office for their awareness and appropriate timekeeping action.

Due to the timing close of payroll periods, it is possible you have and/or will receive an overpayment for time not worked. Any such overpayment will ultimately be recouped in one of the following ways:

- If you do not intend to return to the DOE and are resigning, any overpayment will be deducted from your final entitlement if you have unused sick or annual leave. In the event you do not have a sufficient balance to cover this

overpayment, you will be required to repay any remaining amount
- If you decide to become compliant and return to work, the overpayment will be deducted from your future paychecks

While you are on Leave Without Pay (LWOP), you:

- Cannot work and will not receive compensation (but your medical benefits will continue)
- Cannot use annual leave, CAR or sick time
- Cannot enter your work or school site or work off-site
- Cannot reach out to students or families

In order to return to work and be removed from LWOP status, you must complete two steps using the **DOE Vaccination Portal**:

- Upload proof that you have received your first dose of a COVID-19 vaccine. **Proof of COVID-19 Vaccine can be an image of your vaccination card, NYS Excelsior Pass, or another government record**and

- E-sign the attestation stating that you are willing to return to your worksite within seven calendar days of submission.

Once you have completed these two steps, your HR Director and supervisor will also be notified and will work with you to plan your return date.

**If you have already been vaccinated and you have uploaded this information, you may report to work as usual in person and you will be put back on active status.** If you get vaccinated in the future, please follow the steps above and be in contact with your school about a return date.

Please be advised that if you do not intend to return to the DOE, you will need to return all DOE property, including computers, IDs, blackberries, and keys, immediately. Failure to return any DOE property that has been assigned to you will delay the processing of your final payment and any payout of leave time.

Employees represented by a union who have been placed on LWOP due to vaccination status may select to **extend the leave without pay due to vaccination status through September 5, 2022**(available in SOLAS as of Monday, November 1 through November 30, 2021):

- Employees choosing this option will also be required to waive their rights to challenge their involuntary resignation, including, but not limited to, through a contractual or statutory disciple process.
- They will remain eligible for health insurance through September 5, 2022
- Employees who have not returned by September 5, 2022 shall be deemed to have voluntarily resigned.

Beginning December 1, 2021, the DOE will seek to unilaterally separate employees who have not returned to work, extended their leave, or otherwise separated service.

For more information about where to get vaccinated, visit vaccinefinder.nyc.gov or call 877-VAX-4-NYC. For the latest COVID-19 staffing updates, please visit the Coronavirus Staff Update InfoHub page.

Sincerely,

NYCDOE Division of Human Capital

Ref Number : GX6096307 N3456 COVID-19 LWOP

---------- Forwarded message ----------
From: Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
To: "jadenaetrabacchi@gmail.com" <jadenaetrabacchi@gmail.com>
Cc:
Bcc:
Date: Wed, 1 Dec 2021 00:31:16 +0000
Subject: Fwd: FINAL NOTICE: Leave Without Pay Status

---

**From:** NYCDOE <noreply@schools.nyc.gov>
**Sent:** Monday, November 29, 2021, 5:53 PM

5/8/24, 12:32 PM                                    mail - DOE letters to print

**To:** Trabacchi Jadenae
**Subject:** FINAL NOTICE: Leave Without Pay Status



Dear Colleague,

According to New York City Department of Education (NYCDOE) records, you are currently on a Leave Without Pay (LWOP) because you are not eligible to work based on your failure to comply with the New York City Health Commissioner's Order requiring vaccination of all NYCDOE staff, absent the granting of a reasonable accommodation.

As you were previously advised, **if you remain non-compliant and have not opted to extend your LWOP or return from LWOP status by November 30, you are subject to termination from service with the NYCDOE beginning December 1, 2021.**

<u>If you would like to extend your LWOP status</u>, you may do so by logging into SOLAS and stating your intention **by 11:59pm November 30**. Employees choosing this option:

- Will remain eligible for health insurance through September 5, 2022.
- May seek to return from this leave prior to September 6, 2022 by following the steps below on returning from LWOP status. Employees who have not returned by September 6, 2022 shall be deemed to have voluntarily resigned.
- Must waive their rights to challenge such resignation, including, but not limited to, through a contractual or statutory disciplinary process

<u>If you would like to return to work from LWOP status</u>, you must complete two steps using the DOE Vaccination Portal by November 30:

1. Upload proof that you have received your first dose of a COVID-19 vaccine. Proof of COVID-19 vaccine can be an image of your vaccination card, NYS Excelsior Pass, or another government record.
2. E-sign the attestation stating that you are willing to return to your worksite within fourteen calendar days of submission.

