Index No. 24-cv-6123 (RPK)(TAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JADENAE TRABACCHI,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, MELISSA
AVILES-RAMOS, Chancellor, and
KATHERINE RODI, Director of
Operations,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE MERKL'S REPORT AND RECOMMENDATION**

*STEVEN BANKS*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Brigid Lynn*
*Tel:  (212) 356-2481*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...............................................................................................II

PRELIMINARY STATEMENT ....................................................................................... 1

STANDARD OF REVIEW .............................................................................................. 2

ARGUMENT .................................................................................................................... 3

      A.   Magistrate Judge Merkl Did Not Copy Defendants' Arguments or Omit Statements or Exhibits When Analyzing Plaintiff's Amended Complaint ...................................................... 3

      B.   The R&R Did Not Improperly Resolve Factual Disputes or Draw Inferences Against Plaintiff at the Pleading Stage ............................................................................................. 4

      C.   Magistrate Judge Merkl Correctly Held That Plaintiff Lacked the Right to a Hearing Under Education Law § 3020-a and Dismissed Plaintiff's Due Process Claims.................................... 6

      D.   Magistrate Judge Merkl Correctly Held that Plaintiff Received a Meaningful Opportunity to be Heard Under the 14th Amendment............................................................. 7

      E.   Magistrate Judge Merkl Correctly Found that Plaintiff's SHRL and CHRL Claims are Time-Barred...................................... 8

      F.   Plaintiff's Amended Complaint Did Not Include a Cooperative Dialogue Claim ........................................................... 9

CONCLUSION................................................................................................................ 10

CERTIFICATE OF COMPLIANCE ............................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

Broecker v. New York City Dep't of Educ.,
    585 F. Supp. 3d 299 (E.D.N.Y. 2022),
    aff'd, 2023 U.S. App. LEXIS 30076
    (2d Cir. Dec. 26, 2023) ..................................................................................................7

Fannie Mae v. 204 Ellery St., LLC,
    2024 U.S. Dist. LEXIS 141403
    (E.D.N.Y. Aug. 8, 2024) ................................................................................................2

Fossil Grp. v. Seller,
    2021 U.S. Dist. LEXIS 190996
    (E.D.N.Y. 2021) .........................................................................................................2, 4

Frankel v. City of New York,
    2009 U.S. Dist. LEXIS 14864
    (S.D.N.Y. 2009) .............................................................................................................2

Garland v. New York City Fire Dep't,
    2024 U.S. App. LEXIS 2651
    (2d Cir. Feb. 6, 2024) ....................................................................................................7

Kittrell v. Dep't of Citywide Admin. Servs. Div. of Pers.,
    2013 U.S. Dist. LEXIS 76914
    (E.D.N.Y. 2013) .............................................................................................................2

Maita v. City of New York,
    24-cv-06559 (DG)(VMS)
    (E.D.N.Y. 2026) .............................................................................................................4

United Staes v. Veeraswamy,
    765 F. Supp. 3d 168 (E.D.N.Y. 2025) ...............................................................5, 7, 8, 9, 10

Vasquez v. City of New York,
    2025 U.S. Dist. LEXIS 107139
    (E.D.N.Y. June 2, 2025) .................................................................................................7

Vega v. Artuz,
    2002 U.S. Dist. LEXIS 18270
    (S.D.N.Y. Sept. 30, 2002) ..............................................................................................2

**Statutes**

28 U.S.C. § 636(b)(1) .............................................................................................................2

**<u>Statues</u>**                                                                                                    **<u>Pages</u>**

N.Y. Educ. Law § 3020-a ...............................................................................................1, 4, 6

## PRELIMINARY STATEMENT

Defendants the Department of Education of the City of New York, Melissa Aviles-Ramos, and Katherine Rodi (collectively, "Defendants"), respectfully submit this memorandum of law in opposition to Plaintiff's Objections to Magistrate Judge Merkl's Report and Recommendation ("Pl's Objections"), which recommended that Defendants' Motion to Dismiss the Amended Complaint be granted in its entirety, with prejudice. See ECF Dkt. No. 37.

