*** Filed ***
06:06 PM, 07 Jun, 2026
U.S.D.C., Eastern District of New York

JADENAE TRABBACHI
8420 20TH Avenue, Apt C 1
Brooklyn, N.Y. 11214
JadenaeTrabacchi@gmail.com

Judge Rachel P. Kovner                                    June 6, 2026
United States District Court
Eastern District of New York
225 Cadman Plaza East Brooklyn,
New York 11201

**<u>Re: Trabacchi v. The Department of Education of the City of New York, et al.,</u>**
**<u>24-cv-06123</u>**

Dear Judge Kovner,

My name is Jadenae Trabacchi, and I am the Plaintiff pro se in the above cited case. Please see my reply to the Defendant's Opposition to my Objections.

Thank you.


Respectfully,

/s/ Jadenae Trabacchi


CC: Attorney Brigid Lynn

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____x


**JADENAE TRABACCHI,**

                    Plaintiff


                            **Docket No: 24-cv-06123 (RPK)(TAM)**

-against-


   **THE DEPARTMENT OF EDUCATION  OF**
**THE CITY OF NEW YORK, DAVID BANKS, Chancellor**
**and KATHERINE RODI, Director of Employee Relations,**


                  Defendants


_____x


# PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE MERKL'S REPORT AND RECOMMENDATION


Jadenae Trabbachi
8420 20th Avenue
Apt. c1
Brooklyn, N.Y. 11214
631-484-1127
jadenaetrabacchi@gmail.com

1

**PRELIMINARY STATEMENT**

Plaintiff pro se Jadenae Trabacchi ("Plaintiff") respectfully submits this REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE MERKL'S REPORT AND RECOMMENDATION ("Reply") to address the error-filled Opposition papers and R&R of Magistrate Judge Merkl and request that the Defendants' Motion To Dismiss and the R&R be denied so that Plaintiff may submit a Second Amended Complaint that fully addresses the denial of due process pursuant to Section 1983 and the 14th Amendment, with particular attention to Defendants' failure to accommodate Plaintiff's request for a review and dialogue concerning her need to refrain from getting vaccinated against COVID due to her medical disabilities. To date, this Court and Defendants have ignored Plaintiff's evidence and arguments concerning the failure to accommodate procedure that ended with her being terminated without due process.

Defendants' Opposition To Plaintiff's Objections is insufficient to dismiss Plaintiff's case because at no time have they presented a single fact to validate any arguments in their Opposition papers to Plaintiff's Objections reviewed here, or their Motion To Dismiss submitted  previously. Defendants erroneously claim that Plaintiff's case must be dismissed because "Plaintiff fails to point to any clear error in the R&R. Rather, the R&R thoroughly and correctly analyzed Plaintiff's claims and the arguments raised by Plaintiff in Opposition to Defendants' Motion to Dismiss the Amended Complaint." With all due respect to this Court, this statement is clearly wrong. What has happened in this case based upon the record evidence submitted is that Defendants have violated the Plaintiff's rights to 14th Amendment due process and Section 1983, and this Court has been loathe to hold the Defendants accountable for their deliberate termination of Plaintiff without proper

2

Notice or a hearing/dialogue on her medical contraindications from getting vaccinated against COVID.

An example of this sentiment by this Court is the shocking false claim on p. 2 of the first R&R filed on July 31, 2025, wherein Judge Merkl wrote in footnote 1:

[1] While Defendants Rodi and Banks have not formally appeared in the action, the motion to dismiss was filed on behalf of all Defendants. (Defs.' Mem., ECF No. 15, at 1 n.1 ("Plaintiff has not properly served the individual defendants, Banks and Rodi[.] However, this Motion is being submitted on behalf of all defendants.").)

