UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

JADENAE TRABACCHI,

               Plaintiff,

       v.

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, MELISSA
AVILES-RAMOS, CHANCELLOR, and
KATHERINE RODI, DIRECTOR OF
EMPLOYEE RELATIONS,

               Defendants.
-----------------------------------------------------x

**ORDER ADOPTING REPORT &
RECOMMENDATION**
1:24-CV-6123 (RPK) (TAM)

RACHEL P. KOVNER, United States District Judge:

On April 28, 2026, Magistrate Judge Merkl issued a report and recommendation ("R. & R.") recommending that the Court dismiss with prejudice plaintiff's second amended complaint. *See* R & R. 20–21 (Dkt. # 37). That complaint raises state and federal claims against defendants New York City Department of Education ("DOE"); Melissa Aviles-Ramos, in her capacity as Chancellor of the DOE, and Katherine Rodi, in her capacity as Director of Employee Relations of the DOE, relating to plaintiff's termination from her tenured teaching position after she did not comply with the DOE's COVID-19 vaccine mandate. *See* Am. Compl. 4, 15–28 (Dkt. #24). Plaintiff timely objected to the R. & R. *See* Pl.'s Objs. (Dkt. #38).

"[A]ny part of the magistrate judge's disposition that has been properly objected to" is reviewed "de novo." Fed. R. Civ. P. 72(b). The rest is reviewed for clear error. *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983); *e.g.*, *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019). Construing her objections liberally, plaintiff challenges the R. & R.'s

1

conclusion that plaintiff failed to state an equal protection or due process claim; its conclusion that her New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") claims were time-barred; and its conclusion that plaintiff lacked a right to a hearing under New York Education Law §§ 3020, 3020-a. Addressing those arguments *de novo*, the Court finds that the R. & R. disposed of plaintiff's claims appropriately.

First, plaintiff errs in arguing that she adequately pleaded equal protection and due process claims under 42 U.S.C. § 1983. While plaintiff argues that she pleaded an equal protection claim by "claim[ing] that there were many others who received accommodations" for the vaccine mandate while she did not, Pl.'s Objs. 7, she did not allege that any "disparate treatment was *caused by* [an] impermissible motivation," *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019) (quotation marks and citation omitted), so her equal protection claim fails. Plaintiff also did not plausibly allege a due process violation. As in similar cases rejecting due process claims by DOE employees who declined to be vaccinated against COVID-19, plaintiff has "not pleaded any facts that would suggest that the pre- or post-deprivation processes afforded to [her] were constitutionally deficient." *Broecker v. New York City Dep't of Educ.*, No. 23-655, 2023 WL 8888588, at *2 (2d Cir. Dec. 26, 2023) (summary order) (describing available processes). While plaintiff objects that Judge Merkl erred in "presuming [p]laintiff received the same procedural opportunities as other DOE employees," Pl.'s Objs. 6, it was plaintiff's obligation to plead in her complaint facts that support an inference that she did not receive constitutionally sufficient process.

Plaintiff's allegation that the DOE assigned her a "problem code" that rendered her "ineligible for continued employment" does not change this result. Pl.'s Objs. 6. "Courts in this circuit have consistently held that allegations regarding placement on DOE's problem code

database . . . are insufficient to state a stigma plus [due process] claim where no statement about the plaintiff was published outside of the agency." *Fugelsang v. Dep't of Educ. of New York City*, No. 23-cv-08332 (LDH) (LKE), 2025 WL 974276, at *7 (E.D.N.Y. Mar. 31, 2025) (collecting cases).

Second, plaintiff's claims under the NYSHRL and NYCHRL are barred by the "one year statute of limitations" applicable to "claims against the DOE" and its officers "under the NYSHRL and NYCHRL." *Dimitracopoulos v. City of New York*, 26 F. Supp. 3d 200, 211 (E.D.N.Y. 2014). Plaintiff filed this action in August 2024, more than two years after her termination in February 2022 and her "problem code" classification in April 2022. *See* R. & R. 12. Plaintiff suggests that her claims are timely because her "foreclosure from employment" continued into 2023. Pl.'s Objs. 12. But plaintiff admits that the DOE's COVID-19 vaccine mandate ended in February 2023, *see* Pl.'s Objs. 7—more than a year before she filed her complaint—and she alleges only that she remained on the "problem code" database until that month, *see* Am. Compl. ¶¶ 34, 51. Thus, plaintiff's claims are untimely even under the NYCHRL's lenient "continuing violations" doctrine because she has not alleged that she was subjected to a "discriminatory policy or practice that *extended into the limitations period*." *Munjal v. Emirates*, No. 21-CV-8401 (PAE), 2022 WL 204775, at *6, *8 (S.D.N.Y. Jan. 24, 2022) (emphasis added) (explaining that NYCHRL's continuing violations doctrine is more generous than federal law's and NYSHRL's parallel doctrines); *see also Doe v. Anonymous Inc.,* 794 F. App'x 129, 130 (2d Cir. 2020) ("For [the NYCHRL's continuing violations] doctrine to apply, a plaintiff must allege some act of discrimination or harassment that occurred during the applicable limitations period.")

Finally, plaintiff's argument that defendants violated New York Education Law §§ 3020, 3020-a by terminating her without a hearing lacks merit under New York law. "[T]he hearing

procedures outlined in Education Law §§ 3020 and 3020-a" are "not applicable to [tenured teachers] who were placed on leave without pay for failure to comply with the vaccine mandate." *O'Reilly v. Bd. of Educ.*, 42 N.Y.3d 986, 990 (2024).

\*        \*        \*

The Court has reviewed the balance of the R. & R. and found no clear error. Accordingly, the R. & R. is adopted in its entirety and the case is dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment accordingly and to close the case.

SO ORDERED.

  /s/  *Rachel Kovner*  
RACHEL P. KOVNER  
United States District Judge

Dated: August 6, 2026  
        Brooklyn, New York

4