Once you have completed these two steps, your HR Director and supervisor will also be notified and will work with you to plan your return date. If you encounter technical issues accessing the Vaccination Portal, please contact the DOE Help Desk by opening a ticket online or calling 718-935-5100. If you need support uploading your proof of vaccination, please contact your principal or HRD, who can do so on your behalf.

If you believe you have received this notice in error because you are not currently on leave without pay, or have extended your LWOP, or have submitted proof of vaccination, please contact **lwopquestions@schools.nyc.gov** no later than 5 PM on November 30, 2021.

Sincerely,

NYCDOE Division of Human Capital

**14 attachments**

Gmail - DOE letters to print



**IMG-20211027-WA0001.jpeg**
528K

🗎 Fwd: Monoclonal Antibody Treatment - Vaccine Exemption.eml
18K

🗎 Fwd: Your application for a COVID-19 Vaccine Related Exemption or Accommodation has been received..eml
20K

🗎 Fwd: Your Temporary Medical Exemption to the Covid-19 Vaccine Mandate.eml
26K

🗎 2021-10-27 1217 Today's Sub Link - Attendance Report.csv
2K

🗎 Fwd: Meeting data from 'Today's Sub Link' on Oct 27, 2021.eml
16K

🗎 Fwd: Access to SOLAS- Non-Compliance Error [Incident: 211028-000377].eml
17K

🗎 Fwd: Your application for a COVID-19 Vaccine Related Exemption or Accommodation has been received..eml
20K

🗎 Fwd: Access to SOLAS- Non-Compliance Error.eml
775K

🗎 Fwd: Your COVID-19 Vaccine Medical Exemption Application - Determination.eml
17K

🗎 Fwd: Your Temporary Medical Exemption to the COVID-19 Vaccine Mandate.eml
25K

🗎 Fwd: Your COVID-19 Vaccine Medical Exemption Application - Determination.eml
17K

🗎 Fwd: Notification of Leave Without Pay - PLEASE READ.eml
28K

🗎 Fwd: FINAL NOTICE: Leave Without Pay Status.eml
24K

# EXHIBIT 3

**From:** Trabacchi Jadenae JTrabacchi@schools.nyc.gov 📎
**Subject:** Fwd: Access to SOLAS- Non-Compliance Error
**Date:** November 30, 2021 at 7:33 PM
**To:** jadenaetrabacchi@gmail.com

TJ

---

**From:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Sent:** Friday, October 29, 2021 6:26:39 AM
**To:** Separation Eligibility <separationeligibility@schools.nyc.gov>; HRD Vax Questions <HRDVaxQuestions@schools.nyc.gov>
**Cc:** Isler Brian <BIsler@schools.nyc.gov>; Dempster Sheldon <SDempster@schools.nyc.gov>
**Subject:** Re: Access to SOLAS- Non-Compliance Error

Thank you. I am actually trying to reapply for medical, as directed by the uft, but recieve an error message everytime I try to sign and submit. I have attached an image of the message I am seeing on my end to clarify. Can I be granted full access, as I am not trying to go on LWOP or resign, I am trying to see if I can extend my medical exemption.

Thank you so much for getting back to me and for adding another team that can help me with this matter.

Best,

Jadenaè

---

**From:** Separation Eligibility <separationeligibility@schools.nyc.gov>
**Sent:** Thursday, October 28, 2021 10:35:19 PM
**To:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>; HRD Vax Questions <HRDVaxQuestions@schools.nyc.gov>
**Cc:** Isler Brian <BIsler@schools.nyc.gov>; Dempster Sheldon <SDempster@schools.nyc.gov>
**Subject:** Re: Access to SOLAS- Non-Compliance Error

Hi Jadenae,

Thank you for your message. I can see from our records that you are indicated as on a medical exemption through 10/31.

Only people who are on leave without pay can select these options in SOLAS. You should have received an email today from the HR team with instructions about how to revoke your exemption if you wish to instead be placed on leave without pay, and then select separation. Can you please take a look and see if that provides the information you need? I also added another team here for their review.