Plaintiff asserts several objections to Magistrate Judge Merkl's Report and Recommendation ("R&R"): (1) the R&R copies the Defendants' arguments and omits statements and exhibit review from Plaintiff's Amended Complaint; (2) the R&R improperly resolves factual disputes and draws inferences against Plaintiff at the pleading stage; (3) the R&R erroneously concludes that Plaintiff lacked a right to a hearing under N.Y. Education Law § 3020-a and failed to state procedural and substantive due process claims; (4) the R&R erroneously concludes that Plaintiff received a meaningful opportunity to be heard under the Fourteenth Amendment; (5) the R&R erroneously treats Plaintiff's New York State and City Human Rights Law ("SHRL" and "CHRL," respectively) claims as time barred; (6) Plaintiff states a viable failure to engage in a cooperative dialogue claim under the CHRL; and (7) Plaintiff states claims for failure to accommodate under the SHRL and CHRL.

As demonstrated more fully below, Plaintiff's objections are recitations of arguments advanced in her prior submissions and, therefore, subject to the clear error rule. Plaintiff fails to point to any clear error in the R&R. Rather, the R&R thoroughly and correctly analyzed Plaintiff's claims and the arguments raised by Plaintiff in Opposition to Defendants' Motion to Dismiss the Amended Complaint. Accordingly, for the reasons set forth herein, the Court should adopt the R&R in its entirety.

**STANDARD OF REVIEW**

A district court may, in whole or part, accept, reject, or modify a magistrate judge's findings and recommendations. See 28 U.S.C. § 636(b)(1). If a party submits proper objections, the district court must conduct a *de novo* review of a magistrate judge's report and recommendation. See Fannie Mae v. 204 Ellery St., LLC, 2024 U.S. Dist. LEXIS 141403, at *6 (E.D.N.Y. Aug. 8, 2024). "[O]bjections must be specific and clearly aimed at particular findings in the magistrate judge's" report and recommendation to warrant *de novo* review. Id. (internal quotations and citation omitted). "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke a *de novo* review of the magistrate's recommendations." Fossil Grp. v. Seller, 2021 U.S. Dist. LEXIS 190996, at *5 (E.D.N.Y. 2021); see also Frankel v. City of N.Y., 2009 U.S. Dist. LEXIS 14864, at *4 (S.D.N.Y. 2009). Reviewing such objections *de novo* "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Vega v. Artuz, 2002 U.S. Dist. LEXIS 18270, at *3 (S.D.N.Y. Sept. 30, 2002) (internal citation omitted).

"General or conclusory objections," objections that "merely recite the same arguments presented to the magistrate judge," and findings and recommendations that are not objected to are all reviewed for clear error." Fannie Mae, 2024 U.S. Dist. LEXIS 141403, at *6. (internal quotations and citation omitted). Clear error exists when, after reviewing the entire record, the district court is "left with the definite and firm conviction that a mistake has been committed." Id. (internal quotations and citation omitted). To reject a report and recommendation's findings under the clear error standard, the "decision must strike [the Court] as more than maybe or just probably wrong; it must strike [the Court] as wrong with the force of a five-week-old unrefrigerated dead fish." Kittrell v. Dep't of Citywide Admin. Servs. Div. of Pers., 2013 U.S. Dist. LEXIS 76914, at *3-4 (E.D.N.Y. 2013) (quotations omitted).

2

## ARGUMENT

### A. Magistrate Judge Merkl Did Not Copy Defendants' Arguments or Omit Statements or Exhibits When Analyzing Plaintiff's Amended Complaint.

Plaintiff's first objection is that her claims were not considered because Magistrate Judge Merkl did not mention her "papers or EXHIBITS." According to Plaintiff, this is "confirmed" by "footnote 3" in the R&R that briefly recites the contents of three doctor's notes that Plaintiff submitted and Magistrate Judge Merkl's omission of Exhibit A(2) to make the claim that "Plaintiff did not request an accommodation." Pl's Objections at 4-5. According to Plaintiff, she alleged that she sought "an extension of her medical extension" and the papers she submitted prove that she requested a workplace accommodation. Id. at 5.

The mere suggestion, much less Plaintiff's claim, that Magistrate Judge Merkl did not fully consider the allegations in her Amended Complaint and the numerous exhibits Plaintiff attached thereto is completely belied by the R&R's comprehensive recitation of the relevant factual allegations in the Amended Complaint and the repeated reference to Plaintiff's attached exhibits. See R&R at 2-5. Plaintiff does not indicate how Exhibit A(2) shows that she requested a "medical extension" or requested a workplace accommodation. This is, undoubtedly, because Exhibit A(2) is simply an email confirming DOE's receipt of Plaintiff's application for a COVID-19 Vaccine related exemption or accommodation, dated September 28, 2021. See Pls. Exh. (a)(2), ECF Dkt. No. 24. It certainly does not indicate that Plaintiff requested a "remote teaching job." Pl's Objections at 5. Magistrate Judge Merkl accurately summarized the three doctors' notes in footnote 3, a point not contested by Plaintiff, and correctly noted that "None" indicated that "Plaintiff requested or required any workplace accommodations." R&R at 3, n.3. Further, Plaintiff never alleged in the Amended Complaint that she requested a remote teaching job. Plaintiff's

3

objections that Magistrate Judge Merkl did not review, acknowledge, or consider Plaintiff's "papers or EXHIBITS" is contradicted by the R&R, is baseless, and should be rejected.