Plaintiff argued in her Objections: "This is completely false, and easily proven. The reason for Judge Merkle's shocking entry in the R&R quoted above that Rodi and Banks were not served came from the Motion To Dismiss filed by City Law Department Attorney Kathleen M. Linnane and then adopted by Attorney Lynn, saying that neither Banks or Rodi could be served at 100 Church Street, a total lie. On the Court's Docket at #7,8,9, the information is all there, that David Banks (replaced by Melissa Aviles-Ramos after the Complaint was filed) and Katherine Rodi ("Rodi"), Director of Employee Relations, all named in their official capacities – were served on 9/24/24 by a professional process server, *a year earlier than the R&R.* (Gotham Process Inc., see Docket for #7, 8, 9.). Since at least 2018, all lawsuits filed against Katherine Rodi and/or the Chancellor have been served at 100 Church Street in Manhattan. Plaintiff fortunately obtained the assistance of education Expert Witness and Consultant Betsy Combier, who wrote an Affidavit on the lie of Attorneys  Kathleen Linnane and Brigid Lynn – which sadly was adopted by Judge Merkle. Plaintiff submitted Ms. Combier's Affidavit, **EXHIBIT J**, with the history of service on Ms. Rodi at 100 Church Street in her Objections. This Court's allegiance to the alleged "truth" of Defendants' lie about service on Rodi and Banks is disturbing, yet Defendants insist that Plaintiff's arguments against the R&R were "clear error".

3

Defendants never explained their lie to this Court, and had no argument about the denial of due process by the placement of the problem code on Plaintiff's personnel file. The R&R never mentions the violation of procedural due process and the Problem Code, either. As no opposition has been submitted by Defendants, Plaintiff pleading concerning the lack of due process and her termination without a hearing/dialogue /review of her request for a medical exemption/accommodation stands as the truth of this matter and should not be dismissed.

By presuming Plaintiff received the same procedural opportunities as other DOE employees and that existing DOE procedures "in theory" satisfied constitutional requirements without describing what these DOE procedures were, the R&R resolved disputed facts and drew inferences in Defendants' favor. This is improper at the Rule 12 stage. See McKenna, 386 F.3d at 436 ("On a Rule 12 motion, the defendant cannot defeat plaintiff's claim by submitting its own version of the facts."). At no time did Plaintiff make a claim about the unconstitutional nature of the COVID Vaccine Mandate. At all times she argued that the CVM was unconstitutional *as it was applied to her*, and others similarly situated.

The R&R also faulted Plaintiff for not identifying additional details regarding similarly situated employees. At this stage, Plaintiff pleads the case for retaliatory discrimination successfully, because of her placement on LWOP. (Burlington Northern and Santa Fe Railway Company v White, U.S. Supreme Court, 548 US 53 (2006)). Plaintiff claimed that there were many others who received medical accommodations but does not have the burden of proof at the pleading stage. See Hu v. City of New York, 927 F.3d 81, 88–92 (2d Cir. 2019) ("a plaintiff need not plead detailed comparator allegations to survive a motion

4

to dismiss"). Yet both Defendants and this Court have decided to hold Plaintiff accountable for not giving the facts about these comparator allegations at the same time that Defendants argue undue hardship without any facts, if Plaintiff were to be given given an accommodation. Plaintiff must provide facts to support her arguments, but Defendants do not have to provide any facts at all in order for the Court to agree with them.

The R&R and Defendants dismiss Plaintiff's deprivation of due process and § 3020-a on the premise that the COVID-19 vaccine mandate constituted a valid "condition of employment" such that no disciplinary process was required and never mentions any disciplinary action.  That conclusion is legally and factually incorrect. Judge Merkle also mentions on p. 4 that placement on LWOP status "forced unvaccinated employees off of their salaries but was 'not disciplinary.'" Id. ¶ 21; see id. ¶¶ 22, 31. The R&R adopts the Defendants' characterization that Plaintiff was not "disciplined," relying on cases such as Broecker and O'Reilly, which involved employees placed on LWOP. Those cases are distinguishable from Plaintiff's case reviewed here, because they did not involve (1) tenured property interests, (2) misconduct designations, or (3) stigmatizing personnel flags rendering the employee unemployable. None of these cases mentioned the Problem Code.