Thank you,
Sara

| Employee | Title | Location | Start Date | End Date | Type | Description |
|---|---|---|---|---|---|---|
| **JADENAE TRABACCHI**<br>Employee ID: 1459338 | TEACHER | 20K220 | 10/04/2021 | 10/31/2021 | COVID-19 Vaccine Related Exemption | |

**From:** Trabacchi Jadenae <JTrabacchi@schools.nyc.gov>
**Sent:** Thursday, October 28, 2021 1:51 PM
**To:** Separation Eligibility <separationeligibility@schools.nyc.gov>
**Cc:** Isler Brian <BIsler@schools.nyc.gov>; Dempster Sheldon <SDempster@schools.nyc.gov>
**Subject:** Access to SOLAS- Non-Compliance Error

Good Morning,

My name is Jadenae` Trabacchi and I am an educator at I.S.220 John J. Pershing. My File # is 0888457 and my Employee ID# is 1459338. I am writing because I am currently on a medical exemption, granted by the UFT until October 31st, 2021. Yesterday, I went to apply for an extension, due to health-related extenuating circumstances, and was not able to submit the necessary documentation because I am on the non-compliance list.

Please advise if there is any pertinent information needed for me to be granted full access to SOLAS again, so I can submit for a medical exemption before being placed on LWOP due to non-compliance. If you have any questions, I can be reached at (631) 484-1127. Thank you and have a great day.

Best,
Jadenae` Trabacchi
20K220





Error: You have been identified as being non-compliant to the vaccine mandate. You can't submit an application for Reasonable Accommoddation or COVID-19 Vaccine Related Exemption/Accommodation at this time.

OK

Back    E Sign & Submit    Print    Exit

cannot complete submission of your application until you agree to the terms and conditions above, by

# EXHIBIT 4

 Gmail

Jadenae Trabacchi <jadenaetrabacchi@gmail.com>

## Jadenae` Trabacchi-1459338

1 message

**Jadenae Trabacchi** <jadenaetrabacchi@gmail.com>                    Mon, Sep 5, 2022 at 5:51 PM
To: vaccinemandatetermination@schools.nyc.gov

Good Afternoon,

I received the correspondence from the Department of Education in the mail, dated August 22, 2022, regarding reinstatement. I am writing because unfortunately I am still not eligible to take the COVID-19 vaccine, due to my antibody levels still rising exponentially and how it will affect my autoimmune disorder. However, I truly want to be reinstated with a medical exemption, as my antibody levels are as high as people who are vaccinated and have taken antibody tests to check their levels.

I tried to log into SOLAS to see if there was anywhere that I could upload my antibody results and doctor's note, but am still locked out. Since December 2021, my antibody levels have increased one-hundred-fold, from 23.20 to 2194.0. I have not attached anything to this email, as I am not sure this would be the appropriate place to do so.

To inform you, this is an excerpt from two of the CDC's most recent press releases, dated August 11, 2022, before these letters were sent by the DOE:

*"We're in a stronger place today as a nation, with more tools—like vaccination, boosters, and treatments—to protect ourselves, and our communities, from severe illness from COVID-19," said Greta Massetti, PhD, MPH, MMWR author. "We also have a better understanding of how to protect people from being exposed to the virus, like wearing high-quality masks, testing, and improved ventilation.  This guidance acknowledges that the pandemic is not over, but also helps us move to a point where COVID-19 no longer severely disrupts our daily lives."*
https://www.cdc.gov/media/releases/2022/p0811-covid-guidance.html

*"CDC's COVID-19 prevention recommendations no longer differentiate based on a person's vaccination status because breakthrough infections occur, though they are generally mild (16), and persons who have had COVID-19 but are not vaccinated have some degree of protection against severe illness from their previous infection...COVID-19 remains an ongoing public health threat; however, high levels of vaccine- and infection-induced immunity and the availability of medical and nonpharmaceutical interventions have substantially reduced the risk for medically significant illness, hospitalization, and death from COVID-19. As transmission of SARS-CoV-2 continues, the current focus on reducing medically significant illness, death, and health care system strain are appropriate and achievable aims that are supported by the broad availability of the current suite of effective public health tools. Rapid identification of emergent variants necessitating a shift in prevention strategy makes continued detection, monitoring, and characterization of novel SARS-CoV-2 variants essential. Incorporating actions to mitigate the impact of COVID-19 into long-term sustainable routine practices is imperative for society and public health."*
https://www.cdc.gov/mmwr/volumes/71/wr/mm7133e1.htm