**B.   The R&R Did Not Improperly Resolve Factual Disputes or Draw Inferences Against Plaintiff at the Pleading Stage.**

Plaintiff claims the R&R improperly "resolved disputed facts and drew inferences in Defendants' favor" when it presumed that she "received the same procedural opportunities as other DOE employees and that existing DOE procedures 'in theory' satisfied constitutional requirements." Pl's Objections at 6. Plaintiff does not cite a single case to support this argument and, critically, does not even attempt to rebut the imminent correctness of Magistrate Judge Merkl's legal conclusions that Plaintiff cannot state a claim for a violation of due process. See R&R at 16-19. Plaintiff's general argument is insufficient to identify any error, much less clear error. Further, Plaintiff's arguments about the "Problem Code" and Education Law § 3020-a are simply arguments reiterated from Plaintiff's previous filings and insufficient to invoke de novo review. See Fossil Grp., 2021 U.S. Dist. LEXIS 190996, at *5.

Plaintiff claims that the R&R "faulted Plaintiff for not identifying additional details regarding similarly situated employees." Pl's Objections at 7. According to Plaintiff, that was erroneous because she submitted articles from newspapers indicating that "many others [] received accommodations." Id. Plaintiff also points out that a filing in Maita v. City of New York, 24-cv-06559 (DG)(VMS) stated that the FDNY granted a total of 135 reasonable accommodations to firefighters in January and December 2022. Id. Plaintiff also notes that Kane v. De Blasio indicated that 165 DOE employees received accommodations. Id.

Magistrate Judge Merkl's finding that Plaintiff did not plead a selective enforcement claim because she did not identify valid comparators is undeniably correct. See R&R at 17-18. Plaintiff does not dispute that she did not allege any facts to indicate that "A.P." was a

valid comparator. Plaintiff does not suggest that the articles she cited to identify any valid comparators and, moreover, they were included in the Amended Complaint and considered by Magistrate Judge Merkl. See AC ¶ 55. Plaintiff's attempted reliance on statements that firefighters and other DOE employees were granted accommodations does not satisfy Plaintiff's burden and, further, the Court should not consider new arguments raised in objections to a report and recommendation that could have been raised before the magistrate but were not. See United Staes v. Veeraswamy, 765 F. Supp. 3d 168, 181 (E.D.N.Y. 2025).[1]

Plaintiff also objects to the R&R because "Defendants never provide a single fact to prove what they wrote in their Motion To Dismiss, yet make specious claims against Plaintiff that this Court believed and worked from." Pl's Objections at 8. Defendants were not required to "prove" any facts to prevail on their Motion to Dismiss. Instead, Defendants correctly pointed out all the numerous ways that Plaintiff's Amended Complaint was deficient and could not ever state claims upon which relief could be granted. See Defendants' Motion to Dismiss the Am. Compl. (ECF Dkt No. 33). After assuming Plaintiff's well-pled factual allegations to be true, Magistrate Judge Merkl agreed and determined that Plaintiff's claims failed procedurally and as a matter of law. Magistrate Judge Merkl plainly utilized the appropriate legal standards in making this determination and, as set forth above, considered Plaintiff's allegations and attached exhibits. See R&R at 13 n.10.

---

[1] Contrary to Plaintiff's argument, she was not required to "give specific numbers for the public employees given accommodations and remote work in 2021-2023." Rather, Magistrate Judge Merkl explained that Plaintiff was required to at least "identify similarly situated individuals," a requirement that Plaintiff undoubtedly and undisputedly did not meet. See R&R at 18.

As set forth above, Magistrate Judge Merkl did not utilize incorrect legal standards, resolve factual disputes, or draw inferences against Plaintiff. Plaintiff's objections, therefore, should be rejected.