On p. 3 of her R&R, Judge Merkl mentions EXHIBIT B in the AC: On September 15, 2021, Defendant DOE circulated a notice of an updated "COVID Vaccine Mandate" (the "CVM" or the "Mandate"), which prohibited teachers who had not received the COVID vaccine from entering DOE buildings. Id. ¶ 23." Yet Judge Merkl completely ignored the important clause #6:

 "Nothing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law."

5

Defendants ignored this as well, because the introduction of the accommodation clause in the DOH order was inconvenient to Defendants' focus on getting Plaintiff's AC dismissed. Judge Merkl and Defendants ignore Plaintiff's well-pled argument that the Scheinman Award and LWOP were, indeed "disciplinary" not only because of the placement of a Problem Code on Plaintiff's personnel file as punishment for challenging the CVM, but because Plaintiff received no review or dialogue before being terminated and was punished with a deprivation of due process. See AC, ¶¶27,30,31,32,33,34,35,37 (p. 14)

Moreover, disciplinary procedures need not be formally labeled as such to trigger due process obligations. Where the state takes action that deprives a tenured employee of salary and continued employment while assigning fault, due process protections attach. See Loudermill, 470 U.S. at 542 ("[the] right to due process is conferred not by the grace of the state but by existing rules that secure interests"). At the pleading stage, all Plaintiff had to do was to plead that she had exhausted her administrative remedies, and then she could prove her arguments in discovery. In her Objections to Judge Merkl's R&R Plaintiff submitted her Notices of Claim, one dated May 10, 2022 and the other February 27, 2023. Both were filed in a timely manner, giving jurisdiction to the Court for disability discrimination and retaliation ("Problem Code"). See Objections, EXHIBITS 1, 1(a), 1(b), 1(c). Nonetheless, Defendants' , in their Objections, cite the "clear error rule" for Plaintiff's failure to "point to any clear error in the R&R". Their arguments are stale and meaningless.

The dismissal of Plaintiff's NYSHRL and NYCHRL claims as time-barred fails to account for accrual and continuing-violation principles. Plaintiff alleges not only termination in 2022, but refusal of reinstatement in 2023, continued "Problem Code" designation, and

6

ongoing foreclosure from employment—conduct within the limitations window. At minimum, factual disputes concerning when the claims accrued and whether later adverse acts occurred preclude dismissal at the pleading stage. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). Additionally, New York recognizes a public interest exception to the Notice of Claim requirement for claims involving constitutional violations, discrimination, and systemic governmental misconduct. Plaintiff's claims arise from a vaccine mandate affecting thousands of public employees and implicating constitutional and civil rights concerns of clear public import. Courts decline to impose strict notice requirements in such circumstances, especially where the municipality received actual notice and suffered no prejudice.

At minimum, disputed accrual dates, continuing discriminatory consequences, and post-termination exclusion raise factual questions that cannot be resolved at the pleading stage. For these reasons, the R&R's timeliness recommendation should not be adopted, and Plaintiff's NYSHRL and NYCHRL claims should be permitted to proceed or be amended pursuant to Rule 15(a)(2). What must be determined here is that both this Court and Defendants have continued to apply an incorrect pleading standard and resolved disputed facts which have drawn inferences against Plaintiff. This is improper at the pleading stage. On p. 16 of her R&R, Judge Merkle found Plaintiff's arguments tiring to oppose, so she simply trashed everything that Plaintiff complained about:

"Construing Plaintiff's amended complaint broadly, Plaintiff does not adequately plead that she was deprived of any constitutional right. Accordingly, she cannot allege any § 1983 claims against Defendants, and the Court recommends that Plaintiff's § 1983 and corresponding constitutional claims be dismissed. Accord Trabacchi I, 2025 WL 2922708, at *13–22 (recommending that these claims be dismissed for the same reason)."