It seems that the CDC is acknowledging other methods of prevention, aside from vaccination, I was hoping I could be pointed in the right direction of a representative with whom I can discuss how to receive my job back with exemption, and considerable agreement to another method of prevention, such as masks or regular testing. The second excerpt recognizes the "Non-Pharmaceutical Interventions" yielding efficacy for those who are not vaccinated against COVID-19, but have been infected and produced antibodies through natural immunity.

I can be reached via response to this email or at (631) 484-1127. Thank you for your time, as I await your response for guidance and next steps. Have a great day!

Sincerely,

Jadenae` Trabacchi, BFA, MS, NBME NBC-HWC
1459338

# EXHIBIT J

UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK

_____X

JADENAE TRABACCHI,

                Plaintiff       **DOCKET NO. 24-CV-6123 (RPK) (TAM)**

      -against –


      **THE DEPARTMENT OF EDUCATION
      OF THE CITY OF NEW YORK, DAVID
      BANKS, Chancellor; and KATHERINE RODI,
      Director of Employee Relations,**


               Defendants


_____X

STATE OF NEW YORK)

           SS.:

COUNTY OF NEW YORK


## AFFIDAVIT OF BETSY COMBIER

    I, BETSY COMBIER, affirm under the penalties of perjury under the laws of the

State of New York that the following is true and may be filed in a court of law:

1.    My name is Betsy Combier, and I am the President and lead paralegal/workplace

    investigator of Advocatz, a consulting business for people who need a partner as they

    go through the Courts, grievances, or life problems.

2.    Since 2004 I have been working on exposing how the "Problem Code" is placed onto the

1

personnel files of NYC DOE employees without just or probable cause, depriving the employee of Constitutional due process.

3.    My research into the Problem Code and the secret manipulation and deprivation of rights by the New York City Department of Education has led me to conclude that the process of employees being problem coded has no justification under any law, rule or regulation.

4.    The Plaintiff in the case cited above asked for my assistance after New York City Law Department Attorneys Kathleen Linnane (who has since left the Corporation Counsel and now works for Paduano & Weintraub located at 1251 Avenue of the Americas, N.Y., N.Y. 10020) and Attorney Brigid Lynn filed a Motion To Dismiss in the Court on 11/15/24 in which they argued that Defendant Katherine Rodi must be dismissed from the case because she was *never served*. Yet the Docket of the case on PACER.gov (#7) clearly shows the notarized, stamped and filed Summons served on Kathleen Rodi on 9/24/24 at 100 Church Street in Manhattan. This is the correct place to serve Ms. Rodi since at least 2018.

5.    Ms. Linnane and Ms. Lynn wrote in their Motion To Dismiss that Ms. Rodi cannot be served at the City Law Department at 100 Church Street. This was a lie, and both Attorneys were well aware of making this up due to their inability to justify Defendant Rodi's actions, namely placing every unvaccinated DOE employee on the Problem Code on October 4, 2021. However, Magistrate Judge Taryn A. Merkl bought the bait in her Report and Recommendation and questioned the service. This Affidavit addresses these actions and supports the Plaintiff's Complaint and service as lawful and correct.

6.    The Problem Code is visible to anyone who nominates any DOE employee for a job,

2

who is a payroll secretary or manages salaries for a school or vendor, and anyone else who knows where to look in the codes available in the DOE database. The DOE will fight to say this is not true, because the way that the Problem Code is placed on all employees who get a letter to file (which cannot be grieved) is a violation of the 14th Amendment and its' promise of due process.

7. The DOE has never been able to come up with a good, lawful reason to permanently scar a person's career without a hearing (assuming this person was not convicted in any criminal proceeding). I cannot find one either.

8. I am an Expert Witness on the Problem Code, Education Law §3020-a arbitration, and Section 913 evaluations, and respectfully submit this AFFIDAVIT in support of the Plaintiff's Amended Complaint submitted to the Court holding Jurisdiction over this case in the Eastern District of New York.