**C. Magistrate Judge Merkl Correctly Held That Plaintiff Lacked the Right to a Hearing Under Education Law § 3020-a and Dismissed Plaintiff's Due Process Claims.**

Plaintiff argues that the dismissal of her Education Law § 3020-a and due process claims was based on the "legally and factually incorrect" conclusion that the Vaccine Mandate created a condition of employment. Pl's Objections at 8. Plaintiff raised this very argument in opposition to Defendants' Motion to Dismiss. See Opp. at 21. Magistrate Judge Merkl rejected it because "myriad courts in this Circuit have held, the Mandate created a condition of employment as a matter of law," and "Plaintiff's assertions that'[t]he Mayor's Emergency Orders cannot alter the terms of employment within the City workforce' and that '[v]accinations for COVID never existed as terms of employment in the CBA' are plainly incorrect in view of the substantial authority to the contrary." R&R at 18-19. Plaintiff's objection regarding the Vaccine Mandate creating a condition of employment should, therefore, be rejected because it is an attempt to relitigate an issue that has already raised and decided. Notably, Plaintiff does not identify any legal error with this conclusion.

Plaintiff's objections about tenure, "stigma plus," whether she was disciplined such that she was entitled to a hearing under Education Law § 3020-a, and the failure to be given a pre or post-termination hearing were also arguments that were raised and rejected by Magistrate Judge Merkl. See R&R at 16-19. Other than re-arguing these same points, Plaintiff does not actually identify any error with Magistrate Judge Merkl's findings or conclusions.

Plaintiff also argues that she was "never heard by the Scheinman Arbitrators, nor was her request for an extension ever sent to the Citywide Panel." Pl's Objections at 10. This

6

objection should be rejected because new arguments raised for the first time in objections that could have been raised before the magistrate should not be considered. See Veeraswamy, 765 F. Supp. 3d at 181.

**D. Magistrate Judge Merkl Correctly Held that Plaintiff Received a Meaningful Opportunity to be Heard Under the 14th Amendment.**

Plaintiff's arguments regarding her procedural due process claim are a rehashing of arguments that were already considered and rejected. As Magistrate Judge Merkl explained in the R&R, "it is well established that the CVM provided constitutionally sufficient due process to New York City employees who were placed on LWOP status or terminated." R&R at 16 (citing Garland v. New York City Fire Dep't, 2024 U.S. App. LEXIS 2651 (2d Cir. Feb. 6, 2024); Broecker v. New York City Dept. of Educ., 585 F. Supp. 3d 299, 312-14 (E.D.N.Y. 2022), aff'd 2023 U.S. App. LEXIS 30076, at *5-6 (2d Cir. Dec. 26, 2023)). This finding is supported by ample caselaw, and Plaintiff's objection must be rejected.

Plaintiff also objects to the R&R on the grounds that "district courts have consistently rejected the City's argument that terminating an employee who failed to comply with the vaccine mandate does not constitute discipline." Pl's Objections at 11. However, this argument was raised and correctly rejected by Magistrate Judge Merkl when she found that Plaintiff was not disciplined when she was terminated for failure to comply with a condition of employment. See R&R at 18-19. Plaintiff's citation to Vasquez v. City of New York, No. 22-cv-5068, is out of context and has no bearing whatsoever on Plaintiff's due process claim, as the quote taken from Vasquez pertains to a Title VII claim, rather than due process claims. See Pl's Objections at 11; see also Vasquez v. City of New York, 2025 U.S. Dist. LEXIS 107139 at *7-8 (E.D.N.Y. June 2, 2025). Further, Plaintiff's raises and argues Vasquez for the first time in her objections. The

7

argument should be rejected because it could have been raised before Magistrate Judge Merkl, but was not. See Veeraswamy, 765 F. Supp. 3d at 181.

**E. Magistrate Judge Merkl Correctly Found that Plaintiff's SHRL and CHRL Claims are Time-Barred.**

Plaintiff objects to the R&R on grounds that the dismissal of her SHRL and CHRL claims as time-barred "fails to account for accrual and continuing-violation principles." Pl's Objections at 12. Plaintiff claims that she filed notices of claim in 2022 and 2023. Pl's Objections at 3. However, Magistrate Judge Merkl correctly found that Plaintiff did not allege anything about notices of claim in her Amended Complaint. See R&R at 11 ("despite the Court's earlier warning, Plaintiff's amended pleadings do not allege particularized facts to show that she timely filed a notice of claim"). Even assuming, *arguendo*, that Plaintiff had pleaded in her Amended Complaint that she filed notices of claim, Magistrate Judge Merkl found that, based on the facts alleged in Plaintiff's Opposition to Defendants Motion to Dismiss the Complaint (ECF Dkt. No. 18), the notice of claim was filed more than 90 days after the allegedly discriminatory conduct occurred and was untimely. R&R at 11. Plaintiff does not actually contest this finding.