7

Not only was Plaintiff terminated without due process, but she has been denied a proper review of her evidence and submitted Exhibits by this Court. Defendants cannot evade constitutional requirements by labeling the termination as a "mandate consequence" and emergency policies do not override due process. (Loudermill: procedural protections cannot be eliminated by employer policy; Velez v. Levy, 401 F.3d 75 (2d Cir. 2005): even in unusual circumstances, the government must provide some form of hearing.)

The clear error, if indeed there are any, are that (1) the Defendants created a deliberately discriminatory policy that violated constitutional and statutory rights simultaneously; (2) Defendants removed Plaintiff from payroll, barred her from her job, and terminated Plaintiff without any hearing/3020-a arbitration, provided no written charges after being found guilty of misconduct ("Problem code") with no opportunity to explain the accommodations needed, and no individualized assessment of her medical exemption request; (3) a permanent Problem Code continues to damage her life and career because of her disabling condition, and no procedure exists that can get this code removed from her professional file and fingerprints.

Plaintiff has argued that at all times Defendants have acted under color of law and have denied her the "due process" defined by the Fourteenth Amendment and Section 1983. This Court and the Defendants have shown their disdain for any mention of the Problem Code and the involvement of Defendant Katherine Rodi by unilaterally focusing on dismissal of the Amended Complaint intead of providing any factual basis for their claims.The Supreme Court has long held that public employees with tenure or statutory job protections possess a property interest in continued employment that cannot be taken without due process. (Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985)). Public

8

employees with statutory tenure have a property interest in their employment, and the Constitution requires notice and an opportunity to respond before termination. *"The tenured public employee is entitled to oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity to present his side of the story."* Board of Regents v. Roth, 408 U.S. 564 (1972) .

New York law creates a property interest. Property interests arise from state law; once created, they are protected by the Fourteenth Amendment. The Second Circuit has repeatedly recognized that §3020-a creates a protected property interest. Strong v. Bd. of Educ. of Uniondale UFSD, 902 F.2d 208 (2d Cir. 1990); O'Connor v. Pierson, 426 F.3d 187 (2d Cir. 2005) (Public employees with statutory tenure protections have a property interest requiring due process.)

Thus, Plaintiff falls squarely within the class of employees protected by the Fourteenth Amendment. According to the Second Circuit, deprivation occurs when the employee is effectively removed. Dwyer v. Regan, 777 F.2d 825 (2d Cir. 1985); Ciambriello v. County of Nassau, 292 F.3d 307 (2d Cir. 2002) A public employee states a due process claim where he is deprived of employment without the required pre-deprivation procedures.

Plaintiff has been soundly chastised by Judge Merkl and Defendants for arguing in her Amended Complaint that she had exhausted all her administrative remedies before filing her Complaint, but both Judge Merkl and Defendants believed, and argued, Plaintiff was making this claim up, or her NOCs were untimely. Both were wrong. Defendants claimed, " Judge Merkl found that "the notice of claim was filed more than 90 days after the allegedly discriminatory conduct occurred and was untimely. R&R at 11. Plaintiff does not actually contest this finding." None of this is true. The Notices of Claim were timely, and

9

Plaintiff consistently argued that she had exhausted her administrative remedies. In her Objections to the R&R, she provided proof.

At the Rule 12(b)(6) stage, the Court must accept Plaintiff's well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020). Courts in this Circuit consistently reverse dismissal where the district court resolves factual disputes against the plaintiff at the pleading stage. See McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004).

Plaintiff alleges that she was subjected to adverse governmental action resulting in professional, financial, and constitutional injury for which she has not been compensated.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Decline to adopt the portions of the R&R that recommend dismissal of Plaintiff's claims

2. Deny Defendants' Motion to Dismiss as to the above-referenced claims; and

3. In the alternative, to the extent any claim is dismissed, grant Plaintiff leave to file a Second Amended Complaint.

4. Plaintiff further requests such other and further relief as the Court deems just and proper.

Dated: June 6, 2026

Respectfully submitted,

/s/Jadenae Trabacchi

10