9. I know the facts stated herein to be true based upon my personal knowledge and upon my review of the files of hundreds of my clients whom I have represented in proceedings with the New York City Department of Education ("DOE"), except for statements which are made on information and belief and, as to those, I verily believe them.

10. I uncovered what became known as the "Problem Code" when I filed a Freedom of Information request with the DOE for names of employees and reasons for them being listed in the Monitoring Unit database in 2004. I was denied access because all the employees were listed only by their social security numbers, which I was forbidden to see. See my articles on Parentadvocates.org:

3

**The New York City Department of Education's "Problem Code" is an Unlawful Flag On Employee's Fingerprints**
https://www.parentadvocates.org/index.cfm?fuseaction=article&articleID=8884

**In NYC the Absent Teacher Reserve and The Rubber Room Are Both Strategies For Unlawful Denial of Tenure Job Protections (2021)**
https://www.parentadvocates.org/index.cfm?fuseaction=article&articleID=8958

and on my website Advocatz.com:

**The New York City Department of Education, UFT, Problem Code, and Perpetual Fog Machine Continue To Prevent Unvaxxed Employees From Working**

https://advocatz.com/2023/02/12/the-new-york-city-department-of-education-problem-code-continues-to-prevent-unvaxxed-employees-from-working/

11. I worked as a union Special Representative under UFT Presidents Randi Weingarten and Michael Mulgrew from 2007-2010 and told members about the problem code as well as whether they were coded or not. The Problem Code of members was easily available to us, and I became the person who was called about it. I answered every call, but left the UFT when it became obvious to me that my help on this issue, as well as others, was not highly regarded by the people at the top level of the UFT.

12. As an Expert witness on the Problem Code, I have made myself available to assist DOE employees as they pursue clearing their name and overturning a wrongful termination.

13. Since February 8, 2022 I have been writing and publishing stories on Advocatz.com about the unlawful termination of unvaccinated municipal workers in New York City, and about the DOE placing unvaccinated employees onto the "Problem Code" database on October 4, 2021 after they dared to challenge the experimental COVID Vaccine Mandate (CVM).

4

14. On April 22, 2022 I received an email from a teacher who was unvaccinated and this email had truly shocking information. The email was sent to her by DOE employee Eric Amato. In his email, Mr. Amato wrote:

> "PR = Problem code – Problem code was added to all employees who were placed on 2VM vaccine mandate leave. It was placed there the day you went on the leave. Our central offices placed this code on all employees who went on the leave. It will be removed once you are eligible to return to work.
>
> Thanks,
> Eric"
>
> See my Declaration: **Betsy Combier declaration** in my articles above and here:
>
> 2022-6-3-doc-168-1-declaration-of-black-in-supp-exhb-1
>
> My Declaration was filed in the cases of Kane v De Blasio et al., (21-CV-7863) and Keil v City of New York et al. (21-CV-8773), on June 3, 2022 (Docket 168-1).

15. Mr. Amato left his employment with the DOE soon after he sent the email.

16. After the Problem Code was exposed, the planned hoax by the DOE and Unions in New York City to fire as many permanent/tenured employees as possible started unraveling. The goal of a mass layoff of permanent or tenured municipal workers and educators fell apart. There was never a just cause for the thousands of people who lost everything, but here is where the following slogans come in handy: "Knowledge is power", and "You can fool some of the people all of the time, and all of the people some of the time, but you cannot fool all of the people all of the time". Most people contribute the second slogan to President Abraham Lincoln.

**UPDATE: Educators Accused of Submitting Fake Vaccination Cards Win Jobs Back and Backpay**

5

https://advocatz.com/2023/02/17/update-educators-accused-of-submitting-fake-vaccination-cards-win-jobs-back-and-backpay/

**NYC is Forcing Unionized Public Employees Into At-Will Terms of Employment**
https://advocatz.com/2024/09/23/nyc-is-forcing-unionized-public-employees-into-at-will-terms-of-employment/

17. Suddenly, in October 2021, all employees of the DOE in all titles, tenured or untenured, who could not, did not, or would not - for religious or medical reasons - get vaccinated by the COVID vaccine were permanently coded and subsequently labelled as guilty of misconduct and blocked from getting unemployment or any employment as a teacher for the DOE or any vendor without any due process hearing of any kind. The DOE refused to hold any grievance or Education Law §3020-a arbitrations, so the UFT paused any and all filings of grievances in October and November 2021.