Arguments about when Plaintiff's claims accrued were also raised in Plaintiff's Opposition. There is no dispute about when Plaintiff's claims accrued – Plaintiff alleges she was terminated on February 11, 2022, and learned of the "problem code" on April 10, 2022, more than two years before Plaintiff initiated this action. See AC ¶¶32-33. Plaintiff's argument that her claims under the SHRL and CHRL are subject to a three year statute of limitations was expressly rejected by the Court. See R&R at 13 n.9. Magistrate Judge Merkl already explained, in response to Plaintiff's arguments in Opposition to Defendants' Motion to dismiss the Amended Complaint, that "Plaintiff's argument that the applicable one-year statute of limitations is preempted by the three-year statute of limitations for federal Title VII claims is inapposite. . . . The city, state, and

8

federal laws create distinct causes of action, and each has its own applicable statute of limitations."
Id.

Plaintiff argues that the public interest exception to the notice of claim requirement should apply. Pl's Objections at 12. In the first Report and Recommendation, Magistrate Judge Merkl determined that public interest exception did not apply because "the disposition of Plaintiff's case will not directly affect the rights of others, as her claims and requests for relief do not seek to vindicate rights beyond her own." First Report & Recommendation (ECF Dkt. No. 21) at 21-22. Plaintiff did not renew this argument in her Opposition to the Motion to Dismiss the Amended Complaint. Plaintiff cannot raise it anew for the first time in her objections to the R&R. See Veeraswamy, 765 F. Supp. 3d at 181. Plaintiff's SHRL and CHRL claims were correctly dismissed as untimely.

Plaintiff's objections regarding the merits of her SHRL and CHRL claims must also be rejected. Pl's Objections at 14-17. Magistrate Judge Merkl did not address the merits of these claims because she found them to be time-barred and subject to dismissal due to Plaintiff's failure to satisfy the notice of claim requirement. See R&R at 13. As noted above, Plaintiff does not actually raise any colorable objections to these findings and they are correct. In light of this, the Court need not and should not address Plaintiff's objections relating to the merits of these claims.

## F. Plaintiff's Amended Complaint Did Not Include a Cooperative Dialogue Claim.

Plaintiff argues that she was "never given a reason for the continued denial and lack of response to her medical accommodation extension requests" and that "[t]he City's conduct does not satisfy its obligation under the NYCHRL." Pl's Objections at 15. Plaintiff cannot raise a cooperative dialogue claim for the first time in her objections to Magistrate Judge Merkl's R&R. See Veeraswamy, 765 F. Supp. 3d at 180-81 ("In considering objections to an R. & R., the district court will not consider new arguments raised in objections to a magistrate judge's report and

9

recommendation that could have been raised before the magistrate but were not.") (internal citations omitted). Regardless, any cooperative dialogue claim under the CHRL would be subject to dismissal based on the procedural grounds identified by Judge Merkl in the R&R: the claim would be untimely under the one-year statute of limitations and would be dismissed for failure to satisfy the notice of claim requirement. See R&R at 13. Plaintiff also did not raise a failure to accommodate claim in her Amended Complaint or as an argument in her Opposition to the Motion to Dismiss. She may not raise it for the first time now. See Veeraswamy, 765 F. Supp. 3d at 180-81.

## CONCLUSION

Plaintiff's objections to the R&R should be rejected and the R&R should be adopted in full and the Amended Complaint dismissed in its entirety with prejudice.

Dated:  New York, New York
June 1, 2026

**STEVEN BANKS**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Second Floor
New York, New York 10007
(212) 356-2481

By:  /s/ Brigid Lynn
Brigid Lynn
Assistant Corporation Counsel

10

## CERTIFICATE OF COMPLIANCE

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed memorandum is produced using 12-point Times New Roman type and, including footnotes and excluding the cover page, captions, table of authorities, and table of contents, contains approximately 2,985 words, which is less than the total words permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated:        New York, New York
              June 1, 2026


                                    /s/ Brigid Lynn
                                    Brigid Lynn
                                    Assistant Corporation Counsel