18. All this must be seen as a conspiracy of harm, as the COVID vaccine did not protect anyone from getting the COVID virus or transmitting it to someone else, and both the UFT and the DOE were aware of this information. Both chose to ignore the science, some say to get kickbacks from the drug companies for every vaccine given.

**Former NY Governor Andrew Cuomo And Dr. Jay Varma Admit That No Authority Existed For The COVID Mandate Terminations**
https://advocatz.com/2024/09/20/former-ny-governor-andrew-cuomo-admits-that-no-authority-existed-for-covid-mandate-terminations/

19. Additionally, the City of New York marketed the COVID Vaccine Mandate ("CVM") as a new term of employment for the municipal workers in New York City, but this was always false for non-healthcare employees. No union changed the terms in their contract to make the vaccine mandatory.

6

20. In June 2022 while I was representing a teacher in a PERB Case (Public Employment Relations Board), Administrative Law Judge (ALJ) Mary Thomas Scott informed me that the 10-year litigation on the Problem Code had reached an end, and did I want the final decision? Bless her. I said yes. The PERB Problem Code case was filed by the UFT against the DOE to force the DOE to make a Problem Code on a member's file more transparent by answering such questions as: when was this Code placed on the member's file? Why? The ALJ found that the "flagging" impacted terms and conditions of employment, and that the District had violated the Act by instituting the flagging system. Thus the DOE lost the case, but has never complied with the Judgment.

21. The person who has been avoiding scrutiny yet has permanently scarred DOE employees without due process is the DOE Executive Director of Employee Relations, Ms. Katherine Rodi. She has been in that position since 2012. (Testimony. Nov. 5, 2015, PERB). Rodi also has the responsibility of overseeing the NYCDOE's Office of Safety and Health, and the Office of Personnel Investigation ("OPI") where she decides who among the NYCDOE's employees are placed on a "Problem Code". She monitors the disciplinary information in the personnel file that is highlighted by the Problem Code for principals who may want to hire a former or current employee.

22. In her testimony given under oath at PERB in November 2015 Ms. Rodi testified that "no Respondent ever sees their flag/problem code", and if a principal or some other potential employer wanted to hire someone who was coded, they could hire the person. None of these statements are true.

23. While working at the UFT, when I received a call from a DOE employee/UFT member

7

asking if he/she was on the Problem Code, I told them "one minute, I will let you know". I walked quickly the 5 steps into the office next door, and would ask Amy Arundell, another Special Representative, whether or not the caller was coded by file number. Ms. Arundell looked at her computer and told me yes or no. I gave this information to the person on the phone. This was 2008-2009. So, when Amy Arundell testified in November 2015 at PERB that she had never heard of the Problem Code until 2012, in order to get the UFT's PERB Improper Practice Charge case heard under the statute of limitations of 4 months, she was not telling the truth either, just like Ms. Rodi.

24. The DOE has continuously tried to keep the Problem Code hidden because there is no law, rule or regulation that can legally support the manner in which the Code serves to directly harm an employee by getting the employee terminated and unable to work ever again as an educator in New York City.

25. It is a well-known fact that Ms. Rodi has been sued many times in this Court, and service was and is accepted at 100 Church Street, New York City: Plaintiff Jadenae Trabacchi served Katherine Rodi on 9/24/24 at 100 Church Street (Docket #7); EDNY Pro se Plaintiff Mushtaq Ahmad (18-CV-3494(WFK)(LB) used the United States Marshals Service to serve Ms. Rodi. The Marshal was turned away from 65 Court Street, and told to serve Ms. Rodi at 100 Church Street, NY NY 10007, where Betty Mazyck accepted service.(Docket # 22 Filed 09/24/18); Petitioner Miles Grossman (NYS Supreme Court No. 155034/2023) served Katherine Rodi at 100 Church Street, accepted by Ariton Marke, Deputy Unit Chief; Parrino v NYC DOE (24-CV-08892 served Rodi 2/25/25); Rothschild v NYCDOE et al., (25-CV-01684), served Rodi October 7, 2025; Trudo v

8

NYC DOE et al.,(25-CV-01345) served Rodi 5/6/2025; Matyas v NYC DOE et al., (25-CV-01861) served Rodi on 5/6/2025. None of these cases had a problem with service at 100 Church Street, Manhattan.

26. The reason why the lie of Attorneys Linnane and Lynn that Ms. Rodi was never served (but Docket #7 says that she was served on 9/24/24) in this case was so absurd comes from the failure of another lie made by the NYC Law Department in 2024. Around the same time that this case was filed, another pro se case with Katherine Rodi as a Defendant was also served on the City Law Department at 100 Church Street. When the professional process server presented the Complaints at the service window, he was told that Ms. Rodi could not be served because she *"no longer worked at the Department of Education"*. The Plaintiff called me and told me that the process server was turned away, what could she do? I immediately contacted "my old friend" from 2004, Dr. Peter Ianniello, who is Executive Director of Human Resources for the DOE. He replied in 5 minutes that this information was false, and that Kathy Rodi continues to work for the DOE. I then called the Unit Chief in charge of Operations at the City Law Department, and I told him what happened. He told me, "Well, we do not accept service for every employee at the DOE…." I told him that Ms. Rodi was a VIP, in charge of Employee Relations and OPI. The Unit Director said, "Oh, Betsy, I get it! I will immediately write a Notice to all who work at the service window that any and all lawsuits filed with Katherine Rodi in the caption must be accepted by us. Please tell the service provider who was turned away to come back!" I did just that, and on Dec.19, 2024 Rodi was successfully served in that case. I thought this was the end to the lies of the Corporation

9

Counsel. I was wrong. On November 15, 2024, the New York City Law Department Attorneys in the matter cited in the caption above, Ms. Kathleen M. Linnane and Brigid Lynn, wrote into their Motion To Dismiss that Katherine Rodi was never served, and thus the Court had no jurisdiction over her and she must be dismissed from the case. In my opinion, lying in a federal court motion is extremely serious business.

27.    Plaintiff and I had a great solution. When Ms. Lynn sent Plaintiff a request for an extension of time to oppose the Amended Complaint, Plaintiff wrote back that she would grant any amount of time, as long as Ms. Lynn withdrew her claim that Rodi was never served, and that this was a mistake. Lynn refused, saying "I am not in a position to agree that service on Katherine Rodi at 100 Church Street was proper service" (Oct. 28, 2025).

28.    That same day, Attorney Lynn wrote to the Magistrate Judge Merkl:

"I write to respectfully request an extension of time to December 4, 2025, for the DOE to respond to the amended complaint. This is the DOE's first request for an extension of time to respond to the amended complaint and the requested extension does not affect any scheduled dates. Although not entirely clear, it appears that pro se Plaintiff is only willing to consent to an extension if Defendant agrees that individual defendant Katherine Rodi was properly served at 100 Church Street and informs the Court that it was mistaken in claiming otherwise in its Motion to Dismiss the Complaint. Defendant, however, does not agree that service on Rodi was proper. Thus, it appears that Plaintiff opposes the requested extension.
….. Plaintiff is required to file proof of service on individual defendants Rodi and Melissa Aviles-Ramos…."

29.    In sum, Plaintiff has plausibly pleaded that she was potentially subjected to an unconstitutional government action resulting in an injury for which she has yet to receive recompense. Due to the inability to defend the actions of DOE Defendant Katherine Rodi in placing Plaintiff Trabacchi on the stigmatizing Problem Code on or about October 4, 2021, Corporation Counsel Attorneys Linnane and Lynn deliberately filed false

10

information about an alleged "lack of/improper service" on Katherine Rodi while a filed and notarized Summons served on Ms. Rodi at 100 Church Street on 9/24/24 is clearly seen on the Docket at #7.

I swear on this 18th day of November, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Elizabeth Combier ("Betsy")

Notary Public

State of New York County of New York
Subscribed and sworn to (or affirmed) before me
on this 18 day of Nov ,20 25
by Elizabeth Irene Combier ,
proved to me on the basis of satisfactory evidence to
be the person(s) who appeared before me.

_____
Notary Public Signature

Nicholas Cruz
Notary Public, State of New York
Reg. No. 01CR0031988
Qualified in Bronx County
Commission Expires December 16, 2